UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**FILED**

AUG 17 2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

23- 50301

ROBERT SAM,
Defendant,

v.

PLAINTIFF CORPORATION,
Plaintiff.

Case No:

EMERGENCY MOTION TO STAY

NOW COMES ROBERT SAM, the Defendant in the above-entitled action, by and through his attorneys, Aaron Hanford and Prairie State Legal Services, and pursuant to the authority of this Honorable Court, respectfully moves for a stay of proceedings in this matter pending resolution of the issues set forth herein.

I. INTRODUCTION

1. The Defendant seeks a stay of proceedings in this matter pursuant to the Court's inherent authority to control its docket and in the interest of achieving substantial justice.

II. FACTUAL BACKGROUND

2. On March 8, 2023, Plaintiff filed a Complaint for Forcible Entry and Detainer against the Defendant, seeking to evict Defendant Robert Sam (Mr. Sam).

3. The Complaint stated that "Plaintiff has signed an Agreed Order whereby Defendants have waived the requirements of being served a 5-day or 30-day notice; Submitted to the jurisdiction of this Court and waived formal Service of the Complaint and Summons..." (Plaintiff's Complaint, ¶. 9).

4. On March 10, this Court entered an Eviction Order which grants possession of the disputed home to Plaintiff, staying enforcement of the Judgment until June 1. It refers to the signed Agreed Order referred to in Plaintiff's Complaint. (Eviction Order, p. 1).

5. Also on March 10, this Court entered an Agreed Order which recited that an eviction order would be entered only if Mr. Sam had not met its terms, which included a payment schedule and a move-out date, on June 1.

## III. FEDERAL JURISDICTION

6. This Court has jurisdiction over this matter due to inherent federal law violations, including violations of the CARES Act, which directly affect matters related to housing, eviction, and tenant rights.

## IV. GROUNDS FOR STAY

7. The Defendant respectfully requests a stay of proceedings for the following reasons:

   a. The Defendant recently became aware of facts and evidence that are pertinent to this case but were not available at the time of filing the Answer.

b. The Defendant requires additional time to properly investigate and gather the necessary evidence to present a complete and well-supported defense.

c. A stay of proceedings will ensure a fair and just resolution of the case and avoid undue prejudice to either party.

d. Granting the eviction order would impose a severe and potentially deadly hardship on the Defendant's disabled wife and daughter. Eviction could deprive them of a safe and accessible living environment, essential medical care, and necessary support systems, thereby endangering their lives.

## V. LEGAL BASIS

8. This Court possesses the inherent authority to stay proceedings when circumstances warrant, in order to prevent undue prejudice or injustice.

## VI. CONCLUSION

9. For the foregoing reasons, the Defendant respectfully requests that this Honorable Court grant a stay of proceedings in this matter, pending the resolution of the issues set forth herein.

WHEREFORE, Defendant requests that this Honorable Court enter an order staying the proceedings in this matter until [Specify Duration or Triggering Event] and grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Robert Sam

639 stonegate dr Sycamore Illinois 60178

708-830-9995

harpees5@yahoo.com

Dated: This 12th day of August 2023

## FEDERAL JURISDICTION

- This Court has federal jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the claims asserted herein arise under the laws of the United States, specifically the Coronavirus Aid, Relief, and Economic Security (CARES) Act and regulations promulgated by the Department of Housing and Urban Development (HUD).

- The Plaintiffs allege that the Defendant's actions have resulted in a violation of the CARES Act, which was enacted by the United States Congress to provide financial assistance and protection to individuals affected by the COVID-19 pandemic. The CARES Act includes provisions relevant to housing security and eviction protections, which are directly implicated in the instant case.

- Additionally, the Defendant's alleged conduct constitutes a breach of HUD regulations governing the administration of federal housing subsidies, including the Housing Choice Voucher (HCV) program. The Plaintiffs, who are recipients of the HCV program, rely on these federal regulations to ensure their rights to adequate housing and protection against arbitrary eviction.

- As a result of the Defendant's violation of federal law and regulations, the Plaintiffs seek remedies and relief provided under the CARES Act and HUD regulations, which can only be adjudicated in federal court.

- Therefore, this Court possesses both subject matter jurisdiction and the authority to provide appropriate remedies to redress the Plaintiffs' grievances arising from the Defendant's violation of federal law and regulations.

  - Due Process Violation: If you were not provided with proper notice or the opportunity to be heard before the

eviction order was entered, you could argue that your due process rights were violated under federal law.

- Fair Housing Act Violation: If your eviction is based on discrimination due to a protected characteristic (such as disability), you might consider exploring whether there's a potential violation of the Fair Housing Act, which prohibits discrimination in housing.
- Americans with Disabilities Act (ADA): If your eviction disproportionately affects you or your family members due to disabilities, you might consider discussing whether there is a potential ADA violation in the proceedings.
- Other Federal Statutes: Depending on the specific circumstances of your case, there might be other federal laws related to housing or tenant rights that could be relevant