In the United States District Court for the
Northern District of Illinois

Robert Sam         |

                | NO.     23-50301

     Plaintiff,       |

                 | Jury Demand

    VS               |

Melissa Mobile       |
BKA Holdings LLC.
Law office ofRiley N Oncken P.C.      **RECEIVED**
Hometown Reality
                 |     AUG 17 2023

    Defendants,      |     THOMAS G BRUTON
                      CLERK, U.S DISTRICT COURT

## Complaint At Law

Now Comes The Plaintiff, Robert Sam by and through pro se, and complains of defendants, Melissa Mobile, BKA holdings llc and The law office Riley N Oncken P.C., as follows:

## General Allegations

1. The cause of action set fourth in this complaint arise out of a wrongful eviction and multiple violations of discrimination, that began in 2019 through 2023.

2. The plaintiff Robert Sam was a renter renting the property at 639 stonegate dr in sycamore Illinois, 60178. This property is owned by the defendant Melissa Mobile and BKA Holdings LLC

3. The cause of action took place in Dekalb, Illinois making venue appropriate under the Illinois code of civil procedure.

4. On and around October of 2019 the Plaintiff signed into a lease with the defendant and her husband Mike Mobile.

5. Prior to signing the lease the plaintiff Robert Sam explained his family situations with severe medical issues and disabilities. The Plaintiffs wife is disabled and suffers from MS, CVID, hashimoto and much more. The plaintiffs daughter is disabled and suffers from Double Cortex syndrome and severe epilepsy and seizures.

6. The Plaintiff Robert Sam also explained to the Defendants that the Plaintiffs daughter has a IEP for school and that it's necessary once she is set up to make sure they are allowed to stay while she finishes school.

7. The Plaintiff also explained to the defendants that there will be times he will be late on rent due to the medical situation, the plaintiff explained that they have been through 5 evictions and that the plaintiff was trying to find stable housing and home section 8 vouchers.

8. The Defendants agreed to all the terms explained by Robert Sam and they entered into a signed lease agreement.

9. The Defendants Robert Sam and his family were tenants and were injured at 639 stonegate dr in sycamore Illinois, 60178.


<u>COUNT 1</u>
(<u>Discrimination Reasonable Accommodations</u>)


10. Robert Sam incorporates by reference the general allegations in paragraph 1 through 9.

11. On a about October 5th 2019 the Plaintiff Robert Sam reported to Defendants husband Mike mobile that the basement was damp and that the dining room and bedroom windows were severely taking in water.

12. On and about October 10th Mike Mobile explained he would send someone to repair the foundation and windows.

13. On and about October 18th the Plaintiff called Defendants husband Mike Mobile again about the repairs that were promised to be made. The Plaintiff left multiple voicemails on Mike Mobile cell phone.

14. On and about November 1st 2019 the Plaintiff emailed the Defendants husband Mike Mobile about the repairs and explained there was a horrible draft now coming from the front door. The Plaintiff also explained he will be late a few weeks on the rent.

15. On or about November 10th the Defendants and there lawyer the law firm of Riley Oncken pc filed a eviction against Robert Sam and his wife for failure to pay rent.

16. BKA Holdings LLC through its officers, agents, employees, servants, joint ventures and/or representatives was guilty of one or more of the following acts and/or omissions:

    A. Failed to make all repairs in a timely manor and to date no repairs have been made.

    B. By not making the repairs the Defendants violated the Reasonable Accommodation act under FHAA section 504 Act, 29 U.S.C. § 794.

    C. Reasonable accommodation defenses under the FHAA, Section 504, and the ADA are all subject to the same analysis. Churney v. Chicago Housing Auth., 2013 WL 589599, *3 (N.D. Ill. 2013) ("The FHAA, ADA, and Rehabilitation Act each contain a requirement of reasonable accommodation, and courts interpret the requirements similarly). For purposes of simplicity, this outline section focuses on the FHAA.

