| | | |
|---|---|---|
| ROBERT SAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No.  3:23-cv-50301 |
| | ) | |
| MELISSA MOBILE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO STRIKE & DISMISS PURSUANT TO FRCP 12(f) & 12(b)(6)

NOW COME the DEFENDANTS, MELISSA MOBILE, BKA HOLDINGS, LLC, by and through their attorney, CRONAUER LAW, LLP, and in support of their motion to strike and dismiss Plaintiff's complaint pursuant to FRCP 12(f) and 12(b)(6), and 12(b)(1), states the following:

## INTRODUCTION

Plaintiff's lawsuit arises out of court proceedings from Defendants eviction action, captioned BK Holdings, LLC v. Robert and Karen Sam, case number 23 EV 102 that culminated in an eviction order being signed by a Judge. Plaintiff first filed a state civil suit in DeKalb County state court, 23 LA 40, on May 23, 2023, which is still pending. *See* Exhibit A, the state lawsuit. He then recently filed this federal action. This Court must take judicial notice of relevant public records. Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994) (Judicial notice may be taken of matters of public record without converting motion to dismiss into motion for summary judgment. The genesis of all this litigation is contained in Amended Complaint Exhibit A2-A3, where Plaintiff made an agreement to pay past due rent and utilities and vacate Defendants' premises within three months in exchange for a stay on any eviction until June 1, 2023. Plaintiff failed to uphold his end of the bargain, yet has now filed two lawsuits, is currently appealing the eviction, seeking an order of protection over it, and a claim with the Illinios Department of Public Housing. This federal claim must be dismissed. First, Plaintiff

1

improperly claim splits causes of action from the same operative facts. Secondly, this claim is retaliation against Defendants for protected speech activity in the eviction suit, which the Illinois SLAPP act prohibits. Third, Plaintiff fails to allege any plausible cause of action given, *inter alia*, Plaintiff's admission he owed rent and utilities.

## I. PLAINTIFF'S ATTEMPT TO CLAIM SPLIT REQUIRES DISMISSAL OF THIS ACTION UNDER FRCP 12(F).

Plaintiff may not maintain two causes of action over the same core of operative facts. Whether there is an identity of the cause of action depends on whether the claims comprise the same core of operative facts that give rise to a remedy." Adams, 742 F.3d at 736(internal quotation marks omitted). "[O]nce a transaction has caused [an] injury, all claims arising from that transaction must be brought in *one suit* or be lost." Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir. 1986). Federal pleading standards are defined with sufficient breadth to encourage parties to present all their related claims at one time. *See* Harper Plastics, 657 F.2d at 946. Here, Plaintiff has maintained two lawsuits, a state case, 23 LA 40 and now this federal case over the same eviction operative facts deriving from the eviction action. Given that Plaintiff filed the state court suit first, this cause of action is improper claim splitting, requiring dismissal under Car Carriers because all claims are not being brought in one lawsuit.

## II. PLAINTIFF'S COMPLAINT IS BARRED BY ILLINOIS'S SLAPP ACT BECAUSE THE EVICTION PROCEEDING IS PROTECTED ACTIVITY BEING RETALIATED AGAINST.

Plaintiff's lawsuit arises out of court proceedings from a prior lawsuit filed by the Defendants in DeKalb County Courthouse, captioned BK Holdings, LLC v. Robert and Karen Sam, case number 23 EV 102. This action culminated in an eviction order being signed by a Judge. *See* Plf. Ex. A2, A3. This Court can also take judicial notice of the eviction order because they are public records., 29 F.3d at 284 (Judicial notice may be taken of matters of public record without converting motion to dismiss into motion for summary judgment); *see* Alonso v. Weiss, 958 F. Supp. 2d 922, 923 n. 2 (N.D. Ill. 2013) (taking

2

judicial notice of regulatory filings).

