2-23-0163

E-FILED
Transaction ID: 2-23-0163
File Date: 9/14/2023 1:25 PM
Jeffrey H. Kaplan, Clerk of the Court
APPELLATE COURT 2ND DISTRICT

**THIS APPEAL INVOLVES A MATTER SUBJECT TO EXPEDITED DISPOSITION SPECIFICALLY ORDERED UNDER RULE 311 (b) BY THE REVIEWING COURT.**

SC

**No. 2-23-0163**
**IN THE APPELLATE COURT OF ILLINOIS**
**SECOND JUDICIAL DISTRICT**

| | | |
|---|---|---|
| BKA HOLDINGS, LLC, an Illinois Limited Liability Company, | ) ) ) | On appeal from DeKalb County Circuit Number Twenty-Third |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Presiding Judge: Honorable Stephanie P. Klein |
| ROBERT SAM and KAREN SAM , | ) ) ) | Case No. 2023 EV 102 |
| Defendants-Appellants | ) ) | |

**PLAINTIFF-APPELLEE'S RESPONSE IN OPPOSTION TO DEFENDANT-APPELLANT'S MOTION TO DISQUALIFY AND BAR COUNSEL**

The Plaintiff-Appellee, BKA HOLDINGS, LLC, by its attorneys of record, responds in opposition to Defendant-Appellant, ROBERT SAM's Motion to Disqualify and Bar Counsel and states as follows:

1.      Mr. Sam attempts to bar the undersigned from representing the Plaintiff, BKA HOLDINGS, LLC (hereinafter sometimes referred to as "BKA") pursuant to Illinois Rule of Professional Conduct 1.18 (hereinafter sometimes referred to as "Rule 1.18").

2.      When a motion filed in this Court is based on facts that do not appear of record it *shall* be supported by affidavit or verification by certification pursuant to section 1-109 of the Code of Civil Procedure. Any affidavit *shall* be

Page 1 of 12

sworn to before a person who has authority under the law to administer oaths. Ill. Sup. Ct., R 361 (emphasis added).

3.      Here, Mr. Sam does not support his Motion to Disqualify and Bar Counsel with an affidavit or by verification by certification pursuant to Section 1-109 of the Code of Civil Procedure. Additionally, Mr. Sam provides nothing but conclusory allegations and did not provide the factual reconstruction necessary for the three-step analysis this Court is required to conduct under Schwartz v. Cortelloni, 177 Ill 2d 166 (1997) (adopting LaSalle National Bank v. County of Lake, 703 F.2d 252 (7th Cir. 1983)). As Schwartz makes clear, this Court must guard against motions to disqualify being used as tools for harassment. Id. at 815. Therefore, Mr. Sam's Motion to Disqualify and Bar Counsel should be stricken.

4.      In the alternative, Rule 1.18 states as follows:

Rule 1.18: Duties to Prospective Client

(a) A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information, except as Rule 1.9 would permit with respect to information of a former client.

(c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is

associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d) When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:

(1) both the affected client and the prospective client have given informed consent, or

(2) the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and that lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom." *Ill. Sup. Ct. R. Prof'l Conduct, R* 1.18

5.      Illinois Rule of Professional Conduct 1.9 (c) (hereinafter sometimes referred to as "Rule 1.9 (c)") states as follows:

"(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client." *Ill. Sup. Ct. R. Prof'l Conduct, R* 1.9.

6.      While cases interpreting Rule 1.18 are few, cases interpreting Rule 1.9 are instructive. Rule 1.9 sets forth examples of conduct that does not violate the rule, which ironically, references a scenario handling evictions:

7. [3] . . . . . For example, a lawyer who has represented a businessperson and learned extensive private financial information about that person may not then represent that person's spouse in seeking a divorce. Similarly, a lawyer who has previously represented a client in securing environmental permits to build a shopping center would be precluded from representing neighbors seeking to oppose rezoning of the

property on the basis of environmental considerations; however, the lawyer would not be precluded, on the grounds of substantial relationship, from defending a tenant of the completed shopping center in resisting eviction for nonpayment of rent. Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying. Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are *substantially related*. In the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation.

