# U.S DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| ROBERT SAM, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )  No.  3:23-cv-50301 |
| | ) |
| MELISSA MOBILE, et al. | ) |
| | ) |
| Defendants. | ) |

## <u>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION SEEKING DISQUALIFICATION OF DEFENDANTS' COUNSEL</u>

NOW COME the DEFENDANTS, MELISSA MOBILE, BKA HOLDINGS, LLC, by and through their attorney, CRONAUER LAW, LLP, and in opposition to Plaintiff's motion to disqualify counsel, states the following:

Plaintiff has previously filed a motion to disqualify undersigned counsel, which the Second District appellate court denied. *See* ECF # 20-2.  Plaintiff's new motion alleges the exact same issues and facts as his motion ruled upon by the Appellate Court already. *See* Exhibit 23-1. Undersigned counsel's response and affidavits refuting the same issues and facts Plaintiff raises for a second time is found at ECF # 20-1, and are all incorporated herein by reference.  Because the same issues and facts Plaintiff re-raises in ECF # 22 has already been decided among the same parties by a court of competent of jurisdiction, issue preclusion a/k/a collateral estoppel now bars Plaintiff from attempting to re-litigate the same issue. *See* <u>U.S. v. Egan Marine Corp</u>., 843 F.3d 674, 676 (7th Cir. 2016) (holding that preclusion applies where party fails to fulfill to meet its burden in one case then seeks to carry its burden again in another case).

As stated in the prior briefing, the timeline and now Plaintiff's own motion, there are no facts to support Plaintiff's claim. He contacted with CRONAUER LAW, LLP over a year before this case was filed for issues unrelated to anything before the appellate court nor this district court. *See* ECF 22, at

1

2 (stating he reached out for help with a criminal matter). The timing and his own motion alone precludes any risk of confidential information being obtained or used adversely. Undersigned can and will make any and all email correspondence available for an *in camera* inspection if the Court finds that collateral estoppel does not apply because the full extent of communication was captured by email.

Plaintiff has had a chance on two occasions now to provide the email correspondence he references to a court in order to review the content in support of his motion to disqualify with the LaSalle factors. See LaSalle National Bank v. County of Lake, 703 F.2d 252 (7th Cir. 1983)). Instead, Plaintiff makes vague conclusory allegations without any basis supported by fact. Vague allegations are insufficient for a motion to disqualify. Doe v. Chand, 335 Ill. App. 3d 809, 816 (5th Dist. 2002).

Plaintiff, being made aware in the appellate court about the LaSalle inquiry factors, has now filed another motion but still fails to provide any substance permitting a LaSalle inquiry. This court must first make a factual reconstruction of the scope of the former representation. As Plaintiff in his first motion but omitted from his second motion, he has "many emails." *See* Exhibit 1, Plaintiff's Motion filed in 2-23-0163, BKA Holdings v. Robert and Karen Sam, Second District Appeal. Yet Plaintiff continually refuses to offer them to the Court to review. This precludes any determination that it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client on those matters. Given the large time gap from Mr. Sam's initial emails about an unrelated issue to this case, no inference can be drawn. Finally, the court must consider whether the information is relevant to the issues raised in the litigation pending against the former client. Schwartz, 177 Ill. 2d at 178. Plaintiff's own motion outlining, for the first time the subject matter of his contact (criminal law), establishes the irrelevance to this litigation. His next attempt to talk about his IDHR complaint by alleging a document he has not even seen himself contains confidential information is pure speculation. Nothing he raises has anything to do with the issues or facts of this case and he has failed to outline anything gained confidentially that is being used adversely

against him because there was nothing obtained confidentially that can or is being used against him in this civil case.

Plaintiff as *the party seeking disqualification* bears the burden of establishing that the present and former representations are substantially related. Schwartz v. Cortelloni, 177 Ill. 2d 166, 177-78 (1997) (emphasis added). Based on the rule set forth in Schwartz, it logically follows that Mr. Sam has the burden of proving that the present and *potential* former representations are substantially related. Attorney disqualification is a drastic measure because it destroys the attorney-client relationship by prohibiting a party from representation by counsel of his or her choosing. Doe v. Chand, 335 Ill. App 3d 809, 815 (5th Dist. 2002). Thus, caution must be exercised to guard against motions to disqualify being used as tools for harassment." Schwartz, 177 Ill. 2d at 177-78. All Plaintiff is doing is, rather than pay the sums due to Defendant for rent and utilities, harass Defendant, Defendants' prior counsel with an order of protection, and now simply trying to harass Defendants' new counsel with threatened more frivolous filings. *See* ECF 23-2, attached hereto.

Rule 1.9 is also clear that "information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying." The information Plaintiff alleges in his motion is nothing but a matter of public record unrelated to this case. A simple google search of his name produces the information he claims to be privileged or is otherwise subject to a simple Freedom of Information Request, or a search of public records. As stated *ad naseium* already in the motion to dismiss, public records and court filings like Plaintiff's pending felony charges and police interview reports are subject to judicial notice because they are available to the world to review and deemed reliable as a matter of law. Information from the public domain is not afforded any confidential protections. *See* RPC 1.9.

RPC 1.9 states unequivocally that a lawyer is not prohibited from representing a client with interests adverse to those of the prospective client in the same or a substantially related matter unless

the lawyer has received from the prospective client information that could be significantly harmful if used in the matter. Because these matters were never discussed, the 2022 matters are not the same nor similar to this matter, plus no significantly harmful information could be disclosed let alone was disclosed used from the unrelated inquiries to this pending matter under 1.18. Plaintiff's motion must be denied for a second time.

WHEREFORE, this court must find that issue preclusion a/k/a collateral estoppel precludes Plaintiff's second motion to disqualify undersigned counsel given the appellate court order already addressing the same issues against the same parties or alternatively that undersigned is not disqualified because Plaintiff did not carry his burden to show there is a substantial relationship between any prior unsolicited communications and this case.

Respectfully Submitted,

By: /s/ C. Nicholas Cronauer
One of its Attorneys

CRONAUER LAW, LLP
1101 DeKalb Ave., Suite 2
Sycamore, IL 60178
(815) 895-8585 / (815) 895-4070 Fax

### CERTIFICATE OF SERVICE

Defendants, by and through their undersigned counsel, electronically served Defendants' Melissa Mobile and BKA Holdings, LLC to all parties of record through the PACER/ECF system, and by mailing a copy to Robert Sam at:

Robert Sam
639 Stonegate DR.
Sycamore, IL 60178
Harpees5@yahoo.com

Dated: October 3, 2023.

/s/ Nicholas Cronauer

4

Cronauer Law, LLP
1101 DeKalb Ave Ste 2
Sycamore, IL 60178
Telephone: (815) 895-8585
Email: nc@cronauerlaw.com