In the United States District Court For The
Northern District Of Illinois

Robert Sam.                              (          Case number: 23-50301   **FILED**
  Defendant.

                                         (          Jury Demand          NOV 27 2023

  Vs.                                    (
                                                    THOMAS G. BRUTON
Melissa Mobile                                      CLERK, U.S. DISTRICT COURT
BKA Holdings LLC.                        (
Riley Oncken
Law Office of Riley N Oncken P.C.        (


Motion for status on my response to defendants response to my motion to disqualify defendants council.

Now comes the Plaintiff Robert Sam Pro Se, I filed a motion to disqualify defendants BKA holdings and Melissa Mobiles council. No response from the court has been given or a ruling as of date. The defendants council Christopher Cronauer will be called as a witness in this case based on rule Ill. Sup. Ct. R. 3.7. "2] The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

[3] To protect the tribunal, paragraph (a) prohibits a lawyer from simultaneously serving as advocate and necessary witness except in those circumstances specified in paragraphs (a)(1) through (a)(3). Paragraph (a)(1) recognizes that if the testimony will be uncontested, the ambiguities in the dual role are purely theoretical. Paragraph (a)(2) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has firsthand knowledge of the matter in issue; hence, there is less

dependence on the adversary process to test the credibility of the testimony.

[4] Apart from these two exceptions, paragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client. It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness. The conflict of interest principles stated in Rules 1.7, 1.9 and 1.10 have no application to this aspect of the problem.

[5] Because the tribunal is not likely to be misled when a lawyer acts as advocate in a trial in which another lawyer in the lawyer's firm will testify as a necessary witness, paragraph (b) permits the lawyer to do so except in situations involving a conflict of interest.

Conflict of Interest

[6] In determining if it is permissible to act as advocate in a trial in which the lawyer will be a necessary witness, the lawyer must also consider that the dual role may give rise to a conflict of interest that will require compliance with Rules 1.7 or 1.9. For example, if there is likely to be substantial conflict between the testimony of the client and that of the lawyer the representation involves a conflict of interest that requires compliance with Rule 1.7. This would be true even though the lawyer might not be prohibited by paragraph (a) from simultaneously serving as

advocate and witness because the lawyer's disqualification would work a substantial hardship on the client. Similarly, a lawyer who might be permitted to simultaneously serve as an advocate and a witness by paragraph (a)(3) might be precluded from doing so by Rule 1.9. The problem can arise whether the lawyer is called as a witness on behalf of the client or is called by the opposing party. Determining whether or not such a conflict exists is primarily the responsibility of the lawyer involved. If there is a conflict of interest, the lawyer must secure the client's informed consent. In some cases, the lawyer will be precluded from seeking the client's consent. See Rule 1.7. See Rule 1.0(e) for the definition of "informed consent."

[7] Paragraph (b) provides that a lawyer is not disqualified from serving as an advocate because a lawyer with whom the lawyer is associated in a firm is precluded from doing so by paragraph (a). If, however, the testifying lawyer would also be disqualified by Rule 1.7 or Rule 1.9 from representing the client in the matter, other lawyers in the firm will be precluded from representing the client by Rule 1.10 unless the client gives informed consent under the conditions stated in Rule 1.7."

I am aware the court is asking my response to the defendants motion to dismiss and I will comply. But as I explained to the court, this lawyer will be called as a witness, Mr. Cronauer is a material witness in matters in this case. I would like to ask the court kindly and respectfully on why my response to my motion to disqualify has not been ruled on or a hearing on the matter has not been allowed? If for whatever reason the court does not feel my response to the defendant's motion to dismiss is good enough my case could be dismissed by a law firm that should not even have filed the motion to begin with. The defendants have the advantage in this case, there represented by council because they can afford council, I have asked for a lawyer numerous times and all times denied. Though I may not be guaranteed a

lawyer just because my case is field in court, I am however granted a fair chance in getting to a jury trial and without knowing laws that apply to motions to dismiss or conflicts of interests it puts be in a unfair disadvantage. Though I am going to be held at the same standard as any lawyer, that should apply to the defendants lawyer as well and being that council will be called as witnesses and don't understand how rule 3.7 does not apply for my case? Mr. Cronauer has lied not only to this court but also the appeals court and I don't understand how that's allowed? If I were to lie to the court I am sure a sanction, or contempt of court would be applied to me. I am looking to have a jury trial hear my case and not be blown out on technicality that prevents my peers from hearing what happened to me and my family, that would be a injustice.

Robert Sam                    9-22-23