**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Robert Sam, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 C 50301 |
| v. | ) | |
| | ) | Hon. Margaret J. Schneider |
| Melissa Mobile, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's motion for attorney representation [4], is revisited and granted.

**STATEMENT**

Plaintiff's motion for attorney representation [4] was denied without prejudice on August 18, 2023 [6]. In that District Court order [6], the Court noted: "The motion for counsel is denied without prejudice to raising the request again if circumstances warrant as the litigation continues." At this stage in the litigation, the Court, sua sponte, revisits Plaintiff's motion for attorney representation and grants it.[1]

A litigant does not have a right to court-appointed counsel in federal civil litigation, but the Court has discretion to request that an attorney represent a litigant who cannot afford one. *Pennewell v. Parish*, 923 F3d. 486, 490 (7th Cir. 2019) (citing 28 U.S.C. § 1915(e)(1)). To exercise its discretion, courts must weigh two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's application to proceed as an indigent person was granted on August 18, 2023 [6]. In his motion for attorney representation, Plaintiff represented that he made efforts to obtain counsel on his own, though, to no avail [4]. Regarding the difficulty of the case, on November 28, 2023, the Illinois Appellate Court Second District issued a decision in BKA Holding LLC v Robert Sam, et al., 2023 IL App (2d) 230163, in favor of Robert Sam, on issues impacting this federal litigation. Additionally, Defendants in this case have raised legal issues in their motion to dismiss that would best be responded to by an attorney.

Therefore, the Court revisits Plaintiff's motion for attorney representation [4] and sua sponte, recruits counsel to represent Plaintiff in this action. The Court requests that Margaret Anne Gisch, Golan Christie Taglia LLC, 70 W. Madison St., Suite 1500, Chicago, IL 60602, 312-263-2300, magisch@gct.law, represent Plaintiff in accordance with counsel's trial bar obligations

---

[1] Plaintiff also moved for attorney representation on August 28, 2023 [9], which this Court denied without prejudice on August 31, 2023 [10].

under the District Court's Local Rule 83.37 (N.D. Ill.).[2] The Clerk of Court is directed to send a copy of this order to Plaintiff, attorney Margaret Anne Gisch, the Systems Department of the Northern District of Illinois, and the PACER Service Center at pacer@psc.uscourts.gov. Counsel is encouraged to visit the Court's Pro Bono web page at http://www.ilnd.uscourts.gov/Pages.aspx?page=ProBono (case sensitive) for various resources related to pro bono representation. Counsel should enter an appearance by December 22, 2023. The Court will set further deadlines after counsel appears.

Plaintiff is advised that recruiting counsel for an unrepresented individual is a privilege. *Pro se* plaintiffs who have the benefit of counsel recruited by the Court are "expected, like any clients, to meet their basic obligations as a party to a lawsuit: to communicate with their lawyers and to cooperate with the discovery and case management process." *Dupree v. Hardy*, 859 F.3d. 458, 462 (7th Cir. 2017). "District courts need not reward with free counsel people who are unwilling to meet their obligations as parties." *Id*. Thus, Plaintiff must listen carefully to counsel's advice and be mindful, as any paying client would be, of counsel's workload, time, and effort. He should ensure that he promptly provides contact information to his attorney if his address changes. Because each case is unique and there is no right to counsel in a civil case, there is no guarantee that counsel will be recruited in any future case or again in this case should counsel withdraw or should Plaintiff seek to have counsel replaced.

Plaintiff is also advised that pursuant to Local Rule 83.40 and the Regulations Governing the Prepayment & Reimbursement of Expenses of Court Assigned Counsel in Pro Bono Cases from the District Court Fund, any recovery (e.g., settlement, judgment, award of fees, or costs) in excess of $50,000 requires reimbursement to the District Court Fund from such recovery for amounts paid on behalf of the receiving party in excess of $5,000.

Date: 12/07/2023                         ENTER:

*Margaret J. Schneider*
United States Magistrate Judge

---

[2]Recruited counsel falls within the class of users listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States. Counsel therefore shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court for the above-captioned case. Fees are exempt for the above-captioned case only. Counsel shall not be exempt from fees incurred by other uses of the PACER system. The exemption is valid immediately and for the duration of counsel's participation in this matter. The exemption may be revoked at the discretion of the court at any time. Counsel shall contact the PACER Service Center at 1-800-676-6856 or at pacer@psc.uscourts.gov to create a separate PACER account to be used for the above-captioned case and to make any necessary arrangements for the waiver.