**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Robert Sam, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 23CV50301 |
| | ) | |
| Melissa Mobile, et al., | ) | Judge: Ian D. Johnston |
| | ) | |
| | ) | Magistrate Judge: |
| | ) | Margaret J. Shneider |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RILEY ONCKEN'S MOTION TO STAY PROCEEDINGS
PENDING RESOLUTION OF STATE COURT ACTION**

Defendant Riley Oncken, by and through his attorneys, Cray Huber Horstman Heil &
VanAusdal LLC, for his Motion to Stay Proceedings Pending Resolution of State Court Action,
states:

**INTRODUCTION**

This is an action in which Plaintiff asserted that Oncken, while representing Melissa
Mobile ("Mobile") and BKA Holdings, LLC ("BKA") in an eviction action against Plaintiff,
violated federal discrimination laws and harassed him in contravention of his professional
responsibilities as an attorney. Plaintiff, however, has already filed a nearly identical lawsuit in the
Circuit Court of DeKalb County ("the state court action"). Moreover, since August 2023, motion
practice has taken place, and rulings have been made in the state court action. In the interests of
judicial economy and prevention of duplicative and inconsistent judgments, Oncken requests that
this case be stayed pending the final outcome of the state court action.

**BACKGROUND**

On May 23, 2023, Plaintiff filed his initial complaint against Defendants, asserting alleged violations of federal discrimination laws ranging from the Fair Housing Act to the Americans with Disabilities Act in the Circuit Court of DeKalb County. A copy of the state court Complaint is attached as **Exhibit A**. On August 17, 2023, Defendants Mobile and BKA filed a motion to dismiss in the state court action. That same day, Plaintiff filed a nearly identical complaint in the District Court for the Northern District of Illinois. (Dkt. 1). The sole difference between the two complaints is the claim alleged under the CARES Act in the federal action. (*Id.*). Plaintiff, however, filed his amended complaint on September 15, 2023, alleging new claims of cyberstalking, harassment, and doxing against Oncken. (Dkt. 12)

After service of process was finally achieved on Oncken in the pending state court action, he filed a motion to dismiss on September 27, 2023. On October 2, 2023, the Honorable Bradley J. Waller entered a briefing schedule on defendants' motions to dismiss. A copy of the October 2, 2023, Order is attached as **Exhibit B**. Under the order, Plaintiff was to file a response to Defendants Mobile and BKA's motion to dismiss by November 2, 2023. *Id.* Plaintiff failed to do so. Additionally, Plaintiff was to file a response to Oncken's motion to dismiss by November 16, 2023. Plaintiff failed to do so.

On November 9, 2023, Judge Waller heard oral argument on Defendants Mobile and BKA's motion to dismiss. Plaintiff failed to appear for the hearing. After hearing oral argument, Judge Waller entered an order granting Defendants Mobile and BKA's motion to dismiss.

On November 17, 2023 – one day after his response to Oncken's motion was due – Plaintiff filed a "motion to reconsider dismissal," requesting that neither motions to dismiss be granted and that he receives 60 additional days to amend his complaint. A copy of the Motion to Reconsider is attached as **Exhibit C**. Plaintiff never provided the motion to Oncken.

On November 28, 2023, Judge Waller heard oral argument on Oncken's motion to dismiss. Plaintiff appeared for the hearing and renewed his request for reconsideration. Judge Waller granted Oncken's motion to dismiss, but also granted Plaintiff's request to file an amended complaint. A copy of the November 28, 2023, Order is attached as **Exhibit D**. Plaintiff now has until December 28, 2023, to file an amended complaint. *Id.*

## ARGUMENT

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering a motion to stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill. v. WorldCom, Inc.*, 244 F.Supp.2d 900, 905-06 (N.D. Ill. 2002).

**I.**      **The Imposition of a Stay Will Prevent the Wasting of Judicial Resources and Will Promote Judicial Economy.**

The goal in granting a stay is to avoid duplicative and unnecessary proceedings which will only serve to waste already limited judicial resources. *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 526 (7th Cir. 2021), *reh'g denied* (Nov. 16, 2021) (citing *Colorado River Water Conservation Dist. v. U. S.,* 424 U.S. 800, 818 (1976)). Two lawsuits need not involve identical parties and identical causes of action in order to justify imposing a stay. *Id.* The requirement is that the lawsuits be parallel – not identical. *Id.* A lawsuit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum. *See id.* (noting "perfect symmetry isn't necessary"); *Calvert Fire Ins. Co. v. American Mut. Reinsurance Co.*, 600 F.2d 1228, 1229 (7th Cir. 1979).

Here, the two actions involve the *same* parties, the *same* facts, and the *same* issues. Moreover, Plaintiff's allegations are nearly copied and pasted from the state court complaint that was filed nearly three months prior to the pending federal action. Despite minor amendments to the complaint to include additional claims of cyberstalking, harassment, and doxing, the allegations against Oncken remain substantially similar to the issues being litigated in the state court action.

As both courts are capable of deciding the issues being raised, permitting this federal proceeding to continue would promote "piecemeal and duplicative litigation." *See Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 755 (7th Cir. 2006) (noting "[t]he danger of piecemeal litigation does not turn on formal identity of issues[,] but on concerns about the efficient use of judicial resources and the public's perception of the legitimacy of judicial authority.").

Staying this action will prevent the waste of judicial resources that sequential lawsuits create and avoid unnecessary claim-splitting. Accordingly, Oncken's Motion to Stay Proceedings Pending Resolution of State Court Action should be granted.

II.     **A Stay Will Not Cause an Undue Delay or Undue Prejudice to the Rights of the Other Parties.**

Plaintiff, despite his failure to follow basic court orders and deadlines, is prosecuting his state court claims. Moreover, Plaintiff specifically requested additional time to amend his complaint in the pending state court action, further evidencing his intent to continue pursuing his claims. *See* **Ex. C**. Despite his disregard for the Court's orders, Judge Waller granted Plaintiff his request to amend the complaint by December 28, 2023, again evidencing that Plaintiff has been afforded the opportunity to have his claims heard. *See* **Ex. D**.

A stay in the federal proceedings will not cause an undue delay or prejudice to Plaintiff's right to have his claims heard. However, as noted above, allowing concurrent litigation will

4

unnecessarily cause confusion and waste judicial resources. Accordingly, Oncken's Motion to Stay Proceedings Pending Resolution of State Court Action should be granted.

**<u>CONCLUSION</u>**

Plaintiff has the right to have his claims heard. He does not, however, have the right to litigate the same claims against the same defendants in any and every forum he believes to be convenient to him. Continuing the federal proceeding will waste judicial resources and increase the risk of unnecessary piecemeal and duplicative litigation. As such, this Court should stay the federal proceedings pending resolution of the state court action.

WHEREFORE, for the foregoing reasons, Defendant RILEY ONCKEN respectfully requests that this Court stay the proceedings in this matter until Plaintiff has obtained a final judgment in the state court action.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC

By: */s/Zachary G. Shook*
Zachary G. Shook

Zachary G. Shook (ARDC #6305057)
Alice S. Vagun (ARDC #6341011)
Cray Huber Horstman Heil & VanAusdal LLC
303 West Madison Street, Suite 2200
Chicago, Illinois 60606
(312) 332-8450
zgs@crayhuber.com
asv@crayhuber.com
*Attorneys for Riley Oncken*