**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION**

Robert Sam,                        )

                                   )     Case No. 23-CV-50301

         Plaintiff,              )

                                     )     Judge: Ian D. Johnston

     v.                             )

                                     )     Magistrate Judge: Margaret Schneider

BKA Holding, LLC, Melissa Mobile,     )

Riley Oncken, Riley N. Oncken, P.C.,    )

                                     )

         Defendants.          )

**ROBERT SAM'S SUPPLEMENTAL**
**MOTION TO DISQUALIFY CRONAUER LAW**

The Plaintiff, Robert Sam ("Plaintiff"), by his attorneys Golan Christie Taglia LLP, for his motion to disqualify Nicholas Cronauer and Cronauer Law as counsel for the Defendants, BKA Holding, LLC and Melissa Mobile (collectively, the "Defendants"), states as follows:

1.       Since October 2019, Plaintiff has rented a unit located at 639 Stonegate Drive, Sycamore, Illinois 60178 (the "Leased Premises") from the Defendants. (Affidavit of R. Sam Ex., A, ¶ 2.)

2.       The vast majority of Plaintiff's rent comes from Section 8 Vouchers provided by the Housing Authority of the County of DeKalb. (Ex., A, ¶ 4.)

3.       In August 2022, Plaintiff learned that he was being investigated in a case involving home repair fraud and the financial exploitation of his elderly neighbors. (Ex., A, ¶¶ 7-8.)

4.       Plaintiff instantly became concerned regarding how criminal charges would affect his ability to receive his Section 8 Vouchers. (Ex., A, ¶ 9.)

5.       Plaintiff was aware that if he lost his Section 8 Vouchers that he and his family would not be able to pay rent to the Defendants and would face eviction. (Ex., A, ¶¶ 5-6.)

1

6.      In an attempt to secure legal representation to avoid being charged and/or convicted – which would ultimately result in Plaintiff being evicted from the Leased Premises – Plaintiff reached out to Cronauer Law.  (Ex., A, ¶ 10.)

7.      From September 12, 2022 through November 17, 2022 Plaintiff and Cronauer Law engaged in detailed communications relating to Cronauer Law's potential representation of Plaintiff.[1]  (Ex., A, ¶ 12.)

8.      Throughout these communications, Plaintiff repeatedly disclosed that he was concerned that his Section 8 Vouchers would be terminated which would ultimately lead to him not being able to pay rent to the Defendants. (Ex. A, ¶¶ 6, 12.)

9.      ABA Model Rule 1.18 and Illinois Supreme Court Rules of Professional Conduct Rule 1.18 (collectively, "the Rules of Professional Conduct 1.18") provide:

(a) A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information, except as Rule 1.9 would permit with respect to information of a former client.

(c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d) When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:
(1) both the affected client and the prospective client have given informed consent, or

---

[1] Plaintiff can and will make any and all email correspondence available for an *in camera* inspection upon request from the Court.

2

(2) the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and that lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom.

10. Furthermore, Comment 2 of the Rules of Professional Conduct 1.18, state:

A person becomes a prospective client by consulting with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter. Whether communications, including written, oral, or electronic communications, constitute a consultation depends on the circumstances. For example, a consultation is likely to have occurred if a lawyer, either in person or through the lawyer's advertising in any medium, specifically requests or invites the submission of information about a potential representation without clear and reasonably understandable warnings and cautionary statements that limit the lawyer's obligations, and a person provides information in response.

11. At no point from September 12, 2022 through November 2022, did anyone from Cronauer Law ever unequivocally inform Plaintiff that the firm would not represent him. (Ex., A, ¶ 13.)

12. Similarly, at no point did anyone at Cronauer Law provide clear warnings or cautionary statements limiting the firm's obligations. (Ex., A, ¶ 14.)

13. Instead, throughout the parties' communications, Cronauer Law continuously requested additional information and provided Plaintiff with legal advice. (Ex., A, ¶ 12.)

14. Plaintiff's main concern when he contacted Cronauer Law was that he would be evicted from the Leased Premises if he lost his Section 8 Vouchers. (Ex., A, ¶ 11.)

15. The subject matter of Plaintiff's claims against the Defendants arise, in part, out of the Defendants' attempts to wrongfully evict Plaintiff for not paying rent and interfering with Plaintiff's Section 8 Vouchers.

3

16.     It is anticipated that at least a part of Defendants' defenses against Plaintiff's claims will stem from Plaintiff's current pending criminal charges.

17.     In fact, the Defendants have already relied on Plaintiff's current pending criminal charges to defend themselves in another related action filed by the Illinois Department of Human Rights.  (Ex., A, ¶ 16.)

18.     As such, Cronauer Law's representation of the Defendants in this matter is materially adverse to Plaintiff and arise out of the same or a substantially related matter.

