**U.S DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No.  3:23-cv-50301 |
| | ) | |
| MELISSA MOBILE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANT'S SUPPLEMETNAL REPLY TO PLAINTIFF'S MOTION SEEKING DISQUALIFICATION OF DEFENDANTS' COUNSEL</u>

NOW COME the DEFENDANTS, MELISSA MOBILE, BKA HOLDINGS, LLC, through

their attorney, CRONAUER LAW, LLP, and in opposition to Plaintiff's motion to disqualify counsel,

states:

## INTRODUCTION

Motions to disqualify are to be guarded against by the Courts. It is Plaintiffs burden to

overcome. Plaintiff fails to substantiate his claims with relevant legal precedent or analysis for

disqualification, particularly under the *La Salle* test. Despite multiple opportunities, the Plaintiff has

neither cited any case law for disqualification nor addressed the principles of preclusion, leading to a

waiver of his arguments as per established legal standards. Setting waiver aside, Plaintiff's conduct of

trying to retain 45 different attorneys amounts to "attorney shopping" under RPC. Plaintiff also fails

to demonstrate any legitimate basis for disqualification given the publicly available nature of the

information at issue. Plaintiff fails in its burden to disqualify given its lack of specificity in alleging

disqualifying information and the absence of a substantial relationship between past and current

representations.

## ANALYSIS

**I.    PLAINTIFF FAILURE TO ADDRESS DEFENDANTS ARGUMENTS
DESPITE 3 ATTEMPTS RESULTS IN FORFEITURE OF THE ISSUES.**

1

Plaintiff fails to address the preclusion argument. Then, again, now through counsel, and despite being directed to the correct standard and legal analysis that applies for reviewing a motion to disqualify, e filed a brief containing no citation to any case law nor containing any analysis explaining where, how, or when disqualifying information was disclosed under the *LaSalle* test. Plaintiff has now been afforded three chances (ECF [#22](#), [25](#), [56](#)) by this Court to address the relevant case law since the Second District Appellate opinion was issued in this court. Plaintiff did not even attempt to address let alone distinguish *Schwartz* or *Doe* or *U.S. v. Egan Marine Corp.*, 843 F.3d 674, 676 (7th Cir. 2016) (holding that preclusion applies where party fails to fulfill to meet its burden in one case then seeks to carry its burden again in another case).

Plaintiff has not put before this Court any legal argument or sur-response refuting preclusion in its sur-reply or how preclusion does not apply, or how the *Lasalle* factors apply to justify disqualification. [ECF 56](#). Plaintiff's complete failure to address these issues results in forfeiture and requires denial, for a second time, like the Second District ruled. [ECF 20-2](#). Plaintiff concedes these arguments by failing to respond to them, because it's not this Court's job to develop Plaintiff's facts, case law, and arguments. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding. . . " (citations omitted)); *Bonte v. U.S. Bank*, N.A., 624 F.3d 461, 466-67 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver. . . . This leaves us no choice but to accept U.S. Bank's assertions—supported as they are by pertinent legal authority"). The plaintiff has waived the arguments. "'[I]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel. *U.S. v. McLee*, 436 F.3d 751, 760 (7th Cir. 2006) (In short, the plaintiff has waived the argument that Mr. Waller's testimony

should not be barred). Its motion to disqualify must be barred for failing to address the key points raised by Defendant and the relevant case law.

If the Court does not find preclusion or waiver, the Court should adopt the Second District's ruling as and for this case. *See* ECF # 20-2. Plaintiff's renewed motion alleges the exact same issues and facts as his motion ruled upon by the Appellate Court already. *See* **Exhibit 23-1**. Undersigned counsel's response and affidavits refuting the same issues and facts Plaintiff raises for a third time is found at ECF # 20-1, and are all incorporated herein by reference.

### I. ATTORNEY DISQUALIFICATION CANNOT OCCUR HERE BECAUSE PLAINTIFF IS ATTORNEY SHOPPING AND ALREADY HAD HIS OWN COUNSEL ON RETAINER.

