**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION**

| | | |
|---|---|---|
| Robert Sam, | ) | |
| | ) | Case No. 23-CV-50301 |
| Plaintiff, | ) | |
| | ) | Judge: Ian D. Johnston |
| v. | ) | |
| | ) | Magistrate Judge: Margaret Schneider |
| BKA Holding, LLC, Melissa Mobile, | ) | |
| Riley Oncken, Riley N. Oncken, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO WITHDRAW AS COURT-APPOINTED COUNSEL
AND, CONCURRENTLY, THE SECOND AMENDED COMPLAINT**

The undersigned counsel, Margaret A Gisch, respectfully moves the Court for relief from the Court's order appointing her Plaintiff's counsel, and in conjunction therewith, to withdraw the Second Amended Complaint filed on March 5, 2024. In support, counsel states the following:

1.      On December 7, 2023, the Court appointed Margaret A. Gisch as counsel for Plaintiff. [Docket no. 35.] Since that time, the undersigned counsel, her colleague Bradley S. Lohsl, and various paralegals at her firm have devoted substantial time and energy to the prosecution of Plaintiff's case.

2.      In particular, counsel for Plaintiff and their paralegal team have jointly invested roughly 350 hours working on the following tasks:

        a.      Obtaining and reviewing multi-year case history in federal court, parallel litigation in state court, related eviction case in state court, and two other pending matters or litigation;

        b.      Reviewing roughly 3000 documents provided by the parties;

c.  Briefing a motion to disqualify counsel for BKA Holding, LLC and Melissa Mobile, originally brought by Plaintiff;

d.  Drafting a forty-page complaint, containing 17 counts, and attaching 16 exhibits in support;

e.  Reviewing a motion to dismiss/sanctions from Defendants and beginning research and other work related thereto; and

f.  Communicating with the Housing Authority of the County of DeKalb to attempt to coordinate the port Plaintiff's Section 8 vouchers, per Plaintiff's request.

3.  Firm billing records reflect both the undersigned and colleagues' time extensively involved in the work described above.

4.  During this time Plaintiff has been very involved with counsel in the work highlighted above, including a long introductory meeting to discuss facts and strategy, multiple calls, and extensive email communication. Since the time of the appointment, Plaintiff expressed his opinions on how his case was being handled and was frequently critical of counsel's efforts.

5.  On Tuesday, March 5, 2024, undersigned counsel timely filed on Plaintiff's behalf a Second Amended Complaint, as described above.

6.  On Thursday, March 7, 2024, opposing counsel emailed the undersigned, attaching a motion for sanctions against the undersigned counsel, which (defendant's counsel advised) will be filed if the Second Amended Complaint is not withdrawn.

7.  The undersigned forwarded the proposed motion to Plaintiff and advised him that the undersigned were reviewing the arguments in the motion and would be prepared to address it in detail on Monday or Tuesday, March 11-12. The undersigned believes that the motion for sanctions contains arguments that are better suited as a motion to dismiss and that each count

asserted in the Second Amended Complaint is well grounded in fact and law, or supported by good faith argument for the extension, modification or reversal of existing law.

8. On March 8, 2024, Plaintiff contacted the undersigned, expressing dissatisfaction or incompatibility with the undersigned and/or substantial disagreement on litigation strategy. Plaintiff further asserted that the undersigned is jeopardizing his claims. Plaintiff also advised that he intended to ask the Court to remove the undersigned and appoint new counsel. As noted above, this was not the first time that Plaintiff expressed dissatisfaction with the attention being paid to his claims, the handling of his claims, and/or the frequency with which the undersigned was communicating with him.

9. Responding to Plaintiff's March 8, 2024 email, the undersigned explained that the motion for sanctions had not yet been filed and, consenting to Plaintiff's request for new representation, that the undersigned would seek to withdraw as counsel for Plaintiff and seek a withdrawal of the Second Amended Complaint to avoid any prejudice or jeopardy to Plaintiff.

10. Over the next 24 hours, Plaintiff sent roughly ten emails wherein he reversed his position and asked counsel to remain. Therefore, Plaintiff does not consent to this motion.

11. Despite Plaintiff changing his position, it seems unlikely that the undersigned's relationship with Plaintiff will improve, and the undersigned believes it will be impossible to fulfill the purpose of the Court's assignment.

12. The undersigned counsel respectfully submits that withdrawal is appropriate and this this motion should be granted in light of the inability to work cooperatively in this matter and other bases identified in Local Rule 83.38. Further, to avoid a motion for sanctions being filed and to permit Plaintiff an opportunity to work with different counsel, the undersigned seeks to withdraw the Second Amended Complaint filed on March 5, 2024.

13.    Because revealing additional details that serve as the basis for this motion would involve the disclosure of client confidences, the undersigned attorney represents and certifies to the Court that good cause for relief from the order of appointment exists under the grounds specified in Local Rule 83.38. However, if the Court insists on a factual showing as a condition of granting this motion, the undersigned will supply the Court with an affidavit that is sealed and shown only to Plaintiff and the Court.

14.    The undersigned also represents to the Court that she will work with future counsel to transfer the documents that were gathered and organized as well as provide any transition assistance that may be requested.

15.    The undersigned counsel requests that this Court find, in light of the time invested and difficulty of this appointment, that counsel has satisfied her case representation obligation under Local Rule 83.3(c) and should not be placed on the next pro bono panel. To date, the undersigned has never before petitioned to be removed from any of her multiple, prior appointments as pro bono counsel.

16.    Plaintiff was served with notice of this motion in the best possible manner by email and, as demonstrated by the Certificate of Service attached to the Notice of this Motion, by mailing the motion papers via overnight delivery to Plaintiff at his home address.

Date:   March 11, 2024

Respectfully submitted,

*/s/* Margaret A Gisch

Margaret A. Gisch (6204431)
Bradley S. Lohsl (6332989)
GOLAN CHRISTIE TAGLIA LLP
70 W. Madison Street, Suite 1500
Chicago, IL 60602
312-696-2039
magisch@gct.law
bslohsl@gct.law

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that he caused a copy of **Motion for Leave to Withdraw as Court-Appointed Counsel and, Concurrently, the Second Amended Complaint,** to be served upon the following:

Christopher Nicholas Cronauer
Cronauer Law, LLP
1101 DeKalb Ave. Ste., 2
Sycamore, IL 60178
(815) 895-8585
nc@cronauerlaw.com
Via CM/ECF

Zachary Gordon Shook
Cray Huber Horstman Heil & Vanausdal LLC
303 W. Madison St., Ste. 2200
Chicago, IL 60606
312-332-8450
zgs@crayhuber.com
Via CM/ECF

Alice Sarah Vagun
Cray Huber Horstman Heil & Vanausdal LLC
303 W. Madison St., Ste. 2200
Chicago, IL 60606
(312) 332-8450
asv@crayhuber.com
Via CM/ECF

Robert and Karen Sam
639 Stonegate Dr.
Sycamore, Illinois 60178
harpees5@yahoo.com
Via Electronic Mail and FedEx
Overnight

on this 11th day of March, 2024.


By: __/s/ Amanda Leon___

5