

FILED
5/19/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



**Motion For sanctions and damages for violation of the federal bankruptcy discharge laws and to stay and stop this illegal state eviction.  Case number 3:23-cv-50301 Sam v. Mobile et al**

**I am coming to this court to again ask for this court to stay the lower state court eviction. This federal court has proper jurisdiction to do so. Melissa Mobile, BKA holdings, Nicholas Cronauer and Cronauer law have violated Karen Auksi Sam's bankruptcy discharge injunction that is provided under 11 U.S.C. § 524 and permanently prohibits creditors from attempting to collect discharged debts. Cronauer law intentionally violated the injunction by asking the lower court to "PLAINTIFF'S SUPREME COURT RULE 237 NOTICE TO PRODUCE AT TRIAL" against Karen Auksi-Sam all while already knowing since last year she filed bankruptcy. This action gives the federal court direct jurisdiction now over the eviction case since a federal injunction was violated. The state court has no jurisdiction over federal matters or violations. The federal must intervene as it is its duty and obligation to prevent federal stays, court orders and injunctions from being violated. I have the evidence in support of these allegations. But your upload service won't allow be to attach multiple documents. I would like to bring them to a in person hearing. I have also filed a no**

**contact order against the defendants for this constant harassment of my wife And family. No one is doing anything about this. The defendants committed a crime of criminal fraud against us, when the Dekalb county sheriff told me to file my police report the police In sycamore declined. I have all this evidence and no one is doing anything to help us. Everyone is sitting by as my wife is dying and watching. Everyone is protecting these defendants Who have violated state and federal laws, committed felony's and lied to the courts and no one will do anything about this. I am being forced to take matters into my own hands, I have begged for help for my family from everyone And no one will listen. The only way I can help my family now is to make people listen. Please help me before that has to happen. The federal bankruptcy court can intervene to stop the eviction. Here's how and why:**

1. **Discharge Injunction: Under 11 U.S.C. § 524, once a debtor receives a discharge, the discharge injunction prohibits creditors from attempting to collect on any discharged debts. This includes attempting to evict a tenant for the purpose of recovering those discharged debts.**

2. **Violation of Discharge Injunction: If the landlord is pursuing eviction based on discharged debts, this is a violation of the discharge injunction. The debtor (tenant) can bring this to the attention of the bankruptcy court.**

3. **Relief in Bankruptcy Court: The debtor can file a motion in the bankruptcy court to enforce the discharge injunction. The court can issue an order stopping the eviction and can also impose sanctions on the landlord for violating the discharge injunction.**

4. **Jurisdiction: The bankruptcy court retains jurisdiction to enforce its discharge orders and to address violations of the discharge injunction. Thus, it has the authority to stop an eviction proceeding that violates the discharge injunction.**

I am asking this court again, to please hold Nicholas Cronauer , Melissa Mobile, BKA holdings and Cronauer law in contempt of court and award damages to Karen Auksi Sam, for the willful Violation of the bankruptcy code. Attached the court will see that Nicholas Cronauer has doubled down to harass my wife with abusive tactics that violate the federal discharge laws. These questions would have been asked at the meeting of the creditors, the defendant and her lawyers never showed up. Karen Auksi

Sam was awarded a discharge, and now Nicholas Cronauer continues to violate

federal laws over and over. He is doing doing this because no

one is doing anything to stop him, he is being allowed to

trespass over the law. I asked this court before and I am asking

again, this court has to sanction Cronauer under the federal

bankruptcy laws for violating the stay and discharge laws.

Automatic Stay Violation (11 U.S.C. § 362)
The automatic stay goes into effect immediately upon the filing of a bankruptcy petition. It halts most collection activities against the debtor and the debtor's property. Violations of the automatic stay can result in the following consequences:

- Damages: Under 11 U.S.C. § 362(k), an individual injured by any willful violation of the automatic stay is entitled to recover actual damages, including costs and attorneys' fees, and in some cases, punitive damages.
- Contempt of Court: Courts may also hold creditors in contempt for violating the automatic stay.

2. Discharge Injunction Violation (11 U.S.C. § 524)
The discharge injunction prevents creditors from attempting to collect discharged debts from the debtor after the discharge has been granted. Violations of the discharge injunction can lead to:

- Sanctions and Damages: Courts can award damages, including compensatory and punitive damages, for willful violations of the discharge injunction.

- Contempt of Court: Similar to automatic stay violations, courts may hold creditors in contempt for violating the discharge injunction.

3. Civil Contempt

Both violations of the automatic stay and the discharge injunction can lead to civil contempt proceedings. This allows the bankruptcy court to impose sanctions to compel compliance or punish non-compliance with the court's orders.

4. Case Law and Judicial Precedents

Federal courts have established various precedents on these matters. Some notable cases include:

- Taggart v. Lorenzen (2019): The U.S. Supreme Court clarified the standard for holding creditors in civil contempt for violating the discharge injunction, stating that creditors can be held in contempt if there is "no fair ground of doubt" as to whether the discharge order barred the creditor's conduct.
- In re Zilog, Inc.: This case emphasized that actual knowledge of the bankruptcy filing is required to find a creditor in violation of the automatic stay.

Enforcement and Remedies

Debtors can bring actions in bankruptcy court to enforce the automatic stay and the discharge injunction. Remedies can include:

- Actual Damages: Compensation for any losses directly resulting from the violation.
- Punitive Damages: In cases of egregious conduct, punitive damages may be awarded to deter future violations.
- Attorney's Fees and Costs: Successful debtors may recover their legal costs and attorney's fees.

Conclusion

Federal laws provide robust protections for debtors against violations of the automatic stay and discharge injunction. Violations

can lead to significant consequences for creditors, including damages, contempt sanctions, and legal costs.

Robert Sam