

FILED
7/15/2024
KG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
BC

# IN THE UNITED STATES DISTRICT COURT FOR THE [DISTRICT]

**Robert and Karen Sam, Plaintiff,**

v.

**Mobile and all, Defendant.**

Case No.  3:23-cv-50301

## MOTION FOR SANCTIONS

## I. INTRODUCTION

Plaintiff, Robert and Karen Sam , by and through pro se, respectfully moves this Honorable Court to impose sanctions against  Ottosen DiNolfoHasenbalg & Castaldo, Ltd., for violating their fiduciary duties and professional conduct obligations by undermining the Plaintiff's case and abandoning the Plaintiff without just cause. This Motion is made pursuant to Rule 11 of the Federal Rules of Civil Procedure and the applicable state law.

## II. FACTUAL BACKGROUND

1. Plaintiff was assigned Ottosen DiNolfo
2. Hasenbalg & Castaldo, Ltd. by the court to represent them in a case involving serious claims against Mobile et all.
3. Despite numerous communications, the law firm ignored the Plaintiff's requests and failed to

diligently pursue the case, jeopardizing the Plaintiff's wife's health and welfare.

4. The law firm had a fiduciary duty to act in the Plaintiff's best interests, which they neglected.

5. On July 8th 2024, the Plaintiff filed a motion to withdraw the firm for their abandonment and lack of interest in defending the Plaintiff.

6. Subsequently, the law firm filed a motion for leave, stating that only 5 out of the 17 counts in the Plaintiff's complaint were valid, effectively arguing against their own client's case in public.

7. This public statement has potentially compromised the Plaintiff's position and suggests a conflict of interest, possibly due to personal relations with the Defendants.

8. Two previous law firms affirmed the validity of the Plaintiff's 17-count complaint, with Mr. Shostock recommending the inclusion of additional defendants such as the Housing Authority and Sycamore Township.

## III. LEGAL STANDARD

Under Rule 11 of the Federal Rules of Civil Procedure, attorneys are required to ensure that their filings are well-grounded in fact, legally tenable, and not filed for improper purposes. Additionally, attorneys have fiduciary duties to their clients, including the duties of confidentiality, loyalty, and competent representation, as

outlined in the American Bar Association's Model Rules of Professional Conduct and respective state rules.

## IV. ARGUMENT

1.  **Violation of Confidentiality:** The law firm's motion disclosed detrimental information regarding the Plaintiff's case, violating their duty to maintain client confidentiality (Model Rule 1.6).

2.  **Conflict of Interest:** By effectively arguing against the Plaintiff's case, the law firm has demonstrated a conflict of interest, failing to act in the best interest of their client (Model Rule 1.7).

3.  **Failure of Professional Conduct:** The law firm's actions reflect a breach of professional conduct, particularly in maintaining client loyalty and competence in representation (Model Rule 1.1, 1.3).

4.  **Precedent Case Law:** In *Jones v. Barnes*, 463 U.S. 745 (1983), the Supreme Court emphasized the duty of loyalty and the importance of maintaining the client's trust. Similarly, in *Strickland v. Washington*, 466 U.S. 668 (1984), the Court held that ineffective assistance of counsel, resulting in prejudice to the client, constitutes grounds for relief. Further, in *Illinois State Bar Association v. Illinois*, the Illinois Supreme Court has consistently upheld the importance of fiduciary duties and the protection of

client interests (See *In re Himmel*, 125 Ill. 2d 531 (1988)).

**5.** This firm intentionally tipped their hat to the other side to throw our case.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Impose appropriate sanctions on Ottosen DiNolfo
2. Hasenbalg & Castaldo, Ltd. for their conduct;
3. Grant any other relief the Court deems just and proper.

Dated: July 14th 2024

Respectfully submitted,

Robert Sam

639 stonegate dr
Sycamore Illinois 60178
harpees5@yahoo.com
779-777-3265