
**BC**

**FILED**
9/3/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BI

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

**Robert Sam and Karen Sam,**

Plaintiffs,

V.

BKA Holdings LLC **, et al.,**

Defendants.

Case No.: 23-cv-50301

## PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL ASK COURT TO RECONSIDER

Plaintiffs, Robert Sam and Karen Sam ("Plaintiffs"), respectfully request this Honorable Court to reconsider and appoint legal counsel to represent them in the above-captioned case. In support of this motion, Plaintiffs state as follows:

1. **Introduction**:
   Plaintiffs are currently representing themselves pro se in this matter. Robert Sam is being sued by Nicholas Cronauer, one of the defendants in this case, for actions arising from his representation of himself and his wife. ( case 24LA29)This lawsuit creates a significant conflict of interest that impedes his ability to continue to represent himself and his wife

effectively in this case. I can not go forward representing myself with this conflict of interest.

2. **Conflict of Interest**:
A fundamental principle of legal ethics is the avoidance of conflicts of interest. Under the current circumstances, Robert Sam is placed in the untenable position of defending himself in one lawsuit initiated by the defendant in this case while simultaneously trying to represent his and his wife's interests in this case. The existence of the lawsuit by Defendant Cronauer against Robert Sam constitutes a clear conflict of interest that severely compromises his ability to adequately represent his wife and himself.

# 1. Caplin & Drysdale, Chartered v. United States, 491 U.S. 617 (1989)

- This case discusses the fundamental right to conflict-free counsel as an essential component of the Sixth Amendment. The U.S. Supreme Court recognized that a conflict of interest could impede an attorney's ability to provide effective assistance, which could similarly apply to self-representation if a conflict severely impairs one's ability to proceed.

# 2. Holloway v. Arkansas, 435 U.S. 475 (1978)

- The Supreme Court held that when a potential conflict of interest is brought to the attention of the

court, the court has an obligation to investigate and take appropriate steps to ensure that the defendant's right to conflict-free representation is not compromised. This principle can be extended to a pro se litigant who is facing a conflict due to being sued by the opposing party in a related or separate matter.

## 3. Wheat v. United States, 486 U.S. 153 (1988)

- This case emphasizes the trial court's responsibility to ensure that legal representation is free from conflicts of interest. The court may refuse to allow a party to proceed with conflicted representation to protect the integrity of the proceedings. This logic can be applied to a pro se litigant if the conflict significantly impacts their ability to represent themselves fairly.

## 4. Cuyler v. Sullivan, 446 U.S. 335 (1980)

- The Supreme Court held that a defendant must have a representation free from conflicts of interest, and an actual conflict of interest adversely affecting counsel's performance constitutes a violation of the Sixth Amendment. The principles here can argue that representing oneself while being sued by the opposing party could create a conflict that compromises the ability to effectively defend or prosecute the case.

## 5. People v. Perkins, 659 N.E.2d 340 (Ill. 1995)

- In this Illinois case, the court emphasized that when a defendant raises a conflict of interest, the court has a duty to make an inquiry into the nature of the conflict. If the conflict is found to be significant, the court must take steps to eliminate it, such as appointing counsel or, in a pro se situation, reconsidering the requirement for self-representation.

## 6. Illinois Supreme Court Rule 13(c)(2)

- This rule relates to the withdrawal of attorneys and includes considerations regarding conflicts of interest. Although it primarily applies to attorneys, the principles of avoiding conflicts and ensuring effective representation could extend to pro se litigants when those conflicts impede the fair administration of justice.

## Application in our Case:

similar to the way these cases highlight the need for conflict-free representation, the lawsuit against myself by Defendant Cronauer creates an untenable conflict that prevents me from effectively representing myself and my wife in the current case. The courts have recognized that conflicts of interest can impair the fairness and integrity of proceedings, which supports your request for the appointment of counsel.

without conflict-free representation, my rights under the Sixth Amendment, as well as my wife's rights to fair

representation given her disability, could be severely compromised.

3. **Wife's Disability**:
Robert Sam's wife, Karen Sam, is disabled and unable to represent herself in legal matters. She requires competent legal representation to protect her rights and interests in this case. The Americans with Disabilities Act (ADA) mandates reasonable accommodations for individuals with disabilities, which in this context would reasonably include the appointment of counsel to ensure fair access to the judicial process.

4. **Alleged Lack of Cooperation with Previous Counsel**:
The Court has noted that Plaintiffs allegedly did not cooperate with the last two appointed counsels. However, the first attorney withdrew due to a Rule 11 challenge, a matter that Plaintiffs had no involvement in initiating. The second attorney was asked to be removed due to their prior relationship with the defendant's counsel, raising serious concerns about potential bias or conflict of interest. Plaintiffs assert that these actions do not constitute a lack of cooperation but rather the exercise of their rights to fair representation under the Sixth Amendment and the right to conflict-free counsel.

5. **Legal Basis for Appointment of Counsel**:
   Plaintiffs respectfully argue that the Court has the authority to appoint counsel under 28 U.S.C. § 1915(e)(1), which allows for the appointment of counsel for indigent parties in civil cases where the interests of justice so require. Given the complexity of the issues, the conflict of interest arising from Defendant Cronauer's lawsuit, and Karen Sam's disability, Plaintiffs believe that the interests of justice demand the appointment of counsel in this case.

6. **Inability to Proceed Pro Se**:
   Under the current circumstances, it is impossible for Robert Sam to effectively represent himself and his wife. The conflict of interest created by the lawsuit filed by Defendant Cronauer directly undermines his capacity to serve as a fair and impartial advocate for his and his wife's legal interests in this matter. Additionally, Karen Sam's disability further necessitates the need for professional legal assistance to ensure her rights are adequately protected.

**Conclusion**:

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for the appointment of legal counsel to represent them in this matter. If the court is going to hold be responsible For the errors and bias of

previous council this court is being extremely bias towards me. With the conflict of interest, the medical care I have to give, the eviction and the lawsuit of being a lawyer I can't represent myself. Doing so puts me in a severe potential for legal actions.

Respectfully submitted,

/s/ Robert Sam
Robert Sam
Dated: 09/03/24

**Certificate of Service**

I hereby certify that on 9/3/24 I filed the foregoing Motion for Appointment of Counsel with the Clerk of the Court, and that I served a copy of the motion on all parties or their counsel of record via the Court's electronic filing system.

Respectfully submitted,

/s/ Robert Sam
Robert Sam