

FILED
9/7/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BI

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# ROCKFORD DIVISION

**Robert and Karen Sam,**
**Plaintiffs,**

**v.**

**BKA Holdings LLC, et al.,**
**Defendants.**

**Case No. 23-cv-50301**

## PLAINTIFFS' MOTION FOR LEAVE TO INTRODUCE NEW EVIDENCE

Plaintiffs Robert and Karen Sam ("Plaintiffs"), by and through PRO SE, respectfully move this Court for leave to introduce new evidence in support of their claims against Defendants BKA Holdings LLC and Nicholas Cronauer ("Defendants"). In support of this motion, Plaintiffs state as follows:

### 1. Introduction

Plaintiffs seek to introduce evidence related to Defendants' recent motion in limine, which seeks to exclude critical evidence from trial. This evidence, concerning Plaintiffs' disabilities and housing vouchers, inspections, violations of federal housing laws, implied warranty and habitability, witness's, rent payments, court

cases and etc is central to Plaintiffs' claims of discriminatory eviction and failure to accommodate under the Fair Housing Act. Defendants' motion to exclude this evidence not only attempts to suppress crucial information but also implicitly acknowledges the evidence's potential to substantiate Plaintiffs' claims. This implicit admission of wrongdoing is evidenced by the Defendants' strategic efforts to avoid the presentation of this damaging evidence.

## 2. Background

On 9/6/24, Defendants filed a motion in limine seeking to exclude evidence related to Plaintiffs' disabilities and their use of housing vouchers. This evidence is critical for proving discriminatory intent and failure to accommodate under the Fair Housing Act. By seeking to exclude such evidence, Defendants demonstrate their awareness of its significance in revealing discriminatory practices and wrongful conduct. This attempt to exclude evidence directly correlates with the allegations made in the Plaintiffs' federal lawsuit, further indicating Defendants' recognition of the evidence's potential to impact their defense adversely.

## 3. Argument

Plaintiffs contend that the motion in limine itself constitutes new evidence reflecting Defendants' attempt to suppress crucial information. The following points illustrate the implied admission of guilt:

A. **Implied Admission**: The Ninth Circuit in *United States v. Myers*, 996 F.2d 448 (9th Cir. 1993), acknowledged that a party's attempt to exclude evidence can imply that the evidence is unfavorable or damaging to their position. By seeking to exclude evidence regarding Plaintiffs' disabilities and housing vouchers, Defendants imply that this evidence is detrimental to their defense and acknowledges its relevance in proving discriminatory intent or practices.

B. **Recognition of Evidence's Impact**: The Second Circuit in *United States v. Lue*, 134 F.3d 79 (2d Cir. 1998), considered that a party's effort to exclude certain evidence might reflect an understanding of the evidence's potential to affect the outcome of the case. Defendants' motion reveals their awareness of the significant impact this evidence could have, reinforcing the argument that its exclusion implies guilt.

C. **Strategic Concealment**: In *In re Cendant Corp. Securities Litigation*, 109 F. Supp. 2d 225 (D.N.J. 2000), the court discussed how attempts to exclude evidence might be seen as an acknowledgment of its potential to influence the case. Defendants' strategic effort to exclude evidence related to Plaintiffs' disabilities and housing vouchers suggests an intent to obscure facts that could demonstrate their wrongful conduct.

D. **Prejudice Argument**: Excluding this critical evidence would severely prejudice Plaintiffs' ability to prove their case. The evidence is integral to establishing discriminatory intent and proving Fair Housing Act violations. Without this evidence, Plaintiffs would be unable to fully present the extent of Defendants' wrongful conduct, resulting in an incomplete and unjust adjudication of their claims.

E. **Case Law on Implied Admissions**: The Third Circuit in *Krause v. Cherry Hill Fire District No. 1*, 968 F.2d 21 (3d Cir. 1992), emphasized that a party's attempt to limit the scope of evidence might imply an acknowledgment of the evidence's damaging potential. Similarly, *Miller v. The Standard Insurance Company*, 2007 WL 1795751 (E.D. La. 2007), recognized that efforts to exclude evidence could imply acknowledgment of its negative impact on the party's case. These principles support the notion that Defendants' motion in limine reflects their implicit admission of the evidence's importance and potential to harm their defense.

## 4. Legal Justification

Federal Rule of Civil Procedure 15(a) allows for the amendment of pleadings and the introduction of new evidence when justice so requires. Courts have broad discretion to admit new evidence to ensure that cases are decided on their merits. In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court emphasized the

importance of permitting amendments and introducing new evidence to ensure a fair trial. Additionally, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1049 (9th Cir. 2009), supports the principle that evidence central to the claims should be admitted to provide a complete assessment of the case.

Request for Hearing

Plaintiffs respectfully request a hearing to further discuss the implications of the motion in limine and its impact on the fairness of the proceedings. A hearing would provide an opportunity to fully address the arguments regarding the evidence's significance and the potential prejudice resulting from its exclusion.

## 5.  Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for leave to introduce the motion in limine as evidence. This evidence is crucial for understanding the full context of the claims and ensuring a fair adjudication of the issues in this case.

## 6.  Certificate of Service

I hereby certify that on 9/9/24, I served a copy of this Motion for Leave to Introduce New Evidence upon Mike Hannigan at mhannigan@konicekdillonlaw.com

Respectfully submitted,

Robert Sam and Karen Sam

639 stonegate dr sycamore Illinois 60178
779-777-3265
harpees5@yahoo.com

## IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL CIRCUIT
## DEKALB COUNTY, ILLINOIS

BKA HOLDINGS, LLC, an Illinois Limited
Liability Company,

Plaintiff,

v.

ROBERT SAM and KAREN SAM, &
Unknown Occupants

Defendants.

Case No. 2024 EV 136

---

### PLAINTIFF'S MOTION *IN LIMINE* NUMBERS 1—37

COMES NOW PLAINTIFFS, by its attorneys CRONAUER LAW, LLP, and before trial and the selection of the jury in the above-mentioned cause, moves this Court *in limine*, to instruct Defendant and its Counsel to abstain from and preclude them from using any pleading, testimony, remarks, questions, arguments, opening, statements or evidence which might inform the jury of the following:

1. **DEFENDANTS SHOULD BE PRECLUDED FROM MAKING ANY "ALL IT TAKES TO FILE AN EVICTION LAWSUIT" COMMENTS OR ASKING ANY SUCH QUESTIONS IN *VOIR DIRE* INSINUATING ITS EASY TO FILE EVICTION LAWSUITS.**

Defendants often preface certain lines of *voir dire* questioning with the comment that "anyone can file a lawsuit for anything" or "all it takes to file a lawsuit is some paper and a computer" or other similar sentiment. This type of commentary has no legitimate purpose. It is only intended to poison the jury pool and incite "tort reform" sentiments. *See, Boren v. BOC Group, Inc.,* 385 Ill.App.3d 248 (5th Dist. 2008) (holding that counsel's comment implying lawsuits were brought in bad faith by unscrupulous lawyers was improper). *See also, Kass v. Resurrection Medical*

1

*Center,* 316 Ill.App. 3d 1108 (1ˢᵗ Dist. 2000) (Attorney comments that appeal to a jury's passion or prejudice are improper).

**MOTION IS GRANTED**_____          **DENIED**_____

2.    **DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE OR ARGUMENT CONCERNING IMPROPER OR INFLAMMATORY STATEMENTS, COMMENTS OR ARGUMENTS.**

Defendants will attempt to make certain types of improper or inflammatory statements, comments or arguments during the course of opening statement or closing argument, such as calling Plaintiff a slumlord, and has referred to undersigned using obscenities such as being an "idiot attorney" d**k h**d, f**k face. *See* Exhibit 14.  He has accused undersigned of being corrupt, friends with all the state judge(s), and states *ad nauseum* that the Sam's are unable to get a fair hearing in DeKalb County. Ex. 15. (It's exactly what your new friend Judge Konen is doing."). Specifically, Plaintiff anticipates that Defendants may attempt to make one or more of these or similar statements, comments or arguments identified at trial, including other pejorative language, racial slurs, personal opinions as to the issues being tried or not tried, or bolstering witness credibility or lack thereof. Defendant should be barred from making any of these inflammatory comments. *See also, Kass v. Resurrection Medical Center,* 316 Ill. App. 3d 1108 (1ˢᵗ Dist. 2000) (Attorney comments that appeal to a jury's passion or prejudice are improper). Additional statements to bar include:

**MOTION GRANTED**_____          **DENIED**_____

A.    **STATEMENTS THAT DEFENDANT CAN WEATHER BECAUSE THEY HAVE "DEEP POCKETS" OR OTHERWISE WEALTHY LANDOWNER.**

Plaintiff anticipates that Defendants may attempt to state or imply that this lawsuit or lawsuits in general are brought by landlords who have a large amount of money or have "deep pockets." Illinois courts recognize that it is generally impermissible to make reference to the parties' financial condition.  *See, Thomas v. Johnson Controls, Inc.,* 344 Ill.App.3d 1026, 1036 (1ˢᵗ Dist. 2003);

2

*Pagel v. Yates*, 128 Ill. App. 3d 897, 902 (4th Dist. 1984). Thus, it would be improper to allow Defendants to make any such argument to the jury during the case absent a permitted purpose.

