



FILED
9/8/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

LCD

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# ROCKFORD DIVISION

**Robert and Karen Sam,**
**Plaintiffs,**

**v.**

**BKA Holdings LLC, et al.,**
**Defendants.**

**Case No. 23-cv-50301**

**PLAINTIFFS' MOTION FOR COURT TO INVESTIGATE WRONG DOING, COLLUSION, HARASSMENT, MALICIOUS BEHAVIOR, ENTRAPMENT AND UNSAFE LIVING CONDITIONS BY DEFENDANTS:**

**NOW COMES Plaintiff, Robert and Karen Sam, pro se, and respectfully moves this Honorable Court to investigate the ongoing misconduct, harassment, and unsafe living conditions perpetrated by Defendants, BKA Holdings llc etc, and their legal counsel. In support of this Motion, Plaintiff states the following:**

# I. INTRODUCTION

Plaintiffs, Robert Sam and Karen Sam, respectfully bring this motion before the court, urging the court to investigate and address a disturbing pattern of harassment, abuse of legal process, malicious conduct, and the creation of unsafe living conditions by the Defendants, BKA holdings, Melissa Mobile, The Dekalb housing authority, the town of sycamore and their legal counsel. The actions of the Defendants have escalated beyond typical landlord-tenant disputes and have crossed into a realm of calculated and harmful misconduct that violates basic rights and protections owed to Plaintiffs under the law.

From the outset of this landlord-tenant relationship, Defendants have weaponized the legal system in an effort to harass and intimidate Plaintiffs. This abusive litigation includes repeated and frivolous legal filings aimed solely at forcing Plaintiffs into financial and emotional distress. Despite Plaintiffs' efforts to comply with court orders and communicate in good faith, Defendants have consistently

sought to entrap Plaintiffs through legal technicalities and procedural maneuvers, disregarding their obligations as landlords and retaliating against Plaintiffs' attempts to ensure safe and habitable living conditions.

In addition to their relentless legal harassment, Defendants have willfully neglected their duties to maintain the property. They have repeatedly failed to perform necessary repairs, creating hazardous and unsafe conditions that jeopardize the health and safety of the Plaintiffs and their family. On the rare occasions when Plaintiffs themselves attempted to make critical repairs to the property to prevent further harm, Defendants responded not with gratitude, but with threats of involving law enforcement, further exacerbating the hostile living environment they have fostered.

Plaintiffs now find themselves in a situation where they are being subjected to unsafe and unsanitary living conditions, compounded by ongoing threats and a

calculated legal strategy to wear them down and force them into submission. The actions of Defendants, taken in totality, amount to a gross abuse of power, collusion with legal counsel, The Dekalb Housing authority, the town of sycamore to further their malicious aims, and entrapment of Plaintiffs through both legal and extralegal means. This court must intervene. Plaintiffs ask that this court not only investigate the egregious conduct of the Defendants but also take decisive action to halt their harassment, rectify the unsafe living conditions, and ensure that Defendants are held accountable for their malicious behavior and abuse of legal process.

On many occasions, the Plaintiffs brought forth a motion to highlight the illegal activities of the Defendant's attorney, Nicholas Cronauer, specifically relating to the conditions of the rental property located at 639 Stonegate Dr, Sycamore, Illinois 60178.

Despite being notified, Mr. Cronauer has continued his unlawful conduct, which includes attempts to entrap the Plaintiff, harass him, and neglect addressing critical repairs, putting the health and safety of the Plaintiff's disabled wife and daughter at significant risk. ( see attached exhibits )

## II. STATEMENT OF FACTS

## Entrapment:

I respectfully submit this motion to bring to the court's attention the actions of Nicholas Cronauer, whom I initially engaged to be my defense attorney in a corrupt arrest charge, and who I believe  has since worked with the state's attorney in ways that I believe constitute an attempt to entrap me into violating my probation. Under both state and federal law, entrapment occurs when a government agent or someone acting on behalf of the government induces a person to commit a crime they were not otherwise predisposed to commit. I will demonstrate how Mr. Cronauer's actions, if in coordination with the state's attorney, rise to the level of entrapment, and thus, I should be protected from any further charges that stem from his actions.

# 1. Nicholas Cronauer's Role and Initial Representation

Nicholas Cronauer was initially engaged by me, to be my legal counsel, and I believed he was going to represent my best interests during the course of my legal matter. During our discussions over 4 months, I shared confidential details and entrusted him with my defense strategy under the assumption that he was going to represent me. At no point during this time did I believe or was I informed that Mr. Cronauer may have been working with or had any connection to the state's attorney or any other government agency about me. The charges were dropped after almost two years leaving one charge of stealing garbage. One that after this two year probation goes away all together like it never happened, because it never happened. I was coerced into this plea deal, I was told lies by the public defender whom has recently resigned. I called the public defenders officer and Cheif defender Chip Crowell numerous times to withdraw my plea. Not one call or email was ever returned. I was told by both my public defenders Nicholas Cronauer was involved with the states attorney and Riley Oncken, who is running for states attorney to run me out of town and getting these charges would help them do that with the eviction. I would like both public defenders and the states attorney brought forward for the court to question. I am withdrawing my plea, do to the circumstances I believe

my time frame to do so is tolled since the public defender has ignored and internally abandoned me. I had never Committed any crime and to be set up this way illegally by a dirty detective and corrupt town and county, this needs to be investigated. Innocent people are going to jail from this kind of corruption. Someone needs to intervene.

## 2. Collaboration with the State's Attorney

When it came to my attention that Nicholas Cronauer, while acting as my potential attorney, had been collaborating with the state's attorney. This collaboration included sharing privileged information from my case and using that information to further the state's efforts to prosecute me. This conduct violates ethical standards and constitutes a severe breach of my rights to legal representation. Mr. Cronauer's dual role, acting both as my potential attorney and as an agent of the state's attorney, compromised my defense and misled me into making decisions based on his purported role as my advocate. I have shared with this court and the state court the emails of Nicholas Cronauer admitting to giving me advice, and not one judge has done anything about this.

