



**FILED**
9/14/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BI

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**ROCKFORD DIVISION**

**Robert and Karen Sam,**
**Plaintiffs,**

**v.**

**BKA Holdings LLC, et al.,**
**Defendants.**

**Case No. 23-cv-50301**

**Plaintiff's Supplemental Motion to Disqualify Cronauer Law and Nicholas Cronauer**

## I. Introduction: The Truth Is Enough

Plaintiff, Robert Sam and Karen Sam ("Plaintiff"), by and through Pro Se, respectfully submits this Supplemental Motion to Disqualify Nicholas Cronauer and Cronauer Law from representing the Defendants, BKA Holdings, LLC ("BKA") and Melissa Mobile ("Mobile"). This motion is based on severe conflicts of interest arising from Nicholas Cronauer's involvement as a defendant, material witness, and his role as counsel for the Defendants. Additionally, Plaintiff alleges that Cronauer has engaged in unethical conduct by obstructing necessary repairs and colluding with local authorities, the

Dekalb Housing authority and the town of sycamore to disadvantage the Plaintiff.

## II. Factual Background

### A. Role of Nicholas Cronauer

Nicholas Cronauer is implicated in multiple conflicting roles:

1. **Defendant**: Cronauer is named as a defendant in the ongoing litigation.
2. **Material Witness**: Due to his involvement in the case, Cronauer is also a material witness.
3. **Counsel for Defendants**: Cronauer Law is representing Mobile and BKA Holdings.
4. **Plaintiff's Adversary**: Cronauer is actively suing the Plaintiff in a separate action related to the same matter.

### B. Alleged Unethical Conduct

1. **Internal Harassment**: Cronauer is alleged to have intentionally obstructed repair work on the properties by his clients, thereby forcing the Plaintiff to undertake repairs. Subsequently, Cronauer has used these situations to accuse the Plaintiff of improper conduct.
2. **Collusion with the City**: It is alleged that Cronauer has collaborated with the City of Sycamore to prevent necessary repairs, which has adversely

affected the Plaintiff and created additional litigation complications.

## III. Legal Standard for Disqualification

### A. Illinois Rule of Professional Conduct 1.7

Illinois Rule of Professional Conduct 1.7 prohibits an attorney from representing a client if there is a concurrent conflict of interest. A concurrent conflict exists if:

1.  The representation of one client is directly adverse to another client.
2.  There is a significant risk that the representation of one client will be materially limited by the lawyer's responsibilities to another client or by the lawyer's own interests.

### B. Supporting Case Law

1.  **In re Estate of Dierkes, 361 Ill. App. 3d 261, 836 N.E.2d 1098 (1st Dist. 2005)**
    This case establishes that an attorney's dual role as a witness and counsel creates an irreconcilable conflict, warranting disqualification. The court determined that the attorney's involvement in the case as both a witness and legal representative compromised the integrity of the representation.

2.  **People v. Ross, 177 Ill. App. 3d 540, 532 N.E.2d 922 (1st Dist. 1988)**
    The court held that an attorney cannot effectively

represent a client while having a personal stake in the case, as it creates a conflict of interest. This case emphasizes that personal involvement in a case undermines the attorney's ability to provide unbiased representation.

3. **Olin Corp. v. Ins. Co. of N. Am., 603 F. Supp. 445 (S.D.N.Y. 1985)**
In this case, the court found that an attorney representing clients with adverse interests could not maintain a conflict-free representation. The decision underscores the necessity of disqualification when an attorney's representation could be compromised by conflicting interests.

4. **Kuhn v. Cook County, 287 Ill. App. 3d 948, 679 N.E.2d 897 (1st Dist. 1997)**
The court disqualified an attorney due to a conflict of interest where the attorney represented a party with interests adverse to a current client. The ruling supports the principle that an attorney's divided loyalty necessitates disqualification to maintain the fairness of the legal process.

5. **Miller v. Tabor, 159 Ill. App. 3d 759, 512 N.E.2d 308 (5th Dist. 1987)**
This case highlights that an attorney's dual representation of parties with conflicting interests presents a serious conflict of interest. The court ruled

that such conflicts undermine the attorney's ability to represent clients impartially, justifying disqualification.

## IV. Argument for Disqualification

## A. Conflicting Roles of Cronauer

Cronauer's involvement in multiple roles—defendant, material witness, and counsel—creates an irreconcilable conflict of interest. His personal stakes in the outcome of the case directly impact his ability to represent Mobile and BKA Holdings impartially. The substantial risk of divided loyalty and potential bias requires disqualification to ensure fair representation.

