**U.S DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT AND KAREN SAM, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 3:23-cv-50301 |
| | ) | |
| BKA HOLDING, LLC, MELISSA MOBILE, | ) | Judge Ian D. Johnston |
| RILEY ONCKEN, RILEY N. ONCKEN, P.C. | ) | |
| CHRISTOPHER NICHOLAS CRONAUER and | ) | Magistrate Judge Margaret Schneider |
| CRONAUER LAW LLP, | ) | |
| Defendants. | ) | |

**ATTORNEY NICHOLAS CRONAUER'S RESPONSE TO PLAINTIFFS' RENEWED
EFFORT TO DISQUALIFY CRONAUER LAW AND NICHOLAS CRONAUER**

NOW COMES CHRISTOPHER NICHOLAS CRONAUER (hereinafter "Cronauer"

and/or Attorney Cronauer"), by and through his attorneys, KONICEK & DILLON P.C., and in

opposition to Plaintiffs' Supplemental Motion to Disqualify, Attorney Cronauer states the

following:

1.      Disqualification of counsel is a serious remedy and therefore must be based upon

the moving party establishing through sufficient credible evidence that it would be proper.[1]

2.      The Sams' efforts to disqualify Attorney Cronauer fail to meet the necessary

standard for disqualification. In fact, the supplemental filing is based upon non-existent or fake

law obtained by AI.

3.      It is not fair to this Court that the Sams seek the disqualification of the attorney

representing the Defendants they are suing without providing the Court with a sufficient

background or the credible admissible evidence necessary for such a ruling.

4.      Conclusive statements and unsupported accusations, as this court is well aware, are

not credible, admissible evidence upon which the court may rely in ruling on something as

---

[1] The Cronauer Defendants agree and join in the Response in opposition filed by BKA Holdings, LLC and Melissa Mobile.

1

sacrosanct as a client's choice of counsel. This is an unwarranted intrusion by the Sams into the attorney-client relationship between Attorney Cronauer and the property owner defendants Attorney Cronauer represents.

5.    If the Sams are going to rely upon the fact that they have added Attorney Cronauer to this lawsuit as a defendant as a basis for disqualification, they must first prove the allegations are provable, the relief sought is reasonable and that Attorney Cronauer has not been added as a defendant in order to provide the Sams a basis to disqualify him. The Third Amended Complaint (TAC) is also

6.    The Sams have demonstrated their desperation with their numerous pro-se filings before this Court seeking relief for which this Court has repeatedly admonished the Sams this Court cannot grant. (See ECF 81 and ECF 85 Orders advising the Sams that this Court cannot interfere in the 2024 State Court eviction case attached hereto as **Exhibit 1**)

7.    If the allegations against Attorney Cronauer cannot survive Rule 12(b) Motions to Dismiss, the naming of Attorney Cronauer as a defendant is not a proper basis upon which to disqualify him. It would be

8.    A rudimentary understanding of how we got to this point is necessary to avoid disqualifying an attorney that should not be disqualified.

9.    This Federal Court litigation initiated by the Sams arises out of the unsuccessful effort in 2023 to evict the Sams in a State Court eviction proceeding.  As set forth in the TAC, the 2023 eviction, which was vacated on appeal gives rise to all of the alleged violations of their rights. (See ECF 109, Third Amended Complaint, hereinafter "TAC" attached hereto as **Exhibit 2**)

10.    Tellingly, Attorney Cronauer was not named in this Federal Court litigation by the Sams until the SAC and only then as an after thought for his November 30, 2023 30-day notice letter and his January 9, 2024 failed attempt to obtain leave of the eviction court to amend the 2023

2

eviction case on remand. (Compare ECF 1, Complaint, to ECF 61, Second Amended Complaint (hereinafter " SAC") attached hereto as **Exhibits 3 and 4**, respectively).

11. The 2023 Eviction case was filed by counsel other than Attorney Cronauer. (See ECF See **Exhibit 4**, ECF 61 (SAC) at ¶ 53.)

