**IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL CIRCUIT
DEKALB COUNTY, ILLINOIS**

BKA HOLDINGS, LLC, an Illinois Limited
Liability Company,

Plaintiff,

v.

ROBERT SAM and KAREN SAM,

Defendants.

Case No. 2023 EV 102

**FILED**

2/13/2024 1:53 PM
2023EV000102

*Lori Grubbs*

Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

---

**PLAINTIFFS' MOTION TO FILE AN AMENDED COMPLAINT**

NOW COME the Plaintiffs, by and through their attorneys, CRONAUER LAW, LLP, and move to file an amended complaint, and in support of this motion to amend pursuant to 735 ILCS 5/2-616(a) states the following:

735 ILCS 5/2-616(a) governs the amendment of pleadings and provides that at any time before final judgment amendments may be allowed on just and reasonable terms changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, . . . which may enable the plaintiff to sustain the claim for which it was intended to be brought . . . . Amendments should be liberally allowed to permit parties to fully present their cases and to further the interests of justice. 735 ILCS 5/2-616(a).

Four factors determine whether amendments to pleadings should be permitted under section 2-616(a): (1) whether the proposed amendment would cure a defective pleading; (2) whether the proposed amendment would surprise or prejudice the opposing party; (3) whether the proposed amendment was timely filed; and (4) whether the moving party had previous opportunities to amend. *Sheth v. SAB Tool Supply Co.*, 2013 IL App (1st) 110156, ¶ 101. The most important factor is prejudice to the opposing party, such as where an amendment leaves the party unprepared to respond to a new

1

**EXHIBIT
9**

Reviewed By: ME

theory at trial. *Sheth*, 2013 IL App (1st) 110156, ¶ 101.

Pursuant to 735 ILCS 5/2-616 and precedent, Plaintiff meets the four criteria to file an amended complaint. The only party being prejudiced is the Plaintiff by Defendants' willfully holding over the property without the right to possession. The amendment is timely and this is Plaintiff's first request to amend the complaint. Defendants' lease, by agreement and notice pursuant to the lease, was to terminate on May 31, 2023, by which time Defendants where to vacate the premises. To date, Defendants have still not yet vacated the premises, despite no active lease, owe back rent and utilities, and are hold-over tenants, continuing to fail to pay rent and utilities every month. Defendants are therefore willful holdover tenants pursuant to 735 ILCS 5/9-202 and 735 ILCS 5/9-213:

> When the tenancy is for a certain period, and the term expires by the terms of the lease, the tenant is then bound to surrender possession, and no notice to quit or demand of possession is necessary.

> Additionally, willfully holding over in Illinois occurs when:

> If any tenant or any person who is in or comes into possession of any lands, tenements or hereditaments, by, from or under, or by collusion with the tenant, wilfully holds over any lands, tenements or hereditaments, after the expiration of his or her term or terms, and after demand made in writing, for the possession thereof, by his or her landlord, or the person to whom the remainder or reversion of such lands, tenements or hereditaments belongs, the person so holding over, shall, for the time the landlord or rightful owner is so kept out of possession, pay to the person so kept out of possession, or his or her legal representatives, at the rate of double the yearly value of the lands, tenements or hereditaments so detained to be recovered by a civil action.

Accordingly, attached hereto as **Exhibit A** is the proposed amended complaint, seeking actual damages of $5,780, plus holdover damages of $2,900 per month since June 1, 2023 (¶14) per the lease terms and 735 ILCS 5/9-202, less the $1,805 received by Plaintiff from housing, which totals $ 9,855, attorney fees of $750, plus taxable costs of suit.

WHEREFORE, the Plaintiff requests leave to file an amended complaint pursuant 735 ILCS 5/2-616(a).

3

By: /s/C. Nicholas Cronauer
C. Nicholas Cronauer

C. Nicholas Cronauer (ARDC #6305683)
CRONAUER LAW, LLP
1101 DeKalb Ave., Suite 2
Sycamore, IL  60178
T (815) 895-8585 / F (815) 895-4070
NC@CronauerLaw.com
Service@CronauerLaw.com

3