**IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL CIRCUIT
DEKALB COUNTY, ILLINOIS**

BKA HOLDINGS, LLC, an Illinois Limited
Liability Company,

Plaintiff,

v.

ROBERT SAM and KAREN SAM,

Defendants.

Case No. 2024 EV 136

**FILED**

4/22/2024 11:48 AM
2024EV000136

*Lori Grubbs*

Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S FOURTH MOTION SEEKING DISQUALIFICATION OF PLAINTIFF'S COUNSEL

NOW COME the DEFENDANTS, MELISSA MOBILE, BKA HOLDINGS, LLC, through their attorney, CRONAUER LAW, LLP, and in opposition to Defendant's motion to disqualify counsel, states:

### I.      INTRODUCTION

Robert Sam has never been a firm client. Motions to disqualify are to be guarded against by the Courts. It is Defendants burden to overcome. Defendant failed to substantiate his claims with relevant legal precedent, emails, or any analysis for disqualification, particularly under the applicable *La Salle* test on multiple occasions. Despite multiple opportunities, the Defendant has neither cited any case law for disqualification nor addressed the principles of issue preclusion, leading to a waiver of his arguments as per established legal standards. Setting waiver aside, Defendant's admission to trying to retain 45 different attorneys amounts to "attorney shopping" under the RPC he cites. Defendant also fails to demonstrate any legitimate basis for disqualification given the publicly available nature of the information at issue. Defendant fails in its burden to disqualify given its lack of specificity in alleging disqualifying information, producing any emails, showing the absence of a substantial relationship between past and current representations.

1

**EXHIBIT
14**

## ANALYSIS

### I. DEFENDANT FAILURE TO ADDRESS DEFENDANT'S ARGUMENTS DESPITE 4 ATTEMPTS RESULTS IN FORFEITURE OF THE ISSUES.

Defendant has now been afforded multiple chances to address the relevant case law given the Second District Appellate opinion was issued. *See* Second District Order dated September 15, 2023 (Ex. 1). Defendant did not even attempt to address, let alone distinguish, *Schwartz* or *Doe* or *U.S. v. Egan Marine Corp.*, 843 F.3d 674, 676 (7th Cir. 2016) (holding that preclusion applies where party fails to fulfill to meet its burden in one case then seeks to carry its burden again in another case). On February 29, 20224, Judge Klein denied Robert Sam's motion to disqualify counsel in the 23 EV case. On April 1, 2024, the District Court also denied Defendant's motion to disqualify. **Ex. 2.** Its motion is not currently pending before the District Court. This Court should follow the lead of every other court that has heard the issue and deny it due to issue preclusion.

If the Court does not find preclusion or waiver, the Court should adopt the Second District's ruling as and for this case. *See* Ex. 3. Defendant's renewed motion alleges the exact same issues and facts as his motion ruled upon by the Appellate Court already. Issue preclusion must apply. Defendant cannot selectively choose and enforce the parts of the appellate opinion in the 23 EV case that he likes and dislikes.

### I. ATTORNEY DISQUALIFICATION CANNOT OCCUR HERE BECAUSE DEFENDANT IS ATTORNEY SHOPPING AND ALREADY HAD HIS OWN COUNSEL ON RETAINER.

Defendant has contacted over *forty-five* 45 law firms. Ex 4, at ¶ 2. Applying the committee comments to this conduct, then Rule 1.18 cannot apply in support of disqualification because it is "attorney shopping" precluding a prospective client finding under RPC 1.18 by reaching out to 45 different attorneys. Regardless and patently contrary to Defendant's representation to this Court, in an email on November 17, 2022, at 1:31:14 CST, Defendant is explicitly told, twice, to find someone else to take his criminal case. Defendant already had a criminal defense attorney as of October 11,

2

2022. **Ex. C**. He then hired/replaced his first attorney with a second attorney in December 2022, that later withdrew after Defendant failed to pay as agreed. **Ex. D**. Neither the term "evict" nor 'eviction" appears in any of his emails he has not produced to this court. Eviction wasn't even on the table until March 2023 for the non-payment of rent. Being "concerned" about his home vouchers due his pending felonies is not disqualifying information that can be used against him, it's his mental state based upon the public charges filed against him. His criminal charges are publicly available information that is not protected information. *See* U. S. Const. amend. VI (right to public trial); *see also Richmond Newspapers v. Virginia.*, 448 U.S. 555 (1980) (holding criminal trials public information). To claim Defendant was not clear on the relationship or looking for attorney advice at that time lacks merit and is defied by the fact he's had retained counsel the entire time at issue. *See* **Ex. C-D**.

