## U.S DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT AND KAREN SAM, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 3:23-cv-50301 |
| | ) | |
| BKA HOLDING, LLC, MELISSA MOBILE, | ) | Judge Ian D. Johnston |
| RILEY ONCKEN, RILEY N. ONCKEN, P.C. | ) | |
| CHRISTOPHER NICHOLAS CRONAUER and | ) | Magistrate Judge Margaret Schneider |
| CRONAUER LAW LLP, | ) | |
| Defendants. | ) | |

## MOTION TO STRIKE IMPROPER ACCUSATIONS
## AND INAPPROPRIATE STATEMENTS IN EFC 134

NOW COME the Defendants, CHRISTOPHER NICHOLAS CRONAUER, Individually and CRONAUER LAW LLP (hereinafter the "Cronauer Defendants"), by and through their attorneys, KONICEK & DILLON P.C., and in support of their motion to strike improper accusations and inappropriate statements in EFC 134, states the following:

On September 14, 2004, the Sams filed what is captioned: Plaintiff's Supplemental Motion to Disqualify Cronauer Law and Nicholas Cronauer.

The Sam's supplemental filing is not proper. For example, the pages are not numbered, the paragraphs are not properly numbered and the content itself is not concise statements of fact. The content is replete with plaintiff's personal interpretations and personal use, neither of which is properly admissible evidence. This motion is directed at striking the accusations in Section VII "Conclusion" with serious misrepresentations that crossed the line and must be addressed by the Court. The third to last page which is "file" stamped as Page 7 of 9, is a single run on paragraph beginning on Page 6 of 9. These unsupported accusations cannot be left unaddressed.

While the Sams entire "Conclusion" should be stricken as unsupported by fact or law, these accusations of influence by Cronauer's defense counsel influences on Federal Bankruptcy Judge are simply wrong. Where Mr. Sam states: "this could be looked at as influencing," is especially troubling.

1

The Sam's also state, "how could a small-time attorney know which way a federal judge might rule?[2] But when you investigate and find that Mr. Cronauer's counsel (Sic) has had or I should say know (Sic) Judge Lynch well, then one wonders if that has influence in the case."

The undersigned attorney, Michael P. Hannigan, is Mr. Cronauer's attorney before Judge Lynch in the Sams efforts to re-open Karen Sam's Chapter 7 Bankruptcy. Attorney Hannigan has appeared before Judge Lynch five (5) times on the Sam's motion to reopen the Sams April 2023 Chapter 7 Bankruptcy. All five occasions have been on the record.

Prior to appearing before Judge Lynch on the Sams petition, attorney Hannigan, in his 35-year legal career, has never appeared before Judge Lynch. Attorney Hannigan has never met Judge Lynch in person and has never spoken to Judge Lynch, except on the record in his courtroom where the Sams have been present remotely and the proceedings are professionally recorded.[1]

There is no basis for the Sams to make such fallacious accusations that the Judge in a Federal Court Bankruptcy proceeding was influenced by a nonexistent relationship with an attorney, especially when they have no evidence. They know that they cannot prove such grossly improper accusations. Attorney Hannigan has found Judge Lynch to be of the utmost integrity and has witnessed Judge Lynch's efforts on the record to accommodate the Sams, including offering to have his staff ask the pro-bono Bankruptcy Attorneys Committee to see if a qualified bankruptcy lawyer will represent Karen Sam in her re-opened bankruptcy matter. As in this case, the Sams have had several other attorneys either withdraw or decline to represent Karen Sam in the Bankruptcy Court. This Court is all too familiar with the fact that no competent, qualified lawyer is willing to work with the Sams.

These accusations of influence are not only flagrantly improper, but they also serve to malign the legal system as a whole. They are interjected for no meaningful purpose by the Sams. What has

---

[1] I will provide an affidavit or be sworn before this Court if the Court requests.
[2] Judge Lynch has ruled to reopen the Chapter 7 Bankruptcy of Karen Sam, ruling in favor of the Sams, further evidence of the absence of influence.

transpired in the efforts to reopen Karen Sam's Bankruptcy is of no relevance to the Third Amended Complaint before this Court. This sort of accusation must be stricken from the record and the Sams admonished not to inject this sort of false allegations into a pleading. This is one sort of unnecessary collateral attacking of peoples character that cannot be tolerated. It would certainly not be tolerated if made by an attorney. The Sams should have no greater leeway then an attorney in this instance.

These accusations serve no meaningful purpose in the Sams efforts to disqualify Attorney Cronauer. If maligning Attorney Hannigan and Judge Lynch is not enough, the Sams go on in this pleading to attach the State Court Judge that initially extended the 2023, along with the entire DeKalb County State Court system, once again with no proof or factual support. Apparently, if you rule against the Sams, you are unethical, part of a corrupt system, and motivated by improper influence, rather than the facts and law. Such inferences are neither supported nor supportable. There is no credible admissible evidence to support these collateral attempts by the Sams to making others. Nor can the Sams claim that they made these accusations in good faith.[3] They must be stricken from the record.

Accusing lawyers and judges of unethical conduct and committing crimes without proof is in and of itself unethical. The harm is done in the accusation itself. The Sams must be stopped, and the Sams must be held accountable.

The Cronauer Defendants and their counsel respectfully request that this Honorable Court strike all improper references in the Sams supplemental Motion to Disqualify ECF 134 and that the Court further hold the Sams accountable for the egregious statements made in documents filed with this Court, whether that be by way of fines or an order requiring that any pleading filed by them requires Leave of Court and a pre-review of what they are filing before it is filed.

---

[3] If Court does not want to accept attorney Hannigan's representations made herein in compliance with Rule 11, Judge Lynch can.

4

WHEREFORE, the Cronauer Defendants respectfully request that this Honorable Court strike all improper references in the Sams supplemental Motion to Disqualify and that the Court further hold the Sams accountable for the aggressive statements made in documents frilled with this Court, whether that be by way of fines or an order requiring that any pleading filed by them require leave of Court and a review of what they are filing before it is file.

Respectfully submitted,

/s/ Michael P. Hannigan
Attorneys for Defendant

Daniel F. Konicek (6205408)
Michael P, Hannigan (6190132)
KONICEK & DILLON, P.C.
21 W. State St., Geneva, IL  60134
630.262.9655
ATTY No. 37199
dan@konicekdillonlaw.com
mhannigan@Konicekdillonlaw.com

4