IN THE CIRCUIT COURT OF THE 23RD JUDICIAL CIRCUIT

DEKALB COUNTY, ILLINOIS

THE PEOPLE OF THE STATE )
OF ILLINOIS, )
                               )
     Plaintiff, )
                               ) CASE NO. 22 CF 546
       vs. )
                               )
ROBERT J. SAM, )
                               )
     Defendant. )

REPORT OF PROCEEDINGS of the hearing before

THE HONORABLE JUDGE MARCY BUICK, on the 18th of

June, 2024.

APPEARANCES:

       MR. JOSEPH HODDER,
       Assistant State's Attorney,
       for the People of the State of Illinois.

       MS. MICHELLE MARIE DIETRICH,
       Assistant Public Defender,
       for the defendant.

SANDRA FOORD, CSR 084-003025
Official Court Reporter
DeKalb County Courthouse

(The following proceedings were had in open court.)

MR. HODDER: Joe Hodder for the People, Your Honor.

MS. DIETRICH: And Michelle Marie Dietrich appears on behalf of Mr. Sam. Mr. Sam appears in person. Good morning, Judge.

THE COURT: Good morning.

MS. DIETRICH: We have an agreed resolution for this case.

THE COURT: Thank you.

Attorney Hodder?

MR. HODDER: Your Honor, the defendant has agreed to plead guilty to count 3 of 22 CF 546. That is a Class 3 theft. He will be placed in Second Chance Probation for a period of 24 months, to do 30 hours' community service, to pay fines and costs associated with that Second Chance Probation, to pay $300 in restitution to William Godfrey, with a return date of June 17, 2025, in this courtroom to show compliance, Your Honor, and the State would be dismissing counts 1 and 2.

MS. DIETRICH: That is accurate, Your Honor.

THE COURT: Robert, is that your understanding of the agreement that's been reached in your case?

DEFENDANT: Yes, Your Honor.

THE COURT: I'll have a quick look at this.

Attorney Hodder, at the end of the term of the agreement if Robert has completed the terms of the agreement, what is supposed to happen under the statute?

MR. HODDER: I believe under the statute the case closes. The conviction never enters, Your Honor, so I think the case would just close. This is basically felony supervision.

THE COURT: Does it entail a vacating of the guilty plea or no or is it like a court supervision where the case just closes satisfactorily?

MS. DIETRICH: It's actually a dismissal at the end, Judge, so I believe there would be a vacating of the plea.

THE COURT: An outright dismissal of the case?

MS. DIETRICH: Correct, because judgment --

MR. HODDER: Second Chance Probation?

MS. DIETRICH: Yes, because judgment of conviction never actually enters.

MR. SCHWERTLEY: Right. I think it's dismissed,

Judge, but there is -- he's not allowed to file and have it expunged for five years per the statute. It's dismissed.

THE COURT: Outright dismissed?

MR. SCHWERTLEY: Correct.

THE COURT: The guilty plea is vacated?

MR. SCHWERTLEY: Correct.

THE COURT: All right. And, Robert, is that your understanding?

DEFENDANT: Yes, ma'am, it is.

THE COURT: Robert, this agreement does involve your plea of guilty to a felony charge, so before I can accept your plea of guilty I will have some standard questions for you, also some standard admonishments.

So my first question to you this morning is: Do you have any difficulty understanding or reading English?

DEFENDANT: No, Your Honor.

THE COURT: Are you under any mental or physical disability, on any medication or under the influence of drugs or alcohol that is affecting your ability to understand this proceeding?

DEFENDANT: No, Your Honor.

THE COURT: Are you prescribed any medications that you did not take this morning and perhaps that is affecting your ability to understand this proceeding?

DEFENDANT: No.

THE COURT: And you've had sufficient time to talk with your attorney about this agreement?

DEFENDANT: Yes.

THE COURT: Do you have any additional questions you want to ask Attorney Dietrich?

DEFENDANT: No, Your Honor.

THE COURT: It is my understanding this morning you are pleading guilty to count 3 of the State's indictment. That is theft, Class 3 felony. Is that the charge you're pleading guilty to?

DEFENDANT: Yes, Your Honor.

THE COURT: Are you guilty of that charge? Did you commit that offense?

DEFENDANT: Yes, Your Honor.

THE COURT: That Class 3 felony is punishable by a sentence to the Illinois Department of Corrections of two to five years. An extended term if you were eligible could be up to ten years. A sentence of probation could be up to 30 months. If you were

sentenced to the Department of Corrections, you would serve up to six months' supervised release. You could be fined up to $25,000.

And there's no additional sentencing possibilities; correct?

