



FILED
10/16/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MEN

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## Case No.: 3:23-cv-50301

**Plaintiff(s):** Robert Sam, Karen Sam
**Defendant(s):** DeKalb Housing Authority, Melissa Mobile, Nicholas Cronauer, et al.

## PLAINTIFFS' MOTION FOR SANCTIONS AGAINST ATTORNEY NICHOLAS CRONAUER

NOW COME the Plaintiff(s), Robert Sam and Karen Sam, pro se, and respectfully move this Honorable Court to impose sanctions upon Attorney Nicholas Cronauer for violations of his ethical and professional obligations under the Illinois Rules of Professional Conduct. In support of this Motion, Plaintiffs state as follows:

## 1. Conflicts of Interest and Ethical Violations

Attorney Nicholas Cronauer is currently representing Defendant Melissa Mobile in this federal lawsuit, despite having substantial conflicts of interest that should have precluded his continued representation. Plaintiffs have recently uncovered the following relationships that create serious ethical concerns:

- **Brett Brown**, a potential relative of Defendant Mobile, was a partner at the firm **Burns Cronauer & Brown**, where Mr. Cronauer's father was also a

partner. Mr. Brown additionally served as the Director of the DeKalb Housing Authority, which is a defendant in this case.

- Mr. Cronauer is now representing parties with close familial and professional ties, without disclosing these conflicts to the Court or Plaintiffs.
- Under Illinois Rules of Professional Conduct, an attorney is required to avoid conflicts of interest and to promptly disclose any potential conflicts to the Court. Mr. Cronauer has failed in this regard.

## 2. Failure to Disclose

Mr. Cronauer has an ongoing obligation to inform the Court of any conflicts of interest and avoid representing clients where there is a conflict that materially limits his ability to represent them fairly. Despite his legal and ethical obligations, Mr. Cronauer has failed to disclose the relationships between himself, his law firm, past law firms and individuals connected to the DeKalb Housing Authority and Defendant Mobile. This omission violates Rule 1.7 of the Illinois Rules of Professional Conduct, which prohibits such conflicts of interest unless full disclosure is made and consent is obtained.

## 3. Harm to Plaintiffs

The failure of Mr. Cronauer to disclose these relationships and the housing authority's refusal to port our vouchers, based on unsupported allegations by Defendant Mobile,

has caused severe prejudice to Plaintiffs and created a dangerous situation for our family.

Plaintiffs, including Karen Sam, who is disabled, and our minor child, who is also disabled, rely on stable housing to maintain their health and safety. The refusal of the housing authority to port our vouchers, influenced by Defendant Mobile's unsupported claims, has put us at risk of homelessness.

Had we become homeless as a result of these actions, the consequences would have been dire. Due to her medical conditions, my wife requires consistent care and a safe living environment. Without stable housing, her health would be seriously compromised, and in the worst-case scenario, homelessness could lead to life-threatening situations. This reckless disregard for our family's well-being by the housing authority, Defendant Mobile, and their attorney is unacceptable and demonstrates the significant harm caused by Mr. Cronauer's ethical violations. And if Brett Brown had anything to do with causing our vouchers to be held up while they still paid Malissa Mobile, this is Reckless Endangerment.

## 5. Court's Authority to Impose Sanctions

This Court has inherent authority to impose sanctions on parties or attorneys who act in bad faith or fail to comply with their ethical obligations. Under the Federal Rules of

Civil Procedure, Rule 11 provides that sanctions may be appropriate where a party or attorney submits documents to the court for an improper purpose, such as causing unnecessary delay or needlessly increasing the cost of litigation. Additionally, the Court may sanction any misconduct that abuses the judicial process.

## 6. Request for Relief

Given the seriousness of Mr. Cronauer's ethical violations and the ongoing harm to Plaintiffs, sanctions are warranted. Plaintiffs respectfully request that this Honorable Court impose the following sanctions:

- **Monetary Sanctions**: Plaintiffs request that the Court order Mr. Cronauer to pay Plaintiffs' costs and expenses incurred as a result of his continued representation of Defendant Mobile and his failure to disclose conflicts of interest.
- **Disqualification of Counsel**: Plaintiffs request that Mr. Cronauer be disqualified from representing Defendant Mobile in this matter due to the substantial conflict of interest and failure to disclose the same.
- **Other Sanctions**: Plaintiffs request that the Court impose any additional sanctions deemed appropriate to prevent further prejudice and ensure the integrity of the proceedings.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1. Impose sanctions on Attorney Nicholas Cronauer for his failure to disclose conflicts of interest in violation of his ethical obligations;
2. Order Mr. Cronauer to pay Plaintiffs' costs and expenses resulting from his actions;
3. Disqualify Mr. Cronauer from further representation of Defendant Melissa Mobile in this matter;
4. Grant any other relief this Court deems just and proper.

**DATED:** 10/16/24

**Respectfully Submitted,**

**Robert Sam and Karen Sam, Pro Se**