**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Robert and Karen Sam, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 23 CV 50301 |
| v. | ) | |
| | ) | |
| Melissa Mobile, et al., | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Defendants. | ) | |

**ORDER**

For the reasons stated below, Plaintiffs' motion to disqualify Cronauer Law, LLP and Christopher Nicholas Cronauer ("Cronauer counsel") as counsel for Defendants Melissa Mobile and BKA Holdings LLC ("Landlord Defendants") [134] is denied without prejudice to renewal before trial. The Court also denies Plaintiffs' motions to supplement [137, 148, 149].

**STATEMENT/OPINION**

Plaintiffs, Robert and Karen Sam, proceeding *pro se*, bring a third amended complaint against Defendants Melissa Mobile, BKA Holdings LLC, the Law Office of Riley N. Oncken P.C., Riley N. Oncken, Christopher Nicholas Cronauer, Cronauer Law, LLP, the Housing Authority of the County of DeKalb Illinois, and the City of Sycamore, Illinois, alleging multiple claims arising from a landlord/tenant dispute and eviction proceeding.

Plaintiffs' original complaint pursued claims against Defendants Melissa Mobile, BKA Holdings LLC, the Law of Office of Riley N. Oncken P.C., and Hometown Realty [7]. They then filed an amended complaint replacing Defendant Hometown Realty with Defendant Riley N. Oncken [12]. On September 19, 2023, Attorney Cronauer entered an appearance on behalf of Defendants Melissa Mobile and BKA Holdings, LLC [14, 15]. On October 2, 2023, Plaintiff filed a motion to disqualify, alleging that Cronauer counsel violated the American Bar Association's ("ABA") Model Rules of Professional Conduct 1.18, 1.7, and 3.7[1] [22]. The Landlord Defendants responded on October 3, 2023 [23], and Plaintiffs replied on October 10, 2023 [25]. On November 27, 2023, the Court directed the parties to submit to the Court for in camera review, "any and all email correspondence between the parties as they relate to the issues presented in the briefs" [32]. Before the Court issued a ruling, Plaintiffs made an oral motion to supplement the original motion, which the Court granted [48]. On February 13, 2024, Plaintiff filed a supplemental motion to

---

[1] The American Bar Association's Model Rules of Professional Conduct are the applicable Rules of Professional Conduct adopted by the Northern District of Illinois. Local Rule 83.50. Local Rule 83.50 further provides that "[o]n any matter not addressed by the ABA Model Rules or for which the ABA Model Rules are inconsistent with the Rules of Professional Conduct, a lawyer admitted to practice in Illinois is governed by the Illinois Rules of Professional Conduct, as adopted by the Illinois Supreme Court, and a lawyer not admitted to practice in Illinois is bound by the Rules of Professional Conduct for the state in which the lawyer's principal office is located."

disqualify Cronauer counsel focusing solely on the alleged violation of Rule 1.18. Landlord Defendants responded on February 15, 2024 [58], and Plaintiffs replied on March 1, 2024 [60]. Subsequent to these filings, on March 5, 2024, Plaintiffs filed a second amended complaint which added Cronauer Law LLP and Christopher Nicholas Cronauer as Defendants [61]. On April 1, 2024, the Court denied Plaintiffs' motion to disqualify Cronauer counsel without prejudice [69].

On September 10, 2024, the Court allowed Plaintiffs to file a supplemental motion to disqualify [127]. Plaintiffs filed that motion on September 14, 2024, and an additional supplement to the motion on October 3, 2024 [134, 137]. The Landlord Defendants responded on September 16, 2024 [135], and Plaintiffs replied on the same day [136]. Cronauer counsel responded to Plaintiff's motion on October 9, 2024 [143]. In their renewed motion to disqualify, Plaintiffs allege that Attorney Cronauer and his law firm, through their representation of the Landlord Defendants, are committing: (1) a violation of American Bar Association Rule 1.7; (2) a violation of Rule 1.18; and (3) a violation of Rule 3.7.

## DISCUSSION

Motions to disqualify counsel are analyzed in two steps. *Freeman Equip., Inc. v. Caterpillar, Inc.*, 262 F. Supp. 3d 631, 634 (N.D. Ill. 2017). The first step requires determining whether counsel committed an ethical violation. *Id*. The second step looks to whether disqualification is the appropriate remedy. *Id*. Disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Watkins v. Trans Union, LLC*, 869 F.3d 514, 519 (7th Cir. 2017) (quoting *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982)). The party moving for disqualification bears the burden of proving the facts required for disqualification. *Guillen v. City of Chicago*, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997).

### A. Concurrent Conflict of Interest

Plaintiffs' main argument for disqualification stems from the fact that Cronauer counsel are now parties to this lawsuit, while also serving as counsel for their co-Defendants, the Landlord Defendants. Plaintiffs claim that this violates ABA Model Rule of Professional Conduct 1.7 which provides, in relevant part:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: . . .

