**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT & KAREN SAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 23-cv-50301 |
| | ) | |
| RILEY ONCKEN, RILEY | ) | |
| N. ONCKEN, P.C., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS RILEY N. ONCKEN AND RILEY N. ONCKEN, P.C'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**

Defendants RILEY N. ONCKEN AND RILEY N. ONCKEN, P.C. (collectively, "Oncken"), by and through their attorneys, Cray Huber Horstman Heil & VanAusdal LLC, and for their Motion to Dismiss Plaintiffs' Third Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), state:

**INTRODUCTION**

Oncken has no relationship with Plaintiffs. Oncken is an attorney engaged in the private practice of law. He is not a private landlord. He is not a housing provider. He does not receive any federal financial assistance for his legal services. This matter arises solely out of Oncken's representation of Co-Defendant BKA Holdings, LLC, in an eviction action filed against Plaintiffs. Frustrated that they were being involuntarily evicted after failing to pay rent, Plaintiffs filed the instant Third Amended Complaint. As all Plaintiffs' Complaints have been, the Third Amended Complaint is a hodgepodge of thirteen meritless claims against Oncken, not grounded in any facts, nor established law. This Court lacks subject matter jurisdiction over Plaintiffs' claims and Plaintiffs have also failed to state a claim for relief under all legal theories.

**STATEMENT OF FACTS**

Around September 6, 2019, Plaintiffs entered into a lease agreement with BKA Holdings, LLC to rent a unit at 639 Stonegate Drive, Sycamore, IL. (Doc. 109, at ¶¶ 1, 23.) Around February 2023, Plaintiffs were unable to make their rent payment on time. (Doc. 109, at ¶ 48.) Plaintiffs and BKA Holdings entered into an Agreed Order permitting Plaintiffs to make this late payment in exchange for vacating the leased premises by May 31, 2023. (Doc. 109, at ¶ 49.) The Agreed Order was signed by Plaintiff Robert Sam. (Doc. 109, at ¶ 50.) The Agreed Order, along with an order of eviction, was filed with and entered by the eviction court on March 10, 2023. (Doc. 109, at ¶ 61.) Around March 2023, Plaintiffs again became deficient in their rental payments, resulting in the need for BKA Holdings, LLC to evict Plaintiffs. (Doc. 109, at ¶¶ 56-57.) BKA Holdings, through its attorney Oncken, filed an Eviction Complaint against Plaintiffs for failing to pay rent on time, relying on the terms of the Agreed Order. (Doc. 109, at ¶¶ 56-57.) On April 7, 2023, Plaintiff sought to vacate the eviction order, as, according to Plaintiffs, it was not supposed to be entered unless and until Plaintiffs failed to vacate the property on or before May 31, 2023. (Doc. 109, at ¶¶ 65-66.) The eviction court, however, denied the motion. (Doc. 109, at ¶ 67.)

Plaintiffs appealed, and the Appellate Court granted Plaintiffs' emergency motion to stay the Trial Court's judgment pending appeal, provided that Plaintiffs paid all accrued rent. (Doc. 109, at ¶¶ 68-69.) On November 28, 2023, the Appellate Court vacated the March 10, 2023, eviction order and found the agreed order unenforceable. (Doc. 109, at ¶¶ 75-76.) BKA Holdings has since filed an amended eviction action and is seeking to evict Plaintiffs for unpaid rent. (Doc. 109, at ¶ 79.) Plaintiffs allege Oncken's filing of the eviction complaint on behalf of BKA Holdings caused them damages.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The district courts shall have original jurisdiction of

all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction and can only adjudicate those cases that fall within Article III of the Constitution and a congressional authorization enacted thereunder. *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019).  In 28 U.S.C. § 1331, Congress granted federal courts jurisdiction over cases that "aris[e] under" federal law, often known as "federal-question jurisdiction," which affords parties a federal forum in which "to vindicate federal rights," *Home Depot U. S. A.*, 587 U.S. at 437–38.

