



FILED
10/29/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**CASE NO.: 3:23-cv-50301**
**Sam et al v. Mobile et al**

**PLAINTIFF'S MOTION FOR CHANGE OF VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Plaintiffs respectfully move this Court to transfer venue from the Northern District of Illinois, Western Division (Rockford) to the Northern District of Illinois, Eastern Division (Chicago), in the interest of justice and based on the following grounds:

1. **Delay and Failure to Rule on Disqualification Motion**
   Plaintiffs filed a motion to disqualify counsel, Nicholas Cronauer, due to conflicts of interest, which this court has failed to address for over six months until recently. Such prolonged inaction undermines Plaintiffs' right to due process, as courts must act promptly on motions that affect impartiality. See *In re Volkswagen of Am., Inc., 545 F.3d 304 (5th Cir. 2008),***( this case I found on case <u>text.com</u>, no hallucinations)** where delays impeding justice were considered grounds for transfer. Timely rulings are essential to maintaining judicial impartiality. The courts decision to deny our motion was I feel wrong and improper. There was more then enough evidence

to support our motion to disqualify. And by the this court allowing Cronauer to stay in, that allowed Nicholas Cronauer to continue to use abuse of the law to continue using the courts as a weapon against us. Nicholas Cronauer recently with the help of Judge Konen I believe, tried to bring direct criminal contempt charges against myself and my disabled wife by using the federal court motion we filed in this court and this court allowed them to do this.

2. **Failure to Assign New Counsel**
   Plaintiffs requested the assignment of new counsel to ensure fair representation and procedural justice, which was denied without adequate explanation. Such refusal risks denying Plaintiffs their right to due process and reinforces potential conflicts within the case. Under 28 U.S.C. § 455(a), federal courts have an obligation to ensure impartiality, as affirmed in *Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988).* **( case found on justia and the library of congress, no hallucinations here)** Because one firm wanted to leave for there mistakes and another firm was not working in our best interest, this court punished us. This I believe was another unfair and unjust action by this court.

3. **Mismanagement of Federal Jurisdiction and the Misapplication of Younger Abstention**
   This court denied Plaintiffs' motion to strike a

criminal contempt motion filed by Defendants in state court, citing *Younger* abstention as a basis for non-interference. However, *Younger v. Harris, 401 U.S. 37 (1971)* abstention is limited to specific categories of cases where important state interests are at stake and where the state proceeding provides an adequate forum for raising federal claims. *Younger* abstention is not absolute and should not apply where:

a. **Extraordinary Circumstances Warrant Federal Intervention**

Federal courts may intervene if state proceedings demonstrate bias or if plaintiffs cannot obtain a fair hearing. Here, Plaintiffs have presented substantial evidence suggesting bias and improper influence in the state court proceedings, which raise due process concerns. As recognized in *New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350 (1989)*, **(case law found all over Google)**federal intervention is warranted where state proceedings do not afford fair process or exhibit systemic issues impacting impartiality.

b. **Federal Claims Cannot Be Adequately Addressed in State Court**

Federal jurisdiction is essential when state courts may not provide adequate relief for violations of federal rights. This court's deferral of jurisdiction overlooks that Plaintiffs' claims involve federal rights and

obligations. The Supreme Court in *Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013)* clarified that *Younger* abstention does not apply broadly to all state proceedings, particularly when federal interests and rights are inadequately addressed.

c. **Federal Courts' Obligation to Prevent Miscarriage of Justice**

The deferral of jurisdiction in this case may lead to an unjust outcome, as the lower court may lack the impartiality and protections required for an equitable review. Given that federal courts have a duty to avoid aiding or perpetuating a miscarriage of justice, federal intervention is justified here. This court has allowed the lower court judge who had a absence of jurisdiction and no legal jurisdictional grounds to rule over this case, this action was outside their authority. This constant miscarriage of justice when it comes to pro se litigants is ridiculous. This court in my opinion now has set a precedence that allows lower courts to punish litigants from motions in federal courts. For example if the AG of New York wants to hold president trump in criminal contempt for his statements made about the New York AG during his federal lawsuit and his statements that the whole case is a witch hunt or it's a fraud and the AG is a corrupt politician, this court has basically green lighted them

to do so. Lower courts have zero, jurisdiction on any federal motion.

4. **Impact on Fair Hearing and Public Interest**
   Plaintiffs' concern over potential bias and procedural delays in the current venue necessitates transfer to ensure a fair and impartial hearing, as mandated by federal standards. Under 28 U.S.C. § 1404(a), a transfer serves the interest of justice and protects Plaintiffs' rights by ensuring procedural integrity. Chicago offers a forum with a stronger reputation for handling complex federal cases impartially, thereby aligning with both public interest and Plaintiffs' right to a fair hearing.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request the transfer of this case to the Northern District of Illinois, Eastern Division (Chicago), where the case may be reviewed with due impartiality and adherence to federal standards. I feel I have proven the lower court not only has been bias but also committed acts that violate laws and our rights. Everyone I feel has sat by and allowed us to not only be attacked over and over by attorneys who I feel have committed unethical violations and that includes Riley Oncken, Nicholas Cronauer and Mike Hannigan, and it would seem that this court may have ignored these actions. I feel this court knows there is no way we can properly defend ourselves against multiple lawyers and

