## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

ROBERT and KAREN SAM,

                Plaintiff(s),

v.

BKA HOLDING, LLC, et al.

                Defendant(s).

Court No. 3:23-cv-50301

Hon. Iain D. Johnston
Magistrate Margaret J. Schneider

### MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant, HOUSING AUTHORITY OF THE COUNTY OF DEKALB, by its attorney Allie M. Burnet of Best Vanderlaan & Harrington, hereby moves this Court for dismissal of Plaintiffs' Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendant states as follows:

### SUMMARY OF THE PLEADINGS

Plaintiffs, Robert and Karen Sam, filed a Third Amended Complaint against multiple Defendants, including movant Housing Authority of the County of DeKalb ("HACD"). *See Third Amended Complaint, which is incorporated herein by reference, at Dkt. 109.* Plaintiffs' Third Amended Complaint contains twenty-two counts across 144 pages (excluding exhibits), with five counts directed against HACD. Specifically, Plaintiff alleges claims against HACD as follows: (1) Count VI for violation of landlord-tenant regulation; (2) Count VII for breach of the warranty of habitability; (3) Count XIII for civil conspiracy; (4) Count XIV for intentional infliction of emotional distress; and (5) Count XVII for alleged violation of 42 U.S.C. §1983. *(Dkt. 109)* As set forth below, all claims asserted against Defendant HACD, and Plaintiffs' prayers for punitive damages against HACD, are subject to dismissal, with prejudice, by this Court.

**STANDARD OF REVIEW**

To survive a motion to dismiss, the allegations of a complaint must provide the defendant with fair notice of what the claim is, and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To withstand a Rule 12(b) (6) motion, the factual allegations contained in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 545. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 546. Ultimately, the plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Id.* at 547. While detailed factual allegations are not required, a plaintiff must provide the grounds for relief, which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Jones v. Bremen High Sch. Dist. 228,* No. 08 C 3548, 2009 WL 537073 at *2 (N.D. Ill. 2009).

**ARGUMENT**

**A. Count VI Is Subject to Dismissal Based Upon the Failure to State a Claim for Violation of Landlord-Tenant Regulations**

Plaintiffs have pled Count VI against Defendant HACD based on its alleged violation of "landlord-tenant regulations," specifically an alleged failure of HACD to enforce HUD Housing Quality Standards ("HQS") and to make repairs at the subject premises relative to those standards. *Dkt. 109 at ¶¶71-80.* Count VI is deficient and subject to dismissal. First, the Court must dismiss Count IV because Plaintiff has failed to allege with any particularity as to when the inspections occurred, and how specifically each such inspection failed and/or did not meet HQS standards. Based on this alone, Plaintiffs' claim in Count VI must be dismissed based on a failure to state their claim with particularity, and to rely upon mere conclusory allegations. *See Iqbal v. Ashcroft*, 556 U.S. 662,678(2009). Regardless, however, Count VI must be dismissed because there is no private right of action for the claims alleged, Defendant is not entitled to any particular quality of

2

housing as alleged, and because Defendants are not obligated to carry out repairs at the property, which is owned by a third-party.

Plaintiffs' claims related to the alleged condition of their unit are not actionable because there is no private right of action for the alleged failure to enforce housing quality standards at the subsidized unit. In *Thomas v. Chicago Hous. Auth.*, 919 F. Supp. 1159, 1164 (N.D. Ill. 1996), the court determined that HUD had no duty to ensure the "good conditions" of apartments that it did not own or manage. In that case, the plaintiff argued that HUD owed such a duty based on a policy statement contained in 42 U.S.C. §1437, which contains a declaration of policy. *Id*. The court determined that "while courts have implied private causes of action for certain provisions of the United States Housing Act, the broad policy statement in 42 U.S.C. §1437 is not among them." *Id.*, *citing Perry v. Housing Authority of the City of Charleston*, 664 F.2d 1210, 1217 (4th Cir.1981) ("We therefore conclude that §1437—or the other policy statements, §§1441, 1441a—does not create any legally cognizable rights in tenants of programs funded under the housing statutes"); *Hale v. Chicago Housing Authority*, 642 F.Supp. 1107, 1109 (N.D.Ill.1986) (finding no private right of action to enforce HUD regulations governing safety and sanitation). Based on this determination, the court dismissed plaintiff's claims alleging failure to ensure that the plaintiff's housing met HQS standards. The same result is required here, as Plaintiffs have no private right of action to seek relief from HACD regarding the alleged failure to enforce HQS at the subject property. Plaintiffs' complaint does not allege that HACD owned or managed their assisted unit, which was leased to them by BKA Holding. *Dkt. 109 at ¶¶20, 22, 42, Ex. C.*

