**U.S DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

ROBERT & KAREN SAM,                    )
                                       )
    Plaintiff                          )
                                       )
    vs.                                )    No. 3:23-cv-50301
                                       )
MELISSA MOBILE, *et al.*               )
                                       )
    Defendants.                        )

## DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION

Now comes Defendants, Melissa Mobile and BKA Holdings, LLC, ("landlord") and in reply in support of their motion to dismiss, state as follows:

### INTRODUCTION

Plaintiffs' response disregards local Rule 7.1, flouting previous court orders to comply with procedural requirements for docket filings (*See i.e.*, ECF #151). Plaintiff's filing, sprawling across 28 pages, lacks any substantive legal grounding to establish federal jurisdiction or sustain a viable federal cause of action. Plaintiffs' claims fail to present a legitimate federal question or private right of action, instead attempting to wield federal court as an oversight body for landlord-tenant disputes—a role Congress has not assigned. This brief will address the deficiencies in Plaintiffs' claims systematically, underscoring why each argument lacks merit and warrants dismissal. In an attempt to wrangle Plaintiffs' 28-page stream of consciousness writing, Landlords will respond briefly point by point, in the event the Court will not strike from the docket pages 16-23.

1.    **Federal Jurisdiction**: Plaintiffs' various housing claims do not establish a private right of action nor any substantial federal question against a private landlord. Federal Courts are not the venue to police landlords and there is no private right of action for Plaintiff police its landlord by proxy in federal court. The United States Housing Act of 1937 and its implementing regulations do

Page 1 of 8

not create a private right of action for tenants to enforce housing quality standards directly against landlords in federal court. 24 CFR § 982.406. Under 42 USCS § 1437f, tenants getting housing vouchers can notify the public housing agency if their dwelling unit does not comply with housing quality standards, prompting an inspection. Under § 982.404, Maintenance: Owner and family responsibility; PHA remedies, enforcement is typically the responsibility of public housing agencies or HUD to inspect a property, and then preclude rental payments to the landlord if the property does not meet the HUD housing standards. 24 C.F.R. § 982.407 confirms that tenants cannot compel HUD or a housing authority to enforce housing quality standards, leaving only HUD and PHAs with enforcement discretion by withholding payments. 42 USC § 1437f; 24 CFR 982. 406 There is no statute or regulation permitting federal court enforcement of housing standards, and there is no allegation in this case that the property has done anything but meet the quality standards necessary for Defendant landlord to receive the PHA's share of rent. *See* ECF # 109, at ¶¶ 40, 47 (alleging HACD has paid BKA) The Plaintiffs allege the PHA is paying and has paid all their rent presently. *Id.* This lack of federal remedy is supported by case law as well as already cited. *See Thomas,* 919 F. Supp. at 1164. Additionally, *Burroughs v. Hills* and *Thorpe v. Hous. Auth. of City of Durham* establish that HUD handbooks and notices do not create legally enforceable rights. 741 F.2d 1525, 1529 (7th Cir. 1984); *Davis v. Sellas*, 580 F. App'x 467 (7th Cir. 2014). Only Congress can create a private right of action through clear intent, which is absent here. *See Touche Ross & Co. v. Redington* 442 U.S. 560, 575 (1979)). Therefore, the complaint must be dismissed for lack of jurisdiction due to the lack of enforceable rights for a private cause of action to enforce any PHA rule or regulation.

2.    **Supplemental Jurisdiction**: Because there are no legitimate federal claims, supplemental jurisdiction cannot apply, following the principle, already cited, that without a substantial federal question, state law claims should not proceed in federal.

3.   **Counts I & II: CARES Act and HUD Violations**

As cited already and not refuted by Plaintiff with authority, the CARES Act does not grant tenants a private right to enforce HUD's housing quality standards, *Thomas*, 919 F. Supp. at 1164, nor does the CARES Act. *See Saloojas, Inc. v. Aetna Health of California, Inc.*, 80 F.4th 1011, 1014-16 (9th Cir. 2023). There is no federal duty to ensure housing conditions, foreclosing claims by tenants against private landlords. 24 C.F.R. § 982.407. § 982.407 states tenants cannot compel HUD or a housing authority to enforce housing quality standards, leaving only HUD and PHAs with enforcement discretion through payment withholding to the landlord. Rent abatement if an inspection fails is the only remedy permitted by federal law, not federal subject matter jurisdiction for judicial enforcement of housing standards. Plaintiff fails to maintain any federal question jurisdiction.

