

BC

FILED
11/7/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MEN

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

**ROBERT SAM and KAREN SAM, Plaintiffs,**

**v.**

**BKA HOLDING, LLC, MELISSA MOBILE, RILEY ONCKEN, RILEY N. ONCKEN, P.C., CHRISTOPHER NICHOLAS CRONAUER, CRONAUER LAW LLP, HOUSING AUTHORITY OF THE COUNTY OF DEKALB, CITY OF SYCAMORE, ILLINOIS, Defendants.**

**Case No. 3:23-cv-50301**

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

## Introduction

Plaintiffs, Robert and Karen Sam, respectfully submit this response to Defendants' second motion to dismiss. Contrary to Defendants' assertions, Plaintiffs' claims are based on enforceable rights and well-established legal principles, not on the tools used to prepare this response. Plaintiffs uphold all procedural requirements and focus on substantive arguments that establish federal jurisdiction and the viability of each claim.

# I. Federal Jurisdiction

Defendants argue that this Court lacks jurisdiction, citing that HUD and local housing agencies are responsible for enforcing housing standards. However, in *Wright v. Roanoke Redevelopment and Housing Authority*, 479 U.S. 418 (1987), the Supreme Court recognized tenants' rights to seek enforcement of federally mandated housing conditions, affirming a federal cause of action. Further, *Goldberg v. Kelly*, 397 U.S. 254 (1970), supports tenants' rights to procedural due process in the administration of benefits like Section 8 vouchers. These cases confirm the federal jurisdiction over claims involving federal housing standards.

Nick Cronauer only knows two ways to work in court, motions to dismiss and summary judgments. All have failed in the lower court. He can not work outside of Dekalb, as his connections are primarily in Dekalb. So this second motion to dismiss should be no surprise and that it's only 8 pages, because he knows what they have done and can't argue against it.

Additionally, contrary to Defendants' claims, the Fair Housing Act, Section 1983, and other federal statutes cited by Plaintiffs establish enforceable rights and provide a basis for federal claims when procedural and substantive due process rights are infringed.

## II. Response to Defendants' Argument on Specific Claims

1. **CARES Act and HUD Violations (Counts I & II)**
   Defendants contend that the CARES Act does not grant tenants a private right to enforce HUD's housing quality standards. However, Plaintiffs do not allege a private right of enforcement under the CARES Act but rather assert that Defendants' actions fail to meet federal housing standards, which support claims under federal and Illinois law. Courts have consistently found that tenants may bring claims when housing conditions violate statutory and regulatory standards. See, e.g., *Gamble v. City of Escondido*, 104 F.3d 300 (9th Cir. 1997).

2. **Fair Housing Act (FHA) (Count IV)**
   Defendants argue that Plaintiffs have not alleged sufficient facts under the FHA. Plaintiffs' complaint, however, includes detailed allegations of discriminatory actions, including the denial of reasonable accommodations and disparate treatment. FHA regulations require that landlords make reasonable accommodations for tenants with disabilities, which Defendants failed to provide, resulting in a valid claim under the FHA.

3. **Rehabilitation Act (Count V)**
   Defendants claim the Rehabilitation Act applies only

to entities receiving federal funds and not to private landlords. Plaintiffs, however, allege that Defendants' actions effectively denied the protections intended for Section 8 tenants, undermining federal housing rights for tenants receiving public assistance. Under federal law, public housing authorities, and entities contracting with them **(HAP contract)**, bear obligations to maintain habitable conditions and may be held liable when failing to do so. Melissa Mobile and BKA holdings have a contract **(HAP) with the housing authority that pays her with HUD federal monies.**

4. **Section 1983 Civil Rights Violation (Count XVII)** Defendants argue that they are not state actors and therefore cannot be liable under Section 1983. Plaintiffs assert that Defendants, in cooperation with public housing authorities, engaged in actions that effectively deprived Plaintiffs of their due process rights. *Monell v. Department of Social Services*, 436 U.S. 658 (1978), affirms that public entities acting in coordination with private landlords can be held liable when their actions violate constitutional rights.

## III. Defendants' "Cloaking" of Private Motives and Misuse of Process

Plaintiffs allege that Defendants' reliance on procedural defenses to evade accountability amounts to cloaking

private motives under state processes, violating Plaintiffs' due process rights. Such misuse of process constitutes an abuse of public authority and undermines procedural fairness, as recognized in *Monell*. Defendants' selective enforcement of policies, in this case, represents an attempt to avoid addressing Plaintiffs' legitimate tenant rights. There is a very dark underbelly happening in sycamore and Dekalb county. And honesty the justice dept. needs to intervene and look over how many others this woman and landlord, these attorneys, the town of sycamore and the housing authority have intentionally harmed.

## IV. Response to Defendants' Critique on AI Usage

Defendants' focus on Plaintiffs' use of AI to prepare their filings is irrelevant to the substantive legal issues before the Court. The Federal Rules of Civil Procedure and the judiciary's focus on procedural fairness and efficiency allow litigants to use technology for drafting and research, provided that arguments meet the legal standards of the Court. Plaintiffs' claims are grounded in legal precedent and statutory rights, as detailed in this response. The focus of this Court should remain on the merits of the legal arguments and not on the drafting methods employed. When Nick can't win or knows he is about to lose he try's some other tactics, he attacks my use of AI or he try's criminal contempt's or he lols for violations of probation or meaningfull employments. This attorney is not a legit lawyer, he uses connections with courts and politicians to

win cases that should never have been won. He also brings abusive and illegal motions to hurt his opponents. He is not a serious lawyer and should be disbarred.

## V. Conclusion

For the reasons stated above, Plaintiffs have demonstrated sufficient legal grounds for federal jurisdiction and provided well-supported claims under federal law. Defendants' motion to dismiss mischaracterizes the nature of Plaintiffs' claims, and their procedural arguments fail to address the substance of the allegations. Plaintiffs respectfully request that the Court deny Defendants' motion to dismiss in its entirety.


Respectfully submitted,
Robert Sam and Karen Sam, Plaintiffs, Pro Se