**U.S DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT & KAREN SAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 3:23-cv-50301 |
| | ) | |
| MELISSA MOBILE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**BKA HOLDINGS, LLC's MOTION FOR REMAND AND FOR AWARD OF COSTS**
**AND ATTORNEY FEES**

NOW COME the Defendant, BKA HOLDINGS, LLC, by and through their undersigned counsel, and respectfully move this Court for an Order remanding the Sam's eviction case, 24 EV 136, back to DeKalb County:

State eviction case 24 EV 136 was filed on March 29, 2024, with Karen Sam served personally the served the same day. Ex. 1; *see also* Certified Docket from 24 EV 136, attached hereto as Exhibit 2. Robert Sam entered his appearance on April 15, 2024. Ex. 2, at 4/15/24. Yet, on November 1, 2024, 217 days after first being served, the Sams filed in this federal action, rather than a new action, ECF # 164, a "notice of removal" of the state eviction case, case number 24 EV 136 in this case. The Sams do not attach to their ECF notice any of the relevant pleadings as required by § 1446. Nor did they open a new federal case, they simply filed notice in this case and now seek to bypass the consolidation rules, even if removal was proper. On November 13, 2024, the Sam's then filed ECF # 164, in the State eviction case. *See* Exhibit 3. This filing has now caused the state eviction case to be closed due to the ostensible notice of removal triggering federal jurisdiction. *See* Certified docket, Exhibit 2, at 11/13/24. The Court docket showing closure is also accurately reflected below:



Robert and Karen Sam have not remotely complied with § 1446, procedurally nor substantively, and even if they did, there is still no jurisdiction in federal court over a state eviction action, nor does Illinois code of procedure allow an eviction case to be merged with other causes of action. Notably, the Sam's have not opened a separate federal case for the "removed" eviction case, but have filed a notice in this case to trigger federal jurisdiction, improperly and consolidate the 2024 eviction case with this pre-existing 2023 federal case. Even if the Court had substantive jurisdiction cover the claim, procedurally the filing is patently untimely. Given the flagrant abuse of the removal act, Defendant requests that this Court award their reasonable costs and attorney fees associated with the flagrantly improper removal of this action.

**LAW**

Any defect in the removal procedure, or the lack of subject matter jurisdiction, requires a remand. *In re Amoco Petroleum Additives Co.,* 964 F.2d 706, 708 (7th Cir. 1992). Jurisdiction exists in a removal action if the case might have been brought in federal court to begin with. *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 702, 31 L. Ed. 2d 612, 92 S. Ct. 1344.

Page 2 of 7

## I. THE PROCEDURAL AND SUBSTANTIVE DEFECTS ARE GROUNDS FOR REMAND

A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). Neither is satisfied here. First, removal was untimely since the notice was filed in November 2024, well outside the thirty days of the Sam's being served, as is required for proper removal. Despite this objective fact, the Sam's make an objectively false statement to this Court that removal was within thirty days of service. ECF # 164, at ¶ 4 ("This Notice . . . is timely filed . . . withing 30 days of receiving Defendants' state court filing . . . ."). This false assertion warrants sanctions. The state complaint was served well over thirty-days from service. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 530 (7th Cir. 2004) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by *the defendant,* through service or otherwise.") Robert Sam filed his own appearance in April 2024. *See* Ex. 2, at 4/15/25. Thus, removal was improper and untimely even if this Court had subject matter jurisdiction under 28 U.S.C. § 1441(a) over a State eviction action by Illinois citizens. The eviction raises only state law claims pertaining to eviction proceedings, which do not raise any federal questions, nor is there diversity jurisdiction as all are Illinois citizens.

Under 28 U.S.C. § 1331, federal jurisdiction requires a federal question presented on the face of a well-pleaded complaint. Plaintiffs' Complaint does not assert any federal claims. As illustrated in *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987), the plaintiff is the master of the complaint, and Plaintiffs are pursuing claims exclusively under state law that, under Illinois eviction act, cannot be combined with any other claims even if they wanted to. *See* 735 ILCS 5/9-106 ("no matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder counterclaim, or otherwise.")

Courts must strictly construe the removal statutes against removal, and any doubt must be resolved in favor of remand. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The burden falls on the Sams to establish federal jurisdiction, which they have failed to do. The Sam's attempt to establish

federal jurisdiction by asserting that federal claims are implicated in an eviction case because there is a federal case alleging an improper eviction. However, this assertion lacks merit as the underlying eviction and related claims involve traditional state law issues which have no "substantial, disputed federal issue." *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005). The fact that the federal Fair Housing Act may be tangentially mentioned does not create federal question jurisdiction in a independent eviction case nor does the CARES Act. *See Saloojas, Inc. v. Aetna Health of California, Inc.*, 80 F.4th 1011, 1014-16 (9th Cir. 2023).

Under the Illinois Forcible Entry and Detainer Act, eviction proceedings are intended to be expedited and resolved promptly. See 735 ILCS 5/9-106 ("no matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise.") The Act provides a streamlined process specifically for possession issues, and eviction actions are not to be combined with unrelated claims or unduly delayed by litigation involving other matters raised. The Sam's attempt to remove this case and consolidate it with an existing federal case contradicts the purpose of the Act and undermines the expedited nature of eviction proceedings.

