

**FILED**
11/18/2024 VJD
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

**Case No.: 3:23-cv-50301**
**Robert Sam and Karen Sam, Plaintiffs**
**v.**
**BKA Holdings, LLC, Melissa Mobile, et al., Defendants**

## RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR REMAND AND FOR AWARD OF COSTS AND ATTORNEY FEES

Plaintiffs Robert and Karen Sam (collectively, "Plaintiffs"), proceeding pro se, respectfully submit this response in opposition to Defendant BKA Holdings, LLC's Motion for Remand. Defendants' motion seeks to improperly remand a matter with substantial federal implications, arising from Defendants' misuse of state processes to target Plaintiffs' federally protected rights under the Fair Housing Act (FHA), the CARES Act, and the Civil Rights Act. Plaintiffs address the following: (1) Federal jurisdiction over the removed matter, including the contempt motion; (2) Procedural propriety of Plaintiffs' Notice of Removal; and (3) Defendants' history of bad-faith litigation, bias, and corruption.

# I. Federal Jurisdiction Exists Over the Removed Contempt Action and Eviction Case

## A. Federal Preemption Applies Under the Fair Housing Act and CARES Act

1. **Federal Jurisdiction Under the Fair Housing Act (FHA):**
   Plaintiffs invoke federal protections under the FHA (42 U.S.C. §§ 3601–3619), alleging retaliation and discrimination by Defendants for asserting their housing rights. Federal jurisdiction is proper where claims implicate federal statutory protections. In *Harris v. Itzhaki*, 183 F.3d 1043 (9th Cir. 1999), the court held that retaliatory eviction efforts based on protected characteristics are enforceable in federal courts. Defendants' contempt motion directly targets Plaintiffs' filings under the FHA, justifying federal intervention.

2. **CARES Act Compliance:**
   Plaintiffs allege violations of the CARES Act's 30-day notice requirement for evictions in federally assisted housing (15 U.S.C. § 9058). Federal courts have consistently enforced these protections to prevent state court actions from undermining federally mandated safeguards. See *Elmsford Apartment Assocs., LLC v. Cuomo*, 469 F. Supp. 3d 148 (S.D.N.Y. 2020).

3.  **State Court Contempt Motion Preempts Federal Claims:**
    The contempt motion filed in state court arises directly from Plaintiffs' federal filings, constituting improper state interference with federal jurisdiction. Such actions are preempted under the Supremacy Clause (U.S. Const. art. VI, cl. 2) and violate federal procedural norms, as recognized in *Donovan v. City of Dallas*, 377 U.S. 408, 412–13 (1964). Nicholas Cronauer tried side stepping the federal court by middle fingering this court and going to a freind, judge Jill Konen to help him gain advantage over us.

## B. State Actions Interfering with Federal Jurisdiction Must Be Removed

Under 28 U.S.C. § 1441(a), removal is appropriate where federal jurisdiction exists over claims presented in a state court proceeding. State actions, including contempt motions, that retaliate against federally protected activities meet this standard, as in *Younger v. Harris*, 401 U.S. 37 (1971), where exceptions to state court abstention arise for bad-faith prosecutions or when federal rights are at stake.

## II. Plaintiffs' Notice of Removal Complies Procedurally and Substantively with 28 U.S.C. § 1446

### A. Timeliness of Removal

Plaintiffs timely filed the Notice of Removal within 30 days of receiving Defendants' contempt motion, which implicates federal claims. This satisfies the timing requirement under 28 U.S.C. § 1446(b). Defendants' assertion that removal is untimely mischaracterizes the removal trigger date, as it ignores that the contempt motion is the relevant initiating document for purposes of removal.

### B. Removal of the Contempt Motion Is Proper

1.  **Contempt Originating in Federal Claims:** Defendants' contempt motion arises solely from Plaintiffs' federal filings. Jurisdiction over such a motion rests exclusively with the federal court where the original filings were made. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (federal courts maintain jurisdiction over matters integral to federal cases).

2.  **Joinder of State Eviction Case:** While the state eviction case is ancillary to the federal claims, its joinder is proper under 28 U.S.C. §

1367(a), granting supplemental jurisdiction over state claims sharing a common nucleus of operative fact with federal claims. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

## III. Defendants' Motion Is Retaliatory and Made in Bad Faith

### A. Defendants' Pattern of Targeting Vulnerable Populations

Defendant Cronauer has a documented history of targeting vulnerable populations, including disabled and elderly individuals, through bad-faith litigation practices. Courts have repeatedly sanctioned similar conduct, recognizing it as an abuse of the judicial system. Federal courts have inherent authority to curb such practices and protect litigants, as in *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980).

### B. Bias and Corruption Evidenced by Venue Transfer Request

1. **Chief Judge's Request for Venue Change:** The Chief Judge's extraordinary step of requesting the Supreme Court to transfer all cases to a new venue underscores systemic bias and corruption within the jurisdiction. This supports Plaintiffs'

claims that they cannot receive a fair adjudication in the current forum. See *Tumey v. Ohio*, 273 U.S. 510 (1927) (judicial bias violates due process and necessitates corrective action).

2. **Collusion Among Defendants and Counsel:** Plaintiffs have consistently alleged bias and improper conduct by attorneys and judicial officers, judges, including patterns of retaliation and procedural manipulation. The venue transfer request substantiates these allegations.

**( case laws found on Justia, Google scholar, pacer) all cases are being removed and transferred to new state court. Also, Movant's Sale of the Property Contradicts Its Claim of Urgency**

**Defendant is wanting to keep this eviction going, yet the property at 639 Stonegate Drive is currently listed as contingent for sale on the open market. This listing, along with the reduced price as of October 8, 2024, demonstrates that Movant's primary motivation is not the recovery of possession due to unpaid rent but rather the completion of a property sale for financial gain.**

**If the property is already under contract for sale, Movant has no immediate need to proceed with eviction, as the tenant's current occupancy does not impede the sale process. This undermines the**

credibility of Movant's argument that it requires relief from the stay due to harm or urgency. Moreover, it raises questions about Movant's intentions, as the sale likely renders the eviction proceedings moot.

Courts have recognized that creditors seeking relief from the automatic stay must demonstrate a legitimate and immediate need for such relief. See In re Sonnax Indus., Inc., 907 F.2d 1280, 1285 (2d Cir. 1990) (requiring the movant to show a compelling reason for lifting the automatic stay). Movant has failed to provide such a justification here, particularly given the pending sale of the property.

The Court should deny the motion on these grounds and scrutinize Movant's inconsistent and misleading representations to the Court.) Also this constant attack calling me a habitual litigant when he references my father who is a sr, his cases. This attorney is a habitual abuser of the law and the lower court had to intervene to stop the corruption. This federal court has still failed to make rulings on my motions as we keep getting attacked. But this court rules very timely for the defendants. Why?

## IV. Plaintiffs' Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

1. **Deny Defendants' Motion for Remand** and retain jurisdiction over the removed action;
2. **Strike Defendants' Contempt Motion** as an improper state-level interference with federal proceedings;
3. **Order an Independent Review** of Defendant Cronauer's litigation history and patterns of misconduct to address systemic abuses impacting disabled and elderly individuals;
4. **Award Plaintiffs Costs and Fees** incurred in opposing this motion due to Defendants' bad faith;
5. **Grant Declaratory Relief** confirming that Defendants' actions constitute retaliation and bad-faith litigation against federally protected rights; and
6. Grant such other relief as this Court deems just and proper.

**Respectfully submitted,**
**/s/ Robert Sam**
**/s/ Karen Sam**
**Plaintiffs, Pro Se**