**U.S DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT & KAREN SAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No.  3:23-cv-50301 |
| | ) | |
| MELISSA MOBILE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**BKA HOLDING, LLC PETITION & DECLARATIONFOR ATTORNEY'S FEES AND
COSTS PURSUANT TO 28 U.S.C. § 1447(c)**

**INTRODUCTION**

Petitioner BKA Holdings, LLC, respectfully submits this petition seeking an award of attorney's fees and costs incurred in connection with Plaintiffs' improper removal of 24 EV 136 matter to federal court pursuant to 28 U.S.C. § 1447(c), RPC 1.5, and *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).

**I. FEES UNDER 28 U.S.C. § 1447(c) REQUIRED FOR LACK OF OBJECTIVE BASIS**

Under 28 U.S.C. § 1447(c), the Court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under Seventh Circuit law, "if . . . no basis for removal, then the district court should award . . . attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).  Courts routinely award fees where the removing party lacked an objectively reasonable basis for removal. As demonstrated in the record and prior pleadings, the Sams' removal of an eviction case was both untimely and jurisdictionally defective and therefore not objectively reasonable. The state eviction case was removed well outside the statutory 30-day limit, in violation of 28 U.S.C. § 1446(b) and despite prior court orders denying their request to intervene in the eviction action. The underlying eviction matter, governed by Illinois state law, raised no federal question nor diversity jurisdiction under 28 U.S.C. § 1331 or § 1332. The removal forced BKA to expend resources preparing

the remand motion, figuring out the right procedure for "remanding" a case ostensibly removed into a pre-existing case, and addressing jurisdictional defects, especially because, as the Court noted, it was not a proper removal yet it caused the State Court to close the case due to the ostensible removal filings. As detailed in the motion to remand, Respondents knowingly filed false statements regarding timeliness and jurisdiction, further justifying sanctions and fees for objective unreasonableness.

## II. FEE REQUEST AND SUPPORTING DOCUMENTATION

Petitioner requests fees for time reasonably spent on the following tasks, outlined below and attested to under penalty of perjury as contained in the declaration attached as Exhibit 1:

a.  **Attorney Time**

    a.  C. Nicholas Cronauer

        i.  November 1, 2024

            1.  C. Nicholas Cronauer

                a.  .1:  Receipt and Review of "Notice of Removal" filed in federal action.

            2.  Paralegal Gabrielle

                a.  .1 Saving ECF 164 to file.

        ii.  November 14, 2024:

            1.  C. Nicholas Cronauer

                a.  .5: reviewing state docket online on Magnus for 24 EV 136 MR 898 order, learning state eviction case closed due to "Notice of Removal" filing[1] and reviewing the notice filing.

---

[1]  Notably, despite Robert Sam emailing undersigned over 500 times, he failed to email or serve undersigned with a copy of the notice of removal filing in the state eviction action; likely because there is a thirty-day deadline to file a remand motion. *See* Ex. 2, affidavit of Jacob Santos.

  b. .5: Searching internet for cases cited in Notice of Removal"

  c. .35: Emails and Telephone call with attorney Chris Hansen about legal framework for remanding a case and ability to recover fees for the improper removal filing.

  d. 1.75 receipt and review of legal briefs and order filed in *Coffman v. Dutch Farms, Inc.* 16-CV-157, N.D., N.D. Ind., 2016 regarding standard for remand and recovering fees where federal regulations are alleged to be implicated for the removal

 2. Gabrielle Gifford

  a. .1 Pulling and saving State filing to file.

iii. November 15, 2024

 1. C. Nicholas Cronauer

  a. .1: Telephone call with attorney Ross Brennan about legal framework for proper procedure for remanding a case not properly remanded and ability to recover fees for the improper "removal" filing in a pre-existing case.

  b. .5 Reviewing of FRCP 42(a) and its application to Removal, if any.

  c. 1.75: Drafting initial framework and outline for remand motion with factual background and preliminary remand law.

  d. 1.5: Legal Research for additional Case law regarding remand standard for legal effect of a notice of removal that filed but the

---

The affidavit was drafted for purposes of reinstating the state eviction case and ensure notice of all filings therein.

notice does not comply with 28 USC 1441 in the Seventh Circuit nor cause a new Federal Case to open.

    iv. November 16, 2024

        1. C. Nicholas Cronauer

            a. 1.5: Reviewing case law: *Boyd, Younger, Grable, Caterpillar.*

    v. November 18, 2024

        1. C. Nicholas Cronauer

            a. .75: Finding, culling, organizing remand Exhibits from file, finding and citing ECF exhibits.

            b. 2.5: Finishing Remand brief, incorporating exhibits, adding case law.

            c. .1: Discussion with Brad Melzer regarding Notice of Removal Filing and proper procedure regarding remand given no federal case created by notice.

            d. 1: Searching, reviewing case law for standard applied to *pro se* litigants, incorporating into brief, reviewing *Pusch* case.

            e. .1 Filing Remand Motion in ECF

            f. .1 Receipt and Review of Remand Order.

            g. .25 Receipt and Review of Sam Objection

            h. 1: Reviewing *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), drafting fee Petition, outline and framework, rough outlining for legal work done

        2. Paralegal Gabrielle

            a. .5 Obtaining certified copy of docket, driving to obtain

  b. .25 finding and pulling exhibits requested by CNC

  c. 2.4 Miles to Court at 67 cents per mile per IRS rate: $1.61

  d. Costs to obtain certified copy: $67.50. Ex. 3.

