**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT & KAREN SAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 23-cv-50301 |
| | ) | |
| RILEY ONCKEN, RILEY | ) | |
| N. ONCKEN, P.C., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS RILEY N. ONCKEN AND RILEY N. ONCKEN, P.C.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants RILEY N. ONCKEN and RILEY N. ONCKEN, P.C. (collectively, "Oncken"), through their attorneys, CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC, submit this Reply in Support of their Motion to Dismiss.

**INTRODUCTION**

Oncken's Motion to Dismiss demonstrated that all thirteen claims Plaintiffs assert against Oncken are legally and factually baseless and should be dismissed with prejudice. First, this Court lacks subject matter jurisdiction because there is no private right of action under the cited federal statutes, and Oncken is not a state actor for purposes of § 1983. Second, Plaintiffs fail to state a claim upon which relief can be granted: the federal statutes do not apply to Oncken, an attorney, and the remaining state law claims lack sufficient factual support.

Plaintiffs' response only highlights the deficiencies in their case. Procedurally, the response violates Local Rules by exceeding the page limit and failing to meet formatting requirements. Substantively, it is unfocused, introduces new claims and irrelevant arguments, addresses the actions of other defendants rather than Oncken, and fails to rebut the arguments in Oncken's Motion. Plaintiffs also misconstrue key legal principles, including federal question jurisdiction and

the "state actor" requirement under § 1983. Critically, Plaintiffs provide no legal or factual foundation to sustain their claims. For these reasons, Oncken's Motion to Dismiss should be granted, and Plaintiffs' Complaint dismissed with prejudice.

## **ARGUMENT**

### I.     PLAINTIFFS' RESPONSE SHOULD BE STRICKEN FOR VIOLATING LOCAL RULE 7.1.

Absent leave of court, all motions and memoranda of law must comply with the 15-page limitation set forth in Local Rule 7.1. Additionally, the Local Rules require that all motions and memoranda be double-spaced; line spacing of 1.5 is no longer permitted. Noncompliance with these rules alone provides sufficient grounds to strike a filing.

Plaintiffs' response is 28 pages long and less than double-spaced, in blatant violation of the Local Rules. Plaintiffs have not sought leave of court to exceed the page limit. Further, their response includes unrelated allegations against other defendants, making it both incomprehensible and irrelevant to Oncken's motion. Plaintiffs' response also fails to present any proper legal or factual arguments addressing the deficiencies identified in Oncken's motion to dismiss. Therefore, Plaintiffs' response should be stricken for noncompliance with the Local Rules.

### II.    PLAINTIFFS' RESPONSE FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION.

#### A.     Plaintiffs' CARES Act and HUD Regulation Claims Must Be Dismissed With Prejudice Because Federal Courts Do Not Retain Authority to Enforce Claims Where Substantial Federal Interests Are Implicated By Federal Statutes.

Plaintiffs argue that, despite Oncken's contention that there is no private right of action under the cited federal statutes, federal courts retain the authority to enforce claims where substantial federal interests are implicated. Plaintiffs cite the Supreme Court case *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), which established that

2

federal jurisdiction may exist **<u>over state law claims</u>** if a federal issue is necessarily raised, actually disputed, substantial, and resolvable in federal court without disrupting the federal-state balance approved by Congress.

Plaintiffs' reliance on *Grable* to argue that federal question jurisdiction exists is misplaced. Plaintiffs conflate two distinct bases for federal jurisdiction: (1) claims arising directly under federal statutes that expressly or impliedly provide a private right of action (the "Holmes Test," as established in *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257 (1916)), and (2) the narrow *Grable* exception for state law claims embedding federal issues. The *Grable* exception applies only in cases where no federal statute creates the claim. If a federal statute does create the claim, the "Holmes Test" governs.

Here, Plaintiffs argue that federal question jurisdiction exists due to a substantial federal interest in tenants' rights as purportedly embedded in the CARES Act, HUD regulations, the Fair Housing Act, the Rehabilitation Act, the Americans with Disabilities Act, and the Fair Debt Collection Practices Act. This argument is incorrect. These are not state law claims implicating a substantial federal issue. As addressed in Oncken's motion, the CARES Act and HUD regulations do not create private rights of action for enforcement. Accordingly, Plaintiffs fail to rebut Oncken's argument that no federal question jurisdiction exists. Therefore, Oncken's motion to dismiss should be granted.

> **B.      Plaintiff's 42 U.S.C. § 1983 Claim Must Be Dismissed With Prejudice Because Oncken Is Not a State Actor for § 1983 Purposes.**

Plaintiffs also misconstrue the state action doctrine, incorrectly arguing that Oncken, a private party, can be treated as a state actor under 42 U.S.C. § 1983 if Oncken misused state processes to violate federally protected rights. To support this argument, Plaintiffs cite *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), but this reliance is misplaced, as Plaintiffs incorrectly

state the holding of that case. The Court in *Lugar* determined that private misuse of state statutes does not constitute state action and does not give rise to a valid claim under § 1983 unless the law itself is unconstitutional. In this case, the constitutionality of a statute is not at issue. Accordingly, Plaintiffs' § 1983 claim against Oncken fails because Oncken is not a state actor. Therefore, Oncken's motion to dismiss should be granted.

