**U.S DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT AND KAREN SAM, | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | No.  3:23-cv-50301 |
| | ) | |
| BKA HOLDING, LLC, MELISSA MOBILE, | ) | Judge Ian D. Johnston |
| RILEY ONCKEN, RILEY N. ONCKEN, P.C. | ) | |
| CHRISTOPHER NICHOLAS CRONAUER and | ) | Magistrate Judge Margaret |
| CRONAUER LAW LLP, HOUSING AUTHORITY | ) | Schneider |
| OF COUNTY OF DEKALB ILLINOIS, THE CITY | ) | |
| OF SYCAMORE ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## ATTORNEY CRONAUER'S REPLY IN SUPPORT OF HIS 12(B)(1) AND 12(B)(6) MOTION TO DISMISS

NOW COME Defendants, CHRISTOPHER NICHOLAS CRONAUER, Individually and

CRONAUER LAW LLP (hereinafter referred to in the singular as "Attorney Cronauer"), by and

through his attorneys, AMANDA J. HAMILTON and KONICEK & DILLON P.C., and for his Reply in

support of his Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Third Amended Complaint,

Attorney Cronauer states as follows:

INTRODUCTION AND SUMMARY OF CLAIMS

1.     This is Plaintiffs' third attempt to state a cause of action in federal court arising

from their underlying landlord-tenant dispute in DeKalb County.

2.     In addition to alleging claims against their prior landlord, BKA Holding, LLC and

Melissa Mobile ("Landlord Defendants"), Plaintiffs have also purported to set forth claims

against the Landlord Defendants' current and former attorneys (Attorney Cronauer and his firm

and Attorney Oncken and his firm).

1

3.   Likewise, Plaintiffs have named the "Housing Authority of County of DeKalb" and the City of Sycamore as Defendants as well.

4.   Plaintiffs' Third Amended Complaint consists of 309 (unnumbered) pages, approximately 23 claims, and more than 388 paragraphs, subparagraphs, and various bullet points.

5.   For the sake of clarity, Attorney Cronauer sets forth the following table of Counts summarizing the Third Amended Complaint, with the claims directed against Attorney Cronauer highlighted in gray:

| Count | Page Number (Per Docket Sheet) | Plaintiffs' Claim | Defendant(s) |
|---|---|---|---|
| I | 51 | "Violation of the CARES Act" | Landlord Defendants, Attorney Oncken, Attorney Cronauer |
| II | 55 | "Violation of HUD Rules" | Landlord Defendants, Attorney Cronauer, Attorney Oncken |
| III | 59 | "Violation of the IHRA" | Landlord Defendants, Attorney Cronauer, Town of Sycamore |
| IV | 66 | "Violation of Fair Housing Amendment of 1988" | Landlord Defendants |
| V | 70 | "Violation of the Rehabilitation Act" | Landlord Defendants |
| VI | 73 | "Violation of Landlord-Tenant Regulations" | Landlord Defendants, Town of Sycamore, DeKalb Housing Authority |
| VII | 79 | "Breach of Warranty of Habitability" | Landlord Defendants, Town of Sycamore, DeKalb Housing Authority |
| VIII | 83 | "Abuse of Process" | Landlord Defendants |
| IX | 87 | "Abuse of Process" | Attorney Oncken, Attorney Cronauer |
| X | 91 | "Violation of the FDCPA" | Attorney Oncken, Attorney Cronauer |

2

| XI | 94 | "Malicious Prosecution" | Landlord Defendants |
|---|---|---|---|
| XII | 97 | "Malicious Prosecution" | Attorney Oncken |
| "XLIII" [sic] | 99 | "Civil Conspiracy" | All Defendants |
| XIV | 106 | "Intentional Infliction of Emotional Distress" | All Defendants |
| XV | 111 | "Defamation" | Attorney Oncken, Town of Sycamore |
| XVI | 115 | "Misrepresentation" | Landlord Defendants, Attorney Oncken, Town of Sycamore |
| XVII | 118 | "Violation of Section 1983 of the Civil Rights Act" | Attorney Oncken, DeKalb Housing Authority, Town of Sycamore |
| XVIII | 121 | "Breach of Contract" | Landlord Defendants |
| XVIII [sic] | 124 | "Fraudulent Inducement" | Landlord Defendants, Attorney Oncken |
| XIX | 128 | "Breach of the Implied Covenant of Good Faith and Fair Dealing" | Landlord Defendants |
| XX | 132 | "Negligent Infliction of Emotional Distress" | Landlord Defendants, Attorney Oncken, Town of Sycamore |
| XXI | 135 | "Violation of ADA" | Landlord Defendants, Town of Sycamore |
| XXII | 138 | "Retaliation" | Landlord Defendants, Attorney Oncken, Town of Sycamore |

6.      A review of the Third Amended Complaint reveals that Attorney Cronauer's only conduct in this matter was to serve as successor counsel to Attorney Oncken and to reinstate the Landlord Defendants' eviction case after it had been remanded from the Appellate Court in January of 2024. (See Doc. 109, Third Amended Complaint, p. 17).

