**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SAM, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 23-cv-50301 |
| v. | ) | |
| | ) | |
| CITY OF SYCAMORE, ILLINOIS, et al., | ) | Honorable Ian D. Johnston |
| | ) | Magistrate Margaret Schneider |
| Defendants. | ) | |
| | ) | |
| | ) | |

**THE CITY OF SYCAMORE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

NOW COMES Defendant, CITY OF SYCAMORE, by and through its attorney, K. Austin Zimmer of DEL GALDO LAW GROUP, LLC, and in support of Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Third Amended Complaint, states:

**INTRODUCTION**

Plaintiffs continue to baselessly attribute their grievances to the City of Sycamore ("City"); however, just like their conclusory allegations in their Third Amended Complaint (TAC), Plaintiff's arguments in its response brief lack substance, both legally and factually. Plaintiffs' allegations are vague, speculative, and lack the factual support needed to establish standing or to state plausible claims. Despite their attempts to reframe the issues, Plaintiffs still fail to connect the City's actions—or inactions—to any specific legal violations. Instead, Plaintiffs' arguments rely on unsupported conclusions and misinterpretations of case law. Therefore, for the reasons set forth below and in its initial motion to dismiss, the City requests dismissal of Plaintiff's TAC.

Page **1** of **11**

**ARGUMENT**

**I.      Standing**

Plaintiffs' response fails to adequately rebut City's argument regarding the lack of standing. While Plaintiffs assert injuries tied to unsafe living conditions, their allegations lack the necessary specificity to demonstrate a concrete and particularized harm directly traceable to City's actions or inactions. Plaintiffs' allegations are speculative and primarily attributable to the landlord's failure to maintain the property rather than any municipal policy or conduct. Unlike in *Friends of the Earth*, where plaintiffs provided clear evidence of environmental harm directly caused by the defendant's conduct, Plaintiffs here fail to sufficiently relate their injuries to any action or inaction by the City. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Further, Plaintiffs' reliance on *Chicago v. Morales* is flawed. *See* 527 U.S. 41 (1999).  In *Morales*, the Supreme Court addressed an ordinance that criminalized loitering by suspected gang members without an "apparent purpose," finding it unconstitutionally vague. *See id*. The Court ruled that the ordinance directly caused harm by infringing on personal liberties and enabling arbitrary enforcement, violating the Due Process Clause of the Fourteenth Amendment. *See id*. In contrast, Plaintiffs' claims here rest on speculative causal chains, attributing injuries to the City's alleged inaction rather than to a specific policy. Plaintiffs' alleged harms stem primarily from the landlord's independent failures, not from any deliberate municipal conduct.

Additionally, Plaintiffs' argument regarding Karen's pre-existing health vulnerabilities does not establish standing. For causation, Plaintiffs must demonstrate that the City's non-enforcement directly and uniquely caused the alleged harm, not that it merely failed to prevent

harm caused by others. Without "an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019). The speculative nature of Plaintiffs' claims and the lack of a direct causal connection to City's actions render their response for standing insufficient. Accordingly, Plaintiffs fail to meet the injury, causation, and redressability prongs required for standing, and their claims should be dismissed. *Donovan v. Eagleson*, 484 F. Supp. 3d 552, 560 (N.D. Ill. 2020).

## II.  § 1983 Claim (Count XVII)

Plaintiffs' response fails to establish a valid claim under 42 U.S.C. § 1983 (Count XVII), as they have not sufficiently demonstrated that the City's actions constituted a deprivation of constitutional rights under color of state law. Plaintiffs allege that the City acted under color of state law by failing to enforce habitability codes and favoring the landlord. However, these claims do not sufficiently allege a misuse of governmental power required to constitute action under color of state law. *Wilson v. Warren County, Illinois*, 830 F.3d 464, 468 (7th Cir. 2016). Generalized claims about municipal policies or non-enforcement do not meet the threshold required under § 1983. *See id*. § 1983 does not provide a remedy for private disputes or generalized grievances about municipal governance. *Id*.

Additionally, Plaintiffs assert that the City's alleged non-enforcement amounts to deliberate indifference. However, Plaintiffs fail to adequately demonstrate that the City knowingly disregarded a substantial risk of harm to their safety or health. Deliberate indifference requires more than mere negligence or oversight; it necessitates evidence of a conscious disregard of known risks. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 811 (7th Cir. 2005); *see also Jones*, 856 F.2d at 992–93 (requiring a showing of knowledge

or deliberate, reckless indifference). Plaintiffs' conclusory allegations about the City's purported "favoring" of the landlord are mere conjecture and fall far short of demonstrating deliberate indifference.

