## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)
### Western Division

Robert Sam, et al.

Plaintiff,

v.

Case No.: 3:23−cv−50301<br>Honorable Iain D. Johnston

Melissa Mobile, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, January 8, 2025:

 MINUTE entry before the Honorable Margaret J. Schneider:Plaintiff Robert Sam's Motion to Appoint a Guardian Ad Litem or Provide Legal Representation for Defendant Karen Sam [189], is denied without prejudice. Federal Rule of Civil Procedure 17 (c)(2) requires the Court to appoint a guardian ad litem "or issue another appropriate order," to protect an "incompetent person who is unrepresented in an action." Whether a person is incompetent is determined by the "state law where the person is domiciled." Vogelsberg v. Kim, 2019 WL 3802874, at *1 (W.D. Wisc. Aug. 13, 2019). Karen Sam is domiciled in Illinois and the Court determines her competency under Illinois law. Under Illinois law, a court may appoint a guardian for an individual where "it has been demonstrated by clear and convincing evidence that because of [her] disability [she] lacks sufficient understanding or capacity to communicate responsible decisions concerning the care of [her] person.&quot; Wallace v. Jeffreys, 2024 WL 1331802, at *1 (S.D. Ill. March 28, 2024) (quoting In re Estate of Kusmanoff, 2017 IL App (5th) 160129, 85 (citing 755 ILCS § 5/11a−3)).The relevant inquiry in this case is whether there is sufficient evidence for the Court to find that Karen Sam "is mentally impaired to the extent that [s]he lacks sufficient understanding of the nature and effect of this litigation and/or lacks the capacity to communicate responsible decisions regarding this litigation." Id. Although his motion states that "Plaintiff Karen Sam's condition is well−documented," Plaintiff Robert Sam presents no evidence beyond his own statements that Karen Sam lacks understanding of the nature of the litigation or the capacity to make decisions about the direction of this lawsuit. The Court also denies the requests for reasonable accommodations and appointed counsel. The Americans with Disabilities Act ("ADA") does not apply to federal courts. Stanek v. Saint Charles Community Unit School District #303, 2020 WL 13988118, at *1 (N.D. Ill. Jan. 17, 2020). Nevertheless, the Court will provide reasonable accommodations to litigants, but none of the accommodations requested are needed at this time because there are no pending deadlines or court appearances. Mailed notice. (jxk)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at **www.ilnd.uscourts.gov**.