
**BC**

**FILED**
2/13/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
MEN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

**ROBERT SAM and Karen Sam**
*Plaintiff,*

v.

**NICHOLAS CRONAUER, in his individual and official capacity;**
**RILEY ONCKEN, in his individual and official capacity as State's Attorney;**
**BKA HOLDINGS, LLC;**
**MELISSA MOBILE,**

*Defendants.*

**Case No.:** 23cv50301

Jury Trial Demanded

# PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) AND PRELIMINARY INJUNCTION TO HALT EVICTION

**NOW COMES Plaintiff, Robert Sam,** pro se, and respectfully moves this Honorable Court for a **Temporary Restraining Order (TRO) and Preliminary Injunction** to immediately halt eviction proceedings

against him and his disabled family. **This request is necessary due to egregious constitutional violations, judicial corruption, and an ongoing pattern of retaliatory abuse.** In support, Plaintiff states as follows:

# I. INTRODUCTION

1.  **This eviction is tainted by judicial misconduct, conflicts of interest, and retaliation.**
2.  **Chief Judge Bradley Waller engaged in improper ex parte communications and attempted to coerce Plaintiff into releasing legal claims against Defendants in exchange for financial assistance.**
3.  **Defendant Nicholas Cronauer is both a defendant in a related federal case and the attorney for Plaintiff's landlord, creating an egregious conflict of interest.**
4.  **The eviction proceedings are a direct retaliation for Plaintiff's efforts to expose corruption.**
5.  **If this Court does not intervene, Plaintiff and his disabled family will suffer irreparable harm, including homelessness.**

**This case presents an unconstitutional abuse of power that demands immediate federal intervention.**

# II. LEGAL STANDARD FOR A TRO & INJUNCTION

A **Temporary Restraining Order (TRO) and Preliminary Injunction** require the Plaintiff to establish:

 **(1) A likelihood of success on the merits**
 **(2) Irreparable harm if the injunction is not granted**
 **(3) The balance of hardships favors Plaintiff**
 **(4) The public interest supports granting the injunction**

(*Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008); Abbott Labs v. Mead Johnson & Co., 971 F.2d 6 (7th Cir. 1992)*)

# III. ARGUMENT

## A. Plaintiff Has a Strong Likelihood of Success on the Merits

 **Judicial corruption tainted the eviction proceedings.**

- *Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)* – **When judicial bias affects proceedings, the case must be set aside.**
- *Gibson v. Berryhill, 411 U.S. 564 (1973)* – **An attorney with a personal interest in a case cannot represent one of the parties.**
- **Judge Waller's emails prove that judicial influence was exerted in an attempt to manipulate this case.**

**The eviction is being used as retaliation.**

- *Goldberg v. Kelly, 397 U.S. 254 (1970)* – **Evictions conducted in retaliation for constitutionally protected activities violate due process.**
- **This eviction was initiated after Plaintiff exposed corruption and filed federal lawsuits.**

**Cronauer's role as both opposing counsel and a defendant is an ethical violation.**

- *Gideon v. Wainwright, 372 U.S. 335 (1963)* – **A fair trial requires neutral, unbiased legal representation.**
- **Cronauer's actions destroy any possibility of a fair proceeding.**

## B. Plaintiff Will Suffer Irreparable Harm Without an Injunction

**Plaintiff and his disabled family will be homeless.**

- *Winter v. NRDC, 555 U.S. 7 (2008)* – **Irreparable harm must be prevented when possible.**
- **Once evicted, the damage cannot be undone.**

**Judicial misconduct and corruption must be halted before it causes further harm.**

- *Pulliam v. Allen, 466 U.S. 522 (1984)* – **Judicial immunity does not apply when constitutional rights are violated.**

## C. The Balance of Hardships Favors Plaintiff

 The harm to Plaintiff and his disabled family far outweighs any inconvenience to the landlord. Plaintiff has continued to pay rent and has valid legal claims challenging the eviction.

(*Abbott Labs v. Mead Johnson & Co., 971 F.2d 6 (7th Cir. 1992)*)


## D. The Public Interest Supports Halting the Eviction

 Public confidence in the judicial system is at stake. Allowing an eviction case tainted by judicial misconduct, bribery, and conflicts of interest to proceed would set a dangerous precedent. *Marbury v. Madison, 5 U.S. 137 (1803)* – **The courts must protect against abuses of power.**

# IV. CONCLUSION & RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1.  **GRANT a Temporary Restraining Order (TRO) halting all eviction proceedings until a full hearing**

**can be conducted on judicial misconduct and due process violations.**

2. **SCHEDULE an expedited hearing on this matter.**
3. **ORDER Defendants to respond to Plaintiff's claims of due process violations, conflicts of interest, and judicial corruption.**
4. **GRANT any other relief this Court deems just and proper.**

**Respectfully submitted,**

# Robert Sam

harpees5@yahoo.com
779-777-3265
2/12/25