D. In Douglas v. Kriegsfeld Corp., 884 A.2d 1109, 1129 (D.C. 2005), the court set forth the standard for establishing a reasonable accommodation defense. The tenant must demonstrate that:

- She suffers from a "handicap" or "disability;"
- The landlord knew or should have known of this disability;
- An accommodation of the disability may be necessary to afford the tenant an equal opportunity to use and enjoy her apartment;
- The tenant requested a reasonable accommodation;
  - In Roseborough v. Cottonwood Apts., 1996 WL 490717, at *2 (N.D. Ill. 1997), the court omitted a reference to this fourth element, but it is generally still required and a failure to establish the element could prove fatal.
- The landlord refused to grant this request.

17. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by BKA Holdings LLC, Melissa Mobile, the law office of Riley Oncken pc. Robert Sam and his family have been injured and sustained injury's including but not limited to pain, suffering, disability, loss of normal life, emotional distress, medical expenses. These losses have been incurred in the past and will be incurred in the future; all or some of these losses are permanent.

WHEREFORE, Robert Sam respectfully requests judgment in his favor against BKA Holdings LLC, Melissa Mobile and the law office of Riley Oncken pc for a amount in excess of one hundred and eighty-five thousand (185,000.00) DOLLARS that the jury finds to be fair and reasonable, plus costs of this lawsuit.

<u>COUNT 2</u>
Violation of the cares act 30 day notice

18. Robert Sam incorporates by reference the general allegations above in paragraphs 1 through 9.

19. charging a violation of the CARES Act, specifically related to discrimination regarding rent default curing timeframes, as established in Section 5/9-209 of the Code of Civil Procedure.

E. Section 5/9-209 of the Code of Civil Procedure explicitly requires a period of 5 days to cure any rent defaults. However, it has come to my attention that the CARES Act, P.L. 16-36 §4024(c), extends this curing period to 30 days for recipients of

subsidized housing, a category which includes Mr. Sam, the aggrieved party in this matter.

The Plaintiff, [Plaintiff's Name], appears to have acknowledged the CARES Act extension in Line 1 of the Agreed Order it drafted, as well as in Paragraph 9 of its Complaint. This raises serious concerns about potential violations of the CARES Act and discrimination against Mr. Sam based on his housing status.

F. Due to the willful violation of the Federal cares act BKA Holdings LLC, Melissa Mobile and the law office of  Riley n  Oncken pc have put the life of Mrs. Karen Sam in a irreparable situation. Without a home for Mrs. Sam's meds to be shipped to, she is certain to pass away. Leaving there daughter without a mother and Mr. Sam without his wife.

G. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by BKA Holdings LLC, Melissa Mobile, Law office of Riley N Oncken P.C.. Robert Sam and his family have been injured and sustained injury's including but not limited to pain, suffering, disability, loss of normal life, emotional distress, medical expenses. These losses have been incurred in the past and will be incurred in the future; all or some of these losses are permanent.

20. WHEREFORE, Robert Sam respectfully requests judgment in his favor against BKA Holdings LLC, Melissa Mobile and the law office of the Riley n  Oncken pc for a amount in excess of one hundred and  eighty-five thousand (185,000.00) DOLLARS that the jury finds to be fair and reasonable, plus costs of this lawsuit.

<u>COUNT 3</u>
( Intimidation and Retaliation by a lawyer)

21. Robert Sam incorporates by reference the general allegations above in paragraphs 1 through 9.

22. The Defendant the law office of Riley n Oncken pc committed a act of a crime against Robert Sam. On or about May 17th 2023, Mr. Riley Oncken threaten Mr. Sam in a email ( please see exhibit A). By doing this Mr. Oncken committed a criminal act.

A. The crime of Intimidation in Illinois is charged under **720 ILCS 5/12-6**. Under this statute, a person commits the crime of intimidation when, with the intent to cause another person to perform or omit to perform any act, he or she communicates to another, either directly or indirectly, a threat to perform any of the following acts:

1. Inflict physical harm on the person threatened or any other person or property; or
2. Subject anyone to physical confinement or restraint; or
3. Commit a felony or Class A misdemeanor; or
4. Accuse any person of an offense; or
5. Expose another person to hatred, ridicule, or contempt; or
6. Take action as a public official against anyone, or withhold action, or cause such action or withholding; or
7. Bring about or continue a boycott, strike, or collective action.

A conviction for the crime of intimidation does not require that the defendant follow through with the threat. Rather, it is sufficient that the defendant made the threat to the victim for a conviction to stand.