Plaintiff signed off on an agreed eviction, with a stay until June 1, 2023, due to not paying rent or utilities and was afforded time to move-out *in lieu* of an eviction. AMND. COMP. EX. A2. He did not honor the agreement, culminating in an eviction. *See* Plf. Ex. A2-A3. The Defendants' conduct filing for eviction was and is protected activity that cannot now be complained about in this collateral proceeding under Illinois' Slapp Act, 735 ILCS 110/5. His binding admissions precludes any and all plausible claims because he is in breach of his lease to pay rent and utilities. Fundamentally, Defendants' eviction lawsuit was first amendment activity, privileged thereunder, and the Plaintiff's recourse was limited to appealing and attacking the merits of the claims in the underlying cause of action (which he is doing) not filing two derivative causes of action complaining about it after agreeing to money be owed to Defendants.

The Federal Code of Civil Procedure Rule 12(f) requires that this Court strike Plaintiff's pleading under Illinois' SLAPP Act. Applying the Act to this claim, it is clear that Plaintiff's claim is based on, relates to, or is in response to, any act of acts of the Defendant in petitioning government in the eviction action. *See* Sandholm v. Kuecker, 2012 IL 111443, ¶54 (Il. 2012). The Act states:

> Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that the constitutional rights of citizens and organizations to be involved and participate freely in the process of government must be encouraged and safeguarded with great diligence. The information, reports, opinions, claims, arguments, and other expressions provided by citizens are vital to effective law enforcement, the operation of government, the making of public policy and decisions, and the continuation of representative democracy. The laws, courts, and other agencies of this State must provide the utmost protection for the free exercise of these rights of petition, speech, association, and government participation.

Plaintiff's case is exactly the type of case Illinois public policy requires this court cannot condone under the SLAPP Act. 735 ILCS 110/15, the Citizen Participation Act, ("the Act") safeguards citizen involvement and participation in government. The Act disposes of claims in judicial proceedings on the grounds that the claim is *based on, relates to, or is in response* to any act or acts of the moving party **in**

**furtherance of the moving party's rights of petition,** speech, association, or to otherwise participate in government."

Defendants' right to petition for redress of grievances is guaranteed by the First Amendment to the United States Constitution, U.S. Const., amend. I, and it included the Defendants' right to file her claim before a judicial body in eviction court. *See* Hytel Group, Inc. v. Butler, 405 Ill. App. 3d 113**,** 120 (2d Dist. 2010) (dismissing Plaintiff's lawsuit under the Act). The Act allows a defendant to seek the dismissal of a complaint brought in retaliation for his or her protected action, even if the Plaintiff's claim, on its face, is unrelated to the protected action. Id. Here, it is undisputed Plaintiff's complaint is related to Defendants' protected action in eviction court.

Defendants' use of the eviction court system through its judicial officers constitutes State Action under the Fourteenth Amendment. *See* Shelley v. Kraemer, 334 U.S. 1, 17 (1948). The First Amendment's right to petition for redress of grievances was incorporated to the States through the Fourteenth Amendment in Edwards v. South Carolina, 372 U.S. 229, 235 (1963). *See also* California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972) (applying the right to petition for grievances to administrative agencies). In this case, the Defendant's use of the court system to petition for redress against Plaintiff after he did not fulfill his obligations under a lease to pay rent and utilities with an agreed order is protected activity under the First Amendment, as is applied to the States under the Fourteenth Amendment. Plaintiff's lawsuit is in direct retaliation for Defendants filing of an eviction action, which was ordered given his failure to move-out as agreed. His pleadings clearly violate the SLAPP Act, 735 ILCS 110/1.

Plaintiff's lawsuit seeking various remedies, many of which are not actual remedies that can be ordered by this Court, but also includes a request for $1,500,000 in money damages is a strategic lawsuit against public participation by retaliating against Defendants for their complaint alleging, *inter alia,* breach of the lease terms. *See e.g.* Wright Dev. Grp., LLC v. Walsh, 238 Ill. 2d 620 (Ill. 2010)

(SLAPPS use the threat of money damages); *see also* <u>Hytel Group, Inc. v. Butler</u>, 405 Ill. App. 3d 113, 121, 123 (2d Dist. 2010) (The Act protects any action taken in furtherance of a person's right to petition government, regardless of any selfish motivation or the fact that the action is a personal claim that is facially unrelated to a Plaintiff's action). *Accord* 735 ILCS 110/5 ("Civil actions for money damages have been filed against citizens and organizations of this State as a result of their valid exercise of their constitutional rights to petition, speak freely, associate freely, and otherwise participate in and communicate with government.")