8. In <u>Schwartz v. Cortelloni</u>, 177 Ill. 2d 166, (1997), Counsel for plaintiff was not disqualified from representing the plaintiff in a partition proceeding where counsel's firm formerly represented the defendant's mother in her capacity as guardian of the defendant's estate some 40 years earlier; nothing in the record suggested that the firm obtained confidential information relevant to the present litigation. <u>Id</u>. Likewise, in <u>Doe v. Chand</u>, 335 Ill. App. 3d 809, (5 Dist. 2002), even though attorney for patient had previously represented the doctor and medical office the patient was suing, the trial court did not err in denying motion to disqualify the attorney from representing the patient, where the allegations that attorney obtained confidential information relevant to the current litigation were vague, and hence insufficient to demonstrate a substantial relationship between the attorney's current and former representations.

9.      Here, as in <u>Schwartz</u> and <u>Doe</u>, this eviction and appeal issues at bar are not remotely similar let alone substantially similar to the issues Robert Sam sought representation for over a year ago. On the contrary, the scope of the firm's representation in this matter is tailored to an appeal over eviction matters and the record on appeal already created by a different attorney. It is not enough for Robert Sam to make vague conclusory allegations to support disqualification, especially when the affidavits on file establish the communication predates this matter by significant amount of time and is unrelated to this case. The adverse matter needs to be either the <u>same transaction or a substantially similar</u> one, such that information learned would provide an unfair advantage against the prior client. Ill. R. Prof'l Conduct 1.9. This standard cannot be met in this case because no adverse information was learned let alone provide any advantage in this case on appeal where the record is all that can be relied upon by the parties.

10.      As tacitly acknowledge by citing to RPC 1.18, Robert Sam has never been a firm client. Robert Sam cannot fulfill his burden under Rule 1.18 because his motion offers no specifics as to the nature of any adverse confidential information provided, or how it is relevant to the current litigation. <u>Schwartz</u>, 335 Ill. App. 3d at 816. Vague allegations are insufficient for a motion to disqualify. <u>Id</u>. Under the <u>LaSalle</u> inquiry, this court must first make a factual reconstruction of the scope of the former representation. It must then determine whether it is reasonable to infer that the confidential

information allegedly given would have been given to a lawyer representing a client on those matters. Finally, the court must consider whether the information is relevant to the issues raised in the litigation pending against the former client. Schwartz, 177 Ill. 2d at 178. Robert Sam's conclusory allegations precludes in finding that the Lasalle factors are met. Robert Sam's allegations are conclusory because the issue he was emailing about which predates this litigation is unrelated and therefore has no substantial relationship between the two events. *Id*. at 815

11. Mr. Sam contends that he sought representation from the undersigned firm regarding the instant matter and also many other matters that contributed to the instant matter. *Sam Mot. Disqualify p.* 1 (September 11, 2023). Mr. Sam contends that he has consulted with both Charles Cronauer and C. Nicholas Cronauer regarding such matters. *Id*. He claims many documents have been sent. He fails to provide any context or specifics as to how any of these acts create adverse information in a substantially similar event.

12. *The party seeking disqualification* bears the burden of establishing that the present and former representations are substantially related. Schwartz v. Cortelloni, 177 Ill. 2d 166, 177-78 (1997) (emphasis added). Based on the rule set forth in Schwartz, it logically follows that Mr. Sam has the burden of proving that the present and *potential* former representations are substantially related.

13.     Because Mr. Sam has not supported the instant Motion with an affidavit, certification, or any evidence, Mr. Sam has not met his burden of establishing that the present and potential former representations are substantially related. Because Mr. Sam has not provided any evidence, Mr. Sam has not met his burden of proof, and for this reason alone, Mr. Sam's instant Motion should be denied.