19.     If Cronauer Law represents the Defendants, Plaintiff will be significantly harmed.

20.     Therefore, the Rules of Professional Conduct 1.18 prohibit Cronauer Law from representing the Defendants in this matter.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an order granting the following relief:

a.     Disqualifying Nicholas Cronauer and Cronauer Law from representing any defendant in the instant litigation.

                                                Respectfully submitted,

Date:   February 13, 2024                       /s/ Bradley S. Lohsl

                                                Margaret A. Gisch (6204431)
                                                Bradley S. Lohsl (6332989)
                                                GOLAN CHRISTIE TAGLIA LLP
                                                70 W. Madison Street, Suite 1500
                                                Chicago, IL 60602
                                                312-696-2039
                                                magisch@gct.law
                                                bslohsl@gct.law

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that he caused a copy of **Robert Sam's Supplemental Motion to Disqualify Cronauer Law** to be served upon the following:

Christopher Nicholas Cronauer          Zachary Gordon Shook
Cronauer Law, LLP                      Cray Huber Horstman Heil & Vanausdal LLC
1101 DeKalb Ave. Ste., 2               303 W. Madison St., Ste. 2200
Sycamore, IL 60178                     Chicago, IL 60606
(815) 895-8585                         312-332-8450
nc@cronauerlaw.com                     zgs@crayhuber.com

Alice Sarah Vagun
Cray Huber Horstman Heil & Vanausdal LLC
303 W. Madison St., Ste. 2200
Chicago, IL 60606
(312) 332-8450
asv@crayhuber.com

by causing a copy of the same to filed via CM/ECF, this 13th day of February, 2024.


By: _/s/ Chase Thede_____

5

# EXHIBIT
# A

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION**

| | | |
|---|---|---|
| Robert Sam, | ) | |
| | ) | Case No. 23-CV-50301 |
| Plaintiff, | ) | |
| | ) | Judge: Ian D. Johnston |
| v. | ) | |
| | ) | Magistrate Judge: Margaret Schneider |
| BKA Holding, LLC, Melissa Mobile, | ) | |
| Riley Oncken, Riley N. Oncken, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF ROBERT SAM**

I, Robert Sam, being duly sworn, on oath, hereby states:

1.      I am over 18 years of age and of sound mind.

2.      Since October 2019, I have rented the premises located at 639 Stonegate Drive, Sycamore, Illinois 60178 (the "Leased Premises").

3.      Since June 1, 2020, I have received Section 8 Vouchers from the Housing Authority of the County of DeKalb.

4.      I rely on the Section 8 Vouchers to pay the vast majority of my rent at the Leased Premises.

5.      It is my understanding that, if I am convicted of a crime, the Housing Authority of the County of DeKalb will likely terminate my Section 8 Vouchers.

6.      If my Section 8 Vouchers are terminated, my family and I will be almost certainly homeless since we are unable to pay for housing without the Section 8 Vouchers.

7.      In August 2022, I learned that the Sycamore Police Department had launched an investigation to determine whether I committed home repair fraud against my elderly neighbors whom I had attempted to help with some home repairs.

1

8.     I also learned that the Sycamore Police Department was investigating me to determine whether I had financially exploited my elderly neighbors.

9.     After learning about the Sycamore Police Department's investigation, I instantly became concerned regarding how criminal charges would affect my ability to receive Section 8 Vouchers.

10.     Therefore, in an attempt to secure legal representation to avoid being charged and/or convicted, I reached out to Cronauer Law.

11.     My main concern when contacting Cronauer Law was that if I was charged and/or convicted of a crime that I would lose my Section 8 Vouchers.

12.     From September 12, 2022 through November 17, 2022:

    a. Cronauer Law and I engaged in detailed communications relating to Cronauer Law's potentially representing me regarding the criminal charges pending against me;

    b. Cronauer Law continuously requested that I provide them with information relating to the Sycamore Police Department's investigation;

    c. Cronauer Law consistently provided me with advice on how to proceed with the Sycamore Police Department's investigation; and

    d. I repeatedly disclosed to Cronauer Law that I was concerned that my Section 8 Vouchers would be terminated if I were charged and/or convicted of any criminal activity.

13.     At no point in any of these communications did anyone from Cronauer Law ever unequivocally inform me that Cronauer Law would not represent me.

2

14.     Additionally, at no point in any of these communications did anyone from Cronauer Law ever provide me with a clear warning or cautionary statement limiting Cronauer Law's obligations to me.

15.     I have initiated several administrative and legal complaints against BKA Holdings, LLC and Melissa Mobile regarding their attempts to wrongfully evict me from the Leased Premises and for the conditions of the Leased Premises.

16.     In defense to the claims I have made to the Illinois Department of Human Rights, BKA Holdings, LLC and Melissa Mobile have stated that my current pending criminal charges are at least part of the reason they are seeking to evict me from the Leased Premises.

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth above are true and correct.

Respectfully submitted,

Date: February 13, 2024                    */s/ Robert Sam*
                                           Robert Sam

3