Plaintiff has contacted over *forty-five* 45 law firms. ECF #4, at ¶ 2. Applying the committee comments to this conduct, then Rule 1.18 cannot apply in support of disqualification because it is "attorney shopping" precluding a prospective client finding under RPC 1.18 by reaching out to 45 different attorneys. Regardless and patently contrary to Plaintiff's representation to this Court that CRONAUER LAW, LLP did not unequivocally tell him they did not represent him nor provide cautionary warnings (ECF 56, brief, ¶¶11, 12; ECF 56, affidavit, at ¶ 13), in an email on November 17, 2022, at 1:31:14 CST, Plaintiff is explicitly told, twice, to find someone else to take his criminal case. Plaintiff already had a criminal defense attorney as of October 11, 2022. Ex. C. He then hired/replaced his first attorney with a second attorney in December 2022, that later withdrew after Plaintiff failed to pay as agreed. Ex. D. The term "evict" nor 'eviction" appears in none of the emails, rendering Plaintiff's affidavit materially inaccurate. Eviction wasn't even on the table until March 2023 for the non-payment of rent. Being "concerned" about the home vouchers due his pending felonies is not disqualifying information that can be used against him, it's his mental state based upon the public charges filed against him. His criminal charges are publicly available information that is not protected information. *See* U. S. Const. amend. VI (right to public trial); *see also Richmond Newspapers v.*

*Virginia.*, 448 U.S. 555 (1980) (holding criminal trials public information). To claim Plaintiff was not clear on the relationship or looking for attorney advice at that time lacks merit and is defied by the fact he's had retained counsel the entire time at issue. *See* Ex. C-D.

## II. PUBLIC INFORMATION IS NOT COVERED BY ANY RULE OF PROFESSIONAL CONDUCT AND PLAINTIFF VOLUNTARILY SHARED ADVERSE INFORMATION TO THE POLICE.

Contrary to Plaintiff's contention, criminal charges and the case files are public records and public events that creates imputed knowledge to the world, not disqualifying information. Courts take judicial notice of public records. *See Treadway v. Nations Credit Fin. Servs. Corp.*, 383 Ill. App. 3d 1124, 1132 (5th Dist. 2008) (taking judicial notice of court records); *see also Lacey v. Progressive Direct Ins. Co.*, 15 CV 50110, ECF #31, at n. 3 (N.D. Il., Jan. 4, 2016) (citing Fed. R. Evid. 201) (taking judicial notice of public state filings and imputing it to Plaintiff). Applying the committee comments from RPC 1.9, it clarifies that nothing exchanged in the *in camera* emails was then, nor is it now, disqualifying information. "Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying." *Id.* On October 11, 2022, two class 2 and one class 3 felony charges where filed against Plaintiff and filed publicly in DeKalb County as 22 CF 546. *See* Ex. A, 22 CF 546 Written Gerstein. In the public filing for Plaintiff's three (3) felony charges, these adverse admissions by Plaintiff were made to a police officer and filed publicly, imputing knowledge and notice for the world:

> bayonet was valued at least $150.00 by the owner of the pawn shop. After retrieving the bayonet from Bridge Pawn I met with William, who confirmed the bayonet and the sword pawned at Bridge Pawn were his, and that he never gave those items to Robert.
>
> I met with Robert multiple times in a non-custodial interview setting. Robert acknowledged that he did not possess the skills for the jobs he was doing and advised he would watch Youtube videos to learn how to do the work. Robert initially denied taking the bayonet and sword, but admitted to taking them after being confronted, saying that William had thrown them out. Robert had emailed the Godfrey family apologizing for this incident and said "I think when your under water so badly you just get so blinded and I am sorry for that". In my interviews with Robert he advised he would pay William back all of his money if that would allow for him not to be charged. Robert also advised that in 2007 he was sued by the Illinois Attorney General's office for Home Repair Fraud.