Plaintiff respectfully requests that this Court issue an order prohibiting Defendants from stating or implying that this lawsuit or lawsuits in general deal with landlords who have a large amount of money or have "deep pockets," or that the Defendant cannot afford a to pay verdict because it does not have the resources of a landlord, and for such other and further relief as the Court deems just and proper.

**MOTION GRANTED**                                   **DENIED**

**B. STATEMENTS THAT THE DEFENDANT IS "INNOCENT UNTIL PROVEN GUILTY" OR THERE IS "REASONABLE DOUBT."**

Plaintiff anticipates that Defendants may attempt to argue that they are "innocent until proven guilty." Any such argument clearly invokes a standard of proof that is not applicable in a civil action and improperly suggests that Plaintiff is attempting to hold Defendants criminally liable. *See, Lounsbury v. Yorro,* 124 Ill.App.3d 745, 750 (2d Dist. 1984) (holding that argument regarding criminal standard of proof had "no place in civil action"). Such argument would be highly misleading to the jury and grossly prejudicial to Plaintiff. Therefore, Plaintiff respectfully requests that this Court issue an order prohibiting Defendants from arguing that they are "innocent until proven guilty" and from suggesting to the jury that the concepts of "innocence" and "guilt" have any application in a civil action.

Plaintiff respectfully requests the Court enter its Order prohibiting statements concerning the aforementioned subjects during the course of voir dire and trial and for such other and further relief as the Court deems just and proper.

**MOTION GRANTED**                                   **DENIED**

**C. ARGUMENT THAT INSURANCE RATES, TAXES OR COST OF GOODS AND**

**SERVICES WILL RISE IF JURY AWARDS DAMAGES TO PLAINTIFF.**

Plaintiff anticipates that Defendants may attempt to comment, implicate or innuendo that higher taxes or insurance premiums or cancellation of coverage or increased rates for members of the public, Defendants, or the jurors, might result from a verdict in favor of Plaintiff or that such judgment would be passed on to the public in the form of higher insurance premiums or costs of goods sold. Such argument would be irrelevant and inadmissible. "It is well settled that it is improper to inform the jury, either directly or indirectly, that the defendant is, or is not, insured against liability on a judgment that might be entered against him in a negligence action." *Lenz v. Julian,* 276 Ill.App.3d 66, 75 (1995); *accord Neyzelman v. Treitman,* 273 Ill.App.3d 511 (1995). Evidence of insurance or lack of it is irrelevant to the issue of negligence, yet may influence a jury in determining in which party's favor to render a verdict, and in determining the size of the verdict. *Rush v. Hamdy,* 255 Ill.App.3d 342, 361-62 (4th Dist. 1993) (when only compensatory damages are recoverable, the financial condition of the parties is irrelevant and appeals to the sympathy of the jury to favor those least able to bear the loss).

Further, there is no foundation in evidence for any such argument, and such evidence or argument would be unfairly prejudicial and should be excluded. Closing argument that is not supported by facts in evidence is improper. *See, Thomas v. Johnson,* 344 Ill. App. 3d 1026 (1st Dist. 2003). Defendants should not be permitted to argue that any verdict will be passed on to the public in any manner whatsoever or that the jury would be adversely affected by same. Any such argument can only lead to improper prejudice and would mislead or confuse the jury, and thus should be excluded.

Plaintiff respectfully requests that this Court issue an order prohibiting Defendants from arguing or inferring that that higher insurance premiums might result from a verdict in favor of

4

Plaintiff, or similar arguments, during the course of opening statement and for such other and further relief as the Court deems just and proper.

**MOTION GRANTED**_____ **DENIED**_____

3. **DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE OR ARGUMENT SUGGESTING THAT PLAINTIFF HAS THE SOLE BURDEN OF PROOF IN THIS CASE.**

Defendants should not be allowed to state that Plaintiff has the sole burden of proof in this case, as such a statement would be a misstatement of the law if he raises any affirmative defenses at trial. *See* IPI 21.03, 21.04 (putting the burden on the defendant for proving affirmative defenses). If Defendant raises various affirmative defenses, Plaintiff does not have the sole burden of proof. It is the exclusive province of the trial court to instruct the jury as to the law, and it is not the function of counsel to do so. *Andrade v. General Motors Corp.,* 336 Ill. App. 3d 827, 838 (2d Dist. 2003). An attorney may not mislead the jury with remarks regarding the attorney's belief as to the law. *Stennis v. Rekkas,* 233 Ill.App.3d 813, 829 (1st Dist. 1992). Defendants have certain burdens in this case, such as the burden to prove any affirmative defenses. As such, Defendants should be precluded from stating that the Plaintiff has the only burden of proof in this case.

Plaintiff respectfully requests that this Court enter its Order prohibiting Defendants from making any reference suggesting that Plaintiff has the sole burden of proof in this case during the course of voir dire and trial and for such other and further relief as the Court deems just and proper.

**MOTION GRANTED**_____ **DENIED**_____

4. **DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING THE TAX CONSEQUENCES OF A VERDICT FOR PLAINTIFF OR ANALYSIS OF THE EFFECT OF TAXES.**

Illinois courts have held that it is improper to instruct the jury as to the tax consequences of any judgment or award in a civil action. In *Hall v. Chicago & North Western Ry. Co.* 5 Ill.2d 135, (1955),

the court ultimately determined that "the incident of taxation is not a proper factor for a jury's consideration, imparted either by oral argument or written instruction. It introduces an extraneous subject, giving rise to conjecture and speculation." 5 Ill.2d at 152. *See also, Klawonn v. Mitchell,* 105 Ill.2d 450 (1985) (holding that jury instruction that wrongful death action was not subject to taxation was reversible error).

Plaintiff respectfully requests that this Court enter its Order prohibiting Defendants from making any reference to the tax consequences of any judgment or award in this action or the effect of taxes on Plaintiff's claim for lost income during the course of voir dire and trial and for such other and further relief as the Court deems just and proper.

**MOTION GRANTED:⎯⎯⎯          DENIED:⎯⎯⎯**

**5.      DEFENDANTS SHOULD BE PRECLUDED FROM MAKING ANY ARGUMENT INFERENCE OR OTHER COMMENT COMPARING THE LAWSUIT TO THE "LOTTERY", "POWERBALL DRAWING, "ROLLING THE DICE" OR SUGGESTING THAT THE CASE IS "ONLY ABOUT MONEY AND NOTHING ELSE".**

Plaintiff seeks to preclude the situation where Defendants make certain comments, suggestions or inferences that Plaintiff is merely looking to win the lottery, or simply rolling the dice or suggesting that the case is merely about money and nothing else. Clearly these comments are improper and highly prejudicial and should be prohibited. The purpose of opening and closing argument is to draw reasonable inferences from the evidence and assist the jury in fairly arriving at a verdict based on the law and evidence, and it is error for counsel to appeal to the passions of the jury. *Copeland v. Stebco Products Corp.,* 316 Ill.App.3d 932, 738 N.E.2d 199 (1st Dist. 2000). *See, also Kass, supra,* (Attorney comments that appeal to a jury's passion or prejudice are improper).

As several courts around the country have held, these "all about money" comments or suggestions are improper. In *Adams v. Squibb*, 128 S.W.3d 149 (Mo. App. 2004), defense counsel made

6

comments in closing suggesting that the plaintiff merely wanted to win the lottery with her case. *Id.* at 152. Plaintiff's counsel did not object and rebutted those comments in kind and therefore the case was reviewed on a plain error standard only and it was held that their plain error did not apply. *Id.* However, the Court of Appeals in *Adams* did discuss other cases from around the country that have held that these types of comments are improper and objectionable. *See Schoon v. Looby*, 670 N.W.2d 885, 887 (S.D. 2003) (held that when defense counsel likened plaintiff's case to the Powerball drawing, such <u>comments denigrated the fairness, integrity and public perception of the legal system</u> and these references were only meant to inflame the jury and were beyond the bounds of proper argument); *Murphy v. Int'l Robotic Sys., Inc.*, 766 So.2d 1010, 1032 (Fla. 2000) (defense counsel likening plaintiff's case to cashing in on a lottery ticket was improper); *State v. Cruz*, 800 A.2d. 1243, 1252 (2002) (prosecutor's cross-examination of defendant, which involved comments suggesting that defendant wanted to win the lottery, was inappropriate).

Plaintiff respectfully requests that this court enter its Order prohibiting Defendants from making any statements comparing a personal injury lawsuit to the "lottery" and/or similar suggestions or suggesting that this case is "only about money and nothing else" during the course of voir dire and trial and for such other and further relief as the Court deems just and proper.