Under Illinois law, attorneys owe their clients and potential clients a duty of loyalty and confidentiality. By breaching these duties, Mr. Cronauer's actions not only violated the Illinois Rules of Professional Conduct but also amounted to an abuse of his role, blurring the lines

between legal counsel and government agent. Mr Cronauer stated that he knew that Judge Lynch was going to strike my wife's BK motions, well he didn't and it's on going now almost 5 months later. But how would he have known that? How would he know what the judge was going to do? ( see attached exhibits).

## 3. Inducement to Violate Probation

Further, I believe that Mr. Cronauer, in collaboration with the state's attorney, has been attempting to entrap me into violating the terms of my probation. Specifically, Mr. Cronauer has been involved in creating a scenario where I am encouraged not to make necessary repairs to property, with the understanding that this action would lead to a probation violation. However, when I  made the repairs, I was then threatened to

be charged for performing the work and billing for the

repairs, a situation orchestrated by Mr. Cronauer to create

an appearance of wrongdoing.

Federal and Illinois state law recognize entrapment as a defense when a person is induced by a government agent to commit a criminal act that they would not have otherwise committed. Here, Mr. Cronauer, while working with the state's attorney, is attempting to manipulate my actions in a manner designed to lead to my prosecution. His actions are designed to present me with a no-win scenario: either I make repairs to protect my family and violate

probation, or I make the repairs and am charged with fraudulently billing for them. I believe Mr. Cronauer has been working with my neighbor a 25 year veteran probation officer who's father also works for the court house. I believe they tried to get me to by drugs which would violate my probation. ( see the exhibits). When I confronted Mr. Cronauer now three separate times via email questiining him of this, he never once denied it. This woman worked as a probation officer for 25 years and offered or I should say, intended to distribute way over a oz, this is a felony. When I called the police and made the report, even with the text and pictures which are attached here, no charges. No charges on a felony of intent to distribute. That means either this woman felt very safe that nothing would happen to her because of who she is working with or the police pick who they charge for crimes and that makes them part of the problem.

## 4. Entrapment Under Federal and State Law

Under **federal law**, entrapment is a defense when government agents induce an individual to commit a crime they were not predisposed to commit. In *Sorrells v. United States*, 287 U.S. 435 (1932), the U.S. Supreme Court recognized that entrapment occurs when law enforcement officials or government agents, including those working in collaboration with prosecutors, persuade

or coerce someone into committing an illegal act. In this case, Mr. Cronauer, if he is a agent working with the state's attorney, has induced me into a situation where I am being set up for failure, potentially violating my probation.

Under **Illinois law**, entrapment is similarly defined in Section 7-12 of the Illinois Criminal Code, which states that a person is not guilty of a crime if their actions were induced by government agents or those working on behalf of the government. In this case, Mr. Cronauer's close coordination with the state's attorney places him in the role of a government agent, acting in concert to entrap me.

## 5. Conclusion

The actions of Nicholas Cronauer, in collaboration with the state's attorney and the town of sycamore, have put me in a situation designed to  provoke a probation violation and subsequent criminal charges. Given that his actions amount to entrapment under both federal and Illinois state law, I respectfully request that the court recognize this improper inducement and prevent any further charges or violations based on this

conduct. Additionally, I ask the court to take appropriate action regarding Mr. Cronauer's unethical behavior, as his dual role compromised my right to a fair defense and led to his efforts to entrap me into committing further violations.

In the present case, Mr. Cronauer, acting as the Defendant's attorney and in a capacity similar to that of a public officer or agent, attempted to create a scenario in which the Plaintiff would allegedly violate the terms of his probation by undertaking necessary repairs that the Defendant neglected. These repairs were essential to ensure the safety of the Plaintiff's disabled family members.

6. When the Plaintiff made these repairs due to the Defendant's inaction, Mr. Cronauer accused the Plaintiff of violating probation. This constitutes entrapment under Illinois law, as the Plaintiff's actions were induced by the Defendant's and Mr. Cronauer's failure to maintain the premises, actions

the Plaintiff would not have undertaken but for the hazardous conditions created by the Defendant's negligence.

## 6. Potential Criminal Conduct by Plaintiff's Attorney

A. Harassment

7. Illinois law defines harassment under 720 ILCS 5/26.5-3 of the Illinois Criminal Code, which states: "A person commits harassment when he or she knowingly engages in conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances; the conduct would cause a reasonable person emotional distress; and the conduct does cause emotional distress to another."

8. Mr. Cronauer's actions, including repeated threats of legal action for matters that are the direct result of the Defendant's own neglect and his attempts to entrap the

Plaintiff, clearly meet the definition of harassment. These actions have caused significant emotional distress to the Plaintiff and his family, particularly given the vulnerable health conditions of the Plaintiff's wife and daughter.

B. Intimidation

9. Illinois law also criminalizes intimidation under 720 ILCS 5/12-6, which states:

"A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, by any means, a threat to inflict physical harm on the person threatened or any other person or on property; subject any person to physical confinement or restraint; or commit any criminal offense."

10. Mr. Cronauer's actions could also be construed as

intimidation, as he has effectively attempted to coerce the Plaintiff into either failing to repair the premises, thereby endangering his family, or facing criminal charges for probation violations. Such actions are illegal and merit further investigation by this Court.

## C. Misconduct by an Attorney

11. Illinois Rules of Professional Conduct, specifically Rule 4.4(a), states: "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."

12. Mr. Cronauer's conduct, particularly his attempts to entrap the Plaintiff and harass him through unwarranted legal threats, may constitute

professional misconduct and should be reviewed by the appropriate disciplinary authorities.