## B. Unethical Conduct and Collusion

### 1. Internal Harassment

Cronauer's alleged obstruction of repairs and use of these obstructions to disadvantage the Plaintiff reflects unethical conduct. Such actions not only breach professional standards but also compromise the fairness of the legal process by manipulating litigation tactics to harass and disadvantage the Plaintiff.

### 2. Collusion with the City

Cronauer's reported collusion with the City of Sycamore to prevent necessary repairs further exacerbates the conflict. This conduct interferes with the Plaintiff's ability

to resolve property issues and unfairly prejudices the Plaintiff's position in litigation.

## V. Impact on Fairness and Integrity of the Proceedings

Cronauer's conflicting roles and unethical conduct undermine the fairness and integrity of the proceedings. The Plaintiff's ability to receive a fair hearing is jeopardized by potential bias and manipulation. Disqualification is necessary to uphold the principles of justice and ensure that the Plaintiff's rights are protected.

## VI. Request for Relief

Plaintiff respectfully requests that the court:

1. Disqualify Cronauer Law from representing Defendants, BKA Holdings, LLC and Melissa Mobile, in this matter.
2. Address the alleged unethical conduct involving obstruction of repairs and collusion with local authorities, and take appropriate action to remedy these issues.

## VII. Conclusion

The evidence presented demonstrates a compelling case for disqualifying Cronauer Law. The combination of conflicting roles and unethical conduct significantly undermines the fairness of the proceedings and necessitates immediate judicial intervention. This court has had in its possession the proof by way of the exhibits

of emails between Robert Sam and Nicholas Cronauer and Cronauer law. Mr. Cronauer will try to say the lower court dismissed this same motion with prejudice. What he leaves out is, that was wrongly dismissed and none of the current issues where brought to the lower courts attention. Mr. Cronauer chooses to have all his cases heard in Dekalb county. It's not surprising as the Deklab county courts have been friendly to him. So this admission by Nicholas Cronauer that the ruling of this same motion by the lower court constitutes the same ruling in federal court well I think this court can see from the appeals court decision when they stated " the court was highly prejudicial to the Sam's" what is really going on here. Mr. Cronauer and his lawyers use friendships and relationships to get the rulings they want. This could be looked at as influencing, for example the attached exhibit again, where Mr. Cronauer seems to already know which way judge lynch will rule in Karen's Sam's BK case. How would a small time attorney know which way a federal BK judge might rule? But when you investigate and find that Mr. Cronauer's council has had or I should say knows Judge Lynch well, then one wonders if that has influence in the case as Mr. Cronauer states by his guarantee of a Karen's motions being striked, that he so confidently states. ( see attached exhibit) We have already seen that the judge Stephanie Klyn in the Dekalb county court house used her relationship with Riley Oncken to help him gain advantage in the eviction case. This was proven

by the Dekalb county sheriff himself. So to now believe that everyone is playing by the rules is laughable. You have seen that the town of sycamore has conspired with BKA holdings and Mr. Cronauer to put my family in danger in the hopes of squeezing us out. You have seen that the Dekalb housing authority with the work of BKA holdings and Mr. Cronauer and Riley Oncken intentionally blocked our vouchers so we could not move. John Sauter the sycamore inspector who came to our home and wrote a letter about all the issues has a direct relative working for the Dekalb housing authority. How can this be? we showed the court nearly a year ago what Nicholas Cronauer and Cronauer law has done with leading me to believe he would be representing me. There can not be to sets of justices, one for people with a attorney and one for pro se litigants. Just because someone is a lawyer does not give them the rights to use unethical means of litigation, commit crimes and dual represent people that have a personal stake in a case. Please judge, uphold this syestem of justice and please stand up for everyone's rights not just lawyers. Its also important to note that Riley Oncken understood some of the rules of ethics and conduct when he represented BKA holdings and Melissa Mobile, in regards to conflict. Once I filed a no contact order against Riley Oncken for the harassment of my family, Riley Oncken removed himself for any optics of conflict of interest. Then Cronauer took over at the appeals stage as Riley withdrew. Please review

the emails attached to the original motion to disqualify and the exhibits attached to the last motion to investigate wrongdoing. This court will see the pattern that has taken place.

**Respectfully submitted,**

**Plaintiff Robert Sam and Karen Sam**

**Certificate of Service**

I hereby certify that a copy of the foregoing Supplemental Motion to Disqualify Cronauer Law has been served upon all parties of record by email, this 9/24/2024

**9/14/24**

Robert and Karen Sam

639 stonegate dr sycamore Illinois 60178

779-777-3265