12. An agreed order was negotiated in the 23EV102 eviction case and signed by Robert Sam. (See **Exhibit 4**, ECF 61 (SAC) at ¶ 47)

13. The agreed order, along with an order of eviction was filed with and entered by the eviction court on March 10, 2023. (See **Exhibit 4**, ECF 61 (SAC) at ¶ 61.)

14. Attorney Oncken emailed the March 10, 2023 orders to the Sams on March 10, 2023. (See **Exhibit 4**, ECF 61 (SAC) at ¶¶ 53, 58 and 60)

15. On April 7, 2023, through pro-bono counsel, the Sams sought to vacate the 2023 eviction order, as it was not supposed to have been entered, according to the Sams, unless and until the Sams failed to vacate the property on or before May 31, 2023. (See **Exhibit 4**, ECF 61 (SAC) at ¶¶ 62 and 63.)

16. The eviction court in 23EV102 denied the Sams motion to vacate the March 10, 2023 order. (See **Exhibit 4**, ECF 61 (SAC) at ¶64.)

17. The Sams filed notice of appeal on May 12, 2023. (See **Exhibit 4**, ECF 61 (SAC) at ¶ 64.)

18. On May 23rd, the Sams also filed a State Court complaint against Attorney Oncken and his clients, the property owners in an effort to prevent the eviction. (See Complaint, Docket No. 2023LA40, attached hereto as **Exhibit 5**.)

19. As a result of the lawsuit against Attorney Oncken and his clients, Attorney Cronauer appears in the appeal filed by the Sams on behalf of Attorney Oncken's clients, the property owners. (See Appearance dated August 17, 2023 attached hereto as **Exhibit 6**.)

20.	On June 23, 2023, the Appellate Court grants the Sams' Emergency Motion to Stay the eviction pending the appeal, provided the Sams continued to pay their share of the subsidized rent during the course of the appeal.  (See **Exhibit 4**, ECF 61 (SAC) at ¶ 66.)

21.	The Sams were not evicted and to this date have not been evicted.

22.	On November 28, 2023, the Second District of Illinois Appellate Court vacated the March 10, 2023 eviction order and found the agreed order unenforceable.  (See Opinion of Second District Appellate Court dated November 28, 2023 attached hereto as **Exhibit 7**.)

23.	On November 30, 2023, Attorney Cronauer issued a new thirty (30) day notice (See **Exhibit 4**, ECF 61 (SAC) at ¶¶ 75 and 76) This was Attorney Cronauer's first action in the 2023 eviction case outside of the appeal.

24.	On December 23, 2023 Attorney Cronauer, for the first time, appeared in the 2023 underlying eviction case, 23EV102, and filed a motion to amend the eviction complaint.  (See appearance and Motion to Amend attached hereto as **Exhibits 8 and 9** respectively.)

25.	On January 9, 2024, Attorney Cronauer filed an Amended Motion  for Leave to Amend the 23EV102 Eviction Complaint on remand.  (See Amended Notice attached hereto as **Exhibit 10**.)

26.	On February 27, 2024, the 23CV102 eviction case is dismissed and Attorney Cronauer's Motions to Amend is denied.   (See **Exhibit 4**, ECF 61 (SAC) at ¶ 79.)

27.	On August 17, 2023, the Sams initiated the present case pending before this Court against the same defendants the Sams sued in State Court.  (See **Exhibit 3**, ECF 1, Complaint.) Cronauer was not named.

28.	The Sams alleged that the wrongful eviction (err), has resulted in harm and injury to the Sams (See **Exhibit 3**, ECF 1, Complaint).  Since the Sams were not actually evicted, the March 10, 2023 Eviction order was never enforced.  The Cronauer defendants assume the Sams

4

are alleging that the entry of the judgment of eviction on March 10, 2023 and the refusal of the eviction court on April 18, 2023 to vacate that March 10, 2023 eviction order (even though not enforced) is what violated their rights and caused them harm, even though all of the Defendants sued by the Sams have steadfastly denied these allegations and claims.

29. Attorney Cronauer was not responsible for filing the 2023 eviction case; negotiating the terms of the agreed order, or having the March 10, 2023 agreed order and eviction order filed or entered on March 10, 2023. Attorney Cronauer did not file an appearance in the 2023 eviction case until after it was remanded on appeal.