II.   **PUBLIC INFORMATION IS NOT COVERED BY ANY RULE OF PROFESSIONAL CONDUCT AND DEFENDANT VOLUNTARILY SHARED ADVERSE INFORMATION TO THE POLICE.**

Contrary to Defendant's contention, criminal charges and the case files are public records and public events that creates imputed knowledge to the world, not disqualifying information. Courts take judicial notice of public records. *See Treadway v. Nations Credit Fin. Servs. Corp.*, 383 Ill. App. 3d 1124, 1132 (5th Dist. 2008) (taking judicial notice of court records); *see also Lacey v. Progressive Direct Ins. Co.*, 15 CV 50110, ECF #31, at n. 3 (N.D. Il., Jan. 4, 2016) (citing Fed. R. Evid. 201) (taking judicial notice of public state filings and imputing it to Defendant). Applying the committee comments from RPC 1.9, it clarifies that nothing exchanged in the *in camera* emails was then, nor is it now, disqualifying information. "Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying." *Id.* On October 11, 2022, two class 2 and one class 3 felony charges where filed against Defendant and filed publicly in DeKalb County as 22 CF 546. *See* **Ex. A**, 22 CF 546 Written Gerstein. In the public filing for Defendant's three (3) felony charges, these adverse admissions by Defendant were made to a police officer and filed publicly, imputing knowledge

3

and notice for the world:

> bayonet was valued at least $150.00 by the owner of the pawn shop. After retrieving the bayonet from Bridge Pawn I met with William, who confirmed the bayonet and the sword pawned at Bridge Pawn were his, and that he never gave those items to Robert.
>
> I met with Robert multiple times in a non-custodial interview setting. Robert acknowledged that he did not possess the skills for the jobs he was doing and advised he would watch Youtube videos to learn how to do the work. Robert initially denied taking the bayonet and sword, but admitted to taking them after being confronted, saying that William had thrown them out. Robert had emailed the Godfrey family apologizing for this incident and said "I think when your under water so badly you just get so blinded and I am sorry for that". In my interviews with Robert he advised he would pay William back all of his money if that would allow for him not to be charged. Robert also advised that in 2007 he was sued by the Illinois Attorney General's office for Home Repair Fraud.

On November 18, 2022, Defendant was then indicted for the three (3) felonies. *See* Ex. B. Nothing in the *in camera* emails remotely creates any non-public adverse disqualifying information, nor are there any admissions in the emails that can be used against him, and Defendant doesn't even allege that this information exists. It raises irrelevant, conclusory issues unrelated to any *LaSalle* analysis. The only known admissions that can be used against Defendant are his adverse comments to the police detective in the public record of 22 CF 546 as of October 11, 2022. Under the comments for RPC 1.9, that is imputed knowledge to the world, not disqualifying knowledge. *Lacey*, 15 CV 50110, ECF 31, at n. 3 "Any potential information even arguably acquired in a potential prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related." RPC 1.9, committee comments. Here, again, no information in the emails from 2022 withstands this test of time for this money damages case filed in August 2023 given the public filings. The underlying eviction for not paying rent or utilities was entered six months after Defendant was charged, and was being pursued for the lack of paying rent, which cannot even be disputed. *See* ECF 12, at p. 43. The only information found in the *in camera* emails are innocuous statements regarding a potential criminal defense, not any disqualifying information or adverse admissions, and is undermined by the public filings containing Defendant's criminal case and admissions made to the police before October 11, 2022. There is frankly no disqualifying information shared, anywhere, and Defendant identifies no nor even cite cryptically

to an *in camera* email containing this disqualifying information. His motion must be denied.

### III. DEFENDANT FAILS TO IDENTIFY ANY DISQUALIFYING INFORMATION UNDER *LASALLE*.

Attorney disqualification is a drastic measure because it destroys the attorney-client relationship by prohibiting a party from representation by counsel of his or her choosing. *Doe v. Chand*, 335 Ill. App 3d 809, 815 (5th Dist. 2002). Thus, caution must guard against motions to disqualify being used as tools for harassment." *Schwartz*, 177 Ill. 2d at 177-78. The *LaSalle* factors . *See LaSalle National Bank v. County of Lake*, 703 F.2d 252 (7th Cir. 1983)). *The party seeking disqualification* bears the burden of establishing that the present and former representations are substantially related. *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 177-78 (1997) (emphasis added). Vague allegations are insufficient for a motion to disqualify. *Doe v. Chand*, 335 Ill. App. 3d 809, 816 (5th Dist. 2002). It's not Defendant's burden of production or persuasion to prove that disqualifying information does not exist, but it's for the Defendants to prove applying a *La Salle* analysis. They've failed in this burden. As stated in the earlier briefing, the clear timeline, public felony case filings, emails encompassing all communication, and now Defendant's own motion, there are no facts to support Defendant's vague conclusions. "Voucher concern" is not disqualifying information nor legal advice, it's a mental status. It's a vague conclusory allegation with no basis to support disqualification under *La Salle*, *Doe*, or *Schwarz*. While cases interpreting Rule 1.18 are few, cases interpreting Rule 1.9 are instructive. Rule 1.9 sets forth examples of conduct that does not include disqualifying information, which ironically, references <u>a scenario regarding evictions</u>:

1. [3] . . . . . A lawyer who has previously represented a client in securing environmental permits to build a shopping center would be precluded from representing neighbors seeking to oppose rezoning of the property on the basis of environmental considerations; <u>however, the lawyer would not be precluded, on the grounds of substantial relationship, from defending a tenant of the completed shopping center in resisting eviction for nonpayment of rent.</u> **Information that has been disclosed to the public or to other parties adverse to the former**

**client ordinarily will not be disqualifying. Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are <u>substantially related</u>**. In the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation.

In *Schwartz v. Cortelloni*, 177 Ill. 2d 166 (1997), counsel for Defendant was not disqualified from representing the Defendant in a partition proceeding where counsel's firm formerly represented the defendant's mother in her capacity as guardian of the defendant's estate; and nothing in the record suggested that the firm obtained confidential information relevant to the present litigation. *Id.* Likewise, in *Doe v. Chand*, 335 Ill. App. 3d 809, (5 Dist. 2002), even though attorney for patient had previously represented the doctor and medical office the patient was suing, the trial court did not err in denying motion to disqualify the attorney from representing the patient, where the allegations that attorney obtained confidential information relevant to the current litigation were vague, and hence insufficient to show a substantial relationship between the attorney's current and former representations. Defendant has failed, as in *Doe* and *Schwartz*, to identify what confidential information was disclosed that can be used adversely against him. Which specific email is this disqualifying information found in? This silence is deafening because no relevant adverse was disclosed in 2022, nor can it exist now. The only adverse information revealed was to the Sycamore police as publicly filed on October 11, 2022 which RPC 1.9 clarifies is not confidential nor disqualifying information.

Here, as in *Schwartz* and *Doe*, these potential potpourri of claims stemming from an eviction are not remotely similar let alone <u>substantially similar</u> to the issues Robert Sam sought representation for over a year ago: criminal defense. But the firm's representation is tailored to the potpourri of claims being raised by Defendant: defending a civil suit for money damages. Given there is no operative complaint even pending, Defendant cannot even fulfill its burden to identify one viable

claim that exists where adverse information can defeat any claim. Defendant has has yet to amend its complaint, wanting to wait and see what happens in the underlying eviction case. It is not enough for Robert Sam to make vague conclusory allegations to support disqualification given it has no operative complaint, especially when the affidavits on file establish the communication predates this matter by significant time and is unrelated to this case and has no disqualifying information. The adverse matter needs to be the <u>same transaction or a substantially similar</u> one, such that information learned would provide an <u>unfair advantage</u> against the prior client. RPC 1.9. This standard cannot be met in this case because no adverse information was not learned let alone provide any advantage in this and Defendant identifies no such unfair advantage gained from disqualifying information.

As tacitly acknowledge by citing to RPC 1.18, Robert Sam has never been a firm client. He had his own retained counsel at all times relevant to the emails. Robert Sam cannot fulfill his burden under Rule 1.18 because his motion offers no specifics as to the nature of any adverse confidential information provided, or how it relates to the current litigation. *Schwartz*, 335 Ill. App. 3d at 816. Having mental concern is not disqualifying information. The information must be usable against the party unfairly to create an advantage. Defendant has not identified one piece of information or email that gives Defendant an unfair advantage. Affidavit paragraph 16 attempts to create this situation but fails under its own weight and is completely disingenuous when Defendant knows there are emails he has to Riley Oncken about his eviction where his felony case is discussed. Defendant admits in ECF #56 that he is charged with defrauding elderly **neighbors**. Defendant states that BKA Holdings, LLC and Melissa Mobile "have stated that my current pending criminal charges are at least part of the reason they are seeking to evict me from the Lease premises." Using a residence for felonies against neighbors is an evictable offense as a matter of law. *See* 735 ILCS 5/9-120. Regardless, what Melissa Mobile knows or believes given the public charges pending victimizing the neighbors of her property in March 2023 cannot be imputed to counsel this disqualification motion because it is out of sequence.