MR. HODDER: Correct, Your Honor.

THE COURT: And, Robert, if you are not a citizen of the United States, you are advised that a conviction of the offense that you've been charged with may result in your deportation, exclusion from admission to the United States or denial of naturalization under the laws of the United States.

Robert, you have important constitutional rights.

You are presumed to be innocent. You have the right to plead guilty, the right to plead not guilty. The State must prove that you're guilty beyond a reasonable doubt.

You have the right to a trial by a judge or a jury. If you plead guilty, you will not have a trial of either kind.

And you understand what a jury trial is; correct?

DEFENDANT: Yes, Your Honor.

THE COURT:  You have the right to remain silent, the right to testify, the right not to testify.  If you were to choose not to testify, that decision cannot be held against you.

You would have the right to confront and cross-examine witnesses that may be called to testify against you.

You would have the right to use the subpoena power of the Court to compel witnesses to appear on your behalf.

You have the right to an attorney.  If you cannot afford an attorney, one would be appointed to represent you.

If you were to go to trial and be convicted, you would have the right to have a presentence investigation done, have a sentencing hearing and to make a statement before the Court hands down its sentence.

In addition, as a consequence of a conviction or a plea of guilty the sentence for any future conviction may be increased.  There may be a higher possibility of the imposition of consecutive sentences.

There may be registration requirements that

restrict where you may work, live or be present. There may be an impact upon your ability to retain or obtain housing in the public or private market, retain or obtain employment, retain or obtain a firearm, an occupational license or a driver's license.

Robert, I have listed a number of items that are your rights, and you understand by pleading guilty this morning you may be waiving or giving up those rights?

DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you still wish to plead guilty?

DEFENDANT:  Yes, Your Honor.

THE COURT:  Has anyone forced you into pleading guilty?

DEFENDANT:  No.

THE COURT:  Has anyone promised you anything other than the terms of this agreement in exchange for your plea of guilty?

DEFENDANT:  No.

THE COURT:  And, Attorney Hodder, please recite a factual basis for the plea.

MR. HODDER:  Thank you, Your Honor.  If 22 CF 546 were to proceed to trial, the People would call

as a witness a William Godfrey who would testify that on or about May 11, 2022, he hired his neighbor Robert Sam to do some repairs at his house. After one day of the repairs William Godfrey will testify him noticing some items were missing, including an antique sword and an antique bayonet.

The People would also call officers from the Sycamore Police Department that would testify to responding to that call by William Godfrey and that during the course of their investigation they located the antique sword and bayonet that was pawned at Bridge Pawn in DeKalb and that was pawned by a Robert Sam.

Finally, officers from the Sycamore Police Department would testify to making contact with Robert Sam where he admitted to taking the antique bayonet and sword and selling it at Bridge Pawn and with a value of over $500, these events taking place in DeKalb County, state of Illinois.

MS. DIETRICH: For purposes of this agreement we will stipulate to those facts.

THE COURT: Robert, with that information being provided to me I do find there is a factual basis that supports your plea of guilty to this charge.

I find further that you have pled guilty knowingly, understandingly and voluntarily.

Your plea of guilty is accepted at this time, and you signed this guilty plea form?

DEFENDANT: Yes.

THE COURT: You're not being formally sentenced. There's no judgment of conviction entering at this time. Essentially your case is being continued. You're being ordered into this special type of probation, and that is what they call the Second Chance Probation.

All the terms of that special probation are on these two pages. This is the order. Did you review that with Attorney Dietrich?

DEFENDANT: Yes.

THE COURT: Do you understand what you're required to do to successfully complete this special type of probation?

DEFENDANT: I do.

THE COURT: And you will have a status date on the case where you need to be present before the Court just so the Court can make sure you're on your way to completing the terms of the agreement, June 17, 2025, 9 o'clock.

I will waive the required assessments. You will owe $1,545. You will pay probation fees. There's also an order for restitution to William Godfrey of $300. You pay that through the Circuit Clerk's Office as well.

That's all I need to tell you today, Robert. Good luck.

Thank you.

MS. DIETRICH: Thank you, Judge.

DEFENDANT: Thank you.

(End of proceedings.)

12

IN THE CIRCUIT COURT OF THE 23RD JUDICIAL CIRCUIT

DEKALB COUNTY, ILLINOIS

I, Sandra Foord, certify the foregoing to be a true and accurate transcript of the electronic recording of the proceeding of the above-entitled cause, which recording contained the operator's certification as required by Local Rule 1.02(b)(2).

*Sandra Foord*
_____
Official Court Reporter

License No. 084-003025

Dated this 25th day of June, 2024.