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

ABA Model Rule 1.7.

Plaintiffs argue that there is a concurrent conflict of interest because Cronauer counsel and the Landlord Defendants are co-Defendants in this case. However, there is no inherent significant risk that an attorney's representation of a defendant in a lawsuit will be materially limited when the attorney is also a defendant. *See Walton v. Diamond*, No. 12 CV 4493, 2012 WL 6587723, at *2 (N.D. Ill. Dec. 14, 2012) ("[P]laintiffs cite no case law to support the position that [an attorney] may not represent himself as a defendant and his alleged co-conspirators absent a showing of a 'substantial discrepancy.'"). Plaintiffs have not pointed to any substantial discrepancy between the

positions of Cronauer counsel and the Landlord Defendants. *See* ABA Model Rule 1.7, cmt. 23. Therefore, while the Court recognizes the potential for conflict, Plaintiffs have not met their burden of identifying a concurrent conflict of interest at this time.

Additionally, Rule 1.7 allows waiver of a concurrent conflict of interest if:

> "(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent."

ABA Model Rule 1.7. In this case, the representation is not prohibited by law, and a review of the pleadings shows that it does not involve the assertion of a claim by one client against another client represented by the same counsel in the same litigation. Cronauer counsel indicate in the response brief of the Landlord Defendants [135] that they believe they can provide competent and diligent representation to the Landlord Defendants. They also indicate that "informed consent has been received, including retaining independent counsel Hannigan for [the Landlord Defendants] out of caution." [135, p. 1-2]. The Court thus finds that the requirements of Rule 1.7 have been met. S*ee Signal Financial Holdings LLC v. Looking Glass Financial LLC*, No. 17 CV 8816, 2020 WL 12111372, at *3 (N.D. Ill. July 13, 2020) (finding the criteria of Rule 1.7(b) satisfied where the attorney believed she could provide "competent and diligent representation," . . . "nothing in law prohibit[ed] the representation," the parties had not "filed claims against each other in this court or any other tribunal" and the client "presented evidence of informed consent").

## B. Prospective Client Conflict

Plaintiffs also renew their argument that Cronauer counsel's representation in this case is a violation of Rule 1.18. Rule 1.18 provides, in relevant part:

> (a) A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

> (b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information, except as Rule 1.9 would permit with respect to information of a former client.

> (c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter….

ABA Model Rule 1.18.

To show a violation of Rule 1.18, Plaintiffs must establish that (1) a prospective client-lawyer relationship existed between Plaintiff Robert Sam and Cronauer counsel; (2) that the subject matter of the prospective client-lawyer relationship is "substantially related" to the current litigation; and (3) that Cronauer counsel received information during the prospective client-lawyer relationship with Plaintiff Robert Sam that could be significantly harmful to Plaintiffs in this case. *See Dahleh v. Mustafa*, No. 17 CV 8005, 2018 WL 1167675 (N.D. Ill. March 5, 2018).

First, Plaintiffs have established that Plaintiff Robert Sam had a prospective client-lawyer relationship with Cronauer counsel. This relationship occurred with respect to Plaintiff seeking representation for a criminal matter in Fall 2022 [56, 58]. Cronauer counsel does not dispute that Plaintiff Robert Sam consulted with Cronauer counsel about the possibility of forming a client-lawyer relationship [58]. They argue that Plaintiff Robert Sam's "attorney shopping" precluded the formation of the prospective-client lawyer relationship [58], but they do not make any showing that Robert Sam communicated with them for the purpose of disqualifying them from potential future litigation. *See* ABA Model Rule 1.18, cmt. 2. Plaintiffs respond that Robert Sam contacted Cronauer Law in a good faith attempt to retain counsel to defend him against the then pending criminal charges [60]. The Court finds no basis to conclude that Robert Sam was engaging in attorney shopping for the purpose of disqualifying counsel in other potential litigation and concludes that there was a prospective client-lawyer relationship between Plaintiff Robert Sam and Cronauer counsel based on the consultation between Sam and Cronauer counsel that has been established by the emails which were submitted for the Court's in camera review. *See* ABA Model Rule 1.18.

Next, Plaintiffs must establish that the subject matter of the prospective client-lawyer relationship is "substantially related" to this case. As defined by Rule 1.9, two matters are "substantially related" when they "involve the same transaction or legal dispute" or there is "a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." ABA Model Rule 1.9; *see also Watkins*, 869 F.3d at 520. The subject matter of the prospective client-lawyer relationship was a criminal case charging Plaintiff Robert Sam with two counts of aggravated home repair fraud and one count of theft [58]. The current civil litigation involves claims arising from a landlord-tenant dispute and eviction. Taken at face value, these claims do not involve the same transaction or legal dispute.