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when a plaintiff's complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 1950. A complaint that only "offers 'labels and conclusions'" or "naked assertions devoid of further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

## **ARGUMENT**

I. **PLAINTIFFS' COMPLAINT MUST BE DISMISSED WITH PREJUDICE BECAUSE ALL COUNTS PURPORTEDLY FILED UNDER FEDERAL LAW FAIL.**

    A. **Plaintiffs' Claim Under the CARES Act Must Be Dismissed With Prejudice Because There is No Private Right of Action**. (Count I).

To determine whether a federal statute has a private right of action, "[t]he central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of

action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979). The Supreme Court has increasingly discouraged the recognition of implied rights of action without a clear indication of congressional intent. *Duplan v. City of N.Y.*, 888 F.3d 612, 621 (2d Cir. 2018). Federal courts have consistently held that the CARES Act does not expressly or impliedly create a private right of action. *Saloojas, Inc. v. Aetna Health of California, Inc.*, 80 F.4th 1011, 1014-16 (9th Cir. 2023). Every district court that has ruled on this issue has concluded that there is no private right of action under the CARES Act. *Id.* at 1016.

Here, Plaintiffs allege Oncken violated the CARES Act by knowingly filing the Eviction Complaint and Eviction Order before their landlord provided them the required thirty days' notice to vacate. There is no private right of action for Plaintiffs to bring such a claim. Consequently, no federal question jurisdiction exists under 28 U.S.C. § 1331 and this claim must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

Alternatively, Plaintiffs have failed to state a claim upon which relief can be granted under the CARES Act because Oncken and his law firm are not "landlords." Plaintiffs allege Oncken violated Section 4024 of the CARES Act, which prohibits **lessors** of certain "covered dwellings" from initiating eviction proceedings against their tenants and requires **lessors** to serve a 30-day notice of termination of tenancy to the tenant. *See* Pub. L. No. 116-136, 134 Stat. 281, 492-94 (2020). Here, Oncken is not a lessor of a covered dwelling subject to the requirements under the Act. He is an attorney. His representation of a lessor of a covered dwelling in an eviction action does not make him a lessor. Therefore, this claim must be dismissed under Rule 12(b)(6) for failure to state a claim.

    **B.**    **Plaintiffs' Claim Under HUD Regulations Must Be Dismissed With Prejudice Because There Is No Private Right of Action. (Count II).**

Federal guidance documents, including a HUD Notice, do not have any legally enforceable effect. *See Thorpe v. Hous. Auth. of City of Durham*, 393 U.S. 268, 275 (1969) ("[T]he various 'handbooks' and 'booklets' issued by HUD contain mere 'instructions,' 'technical suggestions,' and 'items for consideration.'"); *see also Burroughs v. Hills*, 741 F.2d 1525, 1529 (7th Cir. 1984) (finding a HUD handbook non-binding).

Here, Plaintiffs alleged Oncken is personally liable, and his law firm is vicariously liable, for violating HUD's interim final rule because they filed an amended complaint to evict Plaintiffs without providing the thirty-day statutory notice required under HUD's rules. Plaintiff has no private right of action because the Notice is not legally binding but merely guidance. Further, even if a private right of action under the HUD regulations existed, Plaintiffs have failed to state a claim upon which relief can be granted because Oncken does not fall within the scope of individuals subject to HUD regulations. The HUD rule explicitly applies to "public housing agencies" and "federally subsidized project-based properties," which are required to provide tenants with a 30-day notice to vacate before initiating eviction proceedings. HUD Notice PIH 2015-19. Oncken is not a public housing agency nor a federally subsidized project-based property owner. Therefore, Plaintiffs' claim must be dismissed with prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### C. Plaintiffs' 42 U.S.C. § 1983 Claim Must Be Dismissed With Prejudice Because Oncken Is Not A State Actor. (Count XVII.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the constitution or other laws of the United States." 42 U.S.C. § 1983 (emphasis added); *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 claims apply only to the deprivation of "fundamental" rights deeply

rooted in history or implicitly tied to liberty, which are rare. *Taake v. County of Monroe*, 530 F.3d 538, 542 (7th Cir. 2008).