firms whom have endless resources and staff to help them, and all we have is a IPhone. This only sets us up to fail, just like in the lower court and just like Judge Konen said when she agreed with me that pro se litigants are suppose to lose. Nicholas Cronauer has been unethical and acted as a habitual abuser of the law, I feel he has manipulated and used his contacts at the Dekalb County courthouse and housing authority with the help of Brett Brown, Melissa mobiles relative, to hurt us. Nicholas Cronauers behavior is not that of serious and professional attorney, but somone with a vengeance. By having the court get involved to stop this and force Nicholas to behave himself, what else is there?

Finally, after I filed my complaint and evidence with the lower court the lower court I believe has seen what has been done to us from the false and illegal police charges that where a set up by a friend of a detective, to the two judges, Stephanie Klyn who worked to help Riley Oncken, as sheriff Sullivan pointed out. And now judge Jill konen, who I believe strongly helped Nicholas Cronauer and Melissa Mobile abuse the law and wrongfully hurt my family by unethical means. I feel this court by not intervening or at the very least allowing us a attorney, it allowed them to violate the law. I need to not be silenced or prevented from proving what happend to us, and I intend on exposing everything and when the (smoking gun) evidence that I have in my possession gets

released, it will not only prove our entire case but hopefully help others going forward and going backwards. Courts and judges are suppose to uphold laws not bend them for people they know, and that is what I feel exactly happend in  Dekalb county.

I am bringing this matter to chief judge Kendall of the federal courts, I need to have everything documented and at least try to be heard fairly.  If I need to appeal the motion for change of venue if denied, I will do so. My family who almost suffered Serious life threatening issues by Judge Klyn and these defendants, deserves and has a right to be heard fairly. And for the record, everyone deserves having a lawyer represent them, it is not a luxury or privilege it's a human right. In the case of John A. LILJEBERG, Jr., Petitioner vs health service accusation, the appearance of bias must be removed and this court in my opinion has been bias and favorable to the defendants especially by ignoring and allowing them to harass my family in the lower court with a federal motion.


Dated: 10/27/24
Respectfully submitted,

Robert Sam
Pro Se

**IN THE CIRCUIT COURT FOR THE TWENTY-THIRD**
**JUDICIAL CIRCUIT**
**DEKALB COUNTY, ILLINOIS**

BKA HOLDINGS ) Case No. 24 EV136
_____
Plaintiff(s) )
)
VS. )
) **FILED**
)
SAM ) **OCT 25 2024**
_____ )
Defendant(s) ) Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

## ORDER - BLANK Page 1 of 3

| JUDGE: WALLER | COURT REPORTER: | PLAINTIFF ATTORNEY: |
|---|---|---|
| DEPUTY CLERK: | COPY OF ORDER SENT TO: Counsel & mr. SAM & mrs. Sam | DEFENDANT ATTORNEY: |

Pursuant to the authority
to assign cases which is vested in the office
of the Chief Judge this matter will
be re-assigned to an out-of-circuit
judge once the Illinois Supreme Court

DATED: _____

ENTERED: _____

JUDGE

_____
ATTORNEY DRAFTING ORDER

Order - Blank
Rev. 03-07-2022

# IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT
### DEKALB COUNTY, ILLINOIS

BKA Holdingz

_____
Plaintiff(s)

Case No. _24 EV 136_

vs.

SAM

_____
Defendant(s)

)
)
)
)
)
)
)
)
)
)

## ORDER - BLANK     Page 2 of 3

| JUDGE: Waller | COURT REPORTER: | PLAINTIFF ATTORNEY: |
|---|---|---|
| DEPUTY CLERK: | COPY OF ORDER SENT TO: | DEFENDANT ATTORNEY: |

Issuer an order of reassignment directing which circuit will hear this matter. ALL matters, including hearings, are stayed until the matter is re-assigned to another circuit.

DATED: _____

ENTERED: _____

_____
ATTORNEY DRAFTING ORDER

JUDGE

Order - Blank
Rev. 03-07-2022

# IN THE CIRCUIT COURT FOR THE TWENTY-THIRD
## JUDICIAL CIRCUIT
### DEKALB COUNTY, ILLINOIS

OKA Holdings

Plaintiff(s)

Case No. 24 EV136

VS.

SAM

Defendant(s)

## ORDER - BLANK *Page 3 of 3*

| JUDGE: | COURT REPORTER: | PLAINTIFF ATTORNEY: |
|---|---|---|
| DEPUTY CLERK: | COPY OF ORDER SENT TO: | DEFENDANT ATTORNEY: |

This court through the Chief Judge will inform all parties of the new assignment once the same is entered by the Supreme Court. Status set for 11-20-24 at 9A before Chief Judge Waller

DATED: 10-25-24

ENTERED: _____ JUDGE

ATTORNEY DRAFTING ORDER

Order - Blank
Rev. 03-07-2022