HUD's regulations further foreclose a private right of action to enforce the HQS. Section 982 does not create any right of the family, or any party other than HUD or public housing agency ("PHA") to require enforcement of the HQS requirements by HUD or the PHA or to assert any

claim against HUD or the PHA for damages, injunction, or other relief, for alleged failure to enforce the HQS. 24 C.F.R. §982.407; see also *Davis v. Sellas*, 580 F. App'x 467, 468 (7th Cir. 2014) (no private right of action exists for a Section 8 voucher holder to force a landlord to comply with housing quality standards). Plaintiff has failed to plausibly allege a claim supporting a private right of action to enforce HQS standards or enforcement of HUD's regulations, and have accordingly failed to plead a sustainable claim against HACD in Count VI. As such, dismissal with prejudice is required.

Further, any claims that HACD was required to make repairs at the subject premises to support Count VI are also unavailing. Specifically, Plaintiffs contend HACD was obligated but failed to ensure repairs were made the subject premises. As discussed above, there is no private right of action for alleged violation of HUD regulations relative to the HQS standards so this claim also fails. Further, there is no basis for plausibly alleging that HACD was required to remediate any issues at the privately owned property. Nor do Plaintiffs present any facts supporting a basis upon which HACD was obligated to compel such conduct under the circumstances presented. Instead, Plaintiffs' allegations regarding a failure to mandate owner repairs or improvements demonstrate a fundamental misunderstanding of the voucher ("HCV") program. As Courts in this circuit have observed: "HUD contracts with a local to make available each year a sum of money for the payment of rent on behalf of a specified number of families with incomes below a certain amount. The PHA then distributes this money by contracting to pay each person who agrees to rent housing to one of these families a fixed percentage of the family's rent." *Medley v. City of Milwaukee*, 969 F.2d 312, 313 (7th Cir. 1992). Tenants find their own rental housing under the voucher program. *Pickett v. Hous. Auth. of Cook Cty.*, 2017 WL 4281054, at *1 (N.D. Ill. Sept. 27, 2017), citing *24 C.F.R.* §§ 982.1(a)(2), 982.302(a). If the PHA approves the housing, then the

PHA makes a contract with the landlord called a "housing assistance payments" ("HAP") contract under which the tenant family pays a portion of its income as rent and the PHA pays the remainder directly to the owner. *Id.*, *citing* §§982.1(a)(2), 982.451.

The purported improper refusal by HACD to require property owner BKA Holding to repair and maintain the subject dwelling in a safe, decent and habitable condition is not an obligation which HACD has under federal or local regulations. Nor is there any factual basis to support Plaintiffs' claims in Count IV regarding a private right of action against HACD for the same. Indeed, as discussed above, program participants select their own units on the open market rather than HACD identifying and/or offering units to a tenant. *Pickett at* \*1. HACD has no authority whatsoever to compel a private landlord to make any improvements or repairs to a privately-owned property. Rather, if an owner fails to make improvements to the residence after HQS deficiencies are documented in an inspection, HUD permits abatement of the housing assistance payments.*24 C.F.R. 985.3(f)*. Thereafter, if the owner does not remediate the conditions which violate HQS standards, HACD may move to terminate the HAP contract between the owner and HACD. *Id.* No federal or local program regulation provides a mechanism by which HACD can compel an owner of private property to make any changes, modifications, or improvements to a private rental property as Plaintiffs contend. Rather, abatement of rental assistance until the issues are remediated and/or subsequent termination of the HAP contract with the owner are HACD's sole options to proceed where a unit owner does not bring the unit into compliance with federal standards. *Id.* Because HACD has no authority to compel BKA Holding LLC to make improvements or repairs to the privately-owned unit, and no private cause of action exists for such a claim in any event, Plaintiffs have failed to allege facts supporting their claims in Count VI and HACD is entitled to dismissal as a matter of law.