**4.      Count IV:  Fair Housing Act (FHA)**

Nothing in Plaintiffs' response addressed the regulations cited by Landlords that establish the lack of any discrimination or failure to provide Plaintiffs with a reasonable accommodation as a matter of law given the numerous regulations that require a landlord to take action against a tenant.  Nothing in their complaint allege any plausible action of retaliation other than the eviction process being followed due to back-rent and utilities being owed. They make no argument in support of any specific FHA regulation applying to the allegations made, and the Court should not investigate nor argue their claim for them. *U.S. v. Berkowitz*, 927 F.2d 1376, 1383 (7th Cir. 1991). The Plaintiffs failure to address the argument landlord made outlining how the regulations knock out their FHA claim results in waiver. *See Soo Line R.R. Co. v. Conrail*, 965 F.3d 596, 601 (7th Cir. 2020). There can be no "retaliation" as a matter of law given the allegations against a tenant who has admittedly and as a matter of law in filings before the District Bankruptcy Court not paid their rent or utilities and then discharged $10,000 in past-due rent *via* bankruptcy. That's a breach of the lease as a matter of law. Eviction is permitted and required in that case by the housing regulations. *See* 24 CFR § 982.310; 24 CFR § 982.451(b)(5)(ii)(A)). The FHA provides no jurisdiction for Plaintiffs claims other then promoting

argument that every eviction filed becomes a retaliatory action for not paying rent. This is nonsensical as a matter of law requires their dismissal due to precluding any federal jurisdiction or enforcement mechanism in federal court.

### 5. Count V: Rehabilitation Act

Plaintiff's cited proposition under *Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002) is not correct. The case involved a paraplegic who was seriously injured when he was transported to a Kansas City police station in a government vehicle that was not equipped for people with disabilities. The *Barnes* Defendant was not, because they cannot be, a private entity, but was a government agency as defined under the Act. 29 USC 794(a) is very clear the Rehabilitation Act only applies to recipients of federal funds. "any program or activity receiving Federal financial assistance." What constitutes a "program or activity" is defined in subsection (b): "the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;" Neither BKA Holdings, LLC nor Mobile fall within this definition, as *Simpson* makes clear. 629 F.2d 1226, 1232, 1240 (7th Cir. 1980). The Rehabilitation Act provides no federal jurisdiction for Plaintiffs' claims.

### 6. Count XVII: Section 1983 Civil Rights Violation

Neither BKA Holdings, LLC nor Mobile are a state actor, which is essential to sustain a § 1983 claim. *West v. Atkins* confirms that only those acting under color of state law can be liable under §198. 487 U.S. 42, 48 (1988). Plaintiffs' citation to *Lugar* only confirms this precedent requiring dismissal. *See Lugar v. Edmonson Oil Co., Inc.,* 457 U.S. 922 (1982). *Lugar* holds that alleged misuse or abuse of state law by private actors is not redressable under § 1983, but state statutes being procedurally defective are, which is not at issue in this case. Additionally, as previously argued and not addressed by Plaintiff, they have no property interest at issue subject to a § 1983 claim. *See Mathews v. Eldridge,*

424 U.S. 319, 332 (1976) (without deprivation of a "property interest," no due process violation can occur.) As Plaintiff allege, his subsidized portion is still paying rent, he is simply refusing to pay his past-due share and past and future utilities. § 1983 provides no jurisdiction for Plaintiffs' claims.

### 7.  Count X: Fair Debt Collection Practices Act (FDCPA)

The FDCPA does not apply to attorneys engaged in eviction proceedings for clients. *See Watkins v. Associated Brokers, Inc.*, 1998 U.S. Dist. LEXIS 8676, 1998 WL 312124, at *1-2 (N.D. Ill. June 5, 1998)). As cited and unrefuted, filing eviction papers do not make BKA nor Mobile a "debt collector" under the FDCPA. Additionally, as Plaintiffs' response makes clear by including the Notice to Quit, no demand for rent was even made, requested, nor otherwise demanded. *See* ECF # 166, at PageID #1933. The notice to quit alleges breach of lease terms, including non-payment of rent, as reasons supporting the notice to quit. Given there was no demand for rent be paid, to the extent the Second Circuit case Plaintiff cites, *Romea v. Heiberger* Assoc., 163 F.3d 111 (2d Cir. 1998), it cannot apply here where no demand for rent was filed as conclusively evidenced by Plaintiffs response. There is no jurisdiction for Plaintiffs claims as was found in *Watkins*, where, and true here, the complaint is likewise nothing but fanciful and speculative allegations bordering on sheer frivolousness. 1998 U.S. Dist. LEXIS 8676, *2-3.

### 8.  Count XXI: Americans with Disabilities Act (ADA)

As Plaintiffs' brief admits, the ADA has no application in this case to a private landlord by a tenant utilizing private housing. The ADA applies only to individuals or entities that own or lease places of public accommodation. 42 U.S.C. § 12182(a). The ADA provides no federal jurisdiction for Plaintiffs claims.