## II. RULE 42(a) CONSOLIDATION IS NOT A PROPER BASIS FOR REMOVAL

The Sams' notice of removal action of an open eviction case—after numerous denied prior motions seeking to have this court intervene under the Younger abstention doctrine (ECF # 144, 166)—has performed an end-run around prior rulings and ostensibly consolidated the state eviction case with this existing federal case. Federal Rule of Civil Procedure 42(a), however, cannot be invoked to justify nor support removal. The rule merely allows consolidation of actions already before the federal court if they involve common questions of law or fact, but it is not an independent basis for removal from state court under § 1446. There has been no finding nor analysis required by FRCP 42(a) that would allow the Sam's to directly remove the state case into this case, which is what they have effectively done by not complying with the removal act nor filing to open a new federal case that

meets § 1441 standards. Any removal action must be justified under 28 U.S.C. § 1441, which Defendants have failed to meet and the basic requirements set forth therein to remove a case have not been met. The procedural defects require remand.

In *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529-31 (7th Cir. 2004), the Seventh Circuit reaffirmed that jurisdiction cannot be created through procedural mechanisms like assignment or case consolidation when original jurisdiction does not exist or is not timely filed. Defendants cannot circumvent the removal statutes simply because they would like to consolidate this matter with another action.

## II. AWARD OF COSTS, SANCTIONS, AND ATTORNEY FEES ARE WARRANTED TO PREVENT FRIVOLOSU FILINGS AND RE-FILINGS

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Attorney Fees and Costs are justified under 28 U.S.C. § 1447(c), because this Court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), indicated that such fees should be awarded where the removing party lacked an "objectively reasonable basis" for seeking removal. Here, the Sams had no reasonable grounds to believe that this state eviction action presented a federal question or satisfied diversity requirements, nor was it timely. They claim, falsely, notice was filed within 30 days of service. This is patently false. The removal was not remotely timely. There is no federal jurisdiction to initiate its removal, nor did not comply with the Act. In *Fuller v. BNSF Railway Co.*, 472 F. Supp. 2d 1088 (S.D. Ill. 2007), the court found that a defendant's removal of a state law case premised on the mere mention of federal regulations as an element of negligence was improper, warranting a remand and an award of attorney fees. Here, no federal regulations are referenced in the eviction complaint. Similarly, the Sams here lacked a sound basis for removal, thereby justifying the award of attorney fees and costs.

BKA Holdings, LLC has needlessly incurred attorney fees and costs due to the meritless removal of the state court eviction action so that it can be reinstated upon remand. The Sams have made it clear their goal is to simply drive up everyone legal fees and costs as part of their conduct, which is patently improper:



The Sams, as *pro se* litigants, who are habitual *pro se* litigants (ECF # 135-2), are held to the same standard as any attorney. "*Pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines. *See Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir. 1994)." The Sams, as is made clear in ECF # 164 by stating falsely in their notice that thirty-days has not expired, perceive themselves however has having a "long leash" (ECF #135-6, # 135-7) due to their *pro se* nature, hence the repetitive filings and disregard for court rule, orders, and procedures, and now removal time-frames. Additionally, the Sams must be barred from filing any document with the Clerk without leave of court, that includes a memorandum of law in support of the motion showing that the plaintiff has researched the issue and has a meritorious basis for it not barred by case law, CFR, or FRCP, as well as affidavit certifying that the claim has never before been brought in any court. *See Pusch v. Socail Sec. Admin.,* 811 F. Supp. 383, 388 (C.D. Ill. 1993). Here as in *Pusch,* the plaintiff must research the basis for their motions and lawsuits BEFORE seeking leave to file. While the court can have sympathy for the plaintiff, as in *Pusch,* who sincerely believed that she has been a victim of persecution and neglect, federal litigation is not the answer to the plaintiff's problems. *Id.* The *Pusch* court waas also reluctant to impose monetary sanctions, eventually enough was enough, and the court would no longer hesitate

Page 6 of 7

to do so if bombarded with future frivolous pleadings or motions. That same ruling and analysis should apply in this case given the habitual nature of the claims and Robert Sam's repeated attempts to claim death to his family unless there are rulings in his favor. As the process server made clear, Karen is not on her death bed (Ex. 1) and the claims of death if evicted have been part of the Sam's DARVO strategy since at least 2017. *See* Robert Sam Motion, dated 12, 28, 2017, Exhibit 4.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Grant this Motion and remand t24 EV 136 back to State Court;

2. Award Plaintiffs their just costs and actual expenses, including attorney fees, incurred as a result of this improper removal premised upon false assertions as to dates; and

3. Grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/ C. Nicholas Cronauer

C. Nicholas Cronauer (ARDC #6305683)
Cronauer Law, LLP
1101 DeKalb Ave, Suite 2
Sycamore IL, 60178
P (815) 895-8585 / F (815) 895-4070
NC@CronauerLaw.com
Service@CronauerLaw.com