 3. Chief Technology Officer Jacob

  a. 1: Reviewing internal systems, Tyler, and Odyssy to confirm lack of notice of the State Court filing, drafting affidavit for State Court filing regarding reinstatement.

vi. November 19, 2024

 1. C. Nicholas Cronauer

  a. 1.25: Finalizing Fee Petition

  b. .5 Drafting/Finalizing Motion to Reinstate Eviction Case in State Court

vii. November 20, 2024

 1. No Charge: Final review, edits, grammar, etc.,

 2. No Charge: Drafting Declaration

The total fees and costs incurred by BKA at the contracted for amount, is **$5,829.11**, detailed as follows:

1. **Attorney Fees**: $350 x 15.6= $5,460.

2. **Paralegal Fees**: $150 x 1 = $150

3. **IT Fees**: $150 x 1= $150

4. **Costs**= $69.11

### III. LEGAL STANDARD FOR FEE CALCULATION

The requested rates for attorneys, paralegals, and the information technology are consistent with prevailing market rates in the Northern District of Illinois for similar services, as supported by

the attorney retainer agreement. Ex. 1; *Blum v. Stenson*, 465 U.S. 886 (1984), and *Casey v. Rides Unlimited Chi., Inc.*, 2022 IL App (3d) 210404, ¶ 4 (reversing trial court's order reducing $475 hourly rate to $250). *Cf. Flynn v. Cusentino*, 59 Ill. App. 3d 262, 266, 375 (1978) (paid bills are *prima facie* reasonable.") The hours expended are reasonable and necessary given the complexities introduced by the Sams' attempt to remove an eviction case into a pre-existing federal case that pre-dates the eviction. This was an issue of first impression for undersigned given the procedural confusion crated by the filings, including consolidation rules in play, requiring significant effort to address the jurisdictional and procedural defects and procedure for such. The time spent also reflects efficient work allocation, with specific roles assigned to paralegals and IT personnel for tasks like document preparation, retrieval, and system review in order to save costs and fees.

Additionally, the requested fees align with the factors outlined in Illinois Rule of Professional Conduct 1.5(a), which governs the reasonableness of attorney's fees. These factors include:

1. **Time and Labor Required**:

The improper removal introduced procedural complexities given the attempt to remove a case, then get the state case closed that needs to be re-opened, with an ECF filing, requiring 15.6 hours of attorney work and 2 hours of paralegal support. Tasks included researching jurisdictional and procedural defects, federal consolidation rules, then the legal effect, if any, that occurred by the closure, then preparing a motion to remand, and drafting this petition.

2. **Novelty and Difficulty of the Issues**:

The removal filing raised an issue of first impression for undersigned counsel and reflected in the court's order given the improper removal, which is why no remand motion was filed nor even considered until after the November 13, 2024, state filing where Plaintiffs successfully through removal closed the state court eviction case into the pre-existing federal case through an ECF filing, creating procedural and jurisdictional challenges under the Code and implicating FRCP 42 for proper consolidation.

3. **Skill Required**:

Resolving the procedural and jurisdictional issues required expertise in federal removal, consolidation, and remand law, as well as familiarity with the Federal Rules of Civil Procedure and Seventh Circuit precedent.

4. **Customary Fee in the Jurisdiction**:

The requested hourly rate of $350 is consistent with the market rates for attorneys of similar experience and skill in the Northern District of Illinois and Rockford legal market, and below the current rate undersigned would charge new clients.

5. **Results Obtained**:

The work resulted in the successful remand of the state court eviction case and a reversal of the state court's closure order.

6. **Experience and Reputation of the Attorney**:

o  Attorney C. Nicholas Cronauer has been practicing law since 2011 and is admitted to federal courts, including the trial bar of the Northern District of Illinois. He has significant litigation experience and a record of notable civil trial success.

7. **Fixed or Contingent Fee Arrangement**:

The fees are based on a fixed hourly rate, consistent with the agreement between counsel and BKA Holdings, LLC, which is the best evidence of what is reasonable.

## CONCLUSION

The attorney fee request of $5,827.61 is reasonable and justified given the lack of objective reasonableness for the Sams' removal. The complexity created by filing the removal notice in this pre-existing case and volume of filings necessitated by the improper removal underscore the need for full fee recovery to compensate for the expenses incurred and to deter similar conduct in the future.

For the foregoing reasons, Petitioner respectfully requests that this Court:

1. Award attorney's fees and costs in the amount of $5,827.61, as set forth above.

2. Grant any further relief that the Court deems just and proper.

Respectfully submitted,

/s/ C. Nicholas Cronauer

C. Nicholas Cronauer (ARDC #6305683)
Cronauer Law, LLP
1101 DeKalb Ave, Suite 2
Sycamore IL, 60178
P (815) 895-8585 / F (815) 895-4070
NC@CronauerLaw.com
Service@CronauerLaw.com