**C.** **Plaintiff's Fair Debt Collection Practices Act (FDCPA) Claim Must Be Dismissed With Prejudice Because Oncken Is Not An Attorney Engaged In Regular and Traditional Debt-Collection Activities.**

Plaintiff asserts that Oncken, as an attorney, qualifies as a "debt collector" under the FDCPA based on the Supreme Court's decision in *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). In that case, the Court held that the FDCPA can apply to attorneys who "regularly" collect or attempt to collect debts as part of their principal business, such as by sending dunning letters and engaging in other traditional debt-collection activities, but not to attorneys' litigation activities. *Id*. at 294-99. Contrary to Plaintiff's assertion, the decision in *Heintz* does not support the sweeping claim that all attorneys qualify as debt collectors under the FDCPA. As noted in Oncken's Motion, Oncken's role in this case—assisting a private landlord in filing eviction papers—was part of Oncken's litigating activity and does not rise to the level of debt collection under the FDCPA. *See Watkins v. Associated Brokers, Inc.*, 1998 WL 234030, at *2 (N.D. Ill. June 5, 1998). Therefore, Plaintiff's Response fails to demonstrate that the FDCPA applies to Oncken, and this claim must be dismissed with prejudice.

**III.** **PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**A.** **Plaintiffs' Federal Claims Are Legally and Factually Deficient.**

The federal statutes relied upon by Plaintiffs—including the CARES Act, HUD regulations, the Fair Housing Act, the Rehabilitation Act, the Americans with Disabilities Act, and

the Fair Debt Collection Practices Act—are designed to regulate specific actors, such as landlords or housing authorities. As an attorney, Oncken is not within the class of individuals these laws are intended to regulate. Plaintiffs' response fails to address this fundamental issue or provide any legal authority suggesting that Oncken falls within the scope of these Acts and regulations. Therefore, Plaintiffs' claims under these Acts and regulations must be dismissed with prejudice.

**B.      Plaintiffs' State Law Claims Are Conclusory and Unsupported.**

Plaintiffs' Response does little more than reiterate the conclusory allegations set forth in their Complaint, without addressing Oncken's specific arguments that Plaintiffs have failed to plead sufficient facts to support the required elements of each claim. For instance, Plaintiffs appear to assert their claim for intentional infliction of emotional distress based solely on the conclusory assertion that they experienced such distress. Similarly, Plaintiffs rely on the same circular reasoning to support their defamation, malicious prosecution, abuse of process, and negligent infliction of emotional distress claims, failing to provide any substantive factual detail to meet the applicable pleading standard. Plaintiffs also entirely neglect to address their civil conspiracy, negligent misrepresentation, and fraudulent inducement claims. Consequently, Plaintiffs have failed to satisfy the pleading requirements under Rule 12(b)(6), and dismissal of their Complaint is warranted.

**C.      Plaintiffs Improperly Introduce New Claims.**

Plaintiffs' response improperly introduces new allegations, including purported violations of the "Bankruptcy Discharge Injunction (11 U.S.C. § 524)" and accusations of "Potential Public Corruption and Improper Collusion Between HACD and the Landlord." First, these claims were not pleaded in the Complaint against Oncken and cannot be raised for the first time in opposition to a motion to dismiss. Second, as evidenced by the heading in Plaintiffs' response, the latter claim

5

is not even directed at Oncken but rather at other parties—a recurring issue throughout Plaintiffs' response.

## **CONCLUSION**

For the reasons stated herein and in Oncken's Motion to Dismiss, Plaintiffs' Complaint fails as a matter of law. Plaintiffs have neither addressed the deficiencies identified in Oncken's Motion nor provided any factual or legal basis to proceed against Oncken. The Court should strike Plaintiffs' response for noncompliance with Local Rules and dismiss their Complaint with prejudice.

WHEREFORE, Defendants RILEY N. ONCKEN AND RILEY N. ONCKEN, P.C. respectfully request that this Honorable Court enter an order dismissing Plaintiffs' Third Amended Complaint with prejudice and provide any further relief this Court deems appropriate and just.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC

By:    */s/ Zachary G. Shook*
        Zachary G. Shook

Zachary G. Shook (ARDC #6305057)
CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 West Madison Street
Suite 2200
Chicago, Illinois 60606
(312) 332-8450
(312) 332-8451
zgs@crayhuber.com
*Attorney for Defendants Riley N. Oncken and Riley N. Oncken, P.C.*

## **CERTIFICATE OF SERVICE**

Defendants RILEY N. ONCKEN AND RILEY N. ONCKEN, P.C., through their undersigned counsel, electronically served **Defendants Riley N. Oncken and Riley N. Oncken, P.C.'S Reply in Support of Their Motion to Dismiss** Pursuant To Fed. R. Civ. P. 12(B)(1) and 12(B)(6) to all parties of record through the PACER/ECF system.

Dated: December 5, 2024

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC

By: */s/ Zachary G. Shook*
    Zachary G. Shook

Zachary G. Shook (ARDC #6305057)
CRAY HUBER HORSTMAN HEIL
 & VanAUSDAL LLC
303 West Madison Street
Suite 2200
Chicago, Illinois 60606
(312) 332-8450
*Attorney for Defendants Riley N. Oncken and Riley N. Oncken, P.C.*