7.      The Landlord Defendants' Amended Complaint in state court was subsequently dismissed by the trial court based upon the additional requirements set forth in the Coronavirus Aid, Relief, and Economic Securities Act. Based upon Plaintiffs' filing, they are still residing at

the rented premises and have not been evicted.

8.      In the interest of judicial economy, Attorney Cronauer joined and adopted the arguments set forth in the Rule 12(b)(1) and (b)(6) Motions filed by the Landlord Defendants and by Attorney Oncken. (Doc. 159, see also Doc. 146 and Doc. 158).

9.      Specifically, Attorney Cronauer argued that the claims against him should be dismissed with prejudice because 1) there is no private right of action for the CARES Act or HUD Violations; 2) Attorney Cronauer was not a "debt collector" under the FDCPA; and 3) Plaintiffs' state law claims against Attorney Cronauer are barred by the absolute litigation privilege, as Attorney Cronauer's alleged conduct pertained to his role in the litigation, representing the Landlord Defendants.

10.     Attorney Cronauer should be dismissed as a defendant in this litigation with prejudice.

<u>ARGUMENT</u>

11.     In their Response, Plaintiffs do not dispute that Attorney Cronauer's only involvement was to file a Motion seeking to reinstate the Landlord Defendants' eviction case following its remand by the Appellate Court.

12.     Likewise, Plaintiffs do not dispute that, at all relevant times, Attorney Cronauer was acting in his capacity as successor counsel and attorney for the Landlord Defendants with respect to their landlord-tenant dispute with Plaintiffs.

13.     In their Response, Plaintiffs do not deny that there is no private right of action for any alleged violation of the CARES Act or for any alleged violation of HUD Rules or Regulations. See *Saloojas, Inc. v. Aetna Health of California, Inc.*, 80 F.4th 1011 (9th Cir. 2023); *N.A.A.C.P. v. Secretary*

4

*of Housing and Urban Development*, 817 F.2d 149 (1ˢᵗ Cir. 1987).

14.     Instead, Plaintiffs cite to a New York District Court opinion from June 29, 2020, where the New York District Court held that the New York governor's executive order which temporarily permitted tenants to apply their security deposit to rents due was not an unconstitutional taking under the New York State Constitution. (See Response, Doc. 168, p. 6; See also *Elmsford Apartment Associates, LLC v. Cuomo*, 469 F.Supp.3d 148 (S.D.N.Y. 2020). Plaintiffs' reliance on *Grable & SonsMetal Products, Inc. v. Darue Engineering & Manufacturing* is likewise misplaced, as *Grable* involved a discussion of the federal notice statute applicable to the IRS for a tax sale. 545 U.S. 308 (2005). Neither of these cases support any claim that there is any private right of action for an alleged CARES Act or HUD Regulation violation.

15.     Additionally, in their Response, Plaintiffs do not dispute that neither the CARES Act nor HUD Regulations apply to private attorneys representing landlords. Rather, the CARES Act applies to landlords, not to attorneys, and the HUD regulations are guidance tools for "public housing agencies" and "federally subsidized project-based properties." For all of these reasons, Counts I and II should be dismissed with prejudice as to Attorney Cronauer.

16.     Plaintiffs' final federal claim against Attorney Cronauer, premised on a violation of the Fair Debt Collection Practices Act (Count X), likewise fails. While Plaintiffs cite to *Heintz v. Jenkins* and *Romea v. Heiberger & Associates* as standing for the proposition that Attorneys "engaged in debt collection" are required to comply with the FDCPA, neither of these cases apply to Attorney Cronauer's alleged conduct of filing a Motion in the trial court.

17.     In *Heintz*, the Court held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity," such that an attorney for a bank attempting to

collect on an overdue note could be liable for a letter demanding more than the amount owed under the loan agreement. 514 U.S. 291 (1995). *Romea* is inapplicable, as it involved the analysis of whether a New York state law requiring a three-day notice letter needed to comply with the FDCPA. 163 F.3d 111 (2nd Cir. 1998).

18.     In any event, it is undisputed that Attorney Cronauer's only alleged action was filing a Motion in the trial court to reinstate a case following remand from the Appellate Court. Plaintiffs have failed to cite to any case where the filing of a Motion in Illinois constitutes a violation of the FDCPA.