Further, Plaintiffs must show that the City was personally responsible for the deprivation of their rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). A defendant is personally responsible "if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Id*. Plaintiffs do not sufficiently allege that the City or its agents directed, knew of, or consented to actions that violated their constitutional rights. Their response relies on vague and unsupported claims of municipal inaction, which are insufficient to meet this standard.

Plaintiffs' invocation of substantive due process under the state-created danger doctrine is similarly flawed. Plaintiffs fail to demonstrate that (i) the City created or increased a danger to them, (ii) the City's failure to act was a proximate cause of their injuries, and (iii) its conduct shocks the conscience. *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 817–18 (7th Cir. 2007); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989). Plaintiffs' response does not remedy the deficiencies in their § 1983 claim. Their allegations lack the necessary specificity to establish action under color of state law, deliberate indifference, personal responsibility, or a constitutional violation. Accordingly, Plaintiffs' § 1983 claim (Count XVII) must be dismissed. *Doe v. Vill. of Oak Park,* 863 F. Supp. 797, 801 (N.D. Ill. 1994).

### III.    ADA Claim (Count XXI)

Plaintiffs' ADA claim (Count XXI) in the TAC relies on § 12182(b)(2)(A)(ii) to somehow suggest that the City is responsible for Plaintiffs' landlord's failure to accommodate. TAC., Doc. #109, ¶ 213-215. However, § 12182 applies only to a "place of public accommodation." §

12182(a); *See also PGA Tour, Inc. v. Martin,* 532 U.S. 661, 692, 121 S. Ct. 1879, 1898, 149 L. Ed. 2d 904 (2001); see also 42 U.S.C. § 12181(7) ("Public accommodation" is defined by a list of different kinds of entities, including restaurants, zoos, stadiums, and, most applicable here, travel services). Further § 12182(b)(2)(A)(ii), in particular, requires only "reasonable modifications in [public accommodations'] policies, practices, or procedures." *See Tennessee v. Lane*, 541 U.S. 509, 536, 124 S. Ct. 1978, 1996, 158 L. Ed. 2d 820 (2004). Plaintiffs' residence is not a public accommodation, and neither their complaint nor their response alleges any facts showing that the City was required to accommodate Plaintiffs in their private residence under this provision.

Further, Plaintiffs' reliance on *Henrietta D. v. Bloomberg* is misplaced. 331 F.3d 261 (2d Cir. 2003). *Henrietta D.* is a Second Circuit case and therefore not binding on this Court. *See Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.,* 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001). Furthermore, *Henrietta D* involved a municipality's direct exclusion of disabled individuals from critical public services, which is not analogous to the allegations in this case. In contrast, Plaintiffs here allege only a failure to enforce housing codes, which does not amount to discrimination under the ADA without evidence of intent or disproportionate impact on individuals with disabilities. Accordingly, Plaintiffs' ADA claim (Count XXI) must be dismissed. *Hight v. Univ. of Chicago*, No. 24 CV 2525, 2024 WL 4647872 (N.D. Ill. Oct. 31, 2024).

## IV.    Retaliation (Count XXII)

Plaintiffs fail to establish that their actions qualify as protected under the Fair Housing Act (FHA). *See* 42 U.S.C. §3617. Plaintiffs cite *Bloch v. Frischholz* to argue that their complaints about habitability and repair requests are protected activities. 587 F.3d 771, 783 (7th Cir. 2009). However, *Bloch* requires that the protected activity relate directly to rights guaranteed under the FHA, such as discrimination based on race, disability, familial status, or other protected classes.

*See* 42 U.S.C. §§ 3603–3606; *See also Bloch*, 587 F.3d at 781. Plaintiffs do not allege any such connection. Their general requests for repairs do not on their face implicate FHA-protected rights granted by 42 U.S.C. §3617.

Even if Plaintiff had engaged in a protected activity, they have failed to establish that the City's actions or inactions were retaliatory in response to Plaintiff's alleged engagement in such activity. Plaintiff cites *Neudecker v. Boisclair Corp.*, but this case is not binding on this Court. 351 F.3d 361 (8th Cir. 2003). Moreover, even if similar precedent exists within this jurisdiction, the factual circumstances and application of legal principles in *Neudecker* differ significantly from Plaintiff's allegations.