B. By doing this acid and violating the law, Riley Oncken violated rule 8.4 of the attorney misconduct of the American Bar Association.

C. It is a professional misconduct to:

a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law;

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or

(g) engage in conduct that the lawyer knows or reasonably should know is harassment or discrimination on the basis of race, sex, religion, national origin, ethnicity, disability, age, sexual orientation, gender identity, marital status or socioeconomic status in conduct related to the practice of law. This paragraph does not limit the ability of a lawyer to accept, decline or withdraw from a representation in accordance with Rule 1.16. This paragraph does not preclude legitimate advice or advocacy consistent with these Rules.

23. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by BKA Holdings LLC, Melissa Mobile, the law office of Riley Oncken pc. Robert Sam and his family have been injured and sustained injury's including but not limited to pain, suffering, disability, loss of normal life, emotional distress, medical expenses. These losses have been incurred in the past and will be incurred in the future; all or some of these losses are permanent.

24. WHEREFORE, Robert Sam respectfully requests judgment in his favor against BKA Holdings LLC, Melissa Mobile and the law office of Riley Oncken pc for a amount in excess of one hundred and eighty-five thousand (185,000.00) DOLLARS that the jury finds to be fair and reasonable, plus costs of this lawsuit.

Robert Sam

By

639 stonegate dr

Sycamore Illinois, 60178

**Division of Pediatric Neurology**
**Ann & Robert H. Lurie**
**Children's Hospital of Chicago**
**At Northwestern Medicine Central DuPage**
**Hospital**
25 N. Winfield Rd
Winfield, IL, 60190
630-933-4954
Fax 630-933-4225
www.luriechildrens.org

Ann & Robert H. Lurie
Children's Hospital of Chicago™

*Affiliated with*
*Northwestern University's*
*Feinberg School of Medicine*

4/11/2018

Re: Harper Sam
DOB: 5/20/2009
Medical Record Number: 1845978

TO WHOM IT MAY CONCERN:

Harper Sam is being followed in our Pediatric Neurology Clinic for bilateral band heterotopia of gray matter, epilepsy, right sided weakness, learning difficulty due to cognitive limitations and speech delays.

Subcortical band heterotopia, also known as double cortex syndrome, is a condition of abnormal brain development that is present from birth. This condition which primarily affects females, occurs when neurons migrate to an area of the brain where they are not supposed to be (heterotopia), and form abnormal areas that appear as band-like clusters of white tissue underneath the gray tissue of the cerebral cortex (subcortical), creating the appearance of a double cortex. Symptoms associated with subcortical band heterotopia include intellectual disability and epilepsy, both of which Harper has. The condition is not progressive and children can benefit greatly from therapies and educational assistance.

If more specific information is needed such as IQ, memory, or attention testing, we would refer Harper for neuropsychological testing.

Sincerely,

Electronically signed by
Diana Sieciechowicz, MD
Division of Pediatric Neurology

Exhibit
B

1

**LOYOLA**
**MEDICINE**

*We also treat the human spirit.®*

July 1, 2016

To Whom It May Concern:

Karen K Sam is a patient of mine who I have been taking care of for years. she has the following diagnosis:

**Past Medical History**

| Diagnosis | Date |
|---|---|
| • Asthma<br> *triggers: weather changes, allergies - dogs and cats - has both* | |
| • CVID (common variable immunodeficiency) | 2/3/2016 |
| • DJD (degenerative joint disease)<br> *thoracic region* | |
| • Hashimoto's thyroiditis | |
| • Migraines<br> *with aura* | |
| • Scoliosis | |
| • Septic shock<br> *due to possible food poisoning* | |

Due to her various medical conditions, she is totally disabled and unable to work. She cannot drive due to her thyroid disease affecting her vision. She cannot be in public places for any duration of time due to her immunodeficiency. She also has chronic migraines, causing her pain nearly every day, which we are in the process of trying to get under control.