The Act requires a hearing and decision within 90 days after notice of the motion is given to the respondent. 735 ILCS 110/20. The Act also permits the moving party who prevails under the Act to recover reasonable attorney's fees and costs incurred with the motion. 7 35 ILCS 110/25. Plaintiff's claim violates the act, is clearly related to Defendants conduct, and must be dismissed under the SLAPP act given his admission he did not pay rent or utilities, and still has not paid.

## II. PLAINTIFF'S PERSONAL GREIVANCES FAILS TO STATE A CLAIM UNDER RULE 12(b)(6) GIVEN HIS FAILURE TO PAY RENT AND UTILITIES.

Alternatively, Plaintiff's complaint fails pursuant to FRCP 12(b)(6) because it fails to state any plausible claim. Under a 12(b)(6) motion, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> (emphasis added). A complaint therefore only requires enough facts to state a claim that is plausible on its face. <u>Id.</u> at 570. *A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."* <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (emphasis added). Plaintiff has failed to allege any plausible factual content entitling him to relief given his admission he is not paying rent and utilities.

As to Plaintiff's Count I, discrimination, he fails to allege any plausible claim. First, it is not clear

5

the basis for the Count complaining about a lack of repairs. Plaintiff's citation to 29 U.S.C. § 794 has no application to Defendant as a private landlord. 29 U.S.C. involves rights and advocacy for vocational and rehabilitation and other services to the States and their employment of persons with disabilities. *See i.e.,* 29 U.S.C. §§ 701,791. The Defendant does fall within any provision of 29 U.S.C.

Addressing the Defendant's allegations practically, as Plaintiff alleges, he receives some assistance for housing. Despite having housing assistance, he still owes $255 a month, which he has not paid. He also owes for utilities, which he is not paying. Amnd. Comp., A2. Plaintiff's allegations from 2019 regarding a lack of various repair is eviscerated by 42 U.S.C. § 1437f(o)(8). § 1437(f)(o)(8) mandates annual inspections for any housing receiving government assistance. Before assistance can be received, Defendants' property had to be inspected "before any assistance payment is made to determine whether the dwelling unit meets the housing quality standards . . . ." Plaintiff did not allege, because he cannot allege, the residence failed any inspection because the residence has passed inspection and met all housing quality standards set by the government for assistance to be received. The home inspections then continued during the term of the housing assistance payments. *Id.* Plaintiff's allegations regarding repair requests therefore have no bearing on any habitability issue let alone meet a plausible discrimination standard. Plaintiff's remedy, if he is unhappy with the premises, is to move out. If the premises aren't habitable to Plaintiff's own standard, then he can constructively evict himself. *See i.e.,* John Munic Meat Co., Inc. v. H. Gartenberg & Co., 51 Ill. App. 3d 413 (1977); Home Rentals Corp. v. Curtis, 236 Ill. App. 3d 994 (5th Dist. 1992); Shaker & Assoc. Inc. v. Medical Tech. Group, Ltd., 315 Ill. App. 3d 126 (1st Dist. 2000). He cannot live in the property making repair demands not paying his portion of rent and utilities. Id. Plaintiff does not allege any breach of an agreement, nor any duty in tort, he simply raises old complaints he has with the premises. Raising old issues now, after the eviction order, simply shows his retaliatory motive rather than any plausible claim he has. His remedy is he is free to leave, not claim discrimination. Plaintiff moved into the premises

with the disability. It defies logic how discrimination occurs when he is allowed to lease the premises until he stopped paying Defendants rent and utilities. Defendant had no obligation to do any repairs to her property. If the property is not habitable or cannot pass the federal housing inspection—which has happened every year—he must vacate the premises. There is no plausible claim alleged for the relief being sought under Count I.

Count II fails to allege a cause of action. There is no private right of action created by the Cares Act. See Saloojas, Inc. v. Aetna Health of California, Inc., No. 22-16034 (9th Cir. Sept. 7, 2023) (finding no private right of action exists under the CARES Act.). As such, Plaintiff's Count II must be dismissed.