14.     Notwithstanding that Mr. Sam has failed to meet his burden of proof, Charles Cronauer has never had any contact with Mr. Sam. *Aff. Charles Cronauer* ¶¶ 2-3, 5, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit A**.

15.     Mr. Sam called the firm once in April 2022 and was told the issue is not within the scope of the firms practice, then emailed the undersigned firm on several occasions from September 2022 through December 5, 2022 regarding issues that pre-date this matter and are unrelated to this matter. *Aff. Darria McDonald* ¶¶ 4-5, a true and correct copy of which is attached hereto as **Exhibit B**, *Aff. Jacob Santos* ¶¶ 10- 11, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit C**. None of the emails were related to the instant eviction nor were the emails related to any matter substantially related to the instant eviction nor appeal. *Aff. C. Nicholas Cronauer* ¶¶ 3-4, 7, a true and correct copy of which is attached hereto as **Exhibit D**. They were matters outside the scope of what the firm typically handles. Id. at ¶ 9.

16. Mr. Sam only sent three (3) documents to the undersigned firm. **Exhibit C** ¶ 12, **Exhibit D** ¶ 5. Such documents consisted of a screenshot of an article and two (2) letters, all of which were unrelated to the instant eviction and all of which were unrelated to any matter substantially related to the instant eviction. *Id.*

17. On November 17, 2022, the undersigned firm declined to represent Mr. Sam. **Exhibit C** ¶ 13.

18. Attorney disqualification is a drastic measure because it destroys the attorney-client relationship by prohibiting a party from representation by counsel of his or her choosing. *Doe v. Chand,* 335 Ill. App 3d 809, 815 (5th Dist. 2002). Thus, caution must be exercised to guard against motions to disqualify being used as tools for harassment." *Schwartz,* 177 Ill. 2d at 177-78.

19. Here, none of the information shared in 2022 involved the instant case. **Exhibit D** ¶ 7. The undersigned firm did not learn anything about the instant case in 2022 given that the eviction filing was not in existence until the spring of 2023. *Id.* Nothing in Mr. Sam's emails is, was, nor can it, be used again him factually nor legally. *Id.* The record on appeal is based upon what happened in the trial court. *Id.* The undersigned firm was not involved in the proceedings below. *Id.*

20. Because Mr. Sam's emails did not disclose any information related to the instant appeal, the instant eviction, and did not disclose any information related to any matter substantially related to the instant appeal

of the instant eviction, Rule 1.18 does not apply. Therefore, in the exercise of caution, Mr. Sam's Motion to Disqualify and Bar Counsel should be denied.

21.     Because Mr. Sam has failed to meet his burden of proof that the matters for which he contacted the undersigned firm were related to the instant eviction or were related to matters that were substantially related to the instant eviction under the Lasalle factors, Rule 1.18 does not apply. The motion is simply a tool of harassment like the order of protection he filed against attorney Riley Oncken. Therefore, in the exercise of caution, Mr. Sam's Motion to Disqualify and Bar Counsel should be denied.

22.     In conclusion, Rule 1,18 is clear and does not disqualify counsel. "A person becomes a prospective client by consulting with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter." This "matter" on appeal was never discussed. It could not be discussed because no eviction was filed and no appeal was pending. Therefore, 1.18 does not apply. Additionally, the lawyer is not prohibited from representing a client with interests adverse to those of the prospective client in the same or a substantially related matter unless the lawyer has received from the prospective client information that could be significantly harmful if used in the matter. Because these matters were never discussed, the 2022 matters are not the same nor similar to this matter, plus no significantly harmful information could be disclosed let alone used from the unrelated inquiries to this pending matter under 1.18. Given the lack of contact by Robert Sam about this appeal

nor any eviction matter, and prior contact being about unrelated matters, Robert Sam cannot meet his burden to show that the firm received prospective client information that could be significantly harmful if used in this matter as is required by Rule 1.18 and 1.9.