On November 18, 2022, Plaintiff was then indicted for the three (3) felonies. *See* Ex. B.

Nothing in the *in camera* emails remotely creates any non-public adverse disqualifying information, nor are there any admissions in the emails that can be used against him, and Plaintiff doesn't even allege that this information exists. It raises irrelevant, conclusory issues unrelated to any *LaSalle* analysis. The only known admissions that can be used against Plaintiff are his adverse comments to the police detective in the public record of 22 CF 546 as of October 11, 2022. Under the comments for RPC 1.9, that is imputed knowledge to the world, not disqualifying knowledge. *Lacey*, 15 CV 50110, ECF 31, at n. 3 "Any potential information even arguably acquired in a potential prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related." RPC 1.9, committee comments. Here, again, no information in the emails from 2022 withstands this test of time for this money damages case filed in August 2023 given the public filings. The underlying eviction for not paying rent or utilities was entered six months after Plaintiff was charged, and was being pursued for the lack of paying rent, which cannot even be disputed. *See* ECF 12, at p. 43. The only information found in the *in camera* emails are innocuous statements regarding a potential criminal defense, not any disqualifying information or adverse admissions, and is undermined by the public filings containing Plaintiff's criminal case and admissions made to the police before October 11, 2022. There is frankly no disqualifying information shared, anywhere, and Plaintiff identifies no nor even cite cryptically to an *in camera* email containing this disqualifying information. His motion must be denied.

### III. PLAINTIFF FAILS TO IDENTIFY ANY DISQUALIFYING INFORMATION UNDER *LASALLE*.

Attorney disqualification is a drastic measure because it destroys the attorney-client relationship by prohibiting a party from representation by counsel of his or her choosing. *Doe v. Chand*, 335 Ill. App 3d 809, 815 (5th Dist. 2002). Thus, caution must guard against motions to disqualify being used as tools for harassment." *Schwartz*, 177 Ill. 2d at 177-78. The *LaSalle* factors . *See LaSalle National Bank v. County of Lake*, 703 F.2d 252 (7th Cir. 1983)). *The party seeking disqualification* bears the burden

of establishing that the present and former representations are substantially related. *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 177-78 (1997) (emphasis added). Vague allegations are insufficient for a motion to disqualify. *Doe v. Chand*, 335 Ill. App. 3d 809, 816 (5th Dist. 2002). It's not Defendant's burden of production or persuasion to prove that disqualifying information does not exist, but it's for the Plaintiffs to prove applying a *La Salle* analysis. They've failed in this burden. As stated in the earlier briefing, the clear timeline, public felony case filings, emails encompassing all communication, and now Plaintiff's own motion, there are no facts to support Plaintiff's vague conclusions. "Voucher concern" is not disqualifying information nor legal advice, it's a mental status. It's a vague conclusory allegation with no basis to support disqualification under *La Salle*, *Doe*, or *Schwarz*. While cases interpreting Rule 1.18 are few, cases interpreting Rule 1.9 are instructive. Rule 1.9 sets forth examples of conduct that does not include disqualifying information, which ironically, references <u>a scenario regarding evictions</u>:

1. [3] . . . . . A lawyer who has previously represented a client in securing environmental permits to build a shopping center would be precluded from representing neighbors seeking to oppose rezoning of the property on the basis of environmental considerations; <u>however, the lawyer would not be precluded, on the grounds of substantial relationship, from defending a tenant of the completed shopping center in resisting eviction for nonpayment of rent.</u> **Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying. Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are <u>substantially related</u>**. In the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation.