**MOTION GRANTED:** **DENIED:**

**6. <u>DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE OR ARGUMENT THAT DEFENDANTS WILL BE FINANCIALLY IMPACTED BY ANY JUDGMENT AND WILL LOSE THEIR HOUSING VOUCHER.</u>**

The introduction of any evidence or argument alluding to the financial consequences or lack of a wherewithal to pay that Defendants, or lost voucher they may suffer from a verdict is irrelevant, and thus must be excluded. *See Schultz v. Siddens,* 191 Ill.App.3d 622, 628 (5th Dist. 1989) (holding that defense counsel's remarks that the plaintiff was asking the jury to take away the defendant's

money and property were obviously designed to elicit sympathy for the defendant and prejudice the jury and therefore were improper). Further, any evidence or argument that would tend to convey to the jury the impression that any Defendant is a party of modest means who cannot afford to pay a judgment is irrelevant and should not be allowed. Arguments not supported by facts in evidence are improper. *See, Johnson, supra.*

Plaintiff respectfully requests that this court enter its Order prohibiting Defendants from presenting any evidence or argument about the financial impact of a judgment, that they qualify for housing vouchers, will loose any benefits, food stamps, WIC, Medicaid, *etc.,* during the course of voir dire and trial and for such other and further relief as the Court deems just and proper.

**MOTION GRANTED: _____ DENIED: _____**

**7.     DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE OR ARGUMENT CONCERNING MOTIONS *IN LIMINE* THAT HAVE BEEN FILED IN THIS CASE.**

The fact that motions in limine have been filed is not relevant to any issue in this case, and any such reference would be unfairly prejudicial. Counsel should not bring before the jury matters foreign to the issues, whether so intended or inadvertent, on the theory that such introduction of foreign matters tends to cloud the issues and confuse the jury. *Friesland v. City of Litchfield*, 24 Ill.App.2d 390, 398 (3d Dist. 1960).

Plaintiff respectfully requests that this Court enter its Order prohibiting Defendants from making any reference to motions in limine during the course of voir dire and trial and for such other and further relief as the Court deems just and proper.

**MOTION GRANTED: _____          DENIED: _____**

**8.     DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING ANY**

8

**EVIDENCE OR ARGUMENT THAT THEY OR THEIR DAUGHTER MAY HAVE SUFFERED ANY OTHER INJURIES OR ILLNESSES.**

Defendants will attempt to introduce evidence of Karen Sam's or their daughter's health condition, illnesses or injuries. Such evidence should be excluded because no competent expert medical testimony has been identified that connects any alleged conditions, illnesses or injuries to any issue being sought in this case. Therefore, the health claims are irrelevant and should be excluded as unduly prejudicial. Prior or subsequent injuries or medical conditions of any sort that have not been linked by competent medical testimony only serve to bring up collateral and confusing issues. Such testimony from anyone about other claims and medical conditions is irrelevant and collateral to this cause of action. It is prejudicial and reversible error to allow evidence of a prior health condition without expert testimony to establish the foundation showing a relevant relationship to the claim. *Voykin v. Estate of DeBoer*, 192 Ill. App. 2d 49, 59 (2000). *See also, Ford v. Grizzle*, 393 Ill.App. 3d 639, 646 (5th Dist. 2010) (If a defendant wishes to introduce evidence of a prior injury (or health condition), the defendant must introduce expert evidence demonstrating why the prior injury is relevant to causation, damages, or some other issue of consequence, unless the trial court determines that a layperson can readily appraise the relationship between those injuries).

Plaintiff respectfully requests that the Court enter its Order prohibiting all defendants from presenting any evidence or argument that Plaintiff may have suffered any other injuries or illnesses before the incident at issue in the present lawsuit.

**MOTION GRANTED: _____ DENIED: _____RESERVED: _____**

**9.     DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE OR ARGUMENT REGARDING THE FINANCIAL OR PECUNIARY CIRCUMSTANCES OF THE PLAINTIFF INCLUDING THE TYPE AND NUMBER OF CARS, HOME, OR OTHER MATERIAL POSSESSIONS OWNED, INVESTMENT OR OTHER PASSIVE INCOME.**

Plaintiff respectfully requests that the Court enter its Order prohibiting all defendants from

9

presenting any evidence or argument regarding the financial or pecuniary interest of the Plaintiffs, or heirs including the type and number of cars, home or other material possessions owned, investments or other passive income. *See, Hedge v. Midwest Contractors Equipment Co.,* 53 Ill. App. 2d 365 (1964) (The rule is that where the only damages recoverable are compensatory in nature, the domestic relations, financial standings or circumstances of the parties are irrelevant and often prejudicial).

**MOTION GRANTED: \_\_\_\_\_ DENIED:\_\_\_\_\_ RESERVED: _____**

### 10. **PRECLUDE EVIDENCE OR TESTIMONY BY ANY LAY WITNESS DIAGNOSING ANY MEDICAL CONDITION OR ASSESSING ANY RESPECTIVE MEDICAL TREATMENT**

It is well settled that the opinion testimony of a lay witness should be excluded where the opinion is more properly within the province of an expert witness or where the witness lacks the scientific or technical training necessary for a reliable opinion on the subject. Hawkins v. Richardson, 29 Ill.App.3d 597 (1975). Nothing in any lay witnesses' background, demonstrates the requisite background or training to render them a medical expert or qualifies them to provide a medical diagnosis or opinions about Decedent's medical vision, treatment or diagnosis. Any testimony from any lay witness regarding diagnoses or other assessment of Plaintiff's medical conditions would be premised on hearsay per alleged statements of the treatment providers.

**MOTION GRANTED: \_\_\_\_\_ DENIED:\_\_\_\_\_ RESERVED: _____**

### 11. **DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE OR ARGUMENT REGARDING THE FINANCIAL OR PECUNIARY CIRCUMSTANCES OF THE PARTIES INCLUDING THE TYPE AND NUMBER OF CARS, HOME, OR OTHER MATERIAL POSSESSIONS OWNED, INCLUDING OTHER REAL ESTATE, INVESTMENT OR OTHER PASSIVE INCOME.**

Plaintiff respectfully requests that the Court enter its order prohibiting all defendants and witnesses from presenting any evidence or argument regarding the financial or pecuniary interest of

the parties, including the type and number of cars, home or other material possessions owned, investments or other passive income, and being on disability and receiving payments for such. *See, Hedge v. Midwest Contractors Equipment Co.,* 53 Ill. App. 2d 365 (1964) (The rule is that where the only damages recoverable are compensatory in nature, the domestic relations, financial standings or circumstances of the parties are irrelevant and often prejudicial).

**MOTION GRANTED: _____ DENIED:_____ RESERVED: _____**

**12. DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE OR ARGUMENT THAT PLAINTIFF IS ASKING FOR MORE MONETARY COMPENSATION THAT HE EXPECTS TO RECEIVE.**

In *Kallas v. Lee,* 22 Ill. App. 496 (1974), the court held that defense counsel's argument that plaintiff's counsel asked for 40 or 50 more times than what he really expected to receive was improper as constituting an impermissible conclusion. *See also, Carlasare v. Wilhelmi,* 134 Ill. App. 3d 1 (1st Dist. 1985) (Defense counsel's remark that plaintiff's lawyers feel justified in asking for five, six, seven times more than they think they are really entitled to was improper).

Plaintiff respectfully requests that the Court enter its Order prohibiting all defendants from presenting any evidence or argument that Plaintiff is asking for more monetary compensation than he expects to receive.

**MOTION GRANTED:_____ DENIED:_____ RESERVED: _____**

**13. DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING ANY OPINION WITNESSES AND THEIR TESTIMONY, WHETHER PERTAINING TO FACTUAL MATTERS OR OPINIONS, CONCERNING MATTERS BEYOND THEIR ALLEGED EXPERTISE.**

It is well-settled that a witness must be competent to give expert opinion and that determination is up to the trial court. *Cleveringa v. J. L. Case Co.,* 230 Ill. App. 3d 831 (1st Dist. 1992). Such testimony is admissible if the proffered expert is qualified as an expert by knowledge, skill,

11

experience, training or education and the testimony will assist the trier of fact in understanding the evidence. *Grant v. Petroff, M.D.,* 291 Ill.App.3d 795 (5th Dist. 1997). The test of competency is whether he discloses sufficient knowledge of the subject matter to entitle his opinion to go to the jury. *Cleveringa, supra.* The burden of establishing the qualifications of an expert witness rests on the party seeking to introduce the testimony. *Id.* For the reasons discussed above, any such questioning, evidence, inferences and/or arguments should be barred.

**MOTION GRANTED: _____    DENIED: _____    RESERVED: _____**

14.    **DEFENDANTS SHOULD BE BARRED FROM OFFERING FOR ADMISSION ANY DOCUMENTS, EXHIBITS OR OTHER MATERIALS NOT PRODUCED OR IDENTIFIED IN RESPONSE TO SUPREME COURT RULE 237.**

Trial courts do not abuse its discretion in barring a party from presenting evidence that was not produced pursuant to discovery requests. *Smith v. P.A.C.E.,* 323 Ill. App.3d 1067 (1st Dist. 2001). Compelling the appearance of a party litigant at trial under Rule 237(b) is a matter for the sound discretion of the trial court. *Pacemaker Food Stores, Inc. v. Seventh Mont Corp.*, 117 Ill. App. 3d 636, 648 (2d Dist. 1983) (citing *O'Brien v. Walker*, 49 Ill. App. 3d 940, 947 (1977)). It is expected Karen Sam will not appear at trial, despite being served with a complaint, and also served with a Rule 237 request to appear along with any financial records to support Defendants claim of paying all rent owed, as well as to support Plaintiff's claim of possession and collectable damages for not paying rent and utilities. Robert Sam filed a motion to quash previously claiming no financial records exists. The 237 notice to produce is to both parties, including Robert Sam's financial information. A default judgment must be entered in Plaintiff's favor if Karen Sam does not appear to testify, which is expected given Robert Sam's statements in his previously filed Motion to Quash on May 28, 2024. Additionally, if Robert Sam's financial records are not produced to support his testimony of paying all rent and utilities, judgment must be entered in Plaintiff's favor as a sanction for not complying

with Rule 237.