## 13. Failure to Make Repairs and Use of Self-Help Eviction

14. Illinois law mandates that landlords maintain rental properties in a habitable condition, requiring timely repairs as needed. Under the Illinois Residential Tenants' Right to Repair Act (765 ILCS 742/), tenants are entitled to repair and deduct costs from rent if the landlord fails to make necessary repairs.

15. Despite numerous attempts to contact both Mr. Cronauer and the Defendant regarding the broken air conditioning unit and other unsafe conditions at the Property, the Plaintiff's pleas were ignored, putting his family's health at significant risk.

16. The Plaintiff's having no alternative, repaired the air conditioning unit at his own expense and subsequently sought reimbursement for the incurred costs.

17. In response, Mr. Cronauer accused the Plaintiff of violating probation, an action that appears to be a tactic to unjustly penalize the Plaintiff and potentially pave the way for an unlawful self-help eviction. Under Illinois law, self-help evictions are illegal, and landlords must follow proper legal procedures to regain possession of their property.

## 18. COLLUSION

**Summary of Collusion and Interference**

For the past two years, Nicholas Cronauer, his clients, and Riley Oncken have deliberately acted to obstruct the housing voucher process

that could have allowed Plaintiff's to relocate. Despite the Plaintiff's eligibility and readiness to move, these individuals colluded to block the issuance and acceptance of our vouchers, actively preventing us from moving to a safer and more stable living environment. Their actions — whether through legal maneuvering or other means— kept the Plaintiff trapped in a situation that has caused undue stress and hardship.

Moreover, their interference did not stop at our housing situation. They worked with the town of Sycamore to change a town ordinance specifically targeting Plaintiff's address. This blatant manipulation of local government resources not only exemplifies a misuse of power but also directly contradicted the town's own inspections. In fact, a town inspector had already documented the extensive repairs needed at the property, but rather than holding the property owners accountable, these individuals conspired to alter the ordinances for their benefit.

This collusion has caused significant delays, financial

harm, and emotional distress, as the Plaintiff's were left without the necessary repairs or alternative housing solutions. Despite the obstacles placed before us, we no longer seek the vouchers, but we cannot allow the injustice of their actions to go unaddressed. We ask the court to recognize the orchestrated efforts to obstruct our rights and hold the responsible parties accountable for their harmful conduct.

## IV. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Investigate the wrongful conduct, harassment, and collusion by Defendants and their legal counsel.
2. Issue an order directing Defendants to immediately remedy the unsafe living conditions and perform all necessary repairs at the property.
3. Impose sanctions on Defendants and their legal counsel for abusive litigation practices.
4. Provide such other and further relief as this Court deems just and appropriate.

# V. CONCLUSION

Your Honor,

I am bringing this motion today not just to plead my case, but to demand that justice be served by asking for a investigation. My family has been mistreated in ways that cannot be ignored or swept aside. This is not speculation; the appeals court itself acknowledged the blatant prejudice we have faced in the state court. Yet, despite that, nothing has been done to stop the injustice. I will not be silenced. I will not back down. I refuse to be treated like this is the 1960s in Alabama, driven out of my home and silenced by those in power.

I urge you to review the exhibits I have submitted. Read my motions. Do not dismiss this as just another case, because I will fight this all the way to the Supreme Court if I must. I will not stop until my family's voice is heard, no matter how long it takes. This injustice will not be buried or forgotten. My wife almost lost her life because of the actions of these defendants, and Judge Stephanie Klein's negligence in allowing it to continue.

Attorney Hannigan may be tired of hearing the truth, but I am tired of watching the courts ignore it. His feelings mean nothing to me. He has contributed to this corruption by making false statements in open court, and this court has turned a blind eye. The law has been ignored, the

wrongdoing overlooked. The system we rely on for justice has become one of repression. Being pro se is challenging enough, but to have the court disregard the law in favor of those who can afford representation is not justice—it's oppression.

No matter what positions of power these defendants hold, they will always know what they did to my family—a family that was already broken. Nicholas Cronauer once told me to "be strong, that the truth would come out". ( attached ) Now he wants to bury that truth. These people thought they could destroy us, but I am still standing, and I will never stop protecting my family. There will be no settlement. No mediation. I offered that path, and it was rejected. Now all I seek is a jury trial. I want the truth to come out in front of a jury, and I will make sure it does, whether in this court or at any level.

From the false police charges to the endless lawsuits, nothing will be hidden. I have the right to be heard by a jury, and I will fight until I am. This case will not go away. You cannot attempt to destroy a family and then ask the court to cover up your actions. I will be heard, and everything will be exposed.

Cronauer has made it his mission to try to destroy me, but he has failed. Every step of the way, he has failed. Your Honor, my family stands alone in this fight, but we stand firm. If the court investigates my claims and finds them to

be false, I will withdraw my case. I am willing to take any test, including a lie detector, to prove my honesty. I ask this court to take the time to save a family from a corrupt system that has likely harmed others as well.

**Respectfully submitted,**

Robert Sam
harpees5@yahoo.com

Plaintiff, Pro Se

9/8/24

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT FOR THE TWENTY-THIRD JUDICIAL CIRCUIT
## DEKALB COUNTY

IN RE THE MARRIAGE OF:     )    NO:   23 EV 102

BKA HOLDING, LLC,     )
     Plaintiff,     )

and     )

ROBERT SAM AND KAREN SAM,     )
     Defendant.     )

**FILED**

6/29/2023 1:07 PM
2023EV000102

*Lori Grubbs*

Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

### PETITION FOR RULE TO SHOW CAUSE

NOW COMES the Petitioner, BKA HOLDING, LLC, by and through its attorneys, The Law Office of Riley N. Oncken, P.C., by Riley N. Oncken, and for its Petition for Rule to Show Cause against Robert Sam, states and alleges as follows:

1. An Agreed Order was entered on March 10, 2023, which provided that "Defendants shall pay the sum of $914.00 to Plaintiff by March 25, 2023, Defendants shall pay the sum of $255.00 to Plaintiff by April 25, 2023, Defendants shall pay the sum of $255.00 to Plaintiff by May 25, 2023, and Defendants shall pay any water bills incurred through May 31, 2023."