30. Where, as here, Attorney Cronauer was not involved in the 23EV102 eviction order being entered, he is not and cannot be liable to the Sams for any injury or damages the Sams claim arose out of the entry of the March 10, 2023 unenforced eviction judgment.

31. What transpired prior to Attorney Cronauer's involvement, regardless of whether it is ultimately proven by the Sams, cannot be conflated with Attorney Cronauer's role as counsel for the property owners in the 2024 eviction case.

32. The Sams are unable to allege a single credible fact as to how the November 30, 2023 30-day notice they received from Attorney Cronauer or the Motion to Amend the 2023 eviction case, which was denied, resulted in any damages to the Sams, let alone, increased, enhanced or different damages than what they allege the entry of the unenforced March 10, 2023 eviction order caused them.

33. The Sams, as admitted in their own pleadings in this case, were not evicted and have not been evicted despite their having not paid their share of the subsidized rent. (See unpaid rent spreadsheet prepared by property owners attached hereto as **Exhibit 11**.)[2]

34. It is undisputed to date that the Sams have not incurred fees, costs or expenses as a

---

[2] Unpaid rent of $19,000 discharged in Karen Sam's 2023 Chapter 7 Bankruptcy is not paid rent. It is undisputed that the property owners have not been paid that discharged debt.

result of the efforts to evict them or their efforts to evade eviction.

35. In the TAC filed by the Sams on August 20, 2024, the Sams are now alleging that Attorney Cronauer's representation of the property owners in the March 29, 2024 eviction case is illegal, improper, wrongful and violative of the Sams' constitutional rights. (See **Exhibit 2**, ECF 109 TAC.)

36. The current eviction case, the 2024 eviction case 24EV136, is now being raised by the Sams in their effort to disqualify Attorney Cronauer by naming him as a defendant in this litigation. (See **Exhibit 2**, ECF 109 TAC. Also see 24EV136 Complaint and Exhibits attached hereto as **Exhibit 12**.)

37. A review of the Illinois Second District Appellate Court's opinion vacating the 2023 Eviction does not say what the Sams allege it says. (See Opinion dated November 28, 2023 attached hereto as **Exhibit 7**.)

38. The Second District Appellate Court found that it was wrong for the 23EV102 eviction court judge to have entered the eviction order prior to May 31, 2023. The Appellate Court was further critical of the trial court for failing to vacate its own eviction order in April of 2023. The Appellate Court did not find that the eviction was illegal or that the attorney representing the property owners at the time acted unethically or illegally. The Court found that there was no me a misunderstanding and the order should not have been entered prior to May 31, 2023. (See **Exhibit 7**.)

39. The Second District Appellate Court remanded the eviction case to the trial court for further proceedings consistent with its ruling. (See **Exhibit 7**.)

40. Upon vacating the 2023 eviction order, Attorney Cronauer renewed the notice process and sought to amend the 2023 eviction case consistent with the Appellate Court's ruling and directives on remand for further proceedings.

41.     When these efforts failed, and the 2023 eviction case was dismissed without being dismissed "with prejudice," Attorney Cronauer initiated a new effort to evict the Sams in March of 2024, which culminated in the filing of the 24EV136 eviction case.

42.     Because the 2023 Eviction was not dismissed with prejudice, [3] all of the Sams' claims of wrongdoing and res judicata and estoppel are unfounded. The 2024 eviction case does not violate an order of dismissal with prejudice and if it did the Sams' remedy or relief would be in the 2024 eviction case not federal court.

43.     In the pending 24EV136 eviction case, the Sams have failed, despite relentless efforts, to avoid the eviction from proceeding to trial, including a motion in that case to disqualify Attorney Cronauer from representing the property owners due to an alleged conflict of interest. (See Motion to Disqualify and Response to Motion to Disqualify in 24EV136 attached hereto as **Exhibit 13 and 14** respectively.)

44.     It is worth noting that the Sams raised the same arguments that Attorney Cronauer represented or offered to represent them in a 2022 criminal matter and therefore is prevented from representing the property owners against the Sams.  (See Report of Proceedings dated April 26, 2024 attached hereto as **Exhibit 15**.)