The criminal charges are public record having an independent non-privileged basis for knowledge. It's for the public to know and was published to the public in November 2022. Defendant's actual knowledge cannot be from any disqualifying information from Cronauer Law, because the eviction and reasons for it pre-dated Cronauer Law's involvement by months and initiated by a different attorney, not Cronauer Law. Defendant is seeking to retroactively impute public information to BKA Holdings and Melissa as being from Cronauer Law under auspices that it's disqualifying information; however it was information known to Defendant well before Cronauer Law was ever involved. Its argument is pure fantasy comprised by a logical fallacy.

Said another way, any decision made by Melissa Mobile and BKA Holdings, LLC to evict in March 2023 predate Cronauer Law's involvement by months. To argue that Cronauer Law's later involvement somehow influenced earlier decisions ignores those decisions were based on information and circumstances that existed independently and before the law firm's involvement and where the result of past counsel, who Defendant is also suing. Defendant's temporal sequence of events makes it illogical and factually impossible to attribute earlier actions by third parties to the later participation by Cronauer Law.

Under the *LaSalle* inquiry, this court must first make a factual reconstruction of the scope of the former representation. ECF #22, at 2, stating he reached out for help with a criminal matter, does that: criminal defense. This is supported by the *in camera* emails. This court must then determine whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client on those matters. Defendant offers no theory to support this element nor cites to any specific email that supports this element. The *in camera* emails speak for themselves, and the information disclosed in the public record is not disqualifying information as a matter of law. There is no privilege for protecting publicly available information from the felony case file from this case. It's imputed to the world to know and Defendants knew it before Cronauer Law

was involved. Finally, the court must consider whether the disqualifying information relates to the issues raised in the litigation pending against the former client. *Schwartz,* 177 Ill. 2d at 178. Defendant does not identify, anywhere, the confidential disqualifying information. Criminal defense identified by them in ECF #22, is not relevant, nor are "voucher concerns" arising from being charged with three felonies usable adverse information to the Defense. The charges where on the front page of the county's paper on November 1, 2022. *See* Ex. E. Defendant's conclusory, vague allegations that lack any temporal logic in the timeline juxtaposed to the *in camera* emails, prevents any finding that the *Lasalle* factors are met, because Defendant fails to articulate what information was disclosed that is adverse, nor even cite cryptically to an email that allegedly has disqualifying information . Robert Sam's allegations are conclusory because the issue he was emailing about predates this litigation and post-dates Cronauer Law involvement in the underlying eviction process started by Defendant's past counsel. Defendant therefore support nothing but unrelated events with no substantial relationship between the two events. *Id.* at 815

Defendant's next attempt to talk about his IDHR complaint is pure speculation and no way permitted under *La Salle.* It also, again, lacks any temporal basis to allege, as outlined above given it all pre-dates any involvement by CRONAUER LAW. Nothing Defendant raises has anything to do with the issues or facts of this case or relevant *La Salle* factors, and Defendant has not outlined anything gained confidentially that is being used adversely against him, because there was nothing obtained confidentially that can or is being used against him in this civil case. The only adverse information by him is in the publicly filed police synopsis for authorizing the filing felony charges, which is not confidential, privileged, nor disqualifying information under the clear comments to RPC 1.9.

WHEREFORE, this court must find that issue preclusion a/k/a collateral estoppel prevents Defendant's second motion to disqualify undersigned counsel given the appellate court order already addressing the same issues against the same parties; or, alternatively, that CRONAUER LAW is not

9

disqualified because Defendant did not carry his burden to show there is a substantial relationship between any prior unsolicited communications and this case or disqualifying information applying the in camera emails and public records under the *La Salle* test.

Respectfully Submitted,

By: /s/ C. Nicholas Cronauer
One of its Attorneys

CRONAUER LAW, LLP
1101 DeKalb Ave., Suite 2
Sycamore, IL 60178
(815) 895-8585 / (815) 895-4070 Fax

## CERTIFICATE OF SERVICE

Defendants, through their undersigned counsel, electronically served Defendants' Melissa Mobile and BKA Holdings, LLC supplement response above to all parties of record through the PACER/ECF system.

Dated: February 15, 2023.

*/s/Nicholas Cronauer*
CRONAUER LAW, LLP
1101 DeKalb Ave Ste 2
Sycamore, IL 60178
Telephone: (815) 895-8585
Email: nc@cronauerlaw.com

11