Additionally, there is no substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the Landlord Defendants' position in the current litigation. Plaintiffs primarily contend that Robert Sam's criminal charges will be at issue in this case because the Landlord Defendants sought to evict Plaintiffs based on Plaintiff Robert Sam's arrest and have relied on the criminal charges as a defense to Plaintiffs' allegations in this case. [60, p. 6,9] Relatedly, Plaintiffs contend that Robert Sam was seeking Cronauer counsel's representation to avoid losing his Section 8 vouchers as a result of his criminal charges. *Id.*

A criminal defense attorney representing Plaintiff Robert Sam in his criminal case would normally obtain confidential factual information related to plea negotiations and the strength of the evidence. However, Plaintiffs have not articulated how there is a substantial risk that any confidential information would materially advance the Landlord Defendants' defense based on these potential issues. At the time of the alleged discriminatory action, the eviction proceedings, Plaintiff Robert Sam's arrest was already public record [58, 60]. Moreover, Robert Sam's relationship with Cronauer counsel never advanced beyond email exchanges as to their potential representation of him in the criminal case. It is Plaintiffs' burden to demonstrate a substantial relationship, and they have not done so. *See Dahleh*, 2018 WL 1167675, at *3 ("[T]he burden is on the movants to establish that disqualification is appropriate, and that burden is a heavy one.").

4

Finally, even assuming that the cases are substantially related, Plaintiffs have provided no evidence that Plaintiff Robert Sam gave Cronauer counsel information that could be significantly harmful to the Plaintiffs in this case. Plaintiffs mention that Plaintiff Robert Sam disclosed to Cronauer counsel information about the criminal charges as well as his worries that the criminal charges would affect his ability to receive Section 8 Housing Vouchers [56]. These disclosures are also minimally reflected in the emails that Plaintiffs submitted for the Court's in camera review. However, Plaintiffs make no showing why the details of those charges or worries about the potential effects of those charges would be significantly harmful to Plaintiffs in this case. *See id.* Accordingly, Plaintiffs have not established a violation of Rule 1.18 that requires disqualification of Cronauer counsel.

### C. Lawyer as Witness

Plaintiffs also seek to disqualify Cronauer counsel based on a violation of Rule 3.7. Rule 3.7 provides, in relevant part:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> > (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

Plaintiff represents that he will call Defendant Cronauer as a witness as trial. Even assuming that Defendant Cronauer is a "necessary witness," this rule does not prevent Defendant Cronauer from representing Defendants pre-trial. *See Signal Financial Holdings LLC*, 2020 WL 12111372, at *2; *see also Kindstrom v. Lake County*, No. 22 CV 50041, 2024 WL 916154 (N.D. Ill. March 4, 2024). It would be premature to disqualify counsel on this basis at this point in the case. "Rule 3.7 serves to reduce the risk of jury confusion and to avoid the appearance of impropriety. These concerns do not come into play unless and until the attorney-witness is also trial counsel." *alfaCTP Sys., Inc. v. Nierman*, No. 15-CV-9338, 2016 WL 687281, at *6 (N.D. Ill. Feb. 19, 2016). At this point in the case, concerns about prejudice at trial are "merely speculative." *Id.* Therefore, Plaintiffs have not shown a need for disqualification under Rule 3.7 at this time.

### D. Motions to Supplement

Plaintiffs also filed, without leave of the Court, three motions which the Court construes as motions to supplement [137, 148, 149]. In these motions, Plaintiffs claim that Cronauer counsel has additional disqualifying conflicts of interest due to Bankruptcy Petition 23 BK 80459 and potential relationships with individuals not parties to this case. Plaintiffs do not adequately explain why the bankruptcy proceeding presents a conflict of interest. Cronauer counsel does not represent Plaintiff Karen Sam in that proceeding, nor is there any reason to believe that their involvement in that proceeding will materially limit their representation of Landlord Defendants in this case. Plaintiffs also do not adequately explain why any potential relationship between Cronauer counsel and third-party individuals presents a conflict of interest in this case.

The primary argument Plaintiffs make in the most recent motions [148, 149] is that defendant Melissa Mobile is a "potential" relative of Brett Brown, who at some point in time was a partner at a law firm with Defendant Cronauer's father and has ties to the DeKalb Housing Authority. Plaintiffs argue that this information further warrants Cronauer counsels'

disqualification and should entitle them to sanctions due to nondisclosure of this information. Such speculative allegations provide no basis for the relief that Plaintiffs request.

## **CONCLUSION**

Plaintiffs have not met their burden to disqualify Cronauer counsel at this time. Plaintiffs' motion to disqualify Cronauer counsel as counsel for the Landlord Defendants [134] is denied without prejudice to renewal before trial. The Court also denies Plaintiffs' motions to supplement [137, 148, 149].

Date: October 17, 2024

ENTER:

_Margaret J. Schneider_
United States Magistrate Judge

6