Here, Plaintiffs fail to allege either element. Plaintiffs assert that Oncken violated their rights by filing an Eviction Order without providing the required thirty days' notice. First, Oncken acting as a private attorney in an eviction action for a private landlord, was not "acting under color of state law." (See Doc. 109, at ¶¶ 11-12.) Second, there are no constitutional rights implicated in Plaintiffs' claims because the CARES Act and Interim Final Rule do not constitute constitutional rights. Therefore, Plaintiffs' 42 U.S.C. § 1983 claim must be dismissed under Fed. R. Civ. P. 12(b)(6).

> **D.** **Plaintiffs' Fair Debt Collection Practices Act (FDCPA) Claim Must Be Dismissed With Prejudice Because Oncken Is Not A "Debt Collector." (Count X.)**

The FDCPA applies exclusively to "debt collectors" as defined by the statute. 15 U.S.C. § 1692(a)(6). In *Watkins v. Associated Brokers, Inc.*, the court dealt with an eviction case involving tenants in a foreclosed property who had not paid rent. 1998 WL 312124, at *1-2 (N.D. Ill. June 5, 1998). The court found that a lawyer who filed the foreclosure action on his client's behalf was not a "debt collector" under the FDCPA's definition and dismissed the claim pursuant to Rule 12(b)(6). *Id.* at *2. Here, Plaintiffs allege Oncken acted as a debt collector by filing the Eviction Complaint to collect unpaid rent and associated fees. Oncken's role in assisting with an eviction does not fall within the scope of debt collection under the FDCPA. Thus, Plaintiffs' FDCPA claim must be dismissed under Rule 12(b)(6).

> **E.** **Plaintiffs' Retaliation Claim Under the Fair Housing Act (FHA) Must Be Dismissed With Prejudice Because Oncken Is Not Subject to the Requirements of the FHA. (Count XXIII, Wrongly Numbered XXII.)**

To establish a prima facie case of retaliation under the FHA, a plaintiff must demonstrate: (1) they engaged in a protected activity; (2) the defendants were aware of this activity; (3) the

defendants took adverse action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse action. *Regional Economic Community Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 54 (2d Cir. 2002); *See Miller v. Polaris Laboratories, LLC*, 797 F.3d 486, 492 (7th Cir. 2015) (discussing elements of retaliation action). Sections 3603 and 3604 of the FHA provide that any person or other entity involved in the sale or rental of housing set forth in the Act can be liable for housing discrimination. 42 U.S.C. § 3603, 3604. This would include landlords, real estate agents, lenders, and homeowners' associations. *Id.* Onken, as an attorney, not involved in the sale or rental of housing, is not subject to the FHA. (See Doc. 109, at ¶¶ 11-12.) Therefore, Plaintiffs' retaliation claim under the FHA must be dismissed with prejudice.

**F.      Plaintiffs' Retaliation Claim Under the Americans with Disabilities Act (ADA) Must Be Dismissed With Prejudice Because Oncken Is Not Subject to the Requirements of the ADA. (Count XXIII, Wrongly Numbered XXII.)**

The Americans with Disabilities Act (ADA) primarily focuses on preventing workplace discrimination against individuals with disabilities. 42 U.S.C. § 12101. While the ADA does not typically govern housing matters, Titles II and III of the Act prohibit discrimination based on disability in programs, services, and activities of public entities, as well as by private entities that own, operate, or lease places of public accommodation. 42 U.S.C. §§ 12132, 12182. The ADA applies only to individuals or entities that own or lease places of public accommodation. 42 U.S.C. § 12182(a). Here, again, Oncken is not subject to the ADA's requirements in this matter because the case involves the leasing of a private residential unit, which Oncken neither owned, operated, nor leased. Accordingly, Plaintiffs' retaliation claim under the ADA must be dismissed with prejudice.

**II.    PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. § 1367(C) BECAUSE THIS COURT DOES NOT HAVE ORIGINAL JURISDICTION OVER THE IMPROPER FEDERAL CLAIMS.**

Under 28 U.S.C. § 1367(c), a federal court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction. The decision to exercise or decline supplemental jurisdiction is left to the discretion of the court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). In *Mine Workers v. Gibbs*, the Supreme Court recognized that a federal court's adjudication of state-law claims might conflict with the principles of comity toward state courts and hinder the promotion of justice between the parties. 383 U.S. 715, 726 (1966). When the balance of judicial economy, convenience, fairness, and comity favors the state court—such as when the federal-law claims are dismissed early in the litigation, leaving only state-law claims—the federal court should decline to exercise jurisdiction by dismissing the case without prejudice. *Id.* at 726–27.