**B. Count VII Must Be Dismissed Based on Plaintiffs' Failure to State a Claim Under for Breach of the Implied Warranty of Habitability Against HACD**

Count VII is subject to dismissal for failure to state a cognizable claim under Illinois law because Plaintiff's claim for breach of the implied warranty of habitability relative to the unit leased by Plaintiffs from property owner BKA Holding LLC does not apply to HACD. Plaintiffs have pled that during all relevant time periods the property where they reside they had a lease with, and the property was owned by, BKA Holding LLC. *Dkt. 109 at ¶¶20, 22, 42, Ex. C.* Defendant HACD is not a party to the lease between Plaintiffs and BKA Holding, has no ownership of the property, and has no contractual relationship with Plaintiff relative to the property. *Dkt. 109 at Ex. C.* Illinois law has created an implied warranty of habitability to all leases of residential real estate, but HACD is not a party to the subject lease and no such warranty extends to or imputed upon third party HACD. *Glasoe v. Trinkle*, 107 Ill.2d 1 (1985); *Dkt. 109 at Ex. C.* Further, Courts have consistently held that even where a federally regulated and subsidized entity under the supervision of HUD owns the subject property and entered into a lease with a tenant (unlike here), no warranty of habitability is implied based upon the Supreme Court's authority of *Alexander v. HUD,* 555 F.2d 166, 170–71 (7th Cir.1977). *See also Gibson v. Gary Housing Authority,* 754 F.2d 205, 206 (7th Cir. 1985) (court may set aside warranty of habitability theory based upon *Alexander*). Given that Defendant herein did not own the subject property, was not a party to the lease, and because the Supreme Court has found such warranties do not apply to leases relative to HUD assisted housing, this Court must dismiss Plaintiffs claims in Count VII based on failure to state a cognizable claim under the law.

**C. Count XIII Must Be Dismissed Because Plaintiffs Fail to State a Claim for Civil Conspiracy Against HACD**

Count XIII of Plaintiffs' Third Amended Complaint asserts a cause of action against all Defendants for civil conspiracy under Illinois law. Count XIII fails to state a claim upon which relief may be granted because Plaintiffs have not plausibly alleged facts required to support a civil conspiracy claim. In Illinois, Plaintiffs pleading civil conspiracy must plead facts establishing: "(1) an agreement between two or more persons to participate in an unlawful act or a lawful act in an unlawful manner; (2) an injury caused by the defendant; and (3) an overt act committed in furtherance of the common scheme." *Pawilkowski v. Toyota Motor Credit Co.*, 309 Ill. App. 3d 550, 565 (2d Dist. 1999). The overt act committed in furtherance of the conspiracy must be tortious. *Lewis v. Lead Indus. Ass'n*, 2020 IL 124107, ¶ 20. "Ultimately, '[b]ecause conspiracy is not an independent tort, 'if a plaintiff fails to state an independent cause of action underlying [the] conspiracy allegations, the claim for conspiracy also fails.'" *Merrilees v. Merrilees*, 2013 IL App (1st) 121897 ¶ 49, quoting *Indeck N. Am. Power Fund, L.P. v. Norweb, P.L.C.*, 316 Ill. App. 3d 416, 432 (1st Dist. 2000)). Plaintiffs herein first fail to plead a cognizable claim because they cannot plead a tort against HACD in furtherance of the alleged conspiracy as required. Plaintiffs have asserted only one tort claim against HACD in Count XIV, alleging a clam for intentional infliction of emotional distress, which is subject to dismissal as discussed below. In addition, Plaintiffs fail to allege with any particularity how Defendant HACD and any other individual or entity entered into any agreement (whether based upon action or inaction), or that Defendant HACD engaged in any unlawful act, or acted in an unlawful manner. Nor do Plaintiffs plead that HACD engaged in any overt tortious act in furtherance of the alleged conspiracy. Plaintiffs' sole allegations as to the alleged conspiracy and HACD's role in the same is that it engaged in "inaction" related to: (1) failing to remedy alleged violations of HUD rules and regulations, although there is no allegation supporting any such obligation by HACD; (2) failing to respond to