### 9.  Illinois SLAPP Act Applies in Federal Court

As previously argued, which Plaintiff does not attempt to address other than citing a 9th Circuit case, *U.S. v. Lockheed Missles Space Co.*, for the opposite proposition it actually holds, Illinois' SLAPP

Act bars all Plaintiffs' claims, which the federal court can and must apply. 190 F.3d 963, 973 (9th Cir. 1999) (finding district court erred in not applying California AntiSLAPP statute). In *Intercon Solutions, Inc. v. Basel Action Network*, the court had to decide whether Illinois or Washington SLAPP law applied, ultimately determining that Illinois law governed the defamation and false light claims. *Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026. The court noted that Illinois' anti-SLAPP statute creates a qualified immunity that can be resolved in federal court In *Satkar Hospitality, Inc. v. Fox TV Holdings*, the court discussed the Illinois Anti-SLAPP Act, explaining its purpose to curb SLAPPs by allowing early dismissal of meritless lawsuits. The Act applies to motions to dispose of claims based on acts in furtherance of the rights of petition, speech, association, or participation in government, and extends immunity to such acts *Satkar Hospitality, Inc. v. Fox TV Holdings*, 767 F.3d 701. In re Walsh involved a motion to dismiss a defamation complaint under the ICPA, which was initially denied by the trial court. However, the Illinois Supreme Court later found in favor of Walsh, recognizing the complaint as a SLAPP action and granting him immunity under the ICPA, along with reasonable attorney fees and costs. *In re Walsh*, 538 B.R. 466. Plaintiffs' complaint must therefore be dismissed.

      10.    **Remaining Arguments Lack any Basis in Fact or Law and Irrelevant to anything before this Court.**

Plaintiffs remaining arguments have no relationship to anything raised in their complaint and therefore landlords' jurisdictional motion and should be stricken for irrelevance given their fanciful and speculative allegations like in *Watkins,* 1998 U.S. Dist. LEXIS 8676. The remaining arguments are simply a continuation of the Sam's attempt to perpetuate their "set up" defense known as "DARVO". It is a play on victimhood that's intended to elicit sympathy by casting oneself as the victim to redirect responsibility for their own wrongdoing. *See, e.g.*, Sarah Harsey & Jennifer J. Freyd, *Deny, Attack, and Reverse Victim and Offender (DARVO)*: What is the Influence on Perceived *Perpetrator and Victim Credibility?* Journal of Aggression, Maltreatment & Trauma, 29(8), 897—916 (2020) ("Perpetrators of interpersonal violence sometimes use denial, engage in personal attacks on victim credibility, and

assume a victimized role (Deny, Attack, Reverse Victim and Offender; DARVO) to deflect blame."). The Sam's behavior int this brief, and many others before and after this brief, make unsubstantial outlandish accusations and *ad hominin* attacks that are textbook DARVO maneuvers—a psychological manipulation where, for example, a person denies their actions, attacks the real victim, and then claims they're the one being harmed. *Id.* For example, in this case, Robert Sam has admitted to stealing weapons from his neighbor and pled guilty to a felony for it and caused $10,000 in rent to their Landlord be discharged in bankruptcy, yet they go on for eleven pages of irrelevant argument discussing public corruption, abuse of public authority, collusion, *etc.* as a "potential" basis for their claim, which is not alleged, nor does it meet any heightened pleading standard under the who, what where, when, and why that is required for such salacious allegations to be alleged as required by FRCP 9(b).

## Conclusion

Plaintiffs have not asserted any claim that satisfies the necessary elements for relief under the various causes of action permitting federal jurisdiction. They continue to misinterpret federal statutes and case law by using artificial intelligence programs in an attempt to bypass the clear jurisdictional limits of Federal Court. Because Plaintiffs cannot demonstrate a private right of action under federal housing laws, have misapplied federal civil rights and disability statutes, and misconstrued the applicability of the FDCPA and Illinois Anti-SLAPP Act, dismissal with prejudice is warranted of all alleged federal claims. For the foregoing reasons, Defendant landlord respectfully request that the Court dismiss Plaintiffs' complaint in their entirety for failing to satisfy federal jurisdiction requirements.

Respectfully submitted,

/s/ C. Nicholas Cronauer

C. Nicholas Cronauer (ARDC #6305683)
CRONAUER LAW, LLP
1101 DeKalb Ave, Suite 2

Page 7 of 8

Sycamore IL, 60178
P (815) 895-8585 / F (815) 895-4070
NC@CronauerLaw.com
Service@CronauerLaw.com