19.     To the contrary, this Court has previously held that filing a foreclosure action on behalf of a client did not fall within the bounds of the FDCPA. See *Watkins v. Associated Brokers, Inc.*, No. 98 C 3316 ("Duster's filing of the foreclosure Complaint (which seeks possession of the premises, not the payment of a debt) is obviously outside of the statute.") Accordingly, Count X should be dismissed with prejudice as to Attorney Cronauer.

20.      Plaintiffs' only remaining claims against Attorney Cronauer are state law claims purporting to allege a violation of the Illinois Human Rights Act, Abuse of Process, Civil Conspiracy, and Intentional Infliction of Emotional Distress, which this Court could decline to exercise its supplemental jurisdiction, should it choose to do so.

21.     Nevertheless, if this Court is inclined to exercise its supplemental jurisdiction over Plaintiffs' state law claims, those claims should be dismissed with prejudice pursuant to the absolute attorney litigation privilege.

22.     Notably, Plaintiffs do not address the absolute attorney litigation privilege at all in their Response.

6

23. As a preliminary matter, and with respect to Count IX (Abuse of Process), Count "XLIII" (Civil Conspiracy), and Count XIV (Intentional Infliction of Emotional Distress), the Illinois Appellate Court has held that the absolute attorney litigation privilege bars any claim against an attorney for abuse of process, civil conspiracy, and intentional infliction of emotional distress. *Gorman-Dahm v. BMO Harris Bank*, 2018 IL App (2d) 170082; *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152; *Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677; *Doe v. Williams McCarthy, LLP*, 2017 IL App (2d)160860.

24. Likewise, this Court has dismissed claims for defamation and intentional infliction of emotional distress pursuant to the absolute attorney litigation privilege. See *Semmerling v. Bormann*, No. 18 CV 6640 (N.D. Ill. September 11, 2019).

25. The absolute attorney litigation privilege attaches to communication and to conduct "regardless of the attorney's motives in making that communication and irrespective of the attorney's knowledge of the falsity of it or the unreasonableness of his conduct." *Scarpelli v. McDermott Will & Emery LLP*, 2018 IL App (1st) 170874, ¶ 18. The "only requirement" is that the attorney's communication "pertain to proposed or pending litigation." *Id*. at ¶ 19. The pertinence requirement "is not applied strictly"; "all doubts will be resolved" in the attorney's favor. *Id.*

26. Here, as Plaintiffs' claim for a violation of the Illinois Human Rights Act is likewise based upon the same alleged activity (i.e., filing the Motion in state court to have the eviction matter reinstated following remandment), it too is barred by the absolute attorney litigation privilege. See, e.g., *Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677 ("**The absolute privilege would be meaningless if a simple recasting of the cause of action could void its effect**.") (emphasis added) (citations omitted).

27. Moreover, all of Plaintiffs' claims against Attorney Cronauer arise from allegations of misconduct in prior litigation, which the Illinois Appellate Courts have already rejected: "**There is no civil cause of action for misconduct which occurred in prior litigation**." *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶28 (emphasis added). "**Instead, parties should attempt to redress injuries from misconduct in judicial proceedings in the same litigation. Were it otherwise, litigation would never end**." *Id.* (emphasis added).

28. Accordingly, any alleged misconduct by Attorney Cronauer in filing a Motion in the circuit court should have been raised and addressed in that judicial proceeding and **does not give rise to separate litigation**.

29. Therefore, because Plaintiffs' state-law claims against Attorney Cronauer are barred by the absolute attorney litigation privilege, the Third Amended Complaint should be dismissed with prejudice as to Attorney Cronauer.

*WHEREFORE*, the Defendants, CHRISTOPHER NICHOLAS CRONAUER and CRONAUER LAW LLP, respectfully request that this Honorable Court dismiss the Third Amended Complaint with prejudice and that this Court further orders whatever other relief it deems just and reasonable under the circumstances.

Daniel F. Konicek (6205408)                                    Respectfully submitted,
Michael P. Hannigan (6190132)
Amanda J. Hamilton (6306098)
KONICEK & DILLON, P.C.                                         /s/ Amanda J. Hamilton
21 W. State St., Geneva, IL  60134
630.262.9655
dan@konicekdillonlaw.com
mhannigan@Konicekdillonlaw.com
amanda@konicekdillonlaw.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on **December 5, 2024**, I electronically filed the foregoing **ATTORNEY CRONAUER'S REPLY IN SUPPORT OF HIS 12(B)(1) AND 12(B)(6) MOTION TO DISMISS** using this Court's PACER/ECF system which will provide copies to all parties of record registered to receive CM/ECF notification.

/s/ Amanda J. Hamilton

9