In *Neudecker*, the retaliation claim was supported by specific and concrete actions taken against the tenant that were directly tied to the tenant's disability and complaints. *See id*.  In contrast, Plaintiffs here have failed to sufficiently allege any connection between their engagement in a protected activity and the City's purported retaliatory actions or inactions. *See Bloch*, 587 F.3d at 783.  Accordingly, Plaintiffs' retaliation claim (Count XXII) must be dismissed. *Davis v. Fenton*, No. 13 C 3224, 2016 WL 1529899 (N.D. Ill. Apr. 13, 2016), aff'd, 857 F.3d 961 (7th Cir. 2017).

## V.      Civil Conspiracy (Count XIII)

Plaintiffs' civil conspiracy claim (Count XIII) fails because it is grounded in speculative and conclusory assertions. *Lerman v. Turner*, No. 10–2169, 2010 WL 4627656, at *3, 2010 U.S. Dist. LEXIS 117825, at *7–8 (N.D.Ill. Nov. 5, 2010) (stating "The mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss"). While civil conspiracy may be proven by circumstantial evidence, Plaintiffs rely on broad, unsubstantiated allegations rather than any concrete facts. *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007). Plaintiff's allegations of "intentional policy shifts," "mutual

reinforcement," and "non-enforcement of codes" are conclusory and fail to demonstrate an agreement or coordinated actions among City and the Defendants with the specific intent to violate Plaintiffs' rights. *See United States ex rel. Durcholz v. FKW Inc.*, 189 F.3d 542, 545 n.3 (7th Cir. 1999).

Furthermore, Plaintiffs rely on *Geinosky v. City of Chicago*, which is fundamentally different from the present case. 675 F.3d 743, 745 (7th Cir. 2012). In *Geinosky*, the court upheld a conspiracy claim because the plaintiff provided detailed allegations of a pattern of conduct—twenty-four bogus parking tickets issued over a fourteen-month period—demonstrating deliberate coordination among the defendants. *See id*. Here, Plaintiffs fail to present a comparable pattern of overt actions or specific evidence of collaboration between the City and the Defendants intended to harm Plaintiffs or violate their rights. Therefore, Plaintiffs' civil conspiracy claim (Count XIII) must be dismissed. *Davidson v. Worldwide Asset Purchasing*, LLC, 914 F. Supp. 2d 918, 924 (N.D. Ill. 2012).

## VI. Monell Claim

The City maintains that Plaintiffs' *Monell* claim lacks sufficient detail to establish liability. Municipal liability requires specific factual allegations showing a direct causal link between a policy or custom and the alleged constitutional violations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiffs' broad assertions of neglect and selective enforcement fail to meet this standard. *See id*.

Although Plaintiffs cite *Hahn v. Walsh* to argue that non-enforcement can establish liability, *Hahn* requires evidence of a deliberate, pervasive pattern of non-enforcement. 762 F.3d 617, 638 (7th Cir. 2014). Plaintiffs have failed to adequately allege the necessary basis, relying instead on generalized claims that lack the specificity necessary to sufficiently allege *Monell* liability. Hence,

Plaintiffs' *Monell* allegations are insufficient to withstand dismissal. *See Gamble v. Cnty. of Cook*, No. 1:19-CV-4297, 2020 WL 5545699 (N.D. Ill. Sept. 16, 2020) (Court grants motion to dismiss for a failure to state a *Monell* claim).

## VII. Discrimination in Violation of the Illinois Human Rights Act (Count III)

Plaintiffs' claim under the Illinois Human Rights Act (IHRA) (Count III) lacks merit and fails to meet the legal requirements for actionable discrimination. The responsibility for maintaining safe and habitable housing conditions lies with the landlord, not the City. The IHRA prohibits intentional discrimination based on disability but does not impose an affirmative obligation on municipalities to ensure that private landlords meet habitability standards. *See* 775 ILCS 5/3-101-102; *see also* 775 Ill. Comp. Stat. 5/5-102. Additionally, Plaintiffs fail to demonstrate a causal link between the City's actions and their alleged harm, which stems from the landlord's failure to address maintenance issues. Municipal discretion in enforcing housing codes does not equate to discrimination. *See* 775 ILCS 5/3–102(B).