**LOYOLA MEDICINE**

*We also treat the human spirit.®*

December 29, 2016

To Whom It May Concern:

Karen K Sam has been a patient of mine since 5/2014. She has the following medical issues:

**Patient Active Problem List**

Diagnosis
- Migraines
- DJD (degenerative joint disease)
- Scoliosis
- Septic shock
- Asthma, moderate persistent
- Microscopic colitis
- CVID (common variable immunodeficiency)
- Allergic rhinitis due to cats
- Allergic rhinitis due to dogs
- Graves disease

As you can see, she suffers from CVID, an immunodeficiency which makes her more susceptible to infection. She has suffered from infections over the course of her life, and once was critically ill as a result, leading to septic shock. She has been actively getting treatment for CVID but is still at risk of infection. Due to this, as well as some of her other medical problems, Karen has been unable to work. It is my medical opinion that she has been unable to work for a long period of time (well before 2012) and probably for her whole life, and has a chronic disability.

Please do not hesitate if you have any questions.



Sincerely,

Sara Doss, MD
Center For Health At Homer Glen Medicine Pediatrics
15750 Marian Drive
Homer Glen IL 60491
PH: 708-645-3400



THE CITY OF
**ROCKFORD**
ILLINOIS, USA

*Human Services Department*
*Community Services Division*
*A Community Action Agency*

November 27, 2019

To Whom It May Concern:

Mr. Robert Sams and his family are eligible for a mainstream HUD voucher that will provide them with the ability to afford their housing. They have begun the application process and we believe they could have the voucher within a few weeks. Mr. Sam's family has been devastated by the debilitating illnesses that have affected his wife and daughter and he was placed in the unfortunate position of having to quit a good job so that he was eligible for Medicaid so he could afford medicine for his wife and daughter.

Recognizing that these unfortunate circumstances are not the responsibility of the landlord, we are requesting that the court allow for a reasonable amount of time of at least fourteen days to allow Mr. Sams and the agencies assisting him time to either produce the funds needed to halt the eviction through payment in full or complete the HUD voucher process.

Sincerely,

Jennifer Jaeger
Community Services Director
Boone/DeKalb/Winnebago Counties
Continuum of Care

*E*

City of Rockford, Illinois USA

Name: Karen K AUKSI-SAM | DOB: 12/16/1977 | MRN: 1962859 | PCP: Sara Doss, MD | Legal Name: Karen K AUKSI-SAM

# Letter Details

 LOYOLA
MEDICINE
*We also treat the human spirit.*



May 7, 2023

To Whom It May Concern:

Karen K AUKSI-SAM has been a patient of mine since 2014. She has the following medical conditions:

**Patient Active Problem List**

Diagnosis
- Migraines
- DJD (degenerative joint disease)
- Scoliosis
- Septic shock
- Asthma, moderate persistent
- Microscopic colitis
- CVID (common variable immunodeficiency)
- Allergic rhinitis due to cats
- Allergic rhinitis due to dogs
- Graves disease
- Migraine without aura and without status migrainosus, not intractable
- CIN III (cervical intraepithelial neoplasia grade III) with severe dysplasia

Ms. Auksi-Sam suffers from CVID, an immunodeficiency which makes her more susceptible to infection. She has suffered from infections over the course of her

life, and once was critically ill as a result, leading to septic shock. She has been actively getting treatment for CVID but is still at risk of infection. Due to this, as well as some of her other medical problems, Karen has to have stable housing to receive her treatments and try to remain healthy.

Sincerely,


Sara Doss, MD

Loyola Medicine Homer Glen
15750 Marian Drive
Homer Glen IL 60491-6200
PH: 708-645-3400


*This letter was initially viewed by Karen K AUKSI-SAM at 5/7/2023 4:09 PM.*

MyChart® licensed from Epic Systems Corporation © 1999 - 2023



ILLINOIS DEPARTMENT OF
# Human Rights

JB Pritzker, Governor
James L. Bennett, Director

June 23, 2023

## HOUSING DISCRIMINATION COMPLAINT

**CASE NUMBER:  IDHR  2023CH1772**                    **HUD  05-23-8696-8**

1.      **Complainant**

   **Complainant #1**

   Karen Sam
   639 Stonegate Drive
   Sycamore, IL 60178

   **Complainant #2**
   Robert Sam
   639 Stonegate Drive
   Sycamore, IL 60178

2.      **Representing Complainant**

   N/A

3.      **Other Aggrieved Persons**

   Harper Sam, Minor Child

4.      **The following is alleged to have occurred or is about to occur:**

   - Discrimination in terms/conditions/privileges relating to rental
   - Discrimination in making available a real estate transaction
   - Failure to Make Reasonable Accommodation