Count III also fails to allege any plausible claim. Plaintiff, based on public records, has pending criminal felonies in DeKalb County which this court must take judicial notice in case 22 CF 546. The charges includes:

    a. Three true bill indictments filed November 21, 2022, in DeKalb County case 2022 CF 546 alleging Robert Sam violated 815 ILCS 515/5(a)(1)—Aggravated Home Repair Fraud; 815 ILCS 515/5(a)(2)—Aggravated Home Repair Fraud; and 720 ILCS 5/16-1(a)(1(A)—Theft from his neighbor.

The FHA prohibits discrimination in housing based on race, color, religion, sex, familial status, national origin, or disability. Plaintiff's pending criminal charges of theft against a neighbor fall well outside the scope of any FHA claim, and he provides no citation supporting any theory that his pending criminal felonies offer him housing protection by itself, nor as a trump card to his lack of payment of rent and utilities. Nothing in the FHA permits such a theory and perverts the FHA's clear language. Defendants, as a housing provider, has a right and obligation to protect the safety and property of other residents from tenants like Plaintiff alleged to be victimizing residents. Plaintiff did not allege how such behavior is not a violation of his lease with Defendant. Plaintiff fails to plead a

plausible cause of action for Count III.

Plaintiff lacks standing to maintain Count IV for his wife's claim. First of all, like Count II, Plaintiff fails to allege any plausible claim by citing the criminal code. To the extent paragraph 44 is alleged against Defendants given the plethora of agency allegations throughout, there is no basis for Plaintiff to request relief from the judiciary seeking it to order the justice department to investigate his allegations. Secondly, and more importantly, Plaintiff is Robert Sam. His allegations talk about Karen Sam, who is not a party. Plaintiff lacks standing to maintain a cause of action he is attributing to a third party. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). Under the particularization requirement, "the plaintiff *himself* must have *personally* suffered an actual injury or an imminent threat of injury" (court's emphasis). Here, Plaintiff alleges his wife suffered "fear" and "intimidation." Thus, he lacks standing and the Count must be dismissed.

Plaintiff should not be permitted to amend to add his wife as a party either. "Fear" and "intimidation" are not redressable injuries by this Court. *See* Brunett v. Convergent Outsourcing, Inc., 982 F.3d 1067, 1069 (7th Cir. 2020) (attaching epithets about conduct such as intimidation does not show an injury). Plaintiff cannot allege a plausible justiciable claim for this court. "To demonstrate standing, the plaintiffs must 'set forth by affidavit or other evidence specific facts' demonstrating that they have suffered a concrete and particularized injury that is fairly traceable to the challenged conduct and likely redressable by a judicial decision." Spuhler v. State Collection Service, Inc., 983 F.3d 282 (7th Cir. Dec. 15, 2020) ("the plaintiff must supply proof, by a preponderance of the evidence or to a reasonable probability, that standing exists"). Feeling fear and intimidation is not an injury in fact nor a concrete injury for federal courts. *See* Brunett, 983 F.3d at 1068. Plaintiff's Count IV therefore fails to satisfy a plausible claim.

While Plaintiff's Count V likewise fails to state a claim for any relief, but it is not directed to Defendants nor could it apply in any agency capacity.

Count VI also fails to state a claim for relief. Plaintiff fails to identify or allege any personally identifiable information with the intent to cause harm other than his name and publicly available felony charges. The only private information disclosed is information on Plaintiff's public GoFundMe Account. *See* https://www.gofundme.com/f/wxusk3-saving-a-family. Despite raising $4,413 off his eviction action, he has yet to pay his share of rent or the utilities he agreed was owed as he signed off in Exhibit A2.

Additionally, Plaintiff's felony charges are public records. Defendants cannot be alleged to have disclosed personal information that is from a public record intended for the world to see. *Cf* Jones v. Universal Cas. Co., 257 Ill. App. 3d 842, 855 (1994) ( "the insurance policy was there to be read by the plaintiffs as well as the insurer," making it "incomprehensible" that insurer misrepresented or concealed anything from plaintiffs); Hanson v. Johnson, No. CIV. 02-3709 JRTFLN, 2003 WL 21639194, at *3 (D. Minn. June 30, 2003) ("because registration of securities is a matter of public record, a seller of securities cannot conceal the fact that the securities he sells are not registered.") If a matter is of public record contained in a government database, it cannot be published by the Defendants, it's published by the government's interactive computer service pursuant to 47 U.S.C. § 230(c). Pursuant to § 230, Defendants have no legal liability for information disclosed from a public government database. Defendants therefore cannot be held liable for sharing any information obtained from a public government database regarding Plaintiff's pending three felony charges. *See* 47 U.S.C. § 230(c)(1). Plaintiff's claim therefore fails.