WHEREFORE, Appellee prays that this court:

A. Strike the Defendant-Appellant's Motion to Disqualify and Bar Counsel;

B. In the alternative, deny the Defendant-Appellant's Motion to Disqualify and Bar Counsel;

C. Grant any and all further relief that the Court deems fair, equitable, and just.

CRONAUER LAW, LLP                    By:  _Jessica Parsons_

1101 Dekalb Ave., Suite 2                 Jessica Parsons
Sycamore, Illinois 60178                  Attorney for Plaintiff-Appellee
Telephone: (815) 895-8585
Facsimile: (815) 895-4070
jp@cronauerlaw.com

**735ILCS 5/1-109 Verification**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

By: _____
Jessica Parsons

Jessica Parsons, IL (#6327414)
CRONAUER LAW, LLP
1101 DeKalb Avenue, Suite 2
Sycamore, Illinois 60178
Telephone: (815) 895-8585
Facsimile: (815) 895-4070
jp@cronauerlaw.com

E-FILED
Transaction ID: 2-23-0163
File Date: 9/14/2023 1:25 PM

Jeffrey H. Kaplan, Clerk of the Court
APPELLATE COURT 2ND DISTRICT

**No. 2-23-0163**
# IN THE APPELLATE COURT OF ILLINOIS
## SECOND JUDICIAL DISTRICT

SC

| | | |
|---|---|---|
| BKA HOLDINGS, LLC, an Illinois Limited Liability Company, | ) ) ) | On appeal from DeKalb County Circuit Number Twenty-Third |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Presiding Judge: Honorable Stephanie P. Klein |
| ROBERT SAM and KAREN SAM , | ) ) ) | Case No. 2023 EV 102 |
| Defendants-Appellants | ) ) | |

### PROOF OF SERVICE
### CERTIFICATE OF ATTORNEY

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedures, the undersigned, certifies that the following ** document(s) have been served upon the following:

Robert Sam
639 Stonegate DR.
Sycamore, IL 60178
Harpees5@yahoo.com

** Plaintiff-Appellee's Response in Opposition to Defendant-Appellant's Motion to Disqualify and Bar Counsel

by emailing a copy of aforementioned document(s) to the Defendant before the hour of 5:00 p.m. on September 14, 2023

CRONAUER LAW, LLP
1101 DeKalb Ave, Suite 2
Sycamore, IL 60178
(815) 895-8585
F: (815) 895-4070
jp@cronauerlaw.com

_____
Jessica Parsons

No. 2-23-0163
# IN THE APPELLATE COURT OF ILLINOIS
## SECOND JUDICIAL DISTRICT

| | | |
|---|---|---|
| BKA HOLDINGS, LLC, an Illinois Limited Liability Company, | ) ) ) | On appeal from DeKalb County Circuit Number Twenty-Third |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Presiding Judge: Honorable Stephanie P. Klein |
| ROBERT SAM and KAREN SAM | ) ) | Case No. 2023 EV 102 |
| Defendants-Appellants | ) ) ) | |

## AFFIDAVIT OF CHARLES E. CRONAUER

NOW COMES Affiant, Charles E. Cronauer, IV, being first sworn upon oath deposes and states that if called as a witness, Affiant would competently testify as follows:

1. I have been made aware of Robert Sam's Motion to Disqualify filing in this court alleging that he was in contact with myself "regarding not only this matter but also many other matters that contributed to this matter." Additionally, Robert Sam alleges he sent many documents.

2. I do not know Robert Sam. To the best of my knowledge, I have never met him in person or virtually, nor have I ever otherwise spoken to him about anything, e-mailed with him, let alone offered any legal advice on any of the "many matters" he alleges. He does not have my cell-phone number.

3. I do not use the Admin@Cronauerlaw.com e-mail. I do not monitor that e-mail or otherwise ever e-mail from that account.

4. I am *of counsel* at Cronauer Law, and, in the last several years, have stopped handling or managing the daily affairs of the firm and since 2022 am only in the office part-time. I do

Exhibit A

not maintain a very active case load and am closing out my last remaining few cases, which does not include anything related to Robert Sam.