In *Schwartz v. Cortelloni*, 177 Ill. 2d 166 (1997), counsel for plaintiff was not disqualified from representing the plaintiff in a partition proceeding where counsel's firm formerly represented the defendant's mother in her capacity as guardian of the defendant's estate; and nothing in the record

suggested that the firm obtained confidential information relevant to the present litigation. *Id.* Likewise, in *Doe v. Chand*, 335 Ill. App. 3d 809, (5 Dist. 2002), even though attorney for patient had previously represented the doctor and medical office the patient was suing, the trial court did not err in denying motion to disqualify the attorney from representing the patient, where the allegations that attorney obtained confidential information relevant to the current litigation were vague, and hence insufficient to show a substantial relationship between the attorney's current and former representations. Plaintiff has failed, as in *Doe* and *Schwartz*, to identify what confidential information was disclosed that can be used adversely against him. Which specific email is this disqualifying information found in? This silence is deafening because no relevant adverse was disclosed in 2022, nor can it exist now. The only adverse information revealed was to the Sycamore police as publicly filed on October 11, 2022 which RPC 1.9 clarifies is not confidential nor disqualifying information.

Here, as in *Schwartz* and *Doe*, these potential potpourri of claims stemming from an eviction are not remotely similar let alone <u>substantially similar</u> to the issues Robert Sam sought representation for over a year ago:  criminal defense. But the firm's representation is tailored to the potpourri of claims being raised by Plaintiff: defending a civil suit for money damages. Given there is no operative complaint even pending, Plaintiff cannot even fulfill its burden to identify one viable claim that exists where adverse information can defeat any claim. Plaintiff has has yet to amend its complaint, wanting to wait and see what happens in the underlying eviction case. It is not enough for Robert Sam to make vague conclusory allegations to support disqualification given it has no operative complaint, especially when the affidavits on file establish the communication predates this matter by significant time and is unrelated to this case and has no disqualifying information. The adverse matter needs to be the <u>same transaction or a substantially similar</u> one, such that information learned would provide an <u>unfair advantage</u> against the prior client. RPC 1.9. This standard cannot be met in this case because no

adverse information was not learned let alone provide any advantage in this and Plaintiff identifies no such unfair advantage gained from disqualifying information.

As tacitly acknowledge by citing to RPC 1.18, Robert Sam has never been a firm client. He had his own retained counsel at all times relevant to the emails. Robert Sam cannot fulfill his burden under Rule 1.18 because his motion offers no specifics as to the nature of any adverse confidential information provided, or how it relates to the current litigation. *Schwartz*, 335 Ill. App. 3d at 816. Having mental concern is not disqualifying information. The information must be usable against the party unfairly to create an advantage. Plaintiff has not identified one piece of information or email that gives Defendant an unfair advantage. Affidavit paragraph 16 attempts to create this situation but fails under its own weight and is completely disingenuous when Plaintiff knows there are emails he has to Riley Oncken about his eviction where his felony case is discussed. Plaintiff admits in ECF #56 that he is charged with defrauding elderly **neighbors**. Plaintiff states that BKA Holdings, LLC and Melissa Mobile "have stated that my current pending criminal charges are at least part of the reason they are seeking to evict me from the Lease premises." Using a residence for felonies against neighbors is an evictable offense as a matter of law. *See* 735 ILCS 5/9-120. Regardless, what Melissa Mobile knows or believes given the public charges pending victimizing the neighbors of her property in March 2023 cannot be imputed to counsel this disqualification motion because it is out of sequence. The criminal charges are public record having an independent non-privileged basis for knowledge. It's for the public to know and was published to the public in November 2022. Defendant's actual knowledge cannot be from any disqualifying information from Cronauer Law, because the eviction and reasons for it pre-dated Cronauer Law's involvement by months and initiated by a different attorney, not Cronauer Law. Plaintiff is seeking to retroactively impute public information to BKA Holdings and Melissa as being from Cronauer Law under auspices that it's disqualifying information; however it was

information known to Defendant well before Cronauer Law was ever involved. Its argument is pure fantasy comprised by a logical fallacy.