For the reasons discussed above, any such questioning, evidence, inferences and/or arguments should be barred if corroborating records are not produced.

**MOTION GRANTED: _____ DENIED: _____ RESERVED: _____**

**15. DEFENDANT SHOULD BE BARRED FROM REFERRING TO ANY EVIDENCE OR TESTIMONY AS "JUNK SCIENCE" OR IS OTHERWISE "SPECULATION," "CONJECTURE," OR A "GUESS."**

Any argument, insinuation, innuendo, or other elicitation that Plaintiff's evidence is "junk science" or otherwise unreliable speculation should be barred. The trial court acts as a gatekeeper of proposed testimony and must determine if testimony has the foundation necessary to be weighed by the jury; *Soto v. Gaytan*, 313 Ill. App.3d 137, 146 (2000). Permitting any argument or questioning by Defendants as speculation is compounded in error by the fact that the jury instructions instructing juries they cannot speculate. The Defendant is free to attack the evidence and argue weight, but to call anything speculation is not permissible given that the Court has not otherwise ruled that any testimony inadmissible. If testimony is speculation, an objection should be lodged and the Court will rule if the jury can hear the evidence or not. If testimony was speculation, this Court would bar it in open court. *See Schuler v. Mid-Central Cardiology*, 313 Ill. App. 3d 326, (4th Dist. 2000) (witnesses may not base opinions on conjecture nor guess). For the reasons discussed above, any such questioning, evidence, inferences and/or arguments should be barred.

**MOTION GRANTED: _____ DENIED: _____ RESERVED: _____**

**16. DEFENDANT SHOULD BE BARRED FROM OFFERING ANY EVIDENCE OF NON-PARTY FAULT.**

Any argument, insinuation, innuendo, or testimony that any third-party is to blame or at fault for any of the cause of the eviction given the Defendant's inability to adduce competent evidence for issues unrelated to possession and damages. It is expected Defendants will blame the

City of Sycamore, John Sauter, the Housing Authority, etc., for their predicament. In Illinois, it is not a defense that some third person who is not a party to the suit may also have been to blame. IPI 15. Where a person is guilty of the claims charged against him, it is no defense that some other person, or thing, contributed to bring about the results for which the damages are claimed." *Romine v. City of Watseka*, 341 Ill. App. 370, 377 (2d Dist.1950); *Manion v. Chicago, R.I. & P. Ry. Co.*, 12 Ill.App.2d 1, 18 (2d Dist.1956); *Liby v. Town Club*, 5 Ill.App.2d 559, 565 (1st Dist.1955). This form of instruction was approved in *Dickeson v. Baltimore & O.C.T.R.R. Co.*, 73 Ill.App.2d 5, 34; (1st Dist.1965), *aff'd*, 42 Ill.2d 103 (1969); *Ballweg v. City of Springfield*, 114 Ill.2d 107, 120 (1986); *Berry v. American Commercial Barge Lines*, 114 Ill.App.3d 354, 373; (5th Dist.1983), *cert. denied*, 465 U.S. 1029, 104 S. Ct. 1290, (1984). For the reasons discussed above, any such questioning, evidence, inferences and/or arguments should be barred.

**MOTION GRANTED:** _____     **DENIED:** _____

### 17.     Defendant should be Precluded from offering any "Good Acts" Evidence

Any argument, insinuation, innuendo, or other elicitation by the Defendants about its good character or any good acts. Il. R. Evid. 408. Character evidence is not admissible. *Id.* Additionally, such evidence is also irrelevant and unduly prejudicial. *See* Il. R. Evid. 402 & 403.

**MOTION GRANTED:** _____     **DENIED:** _____

### 18.     DEFENDANT SHOULD BE BARRED FROM ANY ARGUMENT, INSINUATION, INNUENDO, OR OTHER EVIDENCE SEEKING APOLOGETIC, OR OTHERWISE ELICITS SYMPATHY FOR THE DEFENDANTS, THEIR SITUATION, OR THEIR DAUGHTER, OR THAT THEY RECEIVE DISABILITY PAYMENTS.

Defendant will no doubt raise, as they have since 2017 in a prior eviction, that if Karen is evicted her life is at risk or is otherwise a hardship on Karen, their daughter, or due to losing their housing voucher. *See* Ex. 7, Sam's motion alleging death in 17 M 51653. Verdicts should not be influenced by sympathy. See IPI 1.01(3); *Garbell v. Fields*, 36 Ill.App.2d 399, 403-404, (1st Dist.1962)).

14

The prohibition against sympathy or prejudice is equally applicable to both parties. *See Keller v. Menconi*, 7 Ill.App.2d 250, 256, 129 N.E.2d 341, 344 (1st Dist.1955). Additionally, it is not favored for a court or party to repeatedly warn the jury about any sympathy. *See* IPI 1.01, comment 3. Accordingly, Defendant should be precluded from any attempt to influence the jury through any statement(s), evidence, argument, or innuendo at trial seeking sympathetic, or otherwise apologetic for their family's situation, health, or impact on their daughter's schooling. Plaintiff respectfully requests that the Court enter its Order prohibiting Defendants from introducing any evidence and/or making any argument concerning sympathy and for such other and further relief as the Court deems just and proper. *See also, Kass v. Resurrection Medical Center,* 316 Ill. App. 3d 1108 (1st Dist. 2000) (Attorney comments that appeal to a jury's passion or prejudice are improper).

**MOTION GRANTED:** _____ **DENIED:** _____

**19. Exhibits Must be Published to the Jury in Order to Aid Comprehension.**

Courts favor showing exhibits that fairly aid the jury in comprehending relevant testimony. *See Hernandez v. Schittek*, 305 Ill. App. 3d 925, 931 (1999) (citing *Cisarik v. Palos Community Hospital*, 144 Ill. 2d 339 (1991). Despite this, the Defendant may object to publishing pertinent records to the jury. However, publishing records to the jury concomitantly with the testimony and must be allowed because it will greatly aid in comprehension of the medical issues. *See i.e.* M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 401.2, 401.8 (5th ed. 1990) (permitting visual aids to the jury in comprehending the verbal testimony of a witness.)[1]

**MOTION GRANTED:** _____ **DENIED:** _____

---

[1] The near precedential persuasiveness of Michael H. Graham on Evidence is well documented in case law. *See i.e., People v. Richter*, 2012 IL App (4th) 101025, ¶¶ 128-131. Over the last 20 years, our supreme court has cited various edition of Graham's Handbook of Illinois Evidence in 63 separate cases, and we are not aware of any instance in which the court rejected his analysis........... *Id.* When Professor Graham speaks about Illinois evidence law, the courts listen. *Id.*

20. **Exhibits Published to the Jury Must Go Back for Deliberations.**

Courts favor showing exhibits that fairly aid the jury in comprehending relevant testimony. *See Hernandez v. Schittek*, 305 Ill. App. 3d 925, 931 (1999) (citing *Cisarik v. Palos Community Hospital*, 144 Ill. 2d 339 (1991). This favor also applies to reviewing the evidence in deliberations. "Papers read or received in evidence, other than depositions, may be taken by the jury to the jury room for use during the jury's deliberations." *See* 735 ILCS 5/2-1107. This must apply to exhibits in evidence that are not medical records. *Id.* To the extent medical records are utilized at trial, any records shown to the jury must go back because the records that are shown to the jury will not be misunderstood nor contain extensive medical information beyond the average juror's understanding nor contain irrelevant information that could improperly influence the jury since they are relied upon at trial. Medical records not shown to the jury at trial require a finding that the records are confusing or contain irrelevant, prejudicial information, in order to keep them from going to the deliberation room.

**MOTION GRANTED:** _____ **DENIED:** _____ **RESERVED** _____

21. **EXHIBITS THAT WILL BE ADMITTED INTO EVIDENCE DURING TRIAL MUST BE ALLOWED IN OPENING STATEMENTS.**

A party is allowed to show exhibits, which will later be admitted into evidence, to the jury during the opening statement. *LeMaster v. Chicago Rock Island & Pacific R.R. Co.*, (1976), 35 Ill.App.3d 1001, (1976); *Decker v. St. Mary's Hosp.*, 249 Ill.App.3d 802 (5th Dist. 1993). Thus, Plaintiff, after disclosing to Defense any intended exhibits, must be allowed to show in opening statement exhibits that will be admitted into evidence at trial.