2. In addition to the foregoing payments, Robert Sam has failed to pay the water bills dated 3/31/23 in the amount of $176.90 and 5/31/23 in the amount of $174.76, for a total due of $351.66.

3. As of the date of this motion, no payments have been made by Defendants.

4. Karen Sam has filed for bankruptcy protection, so this Petition is not directed at her.

5. Defendant Robert Sam's failure to comply with the Order of this Court has been without compelling cause or justification.

6. The Plaintiff has incurred attorney's fees in the prosecution of this Petition and as a result of Defendant's failure to comply with the Agreed Order of March 10, 2023.

23 EV 102                                                  Page 1 of 4

WHEREFORE, Counsel respectfully prays that this Court enter an Order:

A. Finding Robert Sam in indirect civil contempt of court for failing to comply with the order of March 10, 2023;

B. Ordering Robert Sam to serve an indefinite period of incarceration in the DeKalb County Jail, not to exceed six (6) months;

C. Requiring Robert Sam to purge his contempt by payment of all outstanding amounts due totaling $2,030.66;

D. Requiring Robert Sam to pay the attorney fees and costs incurred by Plaintiff;

E. For any such other and further relief the Court deems equitable and proper.

BKA Holding, LLC, Plaintiff

By: _____
RILEY N. ONCKEN
Attorney at Law

Riley N. Oncken
Attorney at Law
Law Office of Riley N. Oncken, P.C.
212 S. Main Street
Sycamore, IL 60178
Phone: (815) 991-2098
Fax:   (815) 991-2128
Riley@OnckenLaw.com

23 EV 102

## VERIFICATION

STATE OF ILLINOIS      )
                       ) ss.
COUNTY OF DEKALB       )

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certified as aforesaid that she verily believes the same to be true.

BKA Holding, LLC, Plaintiff

By: _____
MELISSA MOBILE, Manager

Subscribed and sworn to before me
this 29 day of June, 2023

OFFICIAL SEAL
HOLLY J DURST
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 3/8/26

Notary Public

Riley N. Oncken
Attorney at Law
Law Office of Riley N. Oncken, P.C.
212 S. Main Street
Sycamore, IL 60178
Phone: (815) 991-2098
Fax:   (815) 991-2128
Riley@OnckenLaw.com

23 EV 102                                                          Page 3 of 4

FILED
5/31/2024 4:28 PM
2024LA000029

Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

**IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL CIRCUIT**
**DEKALB COUNTY, ILLINOIS**

| | |
|---|---|
| BKA HOLDINGS, LLC, an Illinois Limited Liability Company, and Melissa Mobile | **2024LA000029** |
| Plaintiff, | |
| v. | Case No. |
| ROBERT SAM | |
| Defendant. | |

> **NOTICE**
> BY ORDER OF COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE TO BE CONDUCTED AT THE DEKALB COUNTY COURTHOUSE, SYCAMORE, IL IN ACCORDANCE WITH SUPREME COURT RULE 218 BEFORE JUDGE ____WALLER____ ON 8/21/24 AT 9:00 AM FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED

## CIVIL COMPLAINT

NOW COMES the Plaintiffs, BKA HOLDINGS, LLC and MELISSA MOBILE, by and through its undersigned counsel, and brings this action for contempt against the Defendant, Robert Sam, for the unauthorized practice of law, in violation of 705 ILCS 205/1.

## FACTS COMMON TO ALL COUNTS

1. This Court has jurisdiction over this matter pursuant to 705 ILCS 205/1 because the unauthorized practice of law occurred from DeKalb County.

2. The Defendant, Robert Sam, is an individual willfully holding over at 639 Stonegate Dr., Sycamore, Illinois 60178, and is not licensed to practice law.

3. At all relevant times, Robert Sam has attempted to represent and practice law on behalf of his wife, Karen Sam, and daughter despite not being licensed to represent others.

4. On April 20, 2023, Karen Sam filed Chapter 7 Bankruptcy.

5. Robert Sam did not file bankruptcy with his wife.

6. In the Bankruptcy, Karen Sam attested, under oath and penalty of perjury, that $10,000 was owed to Plaintiff landlord. *See* Ex. 1.

7. On May 4, 2023, Karen K. Auksi-Sam filed, under oath penalty of perjury, a statement of accounts, and attested that Robert Sam was a co-debtor of the $10,000 owed to the landlord. *See* Ex. 2, at. 23-24

8. Karen Sams bankruptcy was discharged on August 10, 2023, with the debt to Plaintiff being discharged as to Karen Sam. Ex. 3.

9. The automatic stay terminates automatically upon discharge of bankruptcy pursuant to 11 U.S.C. § 362(c)(2)(C).

10. Plaintiff was free to proceed with an eviction for possession of property upon discharge of bankruptcy.

11. On May 17, 2024, Defendant filed an order of protection in this Circuit, titled 24 OP 217 alleging his wife and daughter need protection from Plaintiff and undersigned for various eviction actions against them, bearing case numbers 23 EV 102, 24 EV 136. *See* Ex. 4.

12. Plaintiff also filed an eviction in 2019 against Defendant, 19 LM 614.

13. The order of protection references that it is being brought by Robert Sam on behalf of his wife and daughter due to two prior evictions against Defendant's wife from 2023 and 2024.

14. Defendant sealed all his evictions from the public records but this Court can and must take judicial notice of their filings for purposes of this complaint.