45.     The Sams were offered every opportunity to provide evidence and explain how Attorney Cronauer would be conflicted from representing BKA Holdings and Melissa Mobile in the eviction case based upon the minimal contracts with the Sams before declining to represent them in the criminal matter.  (See **Exhibit 15**.)

46.     The Sams were unable to establish that Attorney Cronauer represented them in the criminal matter or that anything the Sams represented to Attorney Cronauer, in the way of asserting that they did nothing wrong or committed no crime, can be used against them in the eviction case.

---

[3] The dismissal order does not state "with prejudice," under Illinois law any dismissal that is not expressed with prejudice is deemed to be without prejudice.  )

7

(See **Exhibit 15**.)

47.    In fact, the trial court Judge in 24EV136 struck any reference to the Sams criminal case from the pending eviction case (See **Exhibit 15**, finding the criminal charges being of no relevance to the eviction complaint which is for not paying rent.

48.    Since the ruling by the State Court that the criminal charges or summary of the arrest are irrelevant to the eviction case, the Sams have pled guilty to a felony.  (See plea agreement and sentencing order attached hereto as **Exhibit 16 and 17**.)

49.    Mr. Sam argues in his motion to disqualify that he has never been convicted and is seeking to withdraw his plea, neither of which has any relevance to the Motion to Disqualify Attorney Cronauer.

50.    While Mr. Sam has raised his criminal charges in the TAC, his plea, until withdrawn, is an admission of guilt and, if for no other purpose since it is a felony of dishonesty, may be used to impeach his credibility.  However, the guilty plea or an ultimate finding of guilt would not relate to anything in connection to the renewed efforts to disqualify Attorney Cronauer.[4]

51.    While no one is suggesting that this Court is bound by the prior rulings of the State Trial Court, or the State Second District Appellate Court in rejecting the Sams efforts to disqualify Attorney Cronauer, but a removal of an interaction on the record at the trial courts ruling is worth noting and certainly informative on the Sams failure to establish a conflict of interest created by any communications between Mr. Sam and Mr. Cronauer in 2022.

52.    To the extend Mr. Sam claims to have evidence of having provided Attorney Cronauer with incriminating evidence or a statement that Attorney Cronauer may use against him in this case, evidence which to date the Sams have not produced, it would be unfair and highly prejudicial not to require that such evidence be presented to this Court before it relies upon

---

[4] This is not to suggesting that if the liability plea is not vacated, or if Mr. Sam is found guilty prior to a trial in this case that the plea or guilty finding would be precluded from evidence in this case.

8

representations by Mr. Sam as to what that evidence might show or whether any such evidence sufficient to rise to the level of an attorneys disqualification be made.

53.     There has been no such evidence in the Sams prior failed efforts to disqualify Attorney Cronauer and the Sams should not be permitted to rely upon unsupported or unproven accusations and their own misguided interpretations of what constitutes a disqualifiable conflict of interest for purposes of terminating Attorney Cronauer's attorney-client relationship in this case.

54.     The Sams' supplemental attempts to disqualify Attorney Cronauer in this case is without merit and brought for the sole wrongful reason of prejudicing Attorney Cronauer's clients in this case.  Naming him as a defendant after prior failed efforts, before other courts to disqualify Attorney Cronauer must not be lost on this court.  The Sams want to force the property owners to secure new substitute counsel, incur additional fees on lawyers not familiar with the issues and procedural history and who would not be the property owners first choice of counsel.  This is not a legitimate basis to choose someone or to seek their disqualification as a lawyer in a pending case.

55.     This would be wholly improper especially where, as here, there is no conflict and three other courts have addressed the Sams arguments and found that there is no conflict that would give rise to the extreme measures of disqualifying the property owners choice of counsel.

56.     The allegations in the SAC and TAC against Attorney Cronauer, bringing him into this Federal Court case in order to seek his disqualification, are baseless and must be addressed before any ruling based upon those allegations is used to disqualify Attorney Cronauer in this case.