Here, as established above, Plaintiffs' federal claims must be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The remaining state law claims are merely bootstrapped to the improper federal claims through supplemental jurisdiction. In the interest of judicial economy and convenience—if this Court does not dismiss the state law claims with prejudice as requested below—it should dismiss the state law claims under Fed R. Civ. P. 12(b)(1) and 28 U.S.C. § 1367(c).

III. **PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER ALL STATE LAW CLAIMS AGAINST ONCKEN.**

A. **Plaintiffs' Defamation Claim Must Be Dismissed With Prejudice Because Substantial Truth Is an Absolute Defense to Defamation. (Count XV.)**

To establish a defamation claim, a plaintiff must allege that: (1) the defendant made a false statement about the plaintiff, (2) the defendant published that statement to a third party without privilege, and (3) the publication caused harm to the plaintiff. *Solaia Tech., LLC v. Specialty Pub. Co.*, 221 Ill.2d 558, 579 (2006). Truth, however, is an absolute defense to defamation, and only the "substantial truth" of a statement is required to invoke this defense. *Seitz-Partridge v. Loyola*

*University of Chicago*, 2013 IL App (1st) 113409, ¶ 21. When no reasonable jury could find that substantial truth has not been established, the issue may be decided as a matter of law in a motion to dismiss. *Id.*

Here, Plaintiffs allege Oncken defamed Plaintiffs by posting the following on his GoFundMe page: "Do not donate and be defrauded by this family. They can't find a place to move because her husband has pending felony charges and no landlord will rent to them. Ask for your donations back. Google 'Robert Sam Sycamore' and you will find the article where he was charged with aggravated home repair fraud and theft from elderly victims." If someone were to Google "Robert Sam Sycamore," they would indeed find results showing that he was charged with aggravated home repair fraud and theft from elderly victims.[1] Since the statement is true, no reasonable jury could find that the substantial truth defense does not apply. Therefore, Plaintiffs' defamation claim fails. Accordingly, Plaintiffs' defamation claim must be dismissed with prejudice.

**B.**      **Plaintiffs' Malicious Prosecution Claim Must Be Dismissed With Prejudice Because Plaintiffs Cannot Support the Elements of Malice, Special Damages, or Absence of Probable Cause. (Count XXII.)**

Malicious prosecution actions are generally disfavored by Illinois courts, and cases where these claims have been successfully prosecuted generally involve "extraordinary litigation." Bank of Lyons v. Schultz, 78 Ill. 2d 235, 240 (1980). A malicious prosecution action seeks damages from someone who filed a suit maliciously and without probable cause. *Miller v. Rosenberg*, 196 Ill.2d 50, 58 (2001). To sustain such a claim, the plaintiff must prove: (1) the defendant initiated or continued an original judicial proceeding, (2) the original proceeding terminated in favor of the

---

[1] Kelsey Rettke, *Sycamore man arrested for defrauding elderly for home repairs*, DAILY CHRONICLE (Nov. 1. 2022, 12:00 PM), https://www.shawlocal.com/daily-chronicle/news/2022/11/01/sycamore-man-arrested-for-defrauding-elderly-for-home-repairs-cops/. *See Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014) (recognizing that court can take judicial notice of news articles.)

plaintiff, (3) there was an absence of probable cause for the proceeding, (4) the defendant acted with malice, and (5) the plaintiff suffered special damages. *Id.* To prevail, the plaintiff must prove each element. *Mangus v. Cock Robin Ice Cream Co.*, 52 Ill. App. 3d 110, 116 (1st Dist. 1977).