false information allegedly provided to HACD, although there is no allegation that HACD knew said information was false; and (3) failing to get involved in BKA Holding's eviction proceedings against them, although HACD was not party to the same, was not a party to the lease, and had no right to get involved relative to the same. *Dkt. 109 at ¶¶20, 22, 42, Ex. C, Ex. E, Ex. L.* Even assuming Plaintiffs can establish any wrongful action by HACD (which is denied), none of the aforesaid alleged actions are torts and "an agreement to commit a wrongful act is not a tort." *Adcock v. Brakegate, Ltd.,* 164 Ill. 2d 54, 63 (1994). Further, Plaintiffs make solely conclusory allegations that are devoid of specific facts and thereby do not fulfill the required elements of a civil conspiracy claim. As noted by the Illinois Supreme Court, "the mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss." *Buckner v. Atlantic Plant Maintenance*, 182 Ill. 2d 12, 24 (1998). Illinois law requires a plaintiff to allege facts to bring his claim within the cause of action asserted. *Turner v. Mem'l Med. Ctr.*, 233 Ill. 2d 494, 499 (2009). Plaintiffs have failed to plead facts to meet this requirement, as well as the others discussed above, and Count XIII must also be dismissed by this Court with prejudice.

### D. Plaintiffs Fail to State A Claim in Count XIV for Intentional Infliction of Emotional Distress Under Illinois Law

Plaintiffs likewise fail to state a claim for intentional infliction of emotional distress under Count XIV, and Count XIV must be dismissed by the Court. To state a cause of action for intentional infliction of emotional distress under Illinois law, Plaintiffs must allege: (1) the defendant's conduct was extreme and outrageous; (2) that the defendant who engaged in the conduct either intended that his conduct should inflict severe emotional distress or knew that there was a high probability that the conduct would cause severe emotional distress; and (3) the defendant's conduct in fact caused severe emotional distress. *Hernandez v. Dart*, 635 F. Supp. 2d 798, 813 (N.D. Ill. 2009); *see also Cook v. Winfrey,* 141 F.3d 322, 330 (7th Cir. 1998). Liability

for intentional infliction of emotional distress "does not extend to mere insult, indignities, threats, annoyances, petty oppressions or trivialities" and can attach "only in circumstances where the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Hernandez,* 635 F. Supp. 2d at 813. Illinois courts evaluate such claims under an objective standard to determine whether the alleged conduct is extreme and outrageous. *Id*. Here, Plaintiffs' claims against HACD are essentially that it failed to require the property owner to remedy alleged issues at their subsidized unit, alleged eviction of Plaintiffs without a 30-day notice to vacate (though it did not initiate eviction proceedings as it was not the landlord and the eviction proceedings were filed and continue to be pursued by landlord BKA Holding), failure to take action in an eviction case where it is not a party and had no right to act, and generally a "failure to follow federal and local regulations." *Dkt. 109 at ¶¶146-148.* Setting aside the fact that Defendant HACD had no role in the eviction proceedings (which remain ongoing between Plaintiffs and BKA Holding), none of this alleged conduct approaches let alone rises to the level of the "extreme and outrageous conduct" required to sufficiently plead intentional infliction of emotional distress, and Count XIV must be dismissed based on Plaintiffs' failure to state their claim. Nor have Plaintiffs plausibly alleged that the conduct identified (which is denied) was undertaken with an intent to inflict severe emotional distress upon Plaintiffs, or that they knew there was a high probability of inflicting severe emotional distress on Plaintiffs.  Further, Plaintiffs' claim is not properly pled as to each Defendant in Count XIV, instead pleading conduct against Defendants collectively, and failing to attribute which damages were allegedly suffered as a direct result of each Defendant's conduct. In that regard, Plaintiffs have further failed to properly plead Count XIV, as general allegations directed at all Defendants, offering only a "formulaic recitation of the elements" of such a cause of action as Plaintiffs have asserted here, do not satisfy pleading

requirements under *Iqbal. See Iqbal v. Ashcroft*, 556 U.S. 662,678(2009). Count XIV must accordingly be dismissed, with prejudice by the Court.