Further, Plaintiffs misinterpret *Cigan v. Chippewa Falls School District* as it pertains to employment accommodations and not municipal enforcement of housing codes. *See* 388 F.3d 331 (7th Cir. 2004). The IHRA prohibits intentional discrimination, but Plaintiffs fail to provide evidence of discriminatory intent by the City. *See* 775 ILCS 5/3–102(B). General policy changes do not constitute discrimination without proof they were implemented to target individuals with disabilities, which Plaintiffs have not shown. *See id.* Accordingly, Plaintiffs' IHRA claim (Count III) must be dismissed. *Penland v. Chicago Park Dist.*, No. 21 CV 5581, 2023 WL 4134692 (N.D. Ill. June 22, 2023).

## VIII. Emotional Distress (Count XIV and XX)

Plaintiffs' response fails to address the critical flaws in their claims for intentional and negligent infliction of emotional distress, as highlighted in the City's motion to dismiss. To state a

valid intentional infliction of emotional distress (IIED) claim, Plaintiffs must show conduct that is extreme and outrageous, undertaken with intent or reckless disregard for the likelihood of causing severe emotional distress. *See Bianchi v. McQueen*, 2016 IL App (2d) 150646, ¶ 82, 58 N.E.3d 680, 699; *Schweihs v. Chase Home Fin*., LLC, 412 Ill.Dec. 882, 77 N.E.3d 50, 63 (2016) (stating that the offending conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community").

As previously stated in the City's motion to dismiss, routine actions performed by public officials, such as property inspections and enforcing housing codes, do not meet this high standard. Plaintiffs provide no factual basis for asserting that the City's decisions were intentionally targeted at them or motivated by malice. Without specific allegations of deliberate intent to harm or conduct beyond the bounds of decency, their IIED claim is legally insufficient. *See id.*

Additionally, Plaintiffs' reliance on the City's alleged knowledge of their vulnerabilities is incorrect. Awareness of a plaintiff's circumstances, without more, does not transform routine regulatory actions into actionable conduct. IIED claim requires a direct and intentional effort to cause harm, which Plaintiffs fail to demonstrate. The conclusory language in their response does not address this fundamental flaw.

Plaintiffs' negligent infliction of emotional distress (NIED) claim similarly lacks merit. A valid NIED claim requires the existence of a duty, a breach of that duty, and severe emotional distress caused by the breach. *Roehl v. Merrilees*, No. 11 C 4886, 2012 WL 1192093, at *9 (N.D. Ill. Apr. 10, 2012). Plaintiffs fail to establish that the City owed them any specific duty to enforce repairs by a private landlord or to intervene in their housing issues. Municipalities do not owe a general duty to individuals to ensure compliance with housing standards by third parties,

particularly when those actions fall within their discretionary regulatory functions. Additionally, even if a duty could be established, Plaintiffs fail to demonstrate how the City's alleged inaction breached that duty in a manner that directly caused them severe emotional distress. Hence, Plaintiffs' response does not address the fundamental flaws in their IIED (Count XIV) and NIED (Count XX) claims. Accordingly, should therefore be dismissed. *Lewis v. Cotton*, 932 F. Supp. 1116 (N.D. Ill. 1996); *Doe v. Columbia Coll. Chicago*, 299 F. Supp. 3d 939 (N.D. Ill. 2017), aff'd, 933 F.3d 849 (7th Cir. 2019).

## CONCLUSION

Plaintiffs' assertion of a direct causal link between the City's conduct and their harms is speculative and unsupported. Plaintiffs fail to demonstrate how the City's alleged actions or inaction were the proximate cause of any of their injuries. Plaintiffs, in their respons, rely on conclusory allegations to try and remedy the fundamental flaws in their complaint. Mere speculative claims cannot substitute for legal and factual sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, Plaintiffs' arguments remain deficient and should be dismissed.

WHEREFORE, Defendant, CITY OF SYCAMORE, respectfully requests that this Honorable Court enters an order dismissing Plaintiff's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12 (b)(6), and for whatever other relief this Court deems just and equitable.

Respectfully submitted,
**CITY OF SYCAMORE**
By: */s/ K. Austin Zimmer*
　　　K. Austin Zimmer
　　　One of its attorneys

K. Austin Zimmer (6276227)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
P: (708) 222-7000
F: (708) 222-7001
zimmer@dlglawgroup.com