5.      **The alleged violation occurred because of:**

   - Source of Income
   - Disability

IDHR Charge No. **2023CH1772**                                    HUD No. **05-23-8696-8**
Page 2

6.  **Address and location of the property in question (or if no property is involved, the city and state where the discrimination occurred):**

    639 Stonegate Drive
    Sycamore, IL 60178

7.  **Respondent**

    Melissa Mobile
    BKA Holdings, LLC
    461 White Street
    Sycamore, IL 60178

8.  **The following is a brief and concise statement of the facts regarding the alleged violation:**

    Complainants reside in a townhouse, which is one of Respondent's several units. Complainant alleges that their rent is $2,055/month. Complainants allege that Respondent had been accepting their housing voucher which pays $1800/month, for around 3 years. Complainants allege that their portion of the rent is $255/month. Complainants allege that in or around March 2023, they were behind on their rent in the amount of $500.

    Complainants allege that in or around May 2023/June 2023, they were approved for a court-based assistance rental program, which would cover any back payment in rent as well as provide 12 months of guaranteed payment for their portion of the rent. Complainants allege that Respondent denied the assistance. Complainants allege that by doing so, Respondent committed source of income discrimination, disability discrimination (as both Complainant #1 (K. Sam) and her child are disabled) and failed to provide a reasonable accommodation as the financial program was meant to offset various expenses due to Complainant's #1 and her child's disability.

    Complainant #2 (R. Sam) alleges that on or around March 10, 2023, he entered into a signed agreement with Respondent, agreeing to vacate the premises by June 1, 2023. Complainant #2 alleges that this agreement included a payment schedule and the understanding that an eviction order would only be entered if the terms of the agreement were not met. Complainant #2 alleges that his family obtained rental assistance to move to another county. Complainant #2 alleges that Respondent reneged on the contract when she filed for an eviction order on March 10, 2023, for an eviction on June 1, 2023.

555 W. Monroe, 7th Floor, Chicago, IL 60661, (312) 814-6200, TTY (866) 740-3953, Housing Line (312) 814-6229
524 S. 2nd Street, Suite 300, Springfield, IL 62701, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
dhr.illinois.gov

IDHR Charge No. **2023CH1772**                    HUD No.  **05-23-8696-8**
Page 3

Complainant # 2 alleges that because Respondent did that, it made his family ineligible to move, as they were no longer in good standing to receive rental assistance. Complainants allege that upon failing to vacate the eviction order in court on or around June 22, 2023, they are set to be evicted on June 26, 2023.

Complainants further allege that the eviction process cannot be medically tolerated by Complainant #1 (K. Sam), due to her medical conditions.

Complainants believe that Respondent is aware of Complainant #1's and their daughter's disabilities.  Respondent however failed to agree to a reasonable medical needed accommodation. Complainants allege that it was Respondent's intention to get rid of any tenant who depended on housing vouchers and/or other financial assistance as part of their income. Complainants believe that tenants who did not depend on housing vouchers were not subjected to this discriminatory treatment.

9.    **The most recent date on which the alleged discrimination occurred:**

March 10, 2023, and ongoing

10.    **Types of Federal Funds identified:**

N/A                              .

11.    **The acts alleged in this complaint, if proven, may constitute a violation of the following:**

Sections 804 (A), 804 (B), 804 (F)(2), and 804(F)(3) of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988 and Sections 3-102(A), 3-102(B), 3-102.1(A), 3-102.1 (B), and 3-102.1(C)(2), of the Illinois Human Rights Act.

IDHR Charge No. **2023CH1772**　　　　　　　　　HUD No. **05-23-8696-8**
Page 4

**Please sign and date this form:**

**Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure [735 ILCS 5/1-109], the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he or she verily believes the same to be true.**

6/28/2023

-------------------------------------------　　　　-------------------------------------------
Karen Sam　　　　　　　　　　　　　　　　Date

6/28/2023

-------------------------------------------　　　　-------------------------------------------
Robert Sam　　　　　　　　　　　　　　　　Date

**N O T E :　IDHR WILL FURNISH A COPY OF THIS COMPLAINT TO THE PERSON OR ORGANIZATION AGAINST WHOM IT IS FILED.**