Lastly, to the extent a due process claim is alleged despite not specifically itemized as a Count, it is clear Plaintiff cannot plead a plausible claim. The "basic legal questions presented by due process cases like this are familiar: '(1) is there a property or liberty interest protected by due process; and (2) if so, what process is due, and when must that process be made available?'" Simpson v. Brown County,

860 F.3d 1001, 1006 (7th Cir. 2017).

Plaintiff has no property or liberty interest in a lease with a private citizen protected by due process. *See* Taake v. County of Monroe, 530 F.3d 538, 542 (7th Cir. 2008). Plaintiff has sued private citizens, not any government agency, thus there is no plausible due process claim alleged. Secondly, even if the lease did create a property interest subject to due process imputed to Defendants as a government actor, the Plaintiff still has no property interest in his contract dispute under Taake, 530 F.3d at 542. Regardless of the first prong for a due process claim, Plaintiff pled himself out of court on any due process count under the second prong with his allegations supporting all the due process he's received and obtained, including a hearing in the trial court and an appeal. *See* U.S. Gypsum Co. v. Ind. Gas Co., Inc., 350 F.3d 623, 626 (7th Cir. 2003) (internal citations omitted). Plaintiff being evicted as the result of his breach of contract to pay rent and utilities is a contractual dispute, not a due process claim. Taake, 530 F.3d at 542 (due process clause does it transform every breach of contract committed by a state actor into a constitutional violation.

Secondly, even if Plaintiff did have a due process interest in his lease, his complaint admits he was afforded due process in state court, which involves an appeal still ongoing. Plaintiff has pled his due process claim out of court. *See* U.S. Gypsum Co. v. Ind. Gas Co., Inc., 350 F.3d 623, 626 (7th Cir. 2003) (internal citations omitted). Plaintiff alleges (and thus admitting) all the due process he's been afforded in the State Court eviction action, which he now has on appeal. FRCP 10(c); *See i.e.,* AMND. COMPL, ¶¶ 16-17; Plf. Ex., A6 (referencing stay on appeal). Plaintiff signed an eviction order. Plf. Ex. A2-A3. The case is on appeal after he sought, with assistance of counsel to vacate the agreement at a hearing. *See* AMND. COMPL., ¶ 15.

WHEREFORE, Defendants PRAY that this court enter an order pursuant to FRCP 12(f) and/or FRCP 12(b)(6):

A) Dismissing Plaintiff's complaint with prejudice due to claim splitting; or

B) Requiring a hearing on Defendants' motion to dismiss pursuant to the Citizen Participation Act, within 90 days; and

C) Awarding the reasonable attorneys' fees arising out of this motion against the Plaintiff, if successful in showing that this action is in retaliation for the underlying eviction action; or

D) Plaintiff's complaint is dismissed pursuant to 12(b)(6) for failure to state any plausible claim.

Respectfully Submitted,

By: /s/ C. Nicholas Cronauer
One of its Attorneys

CRONAUER LAW, LLP
1101 DeKalb Ave., Suite 2
Sycamore, IL 60178
(815) 895-8585 / (815) 895-4070 Fax

## CERTIFICATE OF SERVICE

Defendants, by and through their undersigned counsel, electronically served Defendants' Melissa Mobile and BKA Holdings, LLC to all parties of record through the PACER/ECF system, and by mailing a copy to Robert Sam at:

Robert Sam
639 Stonegate DR.
Sycamore, IL 60178
Harpees5@yahoo.com

Dated: September 22, 2023.

s/Nicholas Cronauer
CRONAUER LAW, LLP
1101 DeKalb Ave Ste 2
Sycamore, IL 60178
Telephone: (815) 895-8585
Email: nc@cronauerlaw.com