5.   I have personally given no legal advice to Robert Sam or his family on any matter, nor have I received any documents from him or anyone related to him. The only contact I am aware of between him and others at the firm are as set forth in the affidavits of Darria McDonald, Jacob Santos, and Nicholas Cronauer.

6.   Robert Sam's allegations in his Motion to Disqualify about me are not true nor accurate, but false.

Further Affiant sayeth naught.

Charles E. Cronauer

Dated: September 13, 2023

Official Seal
Heather Reinert
Notary Public State of Illinois
My Commission Expires 11/22/2026

Subscribed and sworn to before me
this 13th day of September, 2023.

Notary Public

Official Seal
Heather Reinert
Notary Public State of Illinois
My Commission Expires 11/22/2026

Exhibit A

No. 2-23-0163

# IN THE APPELLATE COURT OF ILLINOIS
## SECOND JUDICIAL DISTRICT

| | | |
|---|---|---|
| BKA HOLDINGS, LLC, an Illinois Limited Liability Company, | ) ) ) | On appeal from DeKalb County Circuit Number Twenty-Third |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Presiding Judge: Honorable Stephanie P. Klein |
| ROBERT SAM and KAREN SAM | ) ) ) | Case No. 2023 EV 102 |
| , Defendants-Appellants | ) ) | |

## AFFIDAVIT OF DARRIA MCDONALD

NOW COMES Affiant, Darria McDonald, being first sworn upon oath deposes and states that if called as a witness, Affiant would competently testify as follows:

1. I have been made aware of Robert Sam's Motion to Disqualify filing in this court alleging that he was in contact with CRONAUER LAW, LLP "regarding not only this matter but also many other matters that contributed to this matter." Additionally, Robert Sam alleges he sent many documents to the firm.

2. I am a paralegal with Cronauer Law, LLP now and was employed by it at all times in 2022.

3. Robert Sam's allegations are not true nor accurate.

4. Over a year ago, on April 26, 2022, I had a brief telephone conversation with Robert Sam. The subject matter did not involve this appeal or anything about any eviction by his landlord. This call pre-dated Robert Sam's eviction filing by a year.

5. On April 27, 2022, firm representation was declined by myself because it was not a matter Cronauer Law, LLP would handle. I have my notes of the April 26, 2022, conversation that I can produce for *in camera* review by this Court to see the subject matter was not this eviction or this appeal.

6. Robert Sam did not send me any documents. I have no knowledge of "many documents" other than what is outlined by Jacob Santos in his seach of firm's information systems.

September 13, 2023

_Darria McDonald_
Darria McDonald

Official Seal
Heather Reinert
Notary Public State of Illino'
My Commission Expires 11/22/2.

Subscribed and sworn to before me
this 13th day of September, 2023.

_Heather Reinert_
Notary Public

Official Seal
Heather Reinert
Notary Public State of Illinois
My Commission Expires 11/22/2026

EXHIBIT B

**No. 2-23-0163**
**IN THE APPELLATE COURT OF ILLINOIS**
**SECOND JUDICIAL DISTRICT**

| | | |
|---|---|---|
| BKA HOLDINGS, LLC, an Illinois Limited Liability Company, | ) ) ) | On appeal from DeKalb County Circuit Number Twenty-Third |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Presiding Judge: Honorable Stephanie P. Klein |
| ROBERT SAM and KAREN SAM | ) ) | Case No. 2023 EV 102 |
| Defendants-Appellants | ) ) ) | |

## AFFIDAVIT OF JACOB SANTOS

NOW COMES Affiant, Jacob Santos, being first sworn upon oath deposes and states that if called as a witness, Affiant would competently testify as follows:

1.  I am the Chief Information and Technology Officer for CRONAUER LAW, LLP and am responsible or maintaining all of its information and data systems.

2.  I have been made aware of Robert Sam's Motion to Disqualify filing alleging that he was in contact with CRONAUER LAW, LLP, including Nicholas Cronauer and Charles Cronauer "regarding not only this matter but also many other matters that contributed to this matter." Additionally, Robert Sam alleges he sent many documents to the firm.