Said another way, any decision made by Melissa Mobile and BKA Holdings, LLC to evict in March 2023 predate Cronauer Law's involvement by months. To argue that Cronauer Law's later involvement somehow influenced earlier decisions ignores those decisions were based on information and circumstances that existed independently and before the law firm's involvement and where the result of past counsel, who Plaintiff is also suing. Plaintiff's temporal sequence of events makes it illogical and factually impossible to attribute earlier actions by third parties to the later participation by Cronauer Law.

Under the *LaSalle* inquiry, this court must first make a factual reconstruction of the scope of the former representation. ECF #22, at 2, stating he reached out for help with a criminal matter, does that: criminal defense. This is supported by the *in camera* emails. This court must then determine whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client on those matters. Plaintiff offers no theory to support this element nor cites to any specific email that supports this element. The *in camera* emails speak for themselves, and the information disclosed in the public record is not disqualifying information as a matter of law. There is no privilege for protecting publicly available information from the felony case file from this case. It's imputed to the world to know and Defendants knew it before Cronauer Law was involved. Finally, the court must consider whether the disqualifying information relates to the issues raised in the litigation pending against the former client. *Schwartz*, 177 Ill. 2d at 178. Plaintiff does not identify, anywhere, the confidential disqualifying information. Criminal defense identified by them in ECF #22, is not relevant, nor are "voucher concerns" arising from being charged with three felonies usable adverse information to the Defense. The charges where he front page of the county's paper on November 1, 2022. *See* Ex. E. More fundamentally, there are no viable claims in this case

currently pending to even argue adverse information can be used even if it existed. It's unknown if any claims will be possible given the Plaintiff's request to take a wait and see approach before filing the amended complaint. Plaintiff's conclusory, vague allegations that lack any temporal logic in the timeline juxtaposed to the *in camera* emails, prevents any finding that the *Lasalle* factors are met, because Plaintiff fails to articulate what information was disclosed that is adverse, nor even cite cryptically to an email that allegedly has disqualifying information . Robert Sam's allegations are conclusory because the issue he was emailing about predates this litigation and post-dates Cronauer Law involvement in the underlying eviction process started by Defendant's past counsel. Plaintiff therefore support nothing but unrelated events with no substantial relationship between the two events. *Id.* at 815

Plaintiff's next attempt to talk about his IDHR complaint, again, by alleging a document he has not even seen himself ([ECF 22](#), at 4) could have confidential information is pure speculation and no way permitted under *La Salle*. It also, again, lacks any temporal basis to allege, as outlined above given it all pre-dates any involvement by CRONAUER LAW. Nothing Plaintiff raises has anything to do with the issues or facts of this case or relevant *La Salle* factors, and Plaintiff has not outlined anything gained confidentially that is being used adversely against him, because there was nothing obtained confidentially that can or is being used against him in this civil case. The only adverse information by him is in the publicly filed police synopsis for authorizing the filing felony charges, which is not confidential, privileged, nor disqualifying information under the clear comments to RPC 1.9.

WHEREFORE, this court must find that issue preclusion a/k/a collateral estoppel prevents Plaintiff's second motion to disqualify undersigned counsel given the appellate court order already addressing the same issues against the same parties; or, alternatively, that CRONAUER LAW is not disqualified because Plaintiff did not carry his burden to show there is a substantial relationship between any prior unsolicited communications and this case or disqualifying information applying the in camera emails and public records under the *La Salle* test.

Respectfully Submitted,

By: /s/ C. Nicholas Cronauer
One of its Attorneys

Cronauer Law, LLP
1101 DeKalb Ave., Suite 2
Sycamore, IL 60178
(815) 895-8585 / (815) 895-4070 Fax

## <u>CERTIFICATE OF SERVICE</u>

Defendants, through their undersigned counsel, electronically served Defendants' Melissa Mobile and BKA Holdings, LLC supplement response above to all parties of record through the PACER/ECF system.

Dated: February 15, 2023.

*/s/Nicholas Cronauer*
CRONAUER LAW, LLP
1101 DeKalb Ave Ste 2
Sycamore, IL 60178
Telephone: (815) 895-8585
Email: nc@cronauerlaw.com