**MOTION GRANTED:** _____ **DENIED:** _____ **RESERVED** _____

22. **BAR ARGUMENT PLAINTIFF HASN'T "CORROBORATED" THE EVIDENCE.**

16

Plaintiff's burden is clear, preponderance of the evidence. IRE 403 precludes any "cumulative" evidence to prove a case. Arguing the lack of corroboration is contrary to IRE 403 because evidence cannot be duplicative nor cumulative. Testimony is evidence. Documents are evidence. Plaintiff has no burden to duplicate, accumulate, "corroborate," buttress, nor fortify the support of its evidence with anything but the testimony, exhibits and documents admitted at trial. Permitting such argument confuses the issues and misleads the jury as to the burden of proof necessary in violation of IRE 403.

**MOTION GRANTED:** _____ **DENIED:** _____ **RESERVED** _____

### 23. PRECLUDE ANY INNEUNDO, ARGUMENT, OR QUESTIONING THAT CONSTITUES A FAILURE TO MITIGATE DAMAGES.

Defendant has not pleaded and/or adduced any evidence supporting Plaintiff's failure to mitigate damages. Failure to mitigate damages is an affirmative defense which must be pleaded and proved by the defendant. *Rozny v. Marnul*, 43 Ill.2d 54, 73 (1969); *Illiana Machine & Mfg. Co. v. Duro-Chrome Corp.*, 152 Ill.App.3d 764 (1987); *Williams v. Board of Education*, 52 Ill.App.3d 328, (1977). Defendant's burden of proof includes the introduction of evidence which establishes that the plaintiff's alleged failure to mitigate was a cause of additional injuries. *Grothen v. Marshall Field & Co.*,253 Ill.App.3d 122, 127, 625 N.E.2d 343, 347 (1993); *Jensen v. Chicago and Western Indiana R. Co.*, 94 Ill.App.3d 915, 929; *see Slater v. Chicago Transit Authority*, 5 Ill.App.2d 181, 185, (1955); In *Grothen v. Marshall Field & Co.*, 53 Ill.App.3d 122, 127 (1993), the appellate court affirmed the trial court's refusal to submit to the jury the defendant's claim that the plaintiff's delay in seeking medical treatment was a failure to mitigate damages. Because "there was no evidence that plaintiff's delay adversely affected her injuries" the trial court properly struck the defense." 253 Ill. App.3 d 122, 127. Thus, the defendant had failed to sustain its burden of proof as to causation for any argument regarding failure to mitigate damages.

**MOTION GRANTED: \_\_\_\_\_DENIED:\_\_\_\_\_ RESERVED _____WITHDRAW _____**

## 24. PLAINTIFF SHOULD BE ALLOWED A REBUTTAL CLOSING ARGUMENT

In civil cases, it is well settled that the Plaintiff has the burden of proof. The Illinois Pattern Jury Instructions chapter 21.01, notes "When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true."

In order to recover in this case, Plaintiff not only has the burden of proving liability and damages, but also must do so without being more than 50% liable. *See* 735 ILCS 5/2-1116. Early caselaw noted the right to rebuttal closing argument centers on whether the Plaintiff has *anything* to prove, in order to obtain a verdict. Here, Plaintiff has to prove two things: liability and damages.

"The rule on the subject of the opening and closing of the argument is this: 'That where the plaintiff has *anything* to prove in order to get a verdict, whether in an action *ex contractu* or *ex delicto*, and whether to establish his right of action or to fix the amount of his damages, the right to begin and reply belongs to him.'." *Gardner v. Meeker*, 169 Ill. 40, 46 (1897), *quoting* 1 Thomp. Trials, § 228.

The seminal case regarding rebuttal closing argument and cited by Graham, states:

> "*The right to open and close is a substantial right coexistent with the burden of proof and is corollary thereto. Whenever the plaintiff has anything to prove in order to secure a verdict, the right to open and close belongs to him.* It is generally held that the right to open and close is not a matter resting merely in the discretion of the trial judge, but is a substantial right in the person who must introduce proof to prevent judgment against him. The party who asserts the affirmative of an issue is entitled to begin and reply." *Liptak v. Sec. Ben. Ass'n*, 350 Ill. 614, 618 (1932)(emphasis added).

Additionally, Graham's Handbook on Evidence notes:

> "The closing argument consists of the opening final argument of the plaintiff-prosecutor, the defendant's closing argument, and a rebuttal argument of the

plaintiff-prosecutor. The rebuttal argument is limited to responding to arguments made by the defendant. If the defendant waives closing argument, the plaintiff-prosecutor has no right to offer further argument. However, the court may in its discretion permit further argument, if for example, counsel by inadvertence has omitted something she intended to state…"

Michael H. Graham, Graham's Handbook of Illinois Evidence §611.2 (10th ed. 2010)

Professor Graham has been cited by Appellate Courts and the Illinois Supreme Court numerous times, and is the authority on Illinois Evidence. As *People v. Richtor* makes clear, Graham's Evidence Handbook is stronger than simply "persuasive" authority:

"In quoting Professor Graham at length, we note the status that Professor Graham and his Handbook of Illinois Evidence have earned in the eyes of the Illinois judiciary in general and the Supreme Court of Illinois in particular. For instance over the last 20 years, our supreme court has cited various edition of Graham's Handbook of Illinois Evidence in 63 separate cases, and we are not aware of any instance in which the court rejected his analysis. . . . . As Professor Graham explains in the preface to the 10th edition of his treatise, he was appointed by the court as advisor to the new committee. In that role, he "prepared, pursuant to the Chair's direction, suggested draft rules, sometimes in the alternative, to be included in the Illinois Rules of Evidence." (Michael H. Graham, Graham's Handbook of Illinois Evidence, at xiii (10th ed. 2010).) Ultimately, the committee finished its work and presented the supreme court with its final proposed rules. In September 2010, the Illinois Supreme Court adopted the proposal as the new Illinois Rules of Evidence. In addition, Professor Graham is also a renowned evidence expert nationwide because of his authorship of the Handbook of Federal Evidence (7th ed. 2012), which exhaustively covers (in seven separate volumes) the analysis and application of the Federal Rules of Evidence. Given Professor Graham's national renown, we are fortunate in Illinois to have him continue to author the Handbook of Illinois Evidence. Accordingly, when we stated that we give great weight to the unusually strong recommendation of Professor Graham regarding the need for government involvement in order for a statement to be deemed testimonial hearsay, we did so advisedly. To paraphrase a famous television commercial, when Professor Graham speaks about Illinois evidence law, the courts listen. We conclude that this court should follow Professor Graham's counsel regarding testimonial hearsay, and we believe that a majority of the Supreme Court of Illinois would be similarly so persuaded when it next has occasion to consider this issue."

*People v. Richter*, 2012 IL App (4th) 101025, ¶¶ 128-131

19

Since the Plaintiff has the burden of proving their case, a ruling to deny a rebuttal closing argument (and thus a substantial right) denies the Plaintiff's ability to find a 'remedy in the laws for their injury' pursuant to the Constitution.

The Illinois Constitution provides that "every citizen shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property, or reputation. He shall obtain justice by law, freely, completely, and promptly." Il. Const., Art. 1 § 12.

Given the Constitutional ramifications, the Plaintiff's burden of proof in this matter, the hundred years of case law precedent, and the foremost authority on Illinois evidence; the Plaintiff would be unfairly burdened and hindered in his burden of proof without the opportunity to respond to a Defendant's closing argument for a rebuttal closing argument.

WHEREFORE, the Plaintiff prays that this Court to grant Plaintiff's motion *in limine*, to allow rebuttal closing argument at the conclusion of Defendant's closing argument.

**MOTION GRANTED: _____ DENIED: _____ RESERVED _____**

**25.** **THE BACK-STRIKING OF JURORS IS ALLOWED**

"Illinois law requires that jurors be passed on and accepted in panels of four." *Needy v. Sparks*, 51 Ill.App.3d 350, 361 (1st Dist. 1977). In criminal law, the court has "discretion" to "direct[] otherwise." Ill. S. Ct. R. 434(a). However, "in any civil case," back striking is a right. 705 ILCS 305/21. The "jury shall be cast upon and accepted in panels of four by the parties, commencing with the plaintiff." *Id.* "[U]ntil both sides have accepted the panel of four[,] either side has a right to peremptory challenge a juror recently tendered to the other side." *Needy* at 361. For example, if a panel of four is "tendered by one party to the other" and "the panel [is] broken by th[e] opposing party by the substitution of one or more jurors," the "original tendering party [can] not only interrogate and excuse the substituted jurors, but [can] also exercise a

20

peremptory challenge against one of the non-substituted jurors which it had originally tendered to the opposing party." *Id.* at 362. Plaintiff moves this Honorable Court *in limine* to allow the back-striking of jurors.

**Granted: _____ Granted Over Objection: _____ Denied: _____ Withdrawn: _____**

**26.    BAR SUGGESTION BY PLAINTIFF OR COUNSEL THAT JURY OR OTHER WITNESSES PLACE THEMSELVES IN DEFENDANTS' SITUATION.**

Defendant respectfully moves this Court to enter an order precluding Plaintiff's attorneys and any witnesses from suggesting or implying that the jury put themselves in the Plaintiff's situation, eliciting testimony from any witness for that witness to put himself or herself in the Plaintiff's situation, or otherwise using any lay witness to suggest the jury put themselves in the Plaintiff's situation at the time of, prior to, or after the occurrence. Under Illinois law, such evidence is improper. *Chakos v. Illinois State Toll Highway Authority*, 169 Ill.App.3d 1018, 1029 (1st Dist. 1988).