15. On May 21, 2024, Robert Sam was ordered by the Federal Magistrate Judge to stop filing *pro se* motions before the Court. *See* ECF 88, 23 CV 50301. Robert Sam routinely files motions in the federal court on behalf of his wife's bankruptcy case alleging, falsely, a violation of the automatic stay.

16. On May 24, 2024, Judge Buick denied Robert Sam's order of protection, with prejudice, holding, narrowly, that there is not any recognized relationship that would give rise to an order of protection finding under the Domestic Battery Act. She did not address any unlawful practice of law argument given her narrow holding.

17. On or about May 30, 2023, Robert Sam filed a motion on behalf of Karen K. Auksi-Sam, in the United States Bankruptcy Court, Northern District of Illinois, Case No. 23-80459. *See* Ex. 5

18. Robert Sam states therein that the motion he is filing is on behalf of Karen K. Auksi-Sam and that he is filing it on her behalf despite not being a licensed attorney.

### COUNT I: COMPLAINT FOR CONTEMPT PURSUANT TO 705 ILCS 205/1 FOR DEFENDANT'S UNAUTHORIZED PRACTICE OF LAW

19. The actions of Robert Sam, as detailed above, constitute the unauthorized practice of law in violation of 705 ILCS 205/1, which states:

No person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State.

* * *

"Any person practicing, charging or receiving fees for legal services or advertising or holding himself or herself out to provide legal services within this State, either directly or indirectly, without being licensed to practice as herein required, **is guilty of contempt of court and shall be punished accordingly**, upon complaint being filed in any Circuit Court of this State."

20. The Defendant's conduct undermines the integrity of the legal system and caused potential harm to the parties involved by requiring them to continually address, through a licensed attorney, his frivolous and vexatious filings not based on any fact nor law, incurring unnecessary legal costs as damages.

WHEREFORE, Plaintiffs pray that this Court order, against Defendants:

(i)  appropriate equitable relief;

(ii)  a civil penalty not to exceed $5,000, which shall be paid to the Illinois Equal Justice Foundation; and

(iii)  actual damages for all legal costs incurred to defend against Robert Sam's unlawful practice of law; and

(iv)  Defendant be required to strike and dismiss any claims and damages he asserts on her behalf;

(v)  Defendant be restrained from any further efforts as a non-lawyer from representing Karen Sam, his daughter, or any other person given he is not a lawyer until he shows proof he has passed the bar examination.

## COUNT II: MALICOIUS PROSECUTION

For Count II by Plaintiffs, alleging Malicious Prosecution by Defendant, alleges as follows:

21. The defendant commenced an order of protection under the Domestic Battery Act against the Plaintiff Melissa Mobile that lacked any basis in fact or law to be filed and pursued;

22. The order of protection terminated in the Plaintiff's favor;

23. Given the Domestic Battery Act not defining landlord-tenant as a relationship that could be protected and the evictions being permitted by Illinois' eviction act, as well as the bankruptcy filings admitting $10,000 was owed by Karen and Robert Sam to Melissa Mobile for rent, which permits eviction, there was an absence of probable cause for the proceeding;

24. The defendant has acted with malice by routinely, and continually, filing vexatious and frivolous claims and motions  he's prosecuting on behalf of his wife and daughter despite not being a lawyer; and

25. the plaintiff has suffered damage by incurring attorney fees to continually address Defendants unlawful practice of law.

WHEREFORE, the Plaintiff prays for judgment against the Defendant after a trial by jury in excess of $50,000, punitive damages, and any other relief deemed equitable and just.

Respectfully submitted,

By:  /s/ C. Nicholas Cronauer

CRONAUER LAW, LLP
C. Nicholas Cronauer, IL ARDC #6305683
1101 DeKalb Avenue, Suite 2
Sycamore, Illinois 60178
Telephone: (815) 895-8585
Facsimile: (815) 895-4070
Service@cronauerlaw.com

9:25

 

**<** Emails to GCT                    ^   v

 **Nicholas Cronauer**                6/1/24
To: robert   Cc: Gabrielle **>**

# Robert Sam

Your bankruptcy filings will likely be stricken by
Judge Lynch well before Wednesday.

> On Sat, Jun 1, 2024 at 12:03 PM robert sam
> <harpees5@yahoo.com> wrote:
> Have a super duper great weekend. See you
> Monday afternoon and Wednesday.

---

This e-mail and any attachments may contain privileged or confidential information. This e-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this e-mail, you are hereby notified that any copying, distribution, dissemination or action taken in relation to the contents of this e-mail and any of its attachments is strictly prohibited and may be unlawful.

If you have received this e-mail in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

---

         

9:27

< Emels to GCT

**Nicholas Cronauer**
6/18/24
To: robert   Cc: Melissa >

## Robert Sam

I'm not explaining to you what you just did, but thank you for doing it.

_____

This e-mail and any attachments may contain privileged or confidential information. This e-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this e-mail, you are hereby notified that any copying, distribution, dissemination or action taken in relation to the contents of this e-mail and any of its attachments is strictly prohibited and may be unlawful.

If you have received this e-mail in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

_____

 **Emails to GCT**

**Nicholas Cronauer**  8/28/24
To: robert  Cc: Gabrielle, Melissa >

## Robert Sam

Sounds like you are trying to bill for work/services you aren't licensed to perform. I wonder what your probation officer will think of that.