57.     The pending 2024 eviction case is neither illegal nor improper.  It has been brought for proper purposes of the property owner regarding possession of their property.  The Sams, if they believe it is being pursued for an improper purpose should seek relief in the 24EV136 eviction case on such grounds and not seek this collateral attack of the merits of the pending eviction case.

58.     Because the 2024 eviction case for which Attorney Cronauer is not a  party, but is

9

instead, representing the same property owners he is representing in this Federal case, is proceeding in accordance with the Illinois Rules of Civil Procedure, is proceeding to trial offering the Sams full and proper due process, it cannot be the basis of any claims against Attorney Cronauer of a violation of the Sams civil rights, constitutional rights or a violation by Attorney Cronauer of any Federal regulation or statute.[5]

59.     No lawyer should be disqualified from representing his clients in litigation where the basis for disqualification is that he has been added to that litigation on claims that, as one of the Sams appointed attorneys pointed out in a motion to withdraw, have no basis in fact or law. (See ECF 98 and 99 attached hereto as **Exhibit 18**.)

60.     The Sams do not have standing to challenge Attorney Cronauer's relationship with his clients, and even if they do, which they do not, his representation of the property owners is simply not a conflict of interest vis-a-vis the Sams.  Attorney Cronauer is not representing the property owners against the Sams on any substantive similar matter to the underlying criminal matter.

61.     Anything the Sams are suing Attorney Cronauer for in this Federal case is as a result of his serving as the property owners attorney in the eviction case and, if proven, against the property owners will be recoverable from them in full.  No remedy from the property owners in this case is prejudiced or compromised by the absence of Attorney Cronauer as a named defendant in this case.  Adding Attorney Cronauer as a defendant in this case serves no meaningful purpose except as a play to disqualify him.

62.     The Sams did not have to sue the property owners attorney in order to seek the relief they are seeking as evidenced by the fact that Attorney Cronauer was not originally sued by the Sams in either their State Court action or the original Complaint in this case.

---

[5] These arguments and the proof in support is being raised in a proper 12(b)1 and 6 Motion to Dismiss the TAC against Attorney Cronauer.

63.     The Second and Third Amended Compliant in this case reflect that the Sams are seeking the same causes of action and relief for the same damages from the property owners as from the property owners attorney.

64.     Suing Attorney Cronauer is a rouse for seeking his disqualifications.

65.     In the event the allegations against Attorney Cronauer are baseless, it would have been an unnecessary disqualification and therefore should be once again denied until the fate of the Sams allegations against Attorney Cronauer are finally determined by the Court.  Otherwise, disqualification would be an unnecessary violation of the rights and interest of both Attorney Cronauer and his clients with no substantial proof from the Sams as to how they are prejudiced or harmed by Attorney Cronauer's representation of the property owners in this case.

66.     Attorney Cronauer is independently represented in this suit.  His testimony, if necessary, can be presented without adverse impact to his clients, his clients' interests in the litigation are aligned with his own.  He has no reason, nor has he attempted to place his own interests in defending against the Sams baseless allegations ahead of his clients' interest in raising the same defenses to these same baseless allegations.

67.     It will not prejudice the Sams any more than any other competent, qualified, attorney knowledgeable of the facts, law and litigation strategy of the Sams, will prejudice the Sams.

68.     The Sams, who initiated this litigation, have a heavy burden to establish that Attorney Cronauer should be disqualified.  Disqualification is a serious matter and should not be determined without a convincing demonstration that it is necessary to preserve the integrity of the court system is necessary in these particular proceedings.  The Sams have as they have on three previous attempts failed to meet this burden and therefore this motion to disqualify should be denied with prejudice.

11

WHEREFORE, Attorney Nicholas Cronauer and Cronauer Law respectively request that

this Honorable Court deny the Motion to Disqualify with Prejudice.

Respectfully submitted,

/s/ Michael P. Hannigan
Attorneys for Defendant

Daniel F. Konicek (6205408)
Michael P, Hannigan (6190132)
KONICEK & DILLON, P.C.
21 W. State St., Geneva, IL  60134
630.262.9655
ATTY No. 37199
dan@konicekdillonlaw.com
mhannigan@Konicekdillonlaw.com

12