Proving malice requires showing a party proceeded with the prosecution with improper and indirect motives. *Hulcher v. Archer Daniels Midland Co.*, 88 Ill. App. 3d 1, 5 (4th Dist. 1980); *Gauger v. Hendle*, 2011 IL App (2d) 100316, ¶ 122. Probable cause in a malicious prosecution claim refers to a state of facts that would lead a reasonably prudent person to believe that the accused probably committed the offense charged. *Fabiano v. City of Palos Hills*, 336 Ill. App. 3d 635, 642 (1st Dist. 2002). The person bringing the initial action must have held an honest belief at the time that the accused was likely guilty, and it is irrelevant whether the accused was later found not guilty. *Howard v. Firmand*, 378 Ill. App. 3d 147, 150 (1st Dist. 2007). Special damages are those that go beyond the ordinary costs of defending a lawsuit. *Grundhoefer v. Sorin*, 2014 IL App (1st) 131276, ¶ 17.

Here, the Appellate Court vacated the eviction order in the plaintiffs' state eviction proceeding because there was no "meeting of the minds" on the initial agreed order entered by Oncken. Plaintiffs argue that this ruling shows there was no probable cause to file the eviction action. As Illinois law makes clear, probable cause is based on the belief at the time of the initial action, not the outcome. Plaintiffs have failed to plead or demonstrate that Oncken had anything other than an honest belief that Plaintiffs had defaulted on their rent obligations when filing the eviction complaint. Additionally, Oncken had valid reasons to file the eviction complaint and to continue prosecuting the eviction action on behalf of his client given the unpaid rent. (See Doc. 109, at ¶¶ 48-49, 56-57.) Plaintiffs fail to plead, and will be unable to prove, an improper motive other than attempting to help his client evict the Plaintiffs due to unpaid rent. Lastly, Plaintiffs have

10

not alleged special damages. An eviction proceeding lasting less than a year, involving a pro se tenant who defaulted on rent, does not rise to the level of malicious prosecution simply because the landlord failed to give 30 days' notice before filing for eviction. Therefore, Plaintiffs' malicious prosecution claim fails and must be dismissed with prejudice.

**C.      Plaintiffs' Abuse of Process Claim Must Be Dismissed With Prejudice Because There Was No Improper Purpose Or Improper Use of Process. (Count IX.)**

To state a claim for abuse of process, a plaintiff must establish two elements: (1) the existence of an ulterior motive or improper purpose, and (2) an improper act in the use of process that is not proper in the regular course of proceedings. *Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962, 966 (1st Dist. 1972). Because Illinois law disfavors the tort of abuse of process, these elements must be strictly construed. *Erlich v. Lopin–Erlich*, 195 Ill. App. 3d 537, 539 (1st Dist. 1990). To satisfy the first element, the plaintiff must allege facts that demonstrate the defendant pursued legal action for an improper purpose, such as extortion, intimidation, or embarrassment. *Community National Bank in Monmouth v. McCrery*, 156 Ill. App. 3d 580, 583 (1st Dist. 1987). The mere filing of a lawsuit for an improper purpose does not by itself establish abuse of process. *Id.* The second element—the improper use of the process—is the gravamen of the claim. *Id.* The plaintiff must show that the process was misused to accomplish a result that is beyond the intended scope of the legal process. *Id.* When the process is used for its intended purpose, there is no abuse. *Holiday Magic, Inc.*, 4 Ill. App. 3d at 969.

Here, Plaintiffs allege that Oncken abused the legal process by filing an eviction complaint, an eviction order, and a rule to show cause, despite knowing that Plaintiffs had provided or attempted to provide the rental payments owed to Oncken's client. They claim Oncken's actions were meant to intimidate, harass, and embarrass them. Plaintiffs, however, failed to adhere to the payment terms they had agreed to, which required specific payments by a defined deadline. Thus,

11

there was a valid basis for Oncken to file the eviction action and no facts pled or evidence of an ulterior motive or improper act. Accordingly, Plaintiffs' abuse of process claim must be dismissed with prejudice.