**E.    HACD Is Immune from Suit for Counts XIII and XIV Pursuant to the Tort Immunity Act**

Defendant HACD is also entitled to dismissal of Plaintiffs' Illinois tort claims in Counts XIII and XIV pursuant to various provisions of the Tort Immunity Act. First, Plaintiff is immune from suit pursuant to Section 2-105 of the Act, which provides "[a] local public entity is not liable for injury caused by its failure to make an inspection, or by reason of making an inadequate or negligent inspection, of any property…to determine whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety." *745 ILCS 10/2-105.* Further, Section 2-108 of the Act provides that "a local public entity is not liable for any injury caused by the granting, or failure to grant, public welfare goods or moneys." *745 ILCS 10/2-108.* When applied to Counts XIII and XIV, even if HACD's inspections identified in Plaintiffs' complaint were inadequate or negligent, reached improper conclusions, or incorrectly determined the property passed HQS (all of which are denied), HACD is immune from Plaintiffs' claims under Section 2-105 of the Act as they all relate to inspections of the subject property. *Dkt. 109 at XIII, ¶¶139 -154.* Likewise, given that all claims raised by Plaintiffs against HACD relate to their administration of HUD's voucher program and public assistance thereunder, Section 2-108 applies to bar any claims related to the purported failure to grant or denial of any requests or assistance thereunder. *Dkt. 109 at XIII, ¶¶139 -154.* Neither of the aforesaid sections of the Tort Immunity Act contain exceptions for intentional or willful and wanton conduct, so even claims asserting intentional torts are immunized under the aforesaid sections of the Act. As HACD is immune from Plaintiff's tort claims pursuant to Section 2-105 and 2-108 of the Act, Counts XIII and XIV must be dismissed, with prejudice, as a matter of law.

**F. Count XVII Pursuant to 42 U.S.C. §1983 is Subject to Dismissal Based Upon Plaintiffs' Failure to Allege an Actional Deprivation and Because Plaintiffs Nonetheless Have Adequate State Remedies**

**1. Plaintiffs Cannot Plausibly Allege an Actionable Deprivation Under §1983**

Plaintiffs' Section 1983 claims are subject to dismissal in their entirety on several bases. As an initial matter, Plaintiffs' claims asserting violations based upon an alleged failure of HACD to comply with the CARES Act and Interim Final Rule regarding notice to tenants prior to eviction by a landlord, do not constitute constitutional rights and are therefore not subject to redress pursuant to §1983. *See, e.g. Taake v. County of Monroe,* 530 F.3d 538, 542 (7th Cir. 2008)(§1983 covers only "fundamental" rights, which are few, and **§**1983 does not transform every tort committed by a state actor into a constitutional violation). Second, as to the issue of the alleged constitutional violation itself, even if the failure to provide notice itself did rise to the level of a constitutional violation (which is denied), any duty to provide such notice was that of Plaintiffs' landlord, BKA Holding LLC, who initiated the eviction proceedings and pursued eviction against Plaintiffs as admitted on the face of the current complaint. *Dkt. 109 at ¶¶56, 62, 79, Ex. E., Ex. Q.*

Indeed, Plaintiffs admit in their operative complaint that they have remained assisted during all relevant time periods to their claims, and that HACD has continued to pay rental assistance to their landlord, BKA Holding, at all times. *Dkt. 109 at ¶¶39-40, Ex. B; Ex. B1.* Even if Plaintiffs pled a constitutional violation sufficient to support their claims in Count XVII (which is denied), their admission that they suffered no actionable deprivation requires dismissal. Although Plaintiffs allege that Defendant HACD's "actions or inactions" somehow contributed to the alleged deprivation of rights (which allegations fail to plead such conduct with specificity as required by *Iqbal* and instead improperly relies upon conclusory allegations), even viewing the allegations in the light most favorable to Plaintiffs, their claims are insufficient as a matter of law.