3.  I have searched all of CRONAUER LAW, LLP's business records for any and all contact with a Robert Sam or his family in the firm calendar, e-mail database, and phone records, which includes searching its calendars, phone records, and email database.

4.  The calendars, phone records, and emails are captured the regular course of the law firm's business, and it was the regular course of the law firm to make such a memorandum or record in its calendars, phone log, and email database at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter.

Exhibit C

5. A search of the law firm's daily calendar, shows no meetings ever being scheduled, planned, or occurring with Robert Sam or his family in person or over the phone, ever.

6. There is no case file created, opened, nor archived for Robert Sam in the firm's case management software.

7. Every meeting and telephone call is calendared, saved in its database, and scheduled as matter of pattern and practice in order to be organized and keep on track with cases and deadlines. Client contact is also listed in the firm's case management software.

8. A search of the firm's email database shows old emails received from Robert Sam through ilovethewizardofoz5@gmail.com and harpees5@yahoo.com to the firm's admin@cronauerlaw.com in 2022.

9. There is an email from a firm paralegal on April 27, 2022, referencing a phone call from Robert Sam on April 26, 2022.

10. The April 27, 2022, email to Robert Sam from firm paralegal Darria McDonald declined his inquiry for assistance on a legal issue because it was outside the scope of the firm's practice. The subject matter was unrelated to any issues with this appeal or the underlying eviction case and pre-dated the issues before this court by a year.

11. Robert Sam again emailed the firm on September 12, 2022, for an issue unrelated to anything on this appeal or the underlying eviction case. He proceeded to email the firm about this unrelated issue September 13-14, 2022, October 24, 2022, then November 4, 2022, through his wife's email, then three (3) times on November 17, 2022, and for a last time on December 5, 2022.

12. The only document or documents Robert Sam sent was on November 4, 2022, which was screenshots unrelated to the underlying eviction or this appeal. The November 5, 2022 e-mail, included two letters unrelated to this matter or the eviction.

Exhibit C

13. Absent emails regarding service for this appeal, no emails have been received by Robert Sam since December 5, 2022. No response to Robert Sam's 2022 emails occurred after November 17, 2022, wherein affiant reiterated he should seek other counsel.

14. I do not know Robert Sam as a client of the firm. No case file was opened for any of his matters because, *inter alia*, it is outside the scope of the firm's practice area. To the best of my knowledge, I have never met him in person or virtually, nor seen him around the office or met with him at the office. He has dropped off no documents in person and no documents have been reviewed other than those listed herein. His first correspondence pre-dates the eviction filing by a year then his next communications pre-dates by months.

15. There are no documents received from Robert Sam in 2022 in the firm's database other than what is identified in paragraph 12, which is unrelated to these civil issues.

16. The only other documents related to Robert Sam are documents received for this appeal through proper service or other documents obtained in 2023 from sources that was not from Robert Sam. For example, the following documents do exist and were received from third parties:

    **a.**   The firm has copies of Robert Sam's state civil lawsuit he filed against attorney Riley Oncken and various Melissa Mobile entities for the eviction;

    **b.**   The firm has copies of Robert Sam's order of protection he filed against attorney Riley Oncken who handled the eviction;

    c.   The firm has a copy of a duplicate federal lawsuit he has filed that he emailed to appellee against appellee and Riley Oncken;

    d.   The firm has a copy of a IDHR complaint he filed against Melissa Mobile and various entities;

Exhibit C

e.  Three true bill indictments filed November 21, 2022, in DeKalb County case 2022 CF 546 alleging Robert Sam violated 815 ILCS 515/5(a)(1)— Aggravated Home Repair Fraud; 815 ILCS 515/5(a)(2)—Aggravated Home Repair Fraud; and 720 ILCS 5/16-1(a)(1(A)—Theft.