WHEREFORE, Plaintiff prays that Defendants and any witnesses from suggesting or implying that the jury put themselves in Defendants' situation or eliciting testimony from any witness for that witness to put himself or herself in the Decedent's or Decedent's survivors' situation at the time of, prior to, or after the occurrence.

**27.    BAR IMPROPER ARGUMENTS.**

Defendant moves *in limine* to bar any action, reference or inference by Defendants regarding the following:

a. Comments regarding the exclusion of evidence by the Court. *Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768 (1995).

b. That Plaintiff or counsel has withheld evidence from the jury which would have been an important factor in its determination of the case. *Skelton, supra.*

c. Comments as to the truth or credibility of evidence based upon the personal knowledge

21

of Plaintiff's attorney. *Central Information Financial Services, Ltd., v. First National Bank of Decatur*, 128 Ill.App.3d 1052 (4th Dist. 1984).

d. Comments, arguments, insinuations or otherwise that Defendant has slandered Plaintiff's character, engaged in any "character assassination" of Plaintiff, or that the jury should or must protect the Plaintiff's "good name" or "good character" as any arguments would be made solely to appeal to the passions and emotions of the jury and allowance of any such arguments would constitute error. *People v. Halterman*, 10 Ill.2d 74, 84 (1956); *People v. Blue*, 189 Ill.2d 99, 128 (2000); *People v. Jackson*, 2012 IL App (1st) 102035, 975 N.E.2d 258 (1st Dist. 2012).

e. That Defendant or his counsel has wasted the jury's time or forced a trial by refusing to accept responsibility or any other reasons as any such argument would be made solely to appeal to the passions and emotions of the jury and allowance of any such arguments would constitute error. *Id.*

WHEREFORE, Plaintiff respectfully moves this Court to enter an order barring any

action, argument, reference or inference by Plaintiff's counsel as identified above in (a) through **(e).**

**GRANTED_____DENIED_____RESERVED_____WITHDRAWN_____**

### 28.    PRECLUDE COMPARISON TO ANY OTHER CASES OR REFERENCE DEFENDANTS' NUMEROUS OTHER CASES.

[M]atters not germane to the distinctive purpose of an eviction proceeding shall be introduced by joinder, counterclaim or otherwise. 735 ILCS 5/9-106. However, a claim for rent may be joined in the complaint, and judgment may be entered for the amount of rent found due. *Id.* The only issue before the jury should be whether Plaintiff is entitled to possession under the eviction act and damages owed for rent. Defendants have been involved, including this one, in fifty (50) other lawsuits, with several currently pending, and at least twelve prior evictions. *See* Ex. 1, list of prior cases, IRE 1006. Plaintiff moves *in limine* to bar the Defendants and any witnesses from statements, remarks, arguments, questions, testimony, introduction of evidence, or any other attempts to convey to the jury information regarding or making references or comparisons to the amount of previous awards or settlements in similar or dissimilar cases or claims arising out of the

22

same, similar or dissimilar circumstances or involving similar or dissimilar injuries or references to verdicts or settlements in other cases, including any infamous cases such as the McDonald's coffee case, or that Plaintiff's damages award request should be tested for excessiveness against such any other cases through either argument or *voir dire*. Arguments of this type are highly prejudicial, and it has been consistently held by Illinois courts that it is improper to compare a request for damages to the verdicts of other cases. *Simmons v. University of Chicago Hospitals*, 247 Ill.App.3d 177, 78 (1st Dist. 1993); *N. Trust Co. v. Cnty. of Cook*, 135 Ill.App.3d 329 (1st Dist. 1985)

WHEREFORE, Plaintiff respectfully moves this Court to enter an Order barring the Defendants and their witnesses from statements, remarks, arguments, questions, testimony, introduction of evidence, or any other attempts to convey to the jury information regarding or making any references or comparison to the amount of previous cases, awards, verdicts or settlements in other cases.

### 29.     BAR SIZE, LOCATION, AND RESOURCES OF COUNSEL

Defendant should be prohibited from making or attempting to introduce any and all arguments, statements, questions, testimony, or evidence of any kind that make reference to, directly or indirectly, the size of, locations of, number of, or abilities of Plaintiff's law firm, the rates charged by, expenses incurred, or number of attorneys working on behalf of Plaintiff. *Friedland v. Allis Chalmers Co.*, 159 Ill. App. 3d 1, 511 N.E.2d 1199 (1st Dist. 1987); *Brown v. Arco Petroleum Products Co.*, 195 Ill. App. 3d 563, 565-66 (1st Dist. 1989).

WHEREFORE, Defendant respectfully moves this Court to enter an Order to bar Plaintiff, Plaintiff's counsel or any other witnesses from making or attempting to introduce any and all arguments, statements, questions, testimony, or evidence of any kind that make reference

to, directly or indirectly, the size of, locations of, number of, or abilities of Defendant's law firm, the rates charged by, expenses incurred, or number of attorneys working on behalf of Defendant.

GRANTED_____DENIED_____RESERVED_____WITHDRAWN_____

### 27. BAR PLAINTIFF FROM ASKING ANY QUESTIONS OR MAKING ANY ARGUMENTS REFERENCING THE REPUTATIONS OF WITNESSES.

Evidence which is not relevant is not admissible." Illinois Rules of Evidence 402. Even when relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Other than witness' background (e.g., education, experience, board certification) elicited in the witness' testimony, Defendants should be barred from making any remark, argument, statement, or otherwise regarding the reputation of Plaintiff, Defendant, or witnesses.

WHEREFORE, Defendant requests that this Court bar Defendant, his witnesses and his counsel from asking any questions or making any remarks, arguments, or insinuations implying that any witnesses have a poor, good or any other type of reputation.

GRANTED_____DENIED_____RESERVED_____WITHDRAWN_____

### 28. Voir Dire Questioning Must Allow Exploration of 'For Cause' and 'Peremptory' Challenges.

Trial courts must allow a "reasonable period of time" to question the venire panel. Ill. S.Ct.R. 234. 'Reasonableness' is context specific and depends on the "case on trial." *Id.* For example, the case's "complexity" and "the nature and extent of the damages" sought are relevant. *Id.* The trial court must "not block the reasonable exploration of germane factors that

24

might expose a basis for challenge, ***whether for cause or peremptory.***" *People v. Strain*, 306 Ill.App.3d 328, 335 (1st Dist. 1999) *aff'd* 194 Ill.2d 467 (2000) (quoting case) (emphasis added).

For cause challenges, the "jurors must harbor no bias or prejudice which would prevent them from returning a verdict according to the law and evidence." *People v. Strain*, 194 Ill.2d 467, 476 (2000). The examination "must adequately call to the attention of the veniremen those important matters that might lead them to recognize or to display their disqualifying attributes." *Id.*

A simple litmus test, such as "can you be fair to both sides here?" does not suffice. *Id.* "It is unrealistic to expect that" jurors will "raise their hands and declare themselves biased." *Plainfield v. Nowicki*, 367 Ill.App.3d 522, 524 (3rd Dist. 2006). Hence, questions must be allowed to "expose any hidden bias or prejudice of a prospective juror." *Rub v. Consolidated*, 331 Ill.App.3d 692, 705 (1st Dist. 2002).

For example, questions can be designed to expose "a latent prejudice among prospective jurors against railroad crossings where lights, gates, and flashers were not present" to see if "prospective jurors had a preconceived bias against crossings where only cross bucks [railroad 'x' signs] were present." *Id.*

Similarly, questioning must be allowed for a party "to exercise his peremptory challenges more intelligently." *Plainfield* at 524. The questions must be able to cover legal or factual issues as a "statement from prospective jurors that they will follow" is meaningless "unless the "juror is generally aware of what law governs the action." *Schneider v. Kirk*, 83 Ill.App.2d 170, 177 (2d Dist. 1967).

For example, "[w]hen intoxication is a major issue in a case, it is reversible error" not to allow questions of "prospective jurors regarding their opinions toward alcohol." *Plainfield* at 524.

25

Likewise,asking if "prospective jurors had any disagreement with the proposition that contributory negligence was not a defense to plaintiffs' claim under the Structural Work Act" is allowed. *Kirk v. Deuchler*, 79 Ill.App.3d 416, 424 (2ⁿᵈ Dist. 1979). Similarly, asking jurors if they "understand under the law of accountability, that someone may be found accountable or responsible for the actions of another" is proper. *People v. Klimawicze*, 352 Ill.App.3d 13, 26 (1st Dist. 2004).