On Wed, Aug 28, 2024 at 7:14 AM robert sam <harpees5@yahoo.com> wrote:

You both have put my families life in danger for the last time. I asked for two weeks for the air to be fixed and you could have sent anyone you wanted. Yesterday, the hottest day of the year, the air went out permanently and you both did not even respond. This new line of eviction, where you think you put the squeeze on us and not make repairs, just won't work.
So now you're going to pay my bill of 1,125.00 for my services to fix this myself. I have the emails requesting Melissa fix the air, she ignored them. So now I drove to Aurora and picked up the new capacitor and harness and learned how to install and clean out this unit myself. It was that or risk my wife and daughter suffering possible death from the heat. You have 5 days to pay my invoice that will be sent today. If not paid, I will file a

9:28

< Emails to GCT

 **Nicholas Cronauer**                               8/28/24
To: robert   Cc: Gabrielle, Melissa >

# Robert Sam

Robert,

In Illinois, it is illegal to provide HVAC (Heating, Ventilation, and Air Conditioning) services without a proper license. According to the Illinois Mechanical Licensing Act, individuals who charge for HVAC services without a valid license is a **Class A misdemeanor** for a first-time violation. A Class A misdemeanor in Illinois is punishable by up to 364 days in jail and/or a fine of up to $2,500. If someone has previously been convicted of performing HVAC services without a license and is caught doing so again, the charge may escalate to a **Class 4 felony**. A Class 4 felony is punishable by 1 to 3 years in prison and/or a fine of up to $25,000.

I will forward this bill for services to the State's Attorney for them to address whether it's a violation of your probation.

On Wed, Aug 28, 2024 at 7:16 AM robert sam <harpees5@yahoo.com> wrote:

10. Thus, given the prior notices by Plaintiff and Defendant to terminate on or before May 31, 2023, notwithstanding the 5-day notice that was served, Plaintiff's cause of action for eviction cannot be dismissed.

11. Additionally, 735 ILCS 5/9-120 provides:

    (a) If any lessee or occupant, on one or more occasions, uses or permits the use of leased premises for the commission of any act that would constitute a felony or a Class A misdemeanor under the laws of this State, the lease or rental agreement shall, at the option of the lessor or the lessor's assignee become void, and the owner or lessor shall be entitled to recover possession of the leased premises as against a tenant holding over after the expiration of his or her term.

12. This Court must take judicial notice of the following public and court records where Robert Sam was charged with three felonies for defrauding elderly neighbors. *See* Ins. Co. of North America v. Cape Inds., Ltd., 138 Ill. App. 3d 720 (4th Dist. 1985) (court may take judicial notice of its own records); *see also* Treadway v. Nations Credit Fin. Servs. Corp., 383 Ill. App. 3d 1124, 1132 (5th Dist. 2008) (taking judicial notice of court records); All Purpose Nursing Service v. Illinois Human Rights Com'n, 205 Ill. App. 3d 816, 823 (1990) (citing People v. Davis, 65 Ill. 2d 157 (Ill. 1976)) (circuit courts may take judicial notice of matters of record in other cases in the same court); Blakemore v. Panas, 131 Ill. App. 3d 748, 751 (3d Dist. 1985) (presuming trial court took judicial notice of prior court case before it).

13. Robert Sam was charged with three felonies on October 11, 2022, filed in this circuit as 22 CF 546. *See* Ex. A. He admitted that the victims where his elderly neighbors. *See id.* The publicly filed written gerstein contains the following admissions by Sam to the crimes:

bayonet was valued at least $150.00 by the owner of the pawn shop. After retrieving the bayonet from Bridge Pawn I met with William, who confirmed the bayonet and the sword pawned at Bridge Pawn were his, and that he never gave those items to Robert.

I met with Robert multiple times in a non-custodial interview setting. Robert acknowledged that he did not possess the skills for the jobs he was doing and advised he would watch Youtube videos to learn how to do the work. Robert initially denied taking the bayonet and sword, but admitted to taking them after being confronted, saying that William had thrown them out. Robert had emailed the Godfrey family apologizing for this incident as... said "I think when you under water so badly you just get so blinded and I am sorry for that". In my interviews with Robert he advised he would pay William back all of his money if that would allow for him not to be charged. Robert also advised that in 2007 he was sued by the Illinois Attorney General's office for Home Repair Fraud.

3

14. Accordingly, Robert Sam was using Defendants' property to commit felonies against his neighbors, which rendered the lease voidable on October 11, 2022. This is an evictable basis without any further notice that was provided in the spring of 2023.

15. Defendants motion to dismiss must therefore be denied pursuant to 735 ILCS 5/2-616(a) and



5:36

24 2 20 FS Mtn Dismiss Resp.pdf ˅          Done

13. Robert Sam was charged with three felonies on October 11, 2022, filed in this circuit as 22 CF 546. *See* Ex. A. He admitted that the victims where his elderly neighbors. *See id.* The publicly filed written gerstein contains the following admissions by Sam to the crimes:

> bayonet was valued at least $150.00 by the owner of the pawn shop. After retrieving the bayonet from Bridge Pawn I met with William, who confirmed the bayonet and the sword pawned at Bridge Pawn were his, and that he never gave those items to Robert.
>
> I met with Robert multiple times in a non-custodial interview setting. Robert acknowledged that he did not possess the skills for the jobs he was doing and advised he would watch Youtube videos to learn how to do the work. Robert initially denied taking the bayonet and sword, but admitted to taking them after being confronted, saying that William had thrown them out. Robert had emailed the Godfrey family apologizing for this incident a..., said "I think when you under water so badly you just get so blinded and I am sorry for that". In my interviews with Robert he advised the would pay William back all of his money if that would allow for him not to be charged. Robert also advised that in 2007 he was sued by the Illinois Attorney General's office for Home Repair Fraud.

3

14. Accordingly, Robert Sam was using Defendants' property to commit felonies against his neighbors, which rendered the lease voidable on October 11, 2022. This is an evictable basis without any further notice that was provided in the spring of 2023.

15. Defendants motion to dismiss must therefore be denied pursuant to 735 ILCS 5/2-616(a) and the liberal amendment for pleadings because termination notice of the monthly lease was provided by Plaintiff and Defendant in February 2023 for a May 31, 2023 date, permitting an amended complaint for forcible entry and detainer eviction given Defendants wilfully holding over and precluding rightful possession by the Plaintiff.