> **D.** **Plaintiffs' Claims for Intentional and Negligent Infliction of Emotional Distress (IIED and NIED) Must Be Dismissed With Prejudice. (Counts XIV and XXI, Wrongly Numbered XX.)**

>> **i.** **Plaintiffs' IIED and NIED Claims Are Barred by the Absolute Litigation Privilege.**

Illinois law recognizes an absolute attorney litigation privilege that extends beyond defamation cases and protects attorneys in their litigation activities. *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶¶ 26-27. Illinois courts have extended the privilege to cover claims for IIED and NIED. *Thompson v. Frank*, 313 Ill. App. 3d 661, 665 (1st Dist. 2000); *Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677, ¶ 17. Here, Plaintiffs are attempting to assert IIED and NIED claims against their landlord's attorney, who were involved in the eviction proceedings. This is precisely the type of situation where Illinois courts would apply the litigation privilege, as allowing such claims would undermine Illinois policy by enabling litigants to file retaliatory actions against opposing counsel. Accordingly, both the IIED and NIED claims are barred by the absolute litigation privilege and must be dismissed with prejudice.

>> **ii.** **Plaintiffs' IIED Claim Must Be Dismissed With Prejudice Because They Have Not Alleged the Required Elements.**

To state a claim for IIED, a plaintiff must demonstrate: (1) truly extreme and outrageous conduct, (2) intent to cause severe emotional distress or knowledge of a high probability that such distress will result, and (3) actual severe emotional distress caused by the conduct. *McGrath v. Fahey*, 126 Ill.2d 78, 86 (1988). The distress must be so severe that no reasonable person could be expected to endure it, and the conduct must go beyond all bounds of decency, being considered intolerable in a civilized community. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill.2d 1, 21 (1992).

12

Here, Plaintiffs allege that Oncken's comment on their GoFundMe page was extreme and outrageous. Plaintiffs further argue that Oncken's failure to abide by the 30-day eviction notice and alleged disregard of the Agreed Order also constituted extreme and outrageous conduct. None of these allegations meet the high threshold required under Illinois law for IIED claims. While Plaintiffs may have been offended or experienced some indignity, Oncken's statements were substantially true and based on publicly available information. Plaintiffs' alleged emotional distress arising from the eviction action stems from their failure to pay rent, which led to the lawful eviction process. Moreover, Plaintiffs fail to allege any specific facts demonstrating that they suffered severe emotional distress. Accordingly, Plaintiffs' IIED claim must be dismissed with prejudice.

### iii. Plaintiffs' NIED Claim Must Be Dismissed With Prejudice Because There Is No Duty and the Alleged Emotional Distress Stems From Intentional Acts.

To state a claim for NIED, a plaintiff must allege that the emotional distress resulted from the defendant's negligent, not intentional, conduct. *State Farm Fire & Casualty Co. v. Watters*, 268 Ill. App. 3d 501, 510 (1st Dist. 1994). When the emotional distress is caused by intentional acts, a plaintiff cannot maintain an NIED claim. *Watters*, 268 Ill. App. 3d at 510. Here, Oncken, as opposing counsel in the eviction action, owed no legal duty to Plaintiffs. Further, the alleged actions by Oncken and his law firm were characterized as intentional, not negligent, by Plaintiffs themselves in their claims for IIED. Since the conduct in question was allegedly intentional, and not negligent, Plaintiffs' NIED claim fails as a matter of law and must be dismissed with prejudice.

### E. Plaintiffs' Civil Conspiracy Claim Must Be Dismissed With Prejudice Because There Is No Evidence of An Agreement Or Unlawful Act. (Count XIII, Wrongly Numbered XLIII.)

Civil conspiracy is defined as a combination of two or more persons acting in concert to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Adcock v.*

13

*Brakegate, Ltd.*, 164 Ill.2d 54, 62 (1994). To state a civil conspiracy claim, a plaintiff must allege: (1) an agreement between the conspirators, and (2) an overt act in furtherance of the conspiracy that is tortious or unlawful in nature. *Id.* at 63. Here, Plaintiffs alleged that all Defendants conspired to evict them due to pending criminal charges. Plaintiffs' complaint lacks details about any such agreement and instead relies on conclusory statements. As for Oncken's role, Plaintiffs claim he provided false information to the Housing Authority of DeKalb County to facilitate the eviction, specifically misrepresenting that Plaintiffs were behind on rent. Yet Plaintiffs were in fact behind on rent, so Oncken's statements were not false. Plaintiffs have also failed to allege any unlawful or tortious actions by any Defendants. Therefore, Plaintiffs' civil conspiracy claim must be dismissed with prejudice.