11

To the extent that Plaintiffs are asserting a due process claim, the complaint fails to state a claim for alleged deprivation of the Plaintiffs' due process rights because they have not alleged that they were deprived of a property interest or, if they were subjected to such a denial, that they were deprived of a meaningful opportunity to be heard regarding the alleged deprivation. The Fourteenth Amendment imposes constraints on government actions which deprive an individual of "liberty" or "property" interests within the meaning of the Due Process Clause. See *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976). To assert a violation of the Due Process Clause, Plaintiffs must be able to show that they had a "property interest" and that they were deprived of this interest without due process of law. See *Phelan v. City of Chicago,* 347 F.3d 679, 681 (7th Cir.2003) (citing *Bishop v. Wood,* 426 U.S. 341, 343, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976)). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Moore v. Muncie Police and Fire Merit Com'n,* 312 F.3d 322, 326 (7th Cir.2002) (citing *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). Here, Plaintiffs were not deprived of any property right by Defendant HACD, and Plaintiffs admit the same in the face of the current complaint. Specifically, Plaintiffs admit that during all relevant time periods and through the present date, Defendant HACD has provided rental assistance to the property owner, for Plaintiffs' benefit, and that they have remained assisted at all times. *Dkt. 109 at ¶¶39-40, Ex. B; Ex. B1.* This admission alone defeats Plaintiffs' claims of a constitutional deprivation, as no deprivation of their alleged property right has occurred. As participants in the HCV program, Plaintiffs' only protected interest is in the continued participation in the program. There is no allegation in the Third Amended Complaint that the Plaintiffs' participation in the program was suspended or terminated by HACD at any time. As such, Plaintiffs

12

have failed to allege they were subjected to a deprivation of a protected property interest, and Count XVII should be dismissed as a matter of law.

### 2. Plaintiffs' Section 1983 Claim Must be Dismissed Because Plaintiff Has Adequate State Law Remedies

As discussed above, Plaintiffs' procedural due process claim allegedly arising out of a failure to provide notice regarding BKA Holding's eviction proceedings against them fails to support a claim against HACD, not only because HACD is not involved in that process and had no obligation to provide such notice, but because Plaintiffs admit they have remained subsidized at all times, there was no termination of assistance so there could be no claim based upon failure to provide notice of an event which never occurred. *Dkt. 109 at ¶¶39-40, Ex. B; Ex. B1.* However, even assuming *arguendo* that Plaintiffs could plausibly plead a claim for deprivation of their procedural due process rights, which is denied, dismissal is required because of the availability of state law remedies for the deprivation alleged. A procedural due process claim under Section 1983 requires Plaintiffs to allege: (1) a deprivation of a protected property interest; and a (2) constitutionally deficient process. *Knutson v. Village of Lakemoor*, 932 F.3d 572, 576 (7th Cir. 2019). Specifically, Illinois law provides sufficient procedural protections in the context of the facts of this case by way of the pending eviction proceedings between BKA Holding and Plaintiffs. Plaintiffs must allege they availed themselves of state post-deprivation remedies, or that available remedies are inadequate. *See LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 944 (7th Cir. 2010) ("LaBella alleges neither that it availed itself of state post deprivation remedies, nor that the available remedies are inadequate, as it is required to do. That failure is fatal to its procedural due process claim."). Plaintiffs have not alleged they lacked an adequate post-deprivation remedy, nor could they as they possess an adequate remedy as a matter of law for the alleged wrongful eviction under the Illinois Forcible Entry and Detainer Act. *See Bravo v. IBC, et*