17.  Excluding documents received through proper service, public record searches, or in this appeal as referenced above, these documents were all obtained through sources that were not Robert Sam or public records.

18.  I am able to produce the emails at issue for an *in camera* review and inspection by this Court if requested I order to determine the subject matter of the emails.

**Dated: September 13, 2023**

Jacob Santos

Official Seal
Heather Reinert
Notary Public State of Illinois
My Commission Expires 11/22/2026

Subscribed and sworn to before me
this 13th day of September, 2023.

Notary Public

Official Seal
Heather Reinert
Notary Public State of Illinois
My Commission Expires 11/22/2026

Exhibit C

**No. 2-23-0163**
## IN THE APPELLATE COURT OF ILLINOIS
### SECOND JUDICIAL DISTRICT

| | | |
|---|---|---|
| BKA HOLDINGS, LLC, an Illinois Limited Liability Company, | ) ) ) | On appeal from DeKalb County Circuit Number Twenty-Third |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Presiding Judge: Honorable Stephanie P. Klein |
| ROBERT SAM and KAREN SAM | ) ) | Case No. 2023 EV 102 |
| Defendants-Appellants | ) ) ) | |

### AFFIDAVIT OF C. NICHOLAS CRONAUER

NOW COMES Affiant, C. Nicholas Cronauer, being first sworn upon oath deposes and states that if called as a witness, Affiant would competently testify as follows:

1. I have been made aware of Robert Sam's Motion to Disqualify filing in this court alleging that he was in contact with myself "regarding not only this matter but also many other matters that contributed to this matter." Additionally, Robert Sam alleges he sent many documents to the firm.

2. These allegations are not true nor accurate and there is no relationship nor overlap in any prior contact and this matter.

3. Robert Sam sent various emails in 2022 to Admin@CronauerLaw.com for an issue unrelated to this appeal or any civil eviction issue. Robert Sam never contacted this firm about any civil eviction issues or this appeal.

4. The emails Robert Sam sent pre-dates by a year the eviction filing and also was well before anything connected to this appeal or the underlying eviction was filed.

5. Robert Sam sent no documents to the firm other than screen shots and letters unrelated to any eviction or this appeal, and the firm did not receive any other documents

Ex. D

from Robert Sam or his family in 2022. The only other documents received about Robert Sam have come through service on this appeal or from the appellee or public records searches by this firm's staff.

6.   No case file was opened nor was any attorney-retainer agreement offered let alone sent given the subject matter of Robert's Sam inquiries and the firm's primary focus on civil law and not the issue he was requesting help with.

7.   No information shared in 2022 involved this case, nor did affiant learn anything adverse about this case given that the eviction filing was not even in existence until spring of 2023. Nothing in Robert Sam's emails is, was, nor can it, be used again him factually nor legally. The record on appeal is based upon what happened in the trial court, which affiant did not handle.

8.   Jessica Parsons is tasked with handling this appeal not affiant anyway.

9.   I have never spoken to Robert Sam in person or on the phone, and all communication between him and the firm are completely captured in emails where representation on an unrelated matters outside the scope of what this firm generally handles was declined.

10. No one else at the law firm has had any contact with Robert Sam nor his family other then set forth in the emails that can be reviewed *in camera* if this court deems it necessary.

11. Affiant can produce all emails to and from the firm to show the court the subject matter of Robert Sam's inquiry, that representation never occurred, and the subject matter was not related to this appeal or any eviction matter, and no adverse information was gleaned.

Ex. D

12. The emails establish that RPC 1.18, by its plain terms and corroborated by the comments as well as RPC 1.9 standard, cannot apply.

_C. Nicholas Cronauer_

Dated: September 13, 2023

*Heather Rint*

Official Seal
Heather Reinert
Notary Public State of Illinois
My Commission Expires 11/22/2026

Subscribed and sworn to before me
this 13th day of September, 2023.

*Heather Reinert*

Notary Public

Official Seal
Heather Reinert
Notary Public State of Illinois
My Commission Expires 11/22/2026

Ex. D