Questions must be allowed to cover whether a juror understands and will follow the burden of proof as well. *People v. Reinbold*, 247 Ill.App.3d 498, 504 (3d Dist. 1993). Plaintiff must also be able to use hypotheticals "to ascertain whether the jurors could intellectually comprehend" the respective theories of the case. *Strain* at 336. Questions can touch on jurors' values and core beliefs, such as:

   a. Do you have any quarrel with the jury system as a way of resolving disputes between parties?

   b. Do you believe in the jury trial system as a legitimate method for our society, through the voice of twelve members of the community, to decide issues when parties are unable to agree?

   c. Would you agree, based on what you have heard and read, that there are some law suits which should not be filed because they lack merit? *Limer v. Casassa*, 273 Ill.App.3d 300, 301 (4ᵗʰDist. 1994).

Jury selection is especially critical in Illinois. Illinois is only one of eighteen States requiring unanimous verdicts in civil trials and one of the few States requiring 12 person juries, if demanded. *Revisiting the Unanimity Requirement*, 100 Northwestern Law Rev. 1 (2005). Plaintiff moves this Honorable Court *in limine* to allow Plaintiff to question the venire panel on any possible biases or prejudices relative to the issues in this case to establish either for cause or peremptory challenges.

**Granted: ____ Granted Over Objection: ____ Denied: ____ Withdrawn: ____**

**29.    Voir Dire Questioning on Nature and Extent of Damages Should be Allowed.**

Questioning is also allowed on the "nature and extent of the damages." Ill. S.Ct. R. 234. Questions "designed to expose any latent prejudice against large verdicts" is allowed. *Scully v. Otis*, 2 Ill.App.3d 185, 198 (1st Dist. 1971). For example, asking a prospective juror if "they could award a million dollars in damages" is a valid "attempt to determine whether the jurors would have any trepidation about making a million dollar damage award, not whether they would find in plaintiffs' favor." *Mack v. Anderson*, 371 Ill App.3d 36, 51 (1st Dist. 2006).

Similarly, it is proper to ask prospective jurors if they could sign a verdict for thousands of dollars if the evidence warranted it, since such questions tend to uncover jurors who might have bias or are prejudiced against monetary verdicts. *Kinsey v. Kolber*, 103 Ill.App.3d 933 (1st Dist. 1982). Plaintiff has a right to question the venire panel on whether it would award a category or damages, such as non-economic or punitive damages. *Gomez v. Finishing*, 369 Ill.App.3d 711, 721 (1st Dist. 2006). Similarly, Plaintiff also has a right to seek out prospective jurors who are reluctant or refuse to award money damages for any type of harm claimed.

**Granted: \_\_\_\_ Granted Over Objection: \_\_\_\_ Denied: \_\_\_\_ Withdrawn: \_\_\_\_**

**30. After Juror Admits to Cause Challenge, No Right to Rehabilitate Juror.**

Any doubts are resolved in removing the juror for cause to ensure a fair and impartial tribunal. For example, a prospective juror should be disqualified if he or she:

a. Expressed "self doubt" about his "ability to be impartial. *People v. Johnson*, 215 Ill.App.3d 713, 725 (1st Dist. 1991);

b. States "she would have a difficult time" applying the burden of proof should be excused for cause even if the "ultimately stated that she understood and could apply" it. *Pendleton* at 674;

c. Admits something "might" affect her ability to be fair and impartial should be excused. *People v. Harris*, 196 Ill.App.3d 663, 677 (1st Dist. 1990); or

27

d.   States "I don't think so" or "Not really" when asked if they could put any biases or prejudices aside. *People v. Johnson*, 215 Ill.App.3d 713, 724 (1st Dist. 1991).

When a juror has given an answer that authorizes a challenge for cause, opposing counsel has no right to try to rehabilitate the juror. *People v. Hickey*, 178 Ill.2d 256, 295 (1997). Similarly, a "trial court's attempts to rehabilitate" the juror is error, even if the trial court ultimately gets the prospective juror to state otherwise. *People v. Pendleton*, 279 Ill.App.3d 669, 675 (1st Dist. 1996).

Trial courts cannot use their authority and moral and public pressure on a prospective juror to try to talk her "out of what" she "said earlier." *Leischner v. Advance*, 2011 WL 10482161 (4th Dist. 2011). Trial courts should take her at her "sworn word and dismiss" her. Judicial rehabilitation (eg. "you can follow the law though, can't you?") even worsens things. *The Impact of Minimal Versus Extended Voir Dire*, 41 Law And Human Behavior 336-355 (2021). Afterwards, jurors claim they were less biased, "despite judicial rehabilitation not *actually* reducing their bias." *Id.*

Plaintiff moves this Honorable Court *in limine* to bar any attempt at rehabilitating a prospective juror who has indicated they should be excused for cause.

**Granted: ____ Granted Over Objection: ____ Denied: ____ Withdrawn: ____**

### 31.  ADMIT ROBERT SAM'S ADMISSION TO STEALING FROM HIS NEIGHBOR AND LYING ON HIS RENTAL APPLICATION

1.      Robert Sam, lived at 639 Stonegate Drive, Sycamore, Illinois and subject to a month-to-month lease that Defendant has been seeking to terminate and regain possession.

2.      William Godfrey was Sam's adjacent neighbor, living as well at Stonegate Drive, Sycamore, Illinois. *See Ex. A1.*

28

3.      On June 18, 2024, Robert Sam admitted to stealing from his neighbor, William Godfrey, and agreed to the factual foundation supporting a felony charges, and was placed on two-year reporting probation *See* Report of Proceedings, attached as Exhibit C.

4.      Robert Sam's admission to theft is admissible at trial for cross-examination to undermine his lack of credibility.

5.      On September 5, 2019, Robert Sam signed his rental application, denying being involved in any litigation—such as: evictions, suits, judgments, bankruptcies, foreclosures. *See* Exhibit 2. Robert Sam has been involved, as of 2019, around 40 other evictions, suits, judgments, or bankruptcies.

6.      This false application being false is proper fodder for cross-examination to undermine his credibility.

7.      Cross-examination's scope not only includes "the subject matter of direct," but any matter "affecting the credibility of the witness" or seeking to "discredit or destroy the witness's direct testimony." Ill.R.Evid. 611(b). Cross is proper to "develop all circumstances within the knowledge of the witness which explain, qualify, discredit or destroy that witness' direct testimony, even though they may incidentally constitute new matter which aids the cross-examiner's case." *People v. Enis*, 139 Ill.2d 264, 295 (1990).

8.      Similarly, the "credibility of a witness may be attacked by any party." Ill. R. Evid. 607. The "credibility of a witness may [even] be attacked or supported by evidence in the form of opinion or reputation." Ill. R. Evid. 608.  Facts used to discredit testimony are not "collateral." *Ward v. Kamberos*, 36 Ill.App.3d 703, 710 (1st Dist. 1976) (quoting treatise). "There are two classes of facts of which such evidence is admissible," facts relevant to an issue "under the pleadings," and "facts admissible to discredit the witness."*Id.* Hence, a fact is 'relevant' for discrediting a witness if it has

29

"any tendency" to make their testimony less trustworthy. Ill. R. Evid. 401. With few exceptions, "[a]ll relevant evidence is admissible." Ill. R. Evid. 402.

9.    Parties must have the "widest possible latitude on cross-examination" of a party and permits a broader cross-examination than a fact witnesses. *See Sphatt v. Tulley*, 38 Ill. App. 2d 229 (1st Dist. 1962). In *Chapman v. Hubbard Woods Motors, Inc.,* 351 Ill. App. 3d 99 (1st Dist. 2004), the appellate court emphasized that cross-examination is to test the credibility of the witness. It is proper to allow inquiry into collateral matters revealing the past conduct of a witness which tends to impeach the witness's credibility, even if those matters are not brought out on direct examination *Id.*

10.    Here, Robert Sam's admission to stealing from his neighbor therefore is relevant, material, and not collateral, and should be allowed for examination at trial. He will undoubtedly testify falsely that all rent and utilities have been paid, without and corroborating proof but his word, making his admission to theft relevant to undermine his credibility at trial. Admission of such testimony should be allowed.

WHEREFORE, Plaintiff prays that the Court allow Plaintiff to cross-examine Robert Sam about his admitted dishonesty in order to undermine his credibility.

**Granted: ＿＿ Granted Over Objection: ＿＿ Denied: ＿＿ Withdrawn: ＿＿**

**32. ADMIT THE SUBSTANCE OF THE AGREED ORDER SIGNED BY THE SAMS TO PROVE POSSESSION, HOLD-OVER, DAMAGES FOR PAST-AMOUNTS DUE BY ROBERT SAM, and NOTICE TO QUIT.**

Defendants are going to maintain that all rent and utilities are paid and otherwise good standing, yet they agreed to a payment plan and quite the premises on or before May 31, 2023. They never complied with the payment plan, and have still not left. The order they signed is admissible evidence as a party-statement and relevant to prove the Sam's hold-over status under 735 ILCS 5/9-202, hold-over damages, their notice to quit which renders 735 ILCS 5/9-208

30

relevant at trial because "Where a tenancy is terminated by notice, by tenant or landlord, then no further demand is necessary before bringing an action under the statute in relation to eviction or ejectment."