Respectfully Submitted,

By: /s/C. Nicholas Cronauer

C. Nicholas Cronauer (ARDC #6305683)
CRONAUER LAW, LLP
1101 DeKalb Ave., Suite 2
Sycamore, IL 60178
T (815) 895-8585 / F (815) 895-4070
NC@CronauerLaw.com
Service@CronauerLaw.com

4

  

10:26



< L

Lorie Neigbor. >

Mon, Jul 22 at 10:42 AM

Hey favorite person...I don't know how to ask so I'm just going to be transparent....
I have a stash of some weed and rolling papers and a bowl...all yours if you want 🥴
Thanks for all you do!



I super appreciate that. But we don't even smoke weed. But I really appreciate it.

Text Message

8:11

D

Debbi Neighbor >

Don't forget I worked in probation for almost 25 years and can look up all records, police reports, Filings etc.

Text Message

5:36

< Emails to GCT

**AL** **Aaron Lockhart**  2/16/24
To: harpees5@yahoo.com >

# Hi Robert, here is the letter that you requested. Can you also send me your phone number so I can give you a call. Thanks.

At the request of Robert Sam, we visited the residence located 639 Stonegate Drive in Sycamore to review concerns regarding the subject property. Upon investigation, following deficiencies were noted:

1. **Water Heater:** Mr. Sam claims that he is only able to get hot water from the kitchen sink for approximately two minutes. Beyond the two-minute mark, the water becomes cool. He also claims that no hot water is delivered to the showers. Per Section 505.4 of the 2015 International Property Maintenance Code (IPMC), as adopted by the City of Sycamore:

**505.4 Water heating facilities.** Water heating facilities shall be properly installed, maintained and capable of providing an adequate amount of water to be drawn at every required sink, lavatory, bathtub, shower and laundry facility at a minimum temperature of 110°F (43°C). A gas-burning water heater shall not be located in any bathroom, toilet room, bedroom or other occupied room normally kept closed, unless adequate combustion air is provided. An approved combination temperature and pressure-relief valve and relief valve discharge pipe shall be properly installed and maintained on water heaters.



**505.4 Water heating facilities.** Water heating facilities shall be properly installed, maintained and capable of providing an adequate amount of water to be drawn at every required sink, lavatory, bathtub, shower and laundry facility at a minimum temperature of 110°F (43°C). A gas-burning water heater shall not be located in any bathroom, toilet room, bedroom or other occupied room normally kept closed, unless adequate combustion air is provided. An approved combination temperature and pressure-relief valve and relief valve discharge pipe shall be properly installed and maintained on water heaters.

2. **Weather tightness of building:** Mr. Sam claims that rainwater is penetrating the front windows, the front wall near the front door and in the basement near the demising wall. There is evidence of water penetration on the front windowsills and the interior of the front wall. Water was also present on the floor in the basement near the demising wall and it appeared water had run down the wall at some point. Per Sections 304.2 and 304.6, respectively, of the 2015 IPMC:

**304.2 Protective treatment.** Exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences, shall be maintained in good condition.

**304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.

3. **Structural:** It appears that the structural integrity of the front porch has been compromised as a result of settling foundation support. This may

   



< Emails to GCT **Hi Robert, here i...** ∧ ∨

**304.6 Exterior walls.** Exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration.

3. **Structural:** It appears that the structural integrity of the front porch has been compromised as a result of settling foundation support. This may also be contributing to #3 noted above. Per 304.1 and 304.1.1, respectively, of the 2015 IPMC:

**304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**304.1.1 Unsafe conditions.** The following conditions shall be determined as unsafe and shall be repaired or replaced to comply with the International Building Code or the International Existing Building Code as required for existing buildings:

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or water tight;

6. Foundation systems that are not firmly supported by footings, are not plumb and free from open cracks and breaks, are not properly anchored or are not capable of supporting all nominal loads and resisting all load effects;

8. Roofing or roofing components that have defects that admit rain, roof surfaces with inadequate drainage, or any portion of the roof framing that is not in good repair with signs of deterioration, fatigue or without proper

   

6. Foundation systems that are not firmly supported by footings, are not plumb and free from open cracks and breaks, are not properly anchored or are not capable of supporting all nominal loads and resisting all load effects;

8. Roofing or roofing components that have defects that admit rain, roof surfaces with inadequate drainage, or any portion of the roof framing that is not in good repair with signs of deterioration, fatigue or without proper anchorage and incapable of supporting all nominal loads and resisting all load effects;

Item #1 involving the water heater must be addressed as soon as possible. Items #2 and #3 must be corrected in a timely manner.

Please contact me at your earliest convenience to discuss how you plan to correct the items noted above.

John Sauter
Director of Community Development
City of Sycamore
(815) 895-2587

---

This e-mail and any attachments may contain privileged or confidential information. This e-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this e-mail, you are hereby notified that any copying, distribution, dissemination or action taken in relation to the contents of this e-mail and any of its attachments is strictly prohibited and may be unlawful.

If you have received this e-mail in error, please notify us immediately by reply e-mail and then delete this

# FOSTER BUICK

## ATTORNEYS AT LAW

WRITERS DIRECT
TCONKLIN@FOSTERBUICK.COM

2040 ABERDEEN COURT
SYCAMORE, IL 60178
(815) 758-6616

June 20, 2024

Robert Sam
639 Stonegate Dr.
Sycamore, IL 60178

Re: Sycamore/Issues at 639 Stonegate
Our File No. 7275.001866

Mr. Sam,

Please let this letter serve as a response to your numerous communications with John Sauter and other staff members employed by the City of Sycamore ("Sycamore" or "City"). Please be aware that Section 105.1 of the International Property Maintenance Code ("IPMC") as adopted by Sycamore, grants authority to the code official to grant a modification from the code in individual cases whenever there are practical difficulties in carrying the provisions of the IPMC. Mr. Sauter has determined that special reasons exist in this matter making enforcement of the strict letter of the IPMC impractical, a modification is in compliance with the intent and purpose of the IPMC, and that a modification does not lessen health, life, and fire safety requirements.