>    F.    **Plaintiffs' Misrepresentation and Fraudulent Inducement Claims Must Be Dismissed With Prejudice Because They Have Not Pled the Claims With Particularity. (Count XVI and XIX, Wrongly Numbered XVIII.)**

Fraudulent inducement is a type of common-law fraud. *Lagen v. Balcor Co.*, 274 Ill. App. 3d 11, 17 (1st Dist. 1995). To establish a claim for common-law fraud, a plaintiff must plead: (1) a false statement of material fact; (2) the defendant's knowledge or belief that the statement was false; (3) an intention to induce the plaintiff to act; (4) reasonable reliance on the statement by the plaintiff; and (5) damages resulting from that reliance. *Id.* Negligent misrepresentation shares similar elements; however, the defendant need not know the statement is false—negligence in ascertaining the truth suffices. *Board of Education of City of Chicago v. A, C & S, Inc.*, 131 Ill.2d 428, 452 (1989). Additionally, to plead a negligent misrepresentation claim, the plaintiff must demonstrate that the defendant owed a duty to provide accurate information. *Id.*

Here, Plaintiffs allege that Oncken made false statements of material fact to induce Plaintiffs into entering the Agreed Order. There were no false statements made. Oncken communicated clearly with Plaintiffs regarding how the scheduled rental payments would be

14

processed and that if payments were not made, he would request an order for enforcement on a specified date. (See Doc. 109, at ¶¶ 50-51, 57, 168, 190.)  Plaintiffs failed to make the required payments, resulting in the eviction order being entered and enforced as agreed. Given that Plaintiffs have not sufficiently alleged any false statements or fraudulent conduct, their claims for misrepresentation and fraudulent inducement must be dismissed with prejudice.

## **CONCLUSION**

Plaintiffs' Complaint is bereft of any facts demonstrating that they are entitled to relief for the claims that they have brought against Oncken. Oncken is an attorney—not a state actor, debt collector, landlord, or person engaged in the sale or leasing of housing that would subject him to the claims that Plaintiffs have filed.  Plaintiffs federal claims are not properly brought against Oncken, and like the state law claims, have no merit. Therefore Plaintiffs' Third Amended Complaint should be dismissed with prejudice.

WHEREFORE, Defendants RILEY N. ONCKEN AND RILEY N. ONCKEN, P.C. respectfully request that this Honorable Court enter an order dismissing Plaintiffs' Third Amended Complaint with prejudice and providing any further relief this Court deems fair and just.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC

By:___*/s/ Zachary G. Shook*_____
Zachary G. Shook

Zachary G. Shook (ARDC #6305057)
CRAY HUBER HORSTMAN HEIL
 & VanAUSDAL LLC
303 West Madison Street
Suite 2200
Chicago, Illinois 60606
(312) 332-8450
*Attorney for Defendants Riley N. Oncken and Riley N. Oncken, P.C.*

15

## CERTIFICATE OF SERVICE

Defendants RILEY N. ONCKEN AND RILEY N. ONCKEN, P.C., through their undersigned counsel, electronically served Defendants Riley N. Oncken and Riley N. Oncken, P.C's Motion to Dismiss Plaintiffs' Third Amended Complaint Pursuant To Fed. R. Civ. P. 12(B)(1) and 12(B)(6) to all parties of record through the PACER/ECF system.

Dated: October 21, 2024

> CRAY HUBER HORSTMAN HEIL
> & VanAUSDAL LLC
>
> By: _/s/ Zachary G. Shook_
> Zachary G. Shook

Zachary G. Shook (ARDC #6305057)
CRAY HUBER HORSTMAN HEIL
 & VanAUSDAL LLC
303 West Madison Street
Suite 2200
Chicago, Illinois 60606
(312) 332-8450
_Attorney for Defendants Riley N. Oncken and Riley N. Oncken, P.C._