13

*al.,* 2022 WL 3290719 at *3-4 (N.D.Ill. August 11, 2022) citing *Dix v. Edelman Fin. Servs., LLC,* 2018 WL 3922199, at *7 (N.D. Ill. Aug. 14, 2018) (noting that the plaintiff had an "adequate remedy" for his alleged wrongful eviction—the Illinois Forcible Entry and Detainer Act), aff'd, 978 F.3d 507 (7th Cir. 2020). Plaintiffs' failure to plausibly allege they lacked a post-deprivation remedy dooms their procedural due process claim, and this Court must accordingly dismiss Count XVII on this basis as well. Simply put, Plaintiffs' remedies against any party for the alleged deprivations identified lie with Illinois state law, not with the civil rights laws such as §1983, and Defendant HACD is further entitled to dismissal of Count XVII based upon the adequate state law remedies available to Plaintiffs.

Finally, to the extent Plaintiffs are attempting to assert a §1983 claim against Defendant HACD based upon alleged violation of the federal housing laws, this count is nonetheless subject to dismissal as any redress for said claims are exclusively provided by the remedial mechanisms of the Fair Housing Act. While a Plaintiff may bring a §1983 suit to enforce rights defined by federal statutes, an exception exists when a comprehensive remedial scheme evinces a congressional intent to foreclose resort to Section 1983 for remedy of statutory violations. *Alsbrook v. City of Maumelle, 184 F.3d 999,1011(8ᵗʰ Cir. 1999)*(citing *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n.,* 453 U.S. 1, 10-11 (1981); *See also Hopkins v. Springfield Housing Auth.,* 2014 WL 3583857 (C.D. Ill. July 21, 2014).

For each of the foregoing reasons, this Court must dismiss Count XVII, with prejudice.

### G.      Plaintiffs' Prayers for Punitive Damages Must Be Stricken

Further, Plaintiffs' prayers for punitive damages against HACD must be stricken, as HACD is a public housing authority organized under the laws of the State of Illinois. Although Plaintiffs have pled that they are claiming punitive damages against HACD in at least Count XIII ¶¶8 and

14

10, and elsewhere more generally in the Third Amended Complaint *(Dkt. 109),* municipalities and local government entities such as housing authorities are immune from the imposition of punitive damages under the civil rights laws. *Newport v. Fact Concerts,* 453 U.S. 247, 271, 101 S.Ct. 2748 (1981); *Beard v. City of Chicago*, 299 F.Supp.2d 872 (N.D. Ill. 2004). The purposes of these laws are not advanced by the imposition of punitive damages upon municipalities. *Newport*, 453 U.S. at 268. The Supreme Court has held that, "considerations of history and policy do not support exposing a municipality to punitive damages…" *Id*. at 272. Illinois law further immunizes local public entities from punitive damages claims. *745 ILCS 10/2-102*. Because HACD is immune from the imposition of punitive damages under both federal and state law, Plaintiffs' prayers for punitive damages against Defendant HACD must also be stricken as a matter of law.

## CONCLUSION

For each of the foregoing reasons, Plaintiffs have failed to state cognizable claims against Defendant HACD as to all claims pled against this Defendant, Defendant HACD is immune from Plaintiffs' tort claims against it, and this Court must accordingly dismiss all counts against this Defendant, with prejudice. Further, any and all prayers for punitive damages must be stricken and/or dismissed, with prejudice, by the court.

WHEREFORE, Defendant, HOUSING AUTHORITY OF THE COUNTY OF DEKALB, prays that this Court dismisses Plaintiff's Third Amended Complaint and strikes the prayers for punitive damages, with prejudice, and for all other relief in its favor deemed just and proper.

Respectfully submitted,

**HOUSING AUTHORITY OF THE COUNTY OF DEKALB**

/s/ Allie M. Burnet

15

Allie M. Burnet
**Best, Vanderlaan & Harrington**
25 E. Washington St., Suite 800
Chicago, IL  60602
(312) 819-1100
eservice@bestfirm.com
aburnet@bestfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, state that I caused copies of the foregoing to be served, with enclosures referred to thereon, if any, by **electronic delivery through the Court's filing system** to all parties of record, at their addresses of record, on November 4, 2024.

/s/ Allie M. Burnet

16