**Granted: _____ Granted Over Objection: _____ Denied: _____ Withdrawn: _____**


**33. PRECLUDE ANY ARGUMENT THAT THE DEFENDANTS HAVE PAID THE WATER BILL BECAUSE THE WATER HAS NOT BEEN SHUT OFF.**

Defendant will try to argue that the water bill has been paid because there has been no water-shut off notices, nor has the water been shut-off. There has been no water-shut off notices because the water bills are being paid by Plaintiff, not Defendants, and that is because Sycamore Ordinance, § 8-5-3, holds Plaintiff jointly and severally liable for all water-bills. The Court must take judicial notice of this ordinance. 735 ILCS 5/8-1001 (stating trial courts shall take judicial notice of all general ordinances of every municipality.) If the water bill is not paid, per the ordinance, delinquency charges accrue, interest charges, and collection efforts will occur against Plaintiff, which it does not wish to incur and pay on top of the Defendants' water usage. Under IRE 401, 402, and 403, Defendants "no shut-off argument" is irrelevant and, confuses the issues, and wastes everyone's time, requiring the argument be barred.

**Granted: _____ Granted Over Objection: _____ Denied: _____ Withdrawn: _____**

**34. PRECLUDE ANY ARGUMENT OR EVIDENCE THAT THE SUBJECT PREMISES IS UNHABITABLE, NOT LIVABLE, IN DISREPAIR, OR NEEDS REPAIRS, OR THAT REPAIRS WERE REFUSED, OR THE PREMISES ARE OTHERWISE NOT SAFE OR HAZARD FREE.**

Defendant will try to reference, allude, or insinuate that Plaintiff is a slumlord and the property is otherwise deplorable, moldy, leaks water, needs repairs, or that needed repairs are being ignored so Robert Sam had to do them, has mold, and many other issues. These issues are patently irrelevant to possession and damages because Defendants remove to

31

move out of the property, hence this eviction trial. If Defendant is unhappy with their premises, they must vacate them to maintain any claim for damages. *See i.e., John Munic Meat Co., Inc. v. H. Gartenberg & Co.,* 51 Ill. App. 3d 413 (1977); *Home Rentals Corp. v. Curtis*, 236 Ill. App. 3d 994 (5th Dist. 1992); *Shaker & Assoc. Inc. v. Medical Tech. Group, Ltd.*, 315 Ill. App. 3d 126 (1st Dist. 2000). Constructive eviction relieves the tenant from the responsibility to pay rent due to damages rendering the property not habitable. *See Dell'Armi*, 172 Ill. App. 3d at 148, damages only arise after the tenant quits the premises. *Ira Handelman Building Corp. v. Dolan*, 15 Ill. App. 2d 49 (1957). There can be no damages for constructive eviction without the vacating of the premises. *Dell'Armi*, 172 Ill. App. 3d at 148-49. Constructive eviction claims absolve tenants from the duty to pay future rent or, sometimes, a tenant may receive the difference in rent paid for the premises they were forced to abandon and the rent paid for the replacement premises, after they move in. *See Glasoe v. Trinkle*, 107 Ill. 2d 1, 9, (1985). The tenant must also vacate the premises in order to maintain a habitability action. *See Jack Spring, Inc., v. Little,* 50 Ill. 2d 351, 367 (Il. 1972). Secondly, under paragraph 12 of the lease, the Defendants are responsible for maintaining the property, not Plaintiff. As such any such argument is patently irrelevant to possession and holdover damages.

**Granted: _____ Granted Over Objection: _____ Denied: _____ Withdrawn: _____**

**35.    PRECLUDE ANY REFERENCE, CITATION, OR DISCUSSION ABOUT THE APPELLATE COURT OPINION 2-23-0163 RELEASED NOVEMBER 28, 2023.**

Defendants will likely talk about how they "won" at the appellate court and want to talk about the appellate court opinion and mandate. The issues in the appellate court are irrelevant, and as this Court previously noted, addresses a procedural error, and states in the opinion Plaintiff may want to amend the complaint. The appellate court opinion is irrelevant under IRE 401, 402, and confuses the issues and waste time under IRE 403.

32

**Granted: \_\_\_\_Granted Over Objection: \_\_\_\_Denied: \_\_\_\_Withdrawn: \_\_\_\_\_**

**35.** **THIS COURT MUST TAKE JUDICIAL NOTICE AT TRIAL KAREN SAM'S BANKRUPTCY FILING AND ADMISSION OF DEBT OWED FOR RENT.**

Defendants will claim that all rent and utilities are paid, which is patently false given Karen Sam's bankruptcy filing, sworn under penalty of perjury, that also lists Robert Sam as owing the debt. Robert Sam is joint and severally liable for all debt, including the debt discharged by Karen Sam. It is evidence showing Plaintiff is entitled to possession of the premises for lack of rent and utilities being paid. After submission to the clerk of the court the bankruptcy admissions, the document becomes a part of the public record. *Kurczaba v. Pollock*, 318 Ill. App. 3d 686, 702 (2000). Courts take judicial notice of public records. *See Treadway v. Nations Credit Fin. Servs. Corp.*, 383 Ill. App. 3d 1124, 1132 (5th Dist. 2008); (taking judicial notice of court records); *Ins. Co. of North America v. Cape Inds., Ltd.*, 138 Ill. App. 3d 720 (4th Dist. 1985) (court may take judicial notice of its own records); *see also Lacey v. Progressive Direct Ins. Co.*, 15 CV 50110, ECF #31, at n. 3 (N.D. Il., Jan. 4, 2016) (citing Fed. R. Evid. 201) (taking judicial notice of public state filings and imputing it to Defendant); Il. R. Evid 201. The bankruptcy records are therefore admissible party statements and the Court must take judicial notice of Karen's Sam's admissions, sworn under oath, which should be admitted at trial to prove the right to possession.

**Granted: \_\_\_\_Granted Over Objection: \_\_\_\_Denied: \_\_\_\_Withdrawn: \_\_\_\_\_**

**36. ALL MATTERS OTHER THAN POSSESSION, DAMAGES, AND ISSUES RELATED TO CREDIBILITY MUST BE BARRED.**

[M]atters not germane to the distinctive purpose of an eviction proceeding shall be introduced by joinder, counterclaim or otherwise. 735 ILCS 5/9-106. Defendant will likely seek to introduce, talk about, argue, insinuate all the other issues going on given his plethora of cases in

33

numerous courts and jurisdictions and complaints and make other arguments about how they are peptual victims, and that undersigned counsel is corrupt, De Kalb County is corrupt, *etc*. He claims "so many cases from DeKalb are overturned in appeals courts" because DeKalb County is corrupt. Ex. 11; *see also* Ex. 12, 13 (arguing how corrupt De Kalb County is). He has raised in hearings irrelevant issues from other cases, and will likely continue to raise unrelated issues from his other cases throughout trial. He will attempt to argue undersigned is a material witness in other cases and how he is suing undersigned counsel and Mobile, which are irrelevant and confuse the issues, and waste time under 401-403. The only issues germane at trial are possession and damages. He will want to put on trial all his other cases. This must be barred. His only argument, ever, are *ad hominin* attacks, which are not proper at trial and should be completed precluded.

**Granted: _____ Granted Over Objection: _____ Denied: _____ Withdrawn: _____**

**37. PRECLUDE ANY DISCUSSION ABOUT THE ILLINOIS DEPARTMENT INVESTIGATION ATTORNEY GENERAL IS PURSUING THE PLAINTIFF FOR ARREST RECORD DISCRIMINATION.**

The Sams will want to talk about the Attorney General complaint, which was reassigned to this Court. Of note, the only reason the Attorney General is involved is because BKA removed the case from the administrative review process to this Circuit Court, which requires the Attorney General to pursue. The Attorney General did not choose to pursue it, they had to be its removal. A motion to dismiss is pending and will not be ruled upon by trial. Additionally, the issues are unrelated to this action, and therefore irrelevant and extreme prejudice will result if the Sam's place before the jury anything about any Illinois Department finding or the Attorney General. The IDPHR did not find discrimination occurred, it simply said fact finding was necessary to determine credibility around the issue, which it was not able to do. As such, is relevance is none and the likelihood of undue prejudice is high.

**Granted: \_\_\_\_Granted Over Objection: \_\_\_\_Denied: \_\_\_\_Withdrawn: \_\_\_\_\_**

## CONCLUSION

Any reference to or evidence of the aforesaid matters at any time or in any manner during *voir dire* or the course of this trial would be highly prejudicial to Plaintiff, and even though the Court could sustain an objection by Plaintiff's counsel to such reference when made or to such evidence when elicited, the reference or evidence would be prejudicial, and any admonishment by the Court to the jury would not remove the prejudice created by the reference or evidence.

WHEREFORE, for the foregoing reasons, Plaintiff, respectfully requests that such statements, comments or evidence presented by Defendants, their witnesses and counsel at any time be excluded, and for such other relief as the Court deems just and proper.

Respectfully submitted,

**Plaintiff**

By: /s/C. Nicholas Cronauer
One of its Attorneys

CRONAUER LAW, LLP
C. Nicholas Cronauer
1101 DeKalb Avenue, Suite 2
Sycamore, Illinois 60178
Telephone: (815) 895-8585
Facsimile: (815) 895-4070
nc@cronauerlaw.com