The special circumstances that exist here are your not so veiled threats of violence if people come to the property again and your refusal to allow entry to the property for the property owner to make the necessary repairs. These threats and refusals are contained in both pleadings you have filed with the DeKalb County Circuit Clerk and in emails received by Sycamore. Further, the violations identified by City staff are not of the type that poses a significant or immediate threat to health, life, and fire safety. The only exception to this may be the repair needed to the outlet as identified during the inspections. However, it is the City's understanding that the property owner had arranged for a licensed electrician to look at the electrical outlet on June 17th, but you said they would not be allowed in, so that repair was canceled.

Please know that Sycamore is not "taking sides" in any dispute you may have with the property owner or its attorney and takes no position in any legal proceeding that may be ongoing between the parties. The purpose of this letter is to simply inform you that Sycamore is making a modification to the enforcement of its' Building Code of Ordinances as it relates to 639 Stonegate pursuant to Section 105.1 of the IPMC and will not be taking any further action to enforce same due to the special circumstances and practical difficulties that exist as outlined above. The City cannot compel an owner to make corrections if concerns for safety and general welfare exist.

---

FOSTER, BUICK, CONKLIN, LUNDGREN & GOTTSCHALK, LLC
WWW.FOSTERBUICK.COM
~ ESTABLISHED 1963 ~

## FOSTER, BUICK, CONKLIN, LUNDGREN & GOTTSCHALK, LLC
### ATTORNEYS AT LAW

City of Sycamore
June 20, 2024
Page 2

Finally, I would like to address some of the comments you have made in emails to Mr. Sauter. First, Sycamore has been very responsive to your requests and has had multiple discussions with you, the property owner and its' counsel, and the DeKalb County Housing Authority to address your concerns. Second, Sycamore has not ignored the matter for "5 months". Their involvement began in February of this year regarding your concerns at the property. To the best of their knowledge, all concerns were addressed and, most notably, the water heater was restored or replaced. No additional unadressed concerns were raised until mid-May. Since that time, the City has inspected the property twice and has worked with the parties to obtain compliance until the situation has become untenable. Third, Sycamore's policy is not to seek fines, but rather compliance with the Code. Fines do not fix the problems and are ineffective in bringing about compliance. Additionally, the City cannot impose fines when the property owner isn't allowed access to the property to address the issues or is reluctant to do so due to concerns for their safety.

I hope this letter adequately sets forth the position of the City of Sycamore and provides an explanation as to its intentions moving forward with regard to 639 Stonegate.

Sincerely,

FOSTER, BUICK, CONKLIN, LUNDGREN & GOTTSCHALK, LLC

By: _____
Timothy J. Conklin, Partner

TJC/asp
cc: John Sauter    *via electronic mail only*

< Emails to GCT   Robert Sam

after now almost two months have given nothing. I am in a real bad situation here because of this. The lady we rent from is acting different, I know my daughters school knows of this. When this is done we are going to need to move out of state. It's going to be very awkward here going forward. I am really hoping you'll help me, I don't know what you need to see from the docs to decide to help me? But if just hearing there side and excepting that over mine, Then your pretty much already ruling out helping me. I would think you would want to hear from me what has taken place? I am sitting in limbo hoping you will help and if you now decide not to I don't know what I'll be able to.

Sincerely, Robert Sam

> On Nov 4, 2022, at 3:22 PM, Cronauer Law <admin@cronauerlaw.com> wrote:
>
> Can you link me to the article? I can tell you I understand how you feel and you just have to be strong and know truth will prevail but it will take time. Stay strong for you family the truth will come out. Once we get the police reports we will know how to proceed.
>
>> On Nov 4, 2022, at 2:59 PM, robert sam <harpees5@yahoo.com> wrote:



# DeKalb County Sheriff's Office

ADMINISTRATION OFFICE • 815-895-7260
CIVIL PROCESS • 815-895-7259
COMMUNICATION CENTER • 815-895-2155
CORRECTIONS/JAIL • 815-895-4177
RECORDS • 815-895-7216
FAX • 815-899-0757 - SHERIFF
FAX • 815-895-7275 - COMMUNICATIONS
FAX • 815-895-6525 - CORRECTIONS
FAX • 815-899-0757 - RECORDS

"TO SERVE AND PROTECT"

**ANDREW SULLIVAN, SHERIFF**

**JAMES BURGH, CHIEF DEPUTY**

July 20, 2023

Mr. Robert Sam
639 Stonegate Drive
Sycamore, IL 60178

Dear Mr. Sam,

I am writing this in response to the citizen complaint form that you filed regarding an eviction process. In your complaint, you allege that Mr. Oncken was able to use this office to obtain an eviction date without an eviction order. After researching your complaint, it was determined that the eviction date was tentatively held on the calendar after the civil process division had spoken with the judge regarding this matter and not Mr. Oncken. This portion of your complaint is unfounded.

I understand that you have received a stay on the eviction order through the appeals process and that no eviction has taken place as of this date.

In regards to the email that you sent me on June 26, 2023, without a reply, I would like to apologize to you for this. When I received your email, I was going to follow up with the civil process division about your concerns and the staff member was not working on that day. This is not a valid excuse on my part by any means and I should have let you know that I was looking into the complaint that you had made in your email. Again, I do apologize to you for my error and the lack of response to your email.